# Exhibit B

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

November 01 2019 3:00 PM

KEVIN STOCK
COUNTY CLERK
NO: 19-2-09839-8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**IN AND FOR THE COUNTY OF PIERCE**

| | |
|---|---|
| M.L., an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-2-09839-8 |
| | ) |
| v. | ) |
| | ) |
| | ) |
| CRAIGSLIST, INC.; | ) |
| Serve its Registered Agent: | ) |
| Perry Viscounty | ) **FIRST AMENDED COMPLAINT** |
| 505 Montgomery Street, Suite 2000 | ) |
| San Francisco, CA 94111 | ) |
| | ) |
| CRAIG NEWMARK; | ) |
| Serve its Registered Agent: | ) |
| Perry Viscounty | ) |
| 505 Montgomery Street, Suite 2000 | ) |
| San Francisco, CA 94111 | ) |
| | ) |
| JIM BUCKMASTER; | ) |
| Serve its Registered Agent: | ) |
| Perry Viscounty | ) |
| 505 Montgomery Street, Suite 2000 | ) |
| San Francisco, CA 94111 | ) |
| | ) |
| | ) |

First Amended Complaint for Damages - 1

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

1 G6 HOSPITALITY, LLC;   )

 Serve its Registered Agent:  )

2 Corporation Services Company )

3 251 Little Falls Drive   )

4 Wilmington, DE  19808  )

5          )

 SEATAC HOTELS, LLC, d/b/a MOTEL 6; )

6 Serve its Registered Agent:  )

7 Jarmail Singh     )

8 18900 47ᵗʰ Avenue S.   )

9 SeaTac, WA  98188   )

10         )

 WYNDHAM HOTELS AND RESORTS, )

11 INC.;       )

12 Serve its Registered Agent:  )

13 Corporate Creations Network, Inc. )

 3411 Silverside Road   )

14 Tatnall Building, Suite 104  )

15 Wilmington, DE 19810  )

16         )

17 and       )

18         )

 2005 INVESTORS LLC d/b/a HOWARD )

19 JOHNSON INN;    )

20 Serve its Registered Agent:  )

21 Dayabir S. Bath    )

22 19105 SE Petrovitsky Road  )

 Renton, WA  98058   )

23         )

24    Defendants.  )

         )

25

First Amended Complaint for Damages - 2

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

## **COMPLAINT**

COMES NOW the Plaintiff M.L., by and through the undersigned counsel, and respectfully submits her complaint for damages and makes the following averments.

## **INTRODUCTION**

1.   For years, sex trafficking ventures have brazenly operated both online, and in and out of hotels throughout this country. Criminals parade their misconduct openly on hotel and motel properties throughout the United States, and profit from provided harbor for the underlying assaults. The hotels and hospitality industry continue to neglect taking reasonable steps to prevent such criminal misconduct, instead choosing to earn a profit at the expense of human life, human rights, and human dignity. Before they were criminally indicted Backpage.com attempted to sponsor a child sex trafficking conferences for law enforcement and made public statements that they were fighting against human trafficking, even donating to organizations known to serve youth who had been forced into prostitution. Public appearances and sponsorships do not excuse corporations and individuals that have received financial benefit from sex trafficking. Major hotel brands have been led by the hotel industry to make claims that they are combatting human trafficking, all the while profiting from crimes that are perpetrated on their properties and by use of technology platforms.

2.   All Defendants, including Craigslist, Inc., Craig Newmark, Jim Buckmaster, and G6 Hospitality, LLC; SEATAC Hotels, LLC d/b/a Motel 6; Wyndham Hotels and Resorts, Inc.;

First Amended Complaint for Damages - 3

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

and 2005 Investors LLC d/b/a Howard Johnson Inn[1], know and have known for more than a decade that sex trafficking repeatedly occurs under their flag and on their platforms throughout the country. Rather than taking timely and effective measures to thwart this epidemic, Defendant Hotels have instead chosen to ignore the open and obvious presence of sex trafficking on their properties throughout the country, enjoying the profit from rooms rented and ads purchased for this explicit and apparent purpose.

3.  During the times that Plaintiff was harmed, all Defendants were aware of or should have been aware of the financial benefits that they gained through sex trafficking of Plaintiff. Instead of ending its facilitation of child sex trafficking, Craigslist, Inc.; Craig Newmark; and Jim Buckmaster created a façade of support by changing the name of their ad service from "erotic services" and charging extra for ads on their "adult services" category.

4.  This action for damages is brought by the Plaintiff, a survivor of sex trafficking hereinafter identified by her initials M.L., under RCW 9.68A *et seq*.; and RCW 9A.82 *et seq*.

5.  M.L. was trafficked for commercial sex beginning at the age of 12 years old throughout the state of Washington. M.L. was preyed upon by traffickers, buyers, and profiteers who benefited each time M.L. was bought, sold, and required to comply with sexually abusive strangers. M.L. endured brutal physical assaults, psychological torment, verbal abuse, kidnapping, and false imprisonment at the Defendant Hotel properties over a period years as Defendant Craigslist and its corporate agents profited off of assisting in each arrangement for a critical portion of that time.  All Defendants knew profits were derived from

---

[1] Collectively, CRAIGSLIST, INC., CRAIG NEWMARK, JIM BUCKMASTER, may be referred to as "Defendant Craigslist." Collectively, G6 HOSPITALITY, LLC, SEATAC HOTELS, LLC, D/B/A MOTEL 6, WYNDHAM HOTELS AND RESORTS, INC., and 2005 INVESTORS LLC d/b/a HOWARD JOHNSON INN may be referred to as "Defendant Hotels."

First Amended Complaint for Damages - 4

**THE LAW OFFICE OF**
**ERIK L. BAUER**
**215 Tacoma Avenue South**
**Tacoma, Washington 98402**
**(253) 383-2000 or (360) 895-1500**
**FAX (253) 383-0154**

sex trafficking and did nothing but profit from M.L.'s continual trafficking, childhood sexual abuse, rapes, abduction, and assaults.

6.   Adult traffickers took nude photos of Plaintiff M.L. and posted them in the "erotic services" section of Craigslist, and then advertised commercial sex acts that were to take place in multiple motel rooms, hotel rooms, and brothels. The place for the sex act was arranged between the advertisers and the buyers of the commercial sex acts. The aforementioned Motel 6® locations and Howard Johnson Inn® were among the locations where minor M.L. was frequently and repeatedly brought and held to be purchased by buyers.

7.   During the life of an advertisement on Craigslist, a number of buyers would respond to request meeting locations. Minor M.L. would then call a buyer to her location "IN CALL" or be transported to a location that the buyer determined "OUT CALL." Minor M.L. would then be required to perform commercial sex acts, as she was in fact being molested, abused, and sexually assaulted by anywhere from two (2) to upwards of twenty (20) adult sex customers per day that the ad was online.

8.   Repeated acts that took place with the actual and/or constructive knowledge of all Defendants.  A continuing daily parade of buyers would arrive at the motel locations and enter into a room they either did not rent or did not rent for the purposes of an overnight stay. One by one and dozens to hundreds of unrelated buyers used Defendant motels and services to commercially sexually exploit, rape, sexually abuse and physically assault the Plaintiff M.L.

9.   Plaintiff now brings this action for damages against the Defendants listed herein. Each of the Defendants were unjustly enriched when they acted negligently and with a degree of outrageousness in a civil conspiracy, to violate multiple state laws, including but not limited to Washington's Criminal Profiteering Act by Promoting Commercial Sexual Abuse of a Minor

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

and Sexual Exploitation of a Minor; when they knowingly benefited from facilitating ventures that they knew, or at the very least should have known, to be engaging in sex trafficking.

10.   M.L. was advertised on Defendant Craigslist's "erotic services" section of their website craigslist.org. M.L. advertisements were geographically identified in specific areas of Washington, including, but not limited to the cities of Kent, Lakewood, Tacoma, SeaTac and Seattle. As a victim of trafficking, M.L. was photographed nude and advertised to the public against her will, she was physically tortured, and then commercially sexually exploited under such duress at locations in Kent, Lakewood, SeaTac, Tacoma and Seattle, including all G6 Hospitality LLC branded Motel 6® locations, and Howard Johnson Inn® by Wyndham. .

11.   As a direct and proximate result of Defendant Hotels' consistent refusals to prevent human trafficking on their hotel properties, M.L. was sex trafficked, sexually exploited, sexually abused, and victimized repeatedly at multiple locations that included multiple G6 Hospitality branded Motel 6® locations, as well as Wyndham, and Howard Johnson Inn brand hotels. While Defendant Craigslist provided an electronic means to allow for posting and facilitating the arrangement of the assaulter and the child victim at multiple locations, including, but not limited to, the Defendant Hotels' locations.

12.   The Plaintiff brings this action pursuant to claims including RCW 9A.82.100 based on a violation of RCW 9A.40.100, against the Defendants who each enabled, harbored, held, facilitated, or otherwise financially benefited, or any combination of the foregoing, from sex trafficking ventures in which M.L. was trafficked for sex, sexually exploited, sexually abused, and repeatedly victimized in violation of the TVPRA.

13.   This action for damages is brought by the Plaintiff, a survivor of sex trafficking hereinafter identified by her initials M.L., under the federal William Wilberforce Trafficking

First Amended Complaint for Damages - 6

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Victims Protection Reauthorization Act of 2008 (hereinafter "TVPRA").

14.   The Plaintiff brings this action pursuant to the Trafficking Victims Protection Reauthorization Act 18 U.S.C. §1595, against the Defendants who enabled, harbored, held, facilitated, or otherwise financially benefited, or any combination of the foregoing, from a sex trafficking venture in which M.L. was trafficked for sex, sexually exploited, and victimized in violation of the TVPRA.

## PARTIES AND JURISDICTION,

15.   Plaintiff M.L. is a natural person who is a resident and citizen of Pierce County, Washington.

    a.   Plaintiff M.L. was 12 years old when she was first sold for sex throughout Pierce County and King County for the purposes of commercial sex. Pursuant to RCW 9A.40.100 trafficking may involve the acts of recruitment, harboring, transporting, providing, obtaining, buying, purchasing, or receiving by any other means another person knowing or in reckless disregard for the fact that the person has not attained the age of eighteen years. M.L. was a victim of trafficking when she was caused to engage in sexually explicit acts and commercial sex acts for the benefit of Defendants. In addition, under RCW 90.40.100, M.L. was by definition a victim of a trafficking.

    b.   Due to the sensitive, private, and potentially retaliatory nature of these allegations, this complaint identifies M.L. by her initials, only. Plaintiff M.L. requests this Court to grant a protective order to permit M.L. to proceed under a pseudonym to ensure Defendants keep Plaintiff's identity confidential throughout the pendency of the lawsuit thereafter.

First Amended Complaint for Damages - 7

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

c.  Generally, pleadings must state the name of all parties.[2] However, there are exceptions when the issues involved may result in retaliation or harm to the Plaintiff.[3] For good cause, the Court may issue an order to protect a party or person from undue harms and burdens.[4]

d.  Here, pseudonym status and to proceed under seal is warranted because this litigation will involve the disclosure of stigmatizing sexual information, including child sexual abuse and rape. Plaintiff fears retaliation and stigma from her family, friends, employer, and community if her true identity was revealed in the public record.

e.  In order to maintain her privacy and safety, Plaintiff should not be compelled to disclose her identity. Plaintiff's privacy interest substantially outweighs the customary practice of judicial openness.[5] Moreover, Defendants will not be prejudiced. Plaintiff will agree to reveal her identity to Defendants for the limited purpose of investigating Plaintiff's claims once the parties have entered into a protective order. Plaintiff simply seeks redaction of Plaintiff's personally identifying information from the public docket and assurances that Defendants will not use or publish Plaintiff's identities in a manner that will compromise her personal life, or future safety or employment prospects, as well as her rights to privacy after being a victim of multiple sexual abuses and sexual assaults.

---

[2] Fed. R. Civ. P. 10(a).
[3] *See WA Cases e.g., Doe v. Penzato*, 2011 U.S. Dist. LEXIS 51681, *6-9 (N.D. Cal. May 13, 2011); *Roe v. St. Louis Univ.*, 2009 U.S. Dist. LEXIS 27716, *13, (E.D. Mo. Apr. 2, 2009).
[4] WA equivalent of Fed. R. Civ. P. 26(c).
[5] *See* WASHINGTON cases *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (internal citation and quotations omitted).

First Amended Complaint for Damages - 8

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

16. Defendant Craigslist, Inc. is a Delaware corporation that owns, operates, designs and controls Craigslist. At all times hereto, Defendant transacted business in Pierce County, Washington, and purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through Craigslist.

17. On information and belief, Defendant Craig Newmark is a resident of San Francisco, California. At all times hereto, Defendant Craig Newmark was the founder and chairman of Craigslist and transacted business in Pierce County, Washington, and purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through Craigslist.

18. On information and belief, Defendant Jim Buckmaster is a resident of San Francisco, California. At all times hereto, Defendant Jim Buckmaster was the CEO of Craigslist and transacted business in Pierce County, Washington, and purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through Craigslist.

19. Defendant G6 Hospitality (hereinafter referred to as "Defendant G6") and its brand Motel 6® properties which included the location at 20651 Military Road South, Seattle, Washington (hereinafter referred to as "Military Road Motel 6"), 16500 Pacific Highway S Seattle, Washington (hereinafter referred to as "Pac Hwy Motel 6"), and 18900 47th Avenue South, Seattle, Washington (hereinafter referred to as the "47th Ave Motel 6"). At all times hereto, Defendant G6 transacted business in Pierce County, Washington, and purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through Motel 6.

a. As a hotel operator, Defendant G6 controls the training and policies for its branded properties including the Military Road Motel 6, Pac Hwy Motel 6, and

First Amended Complaint for Damages - 9

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

47th Ave Motel 6. Through its relationship with the staff at the Defendant Seatac Hotels and the individual who trafficked M.L. at the Defendant SeaTac Hotels while registered as a guest there, Defendant G6 knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

    b.  Defendant G6 receives a percentage of the gross room revenue from the money generated by the operations of the 47th Ave Motel 6® including a percentage of the revenue generated for the rate charged on the hotel guest rooms in which the Plaintiff was sex trafficked.

20.  Defendant Seatac Hotels LLC (hereinafter referred to as "Defendant Seatac Hotels") currently operates a 47th Ave Motel 6. Through its relationship with Defendant G6 and the individual who trafficked M.L. at the 47th Ave Motel 6, Defendant Seatac Hotels knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking. At all times hereto, Defendant Seatac Hotels transacted business in Pierce County, Washington, and purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through the 47th Ave Motel 6.

    a.  Defendant G6 Hospitality is one of the largest hotel brands in the world. Defendant G6 Hospitality markets and brands dozens of budget motels under the brand Motel 6® in the state of Washington.

    b.  Defendants G6 Hospitality and the Motel 6® are a single and joint employer with a high degree of interrelated, intermingled, and unified operations at the Motel 6® hotel where the Plaintiff was trafficked for sex. Defendant G6

First Amended Complaint for Damages - 10

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Hospitality and the Motel 6® each share the common policies and practices complained of herein.

c. Defendant G6 Hospitality and the Motel 6® jointly employ or ratify the employment of individuals through horizontal joint employment and or vertical joint employment.

d. As an integrated enterprise and or joint employer, Defendant G6 Hospitality and the Motel 6® are separately and jointly responsible for compliance with all applicable laws.

e. As an integrated enterprise and or joint employer, Defendant G6 Hospitality and the Motel 6® are jointly and severally liable for any damages caused by employees.

f. As hotel operator, Defendant G6 Hospitality controls the training and policies for its branded properties including the Motel 6® hotel where M.L. was trafficked. Defendant G6 Hospitality represents that it considers guest safety and security important and requires the hotels in its portfolio to comply with G6 Hospitality brand standards and all local, state, and federal laws.

g. Through its relationship with the staff at the Motel 6® where M.L. was trafficked and the perpetrator who trafficked M.L. at the Motel 6® hotels while registered as a guest there, Defendant G6 Hospitality knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

h. G6 Hospitality receives a percentage of the gross room revenue from the

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

money generated by the operations of Motel 6® hotels, including a percentage of the revenue generated for the rate charged on the hotel guest rooms in which the Plaintiff was sex trafficked for nearly a decade.

i.   G6 Hospitality owns, supervises, and/or operates the three Motel 6® locations at 20651 Military Road South, Seattle, Washington (hereinafter referred to as "Military Road Motel 6"); 16500 Pacific Highway S Seattle, Washington (hereinafter referred to as "Pac Hwy Motel 6"); and 18900 47th Avenue South, Seattle, Washington (hereinafter referred to as the "47th Ave Motel 6").

21.   Defendant Seatac Hotels LLC (hereinafter referred to as "Defendant Seatac Hotels"), doing business as Motel 6®, is a Washington limited liability company in the hotel business and is one of Defendant G6 Hospitality branded properties.

a.   Defendant Seatac Hotels LLC was involved in the staffing and operation of the Motel 6® location at 18900 47th Avenue South, Seattle, Washington (referred to as the "47th Ave Motel 6®"), where the Plaintiff was trafficked for commercial sex.

b.   Through its relationship with Defendant G6 Hospitality and the perpetrator who trafficked M.L. at the Motel 6®, Defendant Seatac Hotels LLC knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

c.   Defendant Seatac Hotels LLC may be served with service of process by serving its registered agent, Jarmail Singh, 18900 47th Avenue S., SeaTac,

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

1

WA 98188.

2      22.   Defendant Wyndham Hotels and Resorts, Inc. (hereinafter referred to as "Defendant

3  Wyndham") is a Delaware corporation which owns, operates, and controls Howard Johnson

4  Inn brand which include the property at 1233 Central Avenue North, Kent, WA 98032. At all

5  times hereto, Defendant Wyndham transacted business in Pierce County, Washington, and

6  purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County,

7  Washington, through Howard Johnson Inn.

8          a.   Defendant Wyndham is the successor entity to Wyndham Worldwide
9               Corporation. Defendant Wyndham retains successor liability for wrongful
10              acts of its predecessor Wyndham Worldwide Corporation. Howard Johnson
11              Inn by Wyndham is a Wyndham Hotels and Resorts, Inc. brand property.

12         b.   As a hotel operator, Defendant Wyndham controls the training and policies
13              for its branded properties including the Howard Johnson Inn in Kent.
14              Through its relationship with the staff at the Howard Johnson Inn in Kent and
15              the individual who trafficked M.L. at the Howard Johnson Inn in Kent while
16              registered as a guest there, Defendant Wyndham knowingly benefited or
17              received something of value from its facilitation of or participation in a
18              venture which it knew or should have known had engaged in sex trafficking.

19         c.   Defendant Wyndham receives a percentage of the gross room revenue from
20              the money generated by the operations of the Howard Johnson Inn including
21              a percentage of the revenue generated for the rate charged on the hotel guest
22              rooms in which the Plaintiff was sex trafficked.

23  23.   Defendant 2005 Investors LLC d/b/a Howard Johnson Inn in Kent (hereinafter referred to

24

25

**First Amended Complaint for Damages -** 13

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

as "Defendant 2005 Investors") owned, operated, and controlled Howard Johnson Inn located at 1233 Central Avenue North, Kent, WA 98032 from the 2004 to 2014. Through its relationship with Defendant Wyndham and the individual who trafficked M.L. at the Howard Johnson Inn in Kent, Defendant 2005 Investors knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking. At all times hereto, Defendant 2005 Investors transacted business in Pierce County, Washington, and purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through the Howard Johnson Inn.

24.  Defendant Wyndham is one of the largest hotel brands in the world. Defendant Wyndham markets and brands nearly 100 hotels and motels in the state of Washington.

     a.  Defendants Wyndham and the Howard Johnson Inn ® are a single and joint employer with a high degree of interrelated, intermingled, and unified operations at the Howard Johnson Inn ® hotel where the Plaintiff was trafficked for sex. Defendant Wyndham and the Howard Johnson Inn ® each share the common policies and practices complained of herein.

     b.  Defendant Wyndham and the Howard Johnson Inn ® jointly employ or ratify the employment of individuals through horizontal joint employment and or vertical joint employment.

     c.  As an integrated enterprise and or joint employer, Defendant Wyndham and the Howard Johnson Inn ® are separately and jointly responsible for compliance with all applicable laws.

     d.  As an integrated enterprise and or joint employer, Defendant Wyndham and the

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Howard Johnson Inn ® are jointly and severally liable for any damages caused by employees.

e.  As hotel operator, Defendant Wyndham controls the training and policies for its branded properties including the Howard Johnson Inn ® hotel where M.L. was trafficked. Defendant Wyndham represents that it considers guest safety and security important and requires the hotels in its portfolio to comply with Wyndham brand standards and all local, state, and federal laws.

f.  Through its relationship with the staff at the Howard Johnson Inn® where M.L. was trafficked and the perpetrator who trafficked M.L. at the Howard Johnson Inn ® hotels while registered as a guest there, Defendant Wyndham knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

g.  Wyndham receives a percentage of the gross room revenue from the money generated by the operations of Howard Johnson Inn ® hotels, including a percentage of the revenue generated for the rate charged on the hotel guest rooms in which the Plaintiff was sex trafficked for nearly a decade.

h.  Wyndham owns, supervises, and/or operates the Howard Johnson Inn ® at 1233 Central Avenue North, Kent, WA 98032.

25. Defendant 2005 Investors LLC, doing business as Howard Johnson Inn®, is a Washington limited liability company in the hotel business and is one of Defendant Wyndham branded properties.

a.  Defendant 2005 Investors LLC was involved in the staffing and operation of

First Amended Complaint for Damages - 15

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

the Howard Johnson Inn® motel located at 1233 Central Avenue North, Kent, WA 98032, where the Plaintiff was trafficked for commercial sex acts between 2004 and 2014.

b.  Through its relationship with Defendant Wyndham and the perpetrator who trafficked M.L. at the Howard Johnson Inn®, Defendant 2005 Investors LLC knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

c.  Defendant 2005 Investors LLC may be served with service of process by serving its registered agent, Dayabir S. Bath at 19105 SE Petrovitsky Road Renton, Washington 98058.

26. Whenever reference is made in this Complaint to any act, deed, or conduct of the Defendants, the allegation is that the Defendants engaged in the act, deed, or conduct by or through one or more of their officers, directors, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of the Defendants.

## **PROPER VENUE**

27. Venue is proper in this Honorable Court because a substantial part of the events or omissions giving rise to the claims asserted in this action, including the Defendants' misconduct and omissions, led to injuries that occurred in the judicial district where this action is brought.

**SEX TRAFFICKING UNDER FEDERAL LAW**

First Amended Complaint for Damages - 16

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

28. The requirements for liability under TVPRA § 1595 on a beneficiary theory can be stated as follows: (1) the person or entity must "knowingly benefit[], financially or by receiving anything of value," (2) from participating in a venture, (3) that the "person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a).

29. Sex trafficking is defined by the TVPRA under 22 U.S.C. § 7102, as "the recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of a commercial sex act and in which the commercial sex act is induced by force, fraud, or coercion." This definition combines the three elements of sex trafficking as a criminal offense: the act, the means, and the purpose.

30. To best understand the mechanism by which sex trafficking ventures are prohibited by federal criminal law, it is best to address these elements in the reverse. Sex trafficking is slavery for the *purpose* of commercial sex, a lens on the already existing crimes prohibited by 18 U.S.C. § 1589 and §1590. The crime of slavery can then be divided into the two (2) elements remaining: the act and the means. The *act* is the "harboring, transporting, providing, or obtaining," of forced labor, codified as a violation of 18 U.S.C. §1590, while the *means* is labor "obtained or provided by force, fraud or coercion" and is codified as a violation of 18 U.S.C. §1589.

31. Thus, while the complete definition of 'sex trafficking' is found in the TVPRA under 22 U.S.C. § 7102, and it is specifically prohibited under 18 U.S.C. §1591, it is nevertheless a long- recognized and familiar atrocity.

32. Pursuant to 18 U.S.C. §1591(a), all who knowingly provide *or* obtain commercial sex that was provided or obtained through force, fraud, and coercion are guilty of sex trafficking. This includes, at a minimum, ***both*** the 'traffickers' who recruit, harbor, transport, and

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

provide individuals for forced commercial sex work **and** the 'Johns' or 'buyers' who obtain, solicit, or patronize forced commercial sex work.[6]

### SEX TRAFFICKING UNDER STATE LAW

33. The requirements for liability under RCW 9A.82.100 based on a violation of RCW 9A.40.100on a benefits theory can be stated as follows: (1) the person or entity "benefits financially or receives anything of value," (2) from participating in a venture, (3) that has engaged in trafficking as defined in RCW 9A.40.100(1)(a)(i).

34. Criminal acts of human trafficking are codified by RCW 9A.40.100(1)(a), as (1) A person is guilty of trafficking when: (a) Such person: (i) "recruits, harbors, transports, transfers, provides, obtains, buys, purchases, or receives" The means: "by any means another person knowing, or in reckless disregard of the fact, that either (A) force, fraud, or coercion as defined in RCW 9A.36.070 will be used to cause the person to engage in: (I) Forced labor; (II) Involuntary servitude; (III) A sexually explicit act; or (IV) A commercial sex act, or (B) that the person has not attained the age of eighteen years and is caused to engage in a sexually explicit act or a commercial sex act. This definition combines the three elements of sex trafficking as a criminal offense: the act, the means, and the purpose.

35. To best understand the Revised Code of Washington by which sex trafficking ventures are prohibited, it is once again best to address the elements of the law in the reverse. Sex trafficking is one form of human trafficking, specifically for the *purpose* of either "(III) A *sexually explicit act"* and/or "(IV) *A commercial sex act*," which may be an added offense on the already existing crimes prohibited in part by Washington's Sexual

---

[6] While the 'pimps' or 'providers' are often referred to as the 'traffickers' and the purchasers are referenced as the 'Johns', 'tricks', or 'buyers' [and such nomenclature is used herein], under federal law **both** categories are 'traffickers'.

**THE LAW OFFICE OF**
**ERIK L. BAUER**
**215 Tacoma Avenue South**
**Tacoma, Washington 98402**
**(253) 383-2000 or (360) 895-1500**
**FAX (253) 383-0154**

Exploitation of Children Act, RCW 9.68A. *et seq.* The crime of child sex trafficking includes only two (2) elements: the act and the purpose. The *act* is the "recruiting, harboring, transporting, transferring, providing, obtaining, buying, purchasing, or receiving" of a minor, for the purpose of causing the minor to engage in a sexually explicit act or a commercial sex act, codified as violations of criminal laws against child abuse and RCW 9.68A. *et seq..*

36. Thus, while commercial sexual abuse of a minor is prohibited in RCW 9.68A.100, many of the underlying sexually explicit acts and commercial sex acts are enforced criminally under RCW 9A.44 *et seq*. (Rape, child molestation and sexual misconduct of a child). The "commercialized" aspect of profiting from these outrageous and offensive acts, although recently legislated, has been long recognized as a familiar incentive that encourages and facilitates repeated abuses against children Pursuant to RCW 9A.40.100, all who knowingly provide *or* buy a sexually explicit act or a commercial sex from a person that has not attained the age of 18 whether or not the act was obtained through force, fraud, and coercion are guilty of sex trafficking. This includes, at a minimum, <u>*both*</u> the 'traffickers' who recruit, harbor, transport, transfer and provide *and* the 'Johns' or 'buyers' who obtain, buy, purchase, or receive knowing or in reckless disregard of the fact that the person has not attained the age of eighteen years.[7]

## BACKGROUND FACTUAL ALLEGATIONS

### A.    ALLEGATIONS THAT CRAIGSLIST'S BENEFITED FROM THE TRAFFICKING OF PLAINTIFF, M.L.

---

[7] While the 'pimps' or 'providers' are often referred to as the 'traffickers' and the purchasers are referenced as the 'Johns', 'tricks', or 'buyers' [and such nomenclature is used herein], under federal law **both** categories are 'traffickers'.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

37. Plaintiff M.L was a 12-year-old girl when she first became controlled by an adult sex trafficker and sold to be raped by adult sex customers in specific locations designated by Craigslist advertisement guidelines. Plaintiff M.L. was trafficked continually between the ages of 12 and 18 years of age, and beyond.

38. The trafficker took sexually explicit photographs of M.L., including nude and partially nude photographs and used the photographs in conjunction with wording to create advertisements readily ascertainable as advertisements for commercial sex acts with the minor M.L. in specific cities.  The sex trafficker would develop the sex advertisements in conjunction with "terms of use" rules and guidelines promulgated and required by Defendant Craigslist to utilize the Craigslist classified advertising website.  These rules and guidelines assisted in the creation and development of the content and format of the advertisements.

39. Posting an advertisement required that a location be designated so that the "buyers" and child rapists would know where to search based on the location of the minor M.L., who had specific features that were also listed and searched for based on Defendant Craigslist's "terms of use" and widely used descriptors.

40. After developing the commercial sex advertisement of the 12-year-old Plaintiff; the trafficker would then pay a fee to Defendant Craigslist to allow the advertisement to post and be displayed to millions of people on the hugely popular Craigslist classified advertising website.

41. The aforementioned advertisements would appear in a section of the Craigslist classified advertising site which Defendant Craigslist had designated and titled as "erotic services".  The term "erotic services" was wording created and selected by Defendant Craigslist to

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

define every advertisement contained in that section.  Sex traffickers, including commercial sex buyers, all knew that Craigslist was an advertising service which allowed commercial sex advertisements to be displayed and allowed sex buyers to illegally procure sex with "willing" adults engaged in prostitution, as well as "unwilling" victims of sex trafficking, including minors.

42. The Craigslist site facilitated and assisted commercial sex buyers to contact and communicate with providers of victims, who were to perform commercial sex acts. All communications with advertisers, including with traffickers, routed through the use of an email system embedded on the Craigslist website.  This unique communication system would allow providers and buyers of any listed items, including commercial sex acts, to remain anonymous and hidden while communicating through the Craigslist communication system.

43. The aforementioned Craigslist communication system combined with the enormous reach and popularity of their website, allowed sex traffickers to market sex trafficking victims, including minors and the minor plaintiff M.L., and connect illegal sex providers and buyers in an anonymous fashion.  Because Defendant Craigslist controlled the communication system, the exact location and identities of victims and buyers were hidden from law enforcement, and other agencies who provided for the care of minors being bought and sold on Craigslist.

44. By 2009 Defendants Craigslist were well aware that their website was hosting thousands and thousands of sex-trafficking and illegal prostitution advertisements, throughout the United States including sex advertisements of minor children. Craigslist was the target of a vocal and well publicized effort to change their conduct and stop allowing illegal sex

First Amended Complaint for Damages - 21

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

trafficking from occurring on their website.  Defendant Craigslist were well aware that their site hosted, facilitated, and aided and abetted criminal sex traffickers and others to engage in criminal acts of sex trafficking including the sex trafficking of minors.

45. Defendant Craigslist benefited from the huge numbers of prostitution and sex trafficking advertisements that it allowed and encouraged traffickers and other criminals to place on its website.  Defendant Craigslist charged a fee to allow advertisements in its "erotic services" subsection, thereby helping its business with cash flow, credit ratings, and competitive standing as well as other financial and business-related benefits.

46. Defendant Craigslist also benefited from the huge traffic generated by the volume of users attracted to its website by the commercial sex advertisements it allowed and encouraged on its website.

47. According to consulting firm, AIM Group, in 2008, Defendant Craigslist was on track to make $44,000,000.00 in fees from the erotic services section of their website before it was shut down later that year. This analysis was based on the firm's close monitoring of Craigslist, which found that there were over four million (4,000,000) posts made annually in the designated "erotic services" section.

48. Thousands of advertisements in erotic services were posted targeting the citizens of Washington. These advertisements were made for the purpose of marketing illegal commercial sex services. From 2002 to 2008, the database Archive.org showed that Craigslist had hundreds of posts every week in the erotic services "w4m" section (which means women for men, i.e. women offering sexual services for men) for the greater Seattle area.

49. In addition to the tremendous number of commercial sex advertisements on the Craigslist

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

"erotic services" section of their website, other subsections of the Craigslist website were also the home for multitudes of advertisements for illegal commercial sex activity. The sections for dating, and massage services were rife with illegal commercial sex advertisements. Craigslist was a known destination for commercial sex advertisements and as such aided traffickers and others who would commonly post commercial sex advertisements in sections entitled "casual encounters", "women 4 men", "men 4 men" massage, and others. Sex buyers could locate advertisements and connect with victims in multiple categories.

50. Defendant Craigslist required that a post not directly suggest sexual favors for money, however, this rule was constantly and consistently circumvented with posts that included language like "200 INCALL SPECIAL", "80 special all night", "130 HR GORGEOUS SLENDER MODEL," which remained posted without removal or inquiry. Remaining on the advertisement section allowed buyers to search and query advertisements based on price, features, and importantly location.

51. Defendant Craigslist allowed use of the popularized and well known codes "INCALL" and "OUTCALL" for arranging transportation and location of the commercial sex acts with M.L. Transportation of the buyer to a location where M.L. was being held  was an INCALL; while transportation of M.L. to be the buyer's designated location was an OUTCALL.[8] The commonly used and widely recognized phrases were used consistently in Craigslist advertisements of the minor M.L.

52. Each post of the Plaintiff M.L. also included a female figure in lingerie or in the nude (but

---

[8] The World of Sex Trafficking, Glossary of Terms by Lighthouse for Life, available at: https://www.lighthouseforlife.org/images/resources/Trafficking-Terms.pdf (last visited on October 20, 2019)

First Amended Complaint for Damages - 23

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

cropped or with a Gaussian blur) and positions in a sexually suggestive manner, and again, none of these posts were removed. Instead Defendant Craigslist indicated they held the copyright to the advertisements and kept them posted with the marking "Copyright © 2009, craigslist, inc." with a link to their "Terms of Use" below the copyright.

53. This manner of posting was ubiquitous throughout the country in the erotic services section. Instead of developing effective requirements and monitoring methods, Defendant Craigslist took ownership of advertisements containing sexually explicit images of children, and hid behind their empty measures. The result was a calculated formula to evade blame, while maintaining and mounting the substantial benefits gained from both the direct payment for the erotic services section and the indirect financial benefits of increased website hits and users.

54. Instead of preventing illegal commercial sex acts with M.L., Craigslist's content requirements became guidelines which allowed the Defendant Craigslist, providers and buyers, to evade law enforcement, while arranging for payment terms, travel and transportation of victims to specific locations.

55. The policy by Defendant Craigslist that images were to be blurred and cropped became a commonly used technique to obscure the identity and age of M.L. and other trafficking victims, including missing children, runaways or other victims who were sought by police and concerned parents.

56. The use of aliases is another common feature of the commercial sex advertisements on Craigslist. Defendant Craigslist allowed sex traffickers to use these aliases to evade law enforcement and is another example of how Defendant Craigslist knew that its website was being used for commercial sex. True identifications of the Plaintiff M.L. as well as

First Amended Complaint for Damages - 24

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

countless other victims advertised were encouraged to be hidden.

57. The requirement that sex traffickers use their credit card and telephone number in order to post was another means by which a trafficker and Defendant Craigslist evaded law enforcement under the ruse of increased security. Traffickers would regularly use a pre-paid credit card and a burner phone in order to obfuscate their identity, and Defendant Craigslist took no extra steps to acquire the actual identity of these traffickers. Defendant Craigslist enabled sex traffickers to continue to provide, harbor, and buy victims from their website with complete anonymity.

58. Craigslist's content requirements allowed sex traffickers, their customers, and Defendant Craigslist to violate the following criminal statutes with impunity:

    a.  RCW 9.68A.040 (Sexual exploitation of a minor)

    b.  RCW 9.68A.050 (Dealing in depictions of minor engaged in sexually explicit conduct)

    c.  RCW 9.68A.090 (Communication with minor for immoral purposes)

    d.  RCW 9.68A.100 (Commercial sexual abuse of a minor)

    e.  RCW 9.68A.101 (Promoting commercial sexual abuse of a minor)

    f.  RCW 9.68A.103 (Permitting commercial sexual abuse of a minor)

    g.  RCW 9A.44.076 (Rape of a child in the second degree)

    h.  RCW 9A.44.079 (Rape of a child in the third degree)

    i.  RCW 9A.44.086 (Child molestation in the second degree)

    j.  RCW 9A.44.089 (Child molestation in the third degree)

    k.  RCW 9A.88.070 (Promoting prostitution in the first degree)

    l.  RCW 9A.88.080 (Promoting prostitution in the second degree)

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

m.  RCW 9A.88.090 (Permitting prostitution)

n.  RCW 9A.40.100 (Trafficking)

o.  RCW 9A.28.040 (Criminal conspiracy)

p.  RCW 9A.82.060 (Leading organized crime)

q.  18 USCS § 1591 (Sex trafficking of children or by force, fraud, or coercion)

r.  18 USCS § 1962 (Racketeering)

s.  18 USCS § 2255 (Civil remedy for personal injuries)

59. Upon information and belief, Defendant Craigslist knew that its erotic services section was well known to commercial sex customers throughout the United States as a place to easily locate victims as commodities, unpunished, anonymous, sexual abuse of children. Using the guidelines mentioned above, Defendant Craigslist developed the user interface so that customers could quickly and easily find the trafficking victims they desired, including the minor Plaintiff M.L.

60. Defendant Craigslist provided a method for traffickers to arrange transportation and terms of purchase. Defendant Craigslist first presented a user with a choice of geographic areas, and then after choosing an area, a buyer would choose from a scroll down list of commercial sex advertisements. Upon clicking on an advertisement, Craigslist had arranged its website so that a specified number of photographs appeared per page along with contact information and a general description of the trafficking victim's location. Defendant Craigslist facilitated customers' access to trafficking victims in their desired geographic area, and it made it easy for sex traffickers to promote their adult victims and minor children across the nation according to supply and demand. Defendant Craigslist's activity amounted to a venture with sex traffickers to efficiently market victims such as Plaintiff M.L.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

61. A six-year study, done by Arizona State University, analyzing sex trafficking of minors has found that minor sex trafficking had increased during the period of the study. Minor sex trafficking generates an estimated 42 billion dollars a year in the United States through the trafficking of well over 200,000 children. 70% of these minors that are sex trafficked are done so online. Defendant Craigslist was a major progenitor of this crisis, and Defendant Craigslist profited directly from the facilitation of child sex trafficking of thousands of victims, including Plaintiff M.L. Pedophiles and those seeking child victims for sexually explicit and commercial sex acts would visit Craigslist in the thousands every day to seek out the right price and child for purchase. While Defendant Craigslist maintained the erotic services section, the Polaris Project, a group against human trafficking, believed that Craigslist was the single largest source for illicit commercial sex with adults and children. Defendant Craigslist enabled this behavior and gave both sex traffickers and their customers the means to evade law enforcement. Through this facilitation, Craigslist gained a substantial user base making it the ninth most visited website in the country in 2009. The increase in user base generated traffic to the other paid services of Craigslist and provided a direct financial benefit to Defendant Craigslist.

62. Upon information and belief, Defendant Craigslist were well aware that many of the advertisements in erotic services were advertisements for sex with children. For example, Craigslist provided cover for advertisements of minors by requiring sex traffickers to click on the "posting rules" page which has a line asserting "I am at least 18 years of age or older and not considered to be a minor in my state of residence." Craigslist did nothing to verify the actual age of the person being advertised.  Craigslist took no meaningful initiative to verify the actual identity of the posters, such as requiring the IP addresses and personal

First Amended Complaint for Damages - 27

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

information of the owner and operator of the device used to post the advertisements on. Defendant Craigslist's lack of effort was an attempt to evade the criminal penalties of promoting underage sex trafficking and secure Defendant's profit margins from the increased web traffic that erotic services garnered.

63. Defendant Craigslist also benefited from the fees received from sex traffickers in the erotic service section. Defendant Craigslist claimed that they would donate the proceeds from the fees to charity, Defendant Craigslist garnered goodwill and tax benefits through its nominal efforts to stop its own advertisements of commercial sex.

64. Defendant Craigslist was on notice of the human sex trafficking, including that of children taking place on their website service from numerous sources, including but not limited to; lawsuits, government action, public outcry, news media, victims, activities and employee observation.

65. Despite Defendant Craigslist's knowledge that its erotic services section was a forum for facilitating adult and child sex trafficking, they kept the erotic service section a part of Craigslist for over 10 years. After growing pressure from the public and law enforcement, they created nominal, ineffective requirements that became instructions to sex traffickers on evading law enforcement. Defendant Craigslist developed these content requirements to maintain their benefit from their participation in illicit commercial sex.

66. In May of 2009, Defendant Craigslist chose to re-label the erotic services to "adult services" but the forum functioned in exactly the same ways and Plaintiff M.L. continued to be trafficked. Then in 2010 Defendant Craigslist terminated their adult service section, and the sex traffickers simply increased the number of posts in the personal ads and massage services sections. In fact, Defendant Craigslist already knew that traffickers had been using

First Amended Complaint for Damages - 28

THE LAW OFFICE OF
**ERIK L. BAUER**
**215 Tacoma Avenue South**
**Tacoma, Washington 98402**
**(253) 383-2000 or (360) 895-1500**
**FAX (253) 383-0154**

their other sections to avoid the content requirements of erotic services.

67. Finally, after 20 years of being a platform for sex trafficking, Defendant Craigslist decided to shut down their personal ads section after the law of the land was codified with FOSTA being signed into law. Sex trafficking has been and remains illegal, and at no time that Defendant Craigslist participated in arranging for commercial sex acts with minors was that activity legal or permitted by any laws in Washington or the United States. The CDA, Communication Decency Act, was not intended to protect the arrangement of illegal commercial sex acts with children or adult victims of human trafficking. Arguably, FOSTA simply made it clear that the law would now be enforced against internet and web-based companies that advertised sex trafficking.

68. During the 20 years Defendant Craigslist maintained their erotic services and personal ads, Defendant Craigslist benefited from the continued sale and trafficking of children for sex, and only chose to end their participation once their liability for criminal and civil punishment became certain.

69. As found in a criminal proceeding, in March 2009, a trafficker contracted with Craigslist to advertise M.L. on its website. The trafficker paid Craigslist a fee and then uploaded an advertisement of minor M.L. on Craigslist.  The advertisement was for illicit commercial sex services and included contact information that allowed customers to access M.L. The ad was accompanied by colored pictures of M.L. using the alias "Stacy", based in Lakewood, and it used thinly veiled language "100 hugs hhr" and "150 hugs hr." On Craigslist, traffickers commonly refer to dollars as "hugs." The photographs in the advertisement showed that M.L. was a minor. The trafficker complied with Craigslist's content requirements and used those requirements to advertise the minor M.L. for sex, as Defendant

**THE LAW OFFICE OF**
**ERIK L. BAUER**
**215 Tacoma Avenue South**
**Tacoma, Washington 98402**
**(253) 383-2000 or (360) 895-1500**
**FAX (253) 383-0154**

Craigslist intended.

70. At no time did Craigslist attempt to verify M.L.'s age, inquire about her status as a victim of trafficking, or otherwise protect or warn against her traffickers before or while being advertised for commercial sex acts on Craigslist. Neither M.L. nor any parent or legal guardian consented to having her photograph or information appear on Craigslist, and neither M.L. nor any parent or legal guardian could lawfully consent to the many adults who purchased sexually explicit acts with her after finding her on an  advertisement on Craigslist.

71. As a result of the conspiracy and contract between Defendant Craigslist and the trafficker, advertisements for M.L. appeared on Craigslist frequently. Each time the convicted trafficker paid Defendant Craigslist its demanded fee through the use of a credit card, and each time Defendant Craigslist allowed the convicted trafficker to advertise M.L. for sex on its website.

72. In a criminal prosecution, there were at least five separate advertisements that prosecutors pointed to as evidence that the trafficker posted M.L. on Craigslist for commercial sex acts. *See Attached Exhibits.* These advertisements were posted on the following dates: March 23, 2009; March 27, 2009, April 4, 2009; April 9, 2009; and April 12, 2009.

73. Each of the aforementioned advertisements of the Plaintiff M.L. were felonious acts.

74. See "ATTACHED EXHIBITS" for an example of advertisements created with the help and editorial guidelines of Defendant Craigslist, who holds the copyright on the images created, some of which include clear violations named in prior paragraphs 46(a) through (s).

75. As a result of this conspiracy between the convicted trafficker and Defendant Craigslist, multiple commercial sex buyers accessed and obtained the Plaintiff M.L. in order to engage

First Amended Complaint for Damages - 30

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

in illegal commercial sex acts with her. As a result of Defendant Craigslist's relationship and agreement with the convicted trafficker, M.L. engaged in unwanted sexually explicit acts with adults, including sexual intercourse with multiple adult buyers per day for several months.

76. All foregoing allegations of acts and omissions of Defendant Craigslist took place before or during the time that Plaintiff was advertised for illicit sex acts and/or commercial sex acts on Craigslist, including the content requirements that Craigslist created and instituted in order to perpetuate an online marketplace for commercial sexual exploitation through the advertisement and arrangement of sex trafficking of adults and minors, like the Plaintiff.

## B. THE HOSPITALITY INDUSTRY'S PARTICIPATION IN
## THE SEX TRAFFICKINGINDUSTRY

*"75% of survivors responding to Polaris's survey reported coming into contact with hotels at some point during their exploitation… Unfortunately, 94% also disclosed that they never received any assistance, concern, or identification from hotel staff."*

*-The Polaris Project[9]*

77. Human trafficking is the world's fastest growing crime.[10] While the term 'human trafficking' incorporates all forced labor, the sex trafficking industry alone pulls in an estimated $99 billion each year making it the second largest illicit crime industry behind only the sale of *all* illegal drugs.[11]

---

[9]*Recommendations for Hotels and Motels*, THE POLARIS PROJECT, https://polarisproject.org/hotels-motels-recommendations (last visited June 19, 2019).
[10] *Human Trafficking is the World's Fastest Growing Crime*, THE ADVISORY BOARD (May 22, 2017, 9:30 AM), https://www.advisory.com/daily-briefing/2017/05/22/human-trafficking.
[11] *Profits and Poverty: The Economics of Forced Labor*, INTERNATIONAL LABOR ORGANIZATION (May 24, 2014), http://www.ilo.org/global/publications/ilo-bookstore/order-online/books/WCMS_243391/lang--en/index.htm.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

78. Sex traffickers, or 'pimps', use threats, violence, manipulation, lies, debt bondage, and other forms of coercion to compel adults and children to engage in commercial sex acts against their will.

79. The hospitality industry plays a crucial role in the sex trade.[12] The trope of the "no-tell motel" is certainly not a new one. Hotels have long profited from their reputations as havens of privacy and discretion for the offending. Hotels offer anonymity and non-traceability, making them ideal venues for crime and sex trafficking in particular.

80. According to National Human Trafficking Hotline statistics, hotels are the top-reported venue, even over commercial front brothels, where sex trafficking acts occur.[13] Traffickers and buyers alike frequently use hotel rooms to exploit victims.

81. Traffickers use hotels as the hub of their operations. Inside, the victims are harbored, raped, assaulted, and forced to service buyers who come to the hotel solely to purchase sex. This is referred to as an 'in call'.

82. Hotels are also the venue of choice for buyers seeking an 'out call,' wherein the buyer rents a hotel room and the trafficker delivers the victim to the buyer's room to complete the sordid transaction. Unsurprisingly, those on the demand side of this transaction (i.e. those purchasing sex) typically choose to engage in trafficking away from their home, naturally leading to the increased involvement of hotels. In New York City alone, 45% of all reported sexual exploitation took place in hotels, including the Ritz Carlton and the Plaza.[14]

---

[12] Giovanna L. C. Cavagnaro, *Sex Trafficking: The Hospitality Industry's Role and Responsibility*, CORNELL UNIVERSITY SCHOOL OF HOTEL ADMINISTRATION (2017), http://scholarship.sha.cornell.edu/honorstheses/3.
[13] *National Human Trafficking Hotline Statistics*, THE POLARIS PROJECT (2016), https://polarisproject.org/resources/2016-hotline statistics.
[14] Giovanna L. C. Cavagnaro, *Sex Trafficking: The hospitality Industry's Role and Responsibility*, CORNELL UNIVERSITY, SCHOOL OF HOTEL ADMINISTRATION (2017),

First Amended Complaint for Damages - 32

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

83. The problem is industry wide. In the United States, as much as 63% of all trafficking incidents happen in hotels ranging from luxury to economy.[15]

84. Due to the overall complacency of the hospitality industry on addressing the issue, hotels are *the* venue of choice for sex trafficking.[16] Traffickers and buyers capitalize on the hotel industry's general refusal to adopt and enforce companywide anti-trafficking policies from the corporate to the property level, train staff on what to look for and how to respond, and/or establish safe and secure reporting mechanisms for those at the point of sale.

85. Every day, thousands of hotel employees witness manifestations of sex trafficking and commercial exploitation. Thus, the hospitality industry has the greatest reach to prevent, identify and thwart sexual exploitation where it is most likely to occur.

86. But aside from their unique position in this epidemic, hotels and motels have the highest obligation to protect their guests from known dangers, including sex trafficking and sexual exploitation, and should be held accountable when they fail to comply. As aptly stated in a publication by the Cornell University School of Hospitality, "the hospitality industry is undoubtedly involved in the sex trafficking industry…and therefore has an inherent responsibility to deter the crime and can be liable for failing to do so."[17]

87. Training hotel staff to identify the signs of sex trafficking and sexual exploitation is a critical and obvious legal obligation for the hospitality industry. The presence of sex trafficking and sexual exploitation in a hotel is frequently an obvious occurrence and,

---

http://scholarship.sha.cornell.edu/honorstheses/3.

[15] Michele Sarkisian, *Adopting the Code: Human Trafficking and the Hospitality Industry*, CORNELL HOSPITALITY REPORT, 15(15), 3-10 (2015).

[16] *Hotels Initiative*, THE POLARIS PROJECT, https://polarisproject.org/initiatives/hotels (last visited June 19, 2019).

[17] Giavanna L. C. Cavagnaro, *Sex trafficking: The Hospitality Industry's Role and Responsibility*, CORNELL UNIVERSITY, SCHOOL OF HOTEL ADMINISTRATION (2017), http://scholarship.sha.cornell.edu/honorstheses/3.

First Amended Complaint for Damages - 33

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

although unutilized, underutilized, or ineffectively utilized, numerous well-researched trainings and toolkits have been published to the hotel industry over the last decade to help hotel staff in every position to identify the signs.[18]

88. From check-in to check-out there are a number of indicators that traffickers and their victims exhibit during their stay at a hotel. With proper training and the implementation of reasonable security measures, hospitality companies could prevent regular sex trafficking under their flag.

89. Obvious signs of sex trafficking at a hotel may include: an excess of condoms in rooms, individuals carrying or flashing large amounts of cash, excessive amounts of cash stored in the room, renting two (2) rooms next door to each other, declining room service for several consecutive days, significant foot traffic in and out of room(s), men traveling with multiple women who appear unrelated, women known to be staying in rooms without leaving, women displaying physical injuries or signs of fear and anxiety, guests checking in with little or no luggage, hotel guests who prevent another individual from speaking for themselves, or a guest controlling another's identification documents.[19]

90. Obviously, hotel staff who have undergone training are more aware of sex trafficking when it happens and are more willing to report it than hotel staff who have not been trained.[20] Thus, hospitality companies are obligated to adopt policies and procedures related to sex trafficking and to enforce these policies and procedures as brand standard through to the

---

[18] DEPARTMENT OF HOMELAND SECURITY, *Blue Campaign Toolkit*, attached as "Exhibit A." Available at: https://www.dhs.gov/sites/default/files/publications/blue-campaign/toolkits/hospitality-toolkit-eng.pdf.

[19] *Id.* See also, Shea M. Rhodes, *Sex Trafficking and the Hotel Industry: Criminal and Civil Liability for Hotels and their Employees*, THE INSTITUTE TO ADDRESS CRIMINAL SEXUAL EXPLOITATION, Villanova University School of Law (2015), https://cseinstitute.org/wp-content/uploads/2015/06/Hotel_Policy_Paper-1.pdf.

[20] Giavanna L. C. Cavagnaro, *Sex Trafficking: The Hospitality Industry's Role and Responsibility*, CORNELL UNIVERSITY, SCHOOL OF HOTEL ADMINISTRATION (2017), http://scholarship.sha.cornell.edu/honorstheses/3.

First Amended Complaint for Damages - 34

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

property level.

91. Hospitality companies can and should mandate that *all* staff working at *all* hotel properties across their brand complete sex trafficking training.[21]

92. The hospitality industry has been cognizant of their role and responsibilities in the sex trafficking industry for years.

93. At the General Assembly of the United Nations ("UN") convened in New York, New York in November 2000, the Palermo Protocol to prevent, suppress, and punish trafficking in persons was adopted.[22]

94. In this regard, End Child Prostitution and Trafficking ("ECPAT-USA") launched the Tourism Child-Protection Code of Conduct (the "Code") in the United States in 2004.[23]

95. The Code identifies the following six (6) steps companies can take to prevent child sex trafficking: (1) establish corporate policy and procedures against sexual exploitation of children; (2) train employees in children's rights, the prevention of sexual exploitation and how to report suspected cases; (3) include a clause in further partner contracts stating a common repudiation and zero tolerance policy of sexual exploitation of children; (4) provide information to travelers on children's rights, the prevention of sexual exploitation of children and how to report suspected cases; (5) support, collaborate and engage stakeholders in the prevention of sexual exploitation of children; and (6) report annually on the company's implementation of Code-related activities.

---

[21] Shea M. Rhodes, *Sex Trafficking and the Hotel Industry: Criminal and Civil Liability for Hotels and their Employees*, The Institute to Address Criminal Sexual Exploitation, Villanova University School of Law (2015), https://cseinstitute.org/wp- content/uploads/2015/06/Hotel_Policy_Paper-1.pdf.
[22] Protocol to Prevent, Suppress and Punish Trafficking in Persons, Especially Women and Children, supplementing the United Nations Convention against Transnational Organized Crime, *adopted* Nov. 15, 2000, 2237 U.N.T.S. 319.
[23] ECPAT-USA, *No Vacancy For Child Sex Traffickers Impact Report* (2017), *available at*: https://static1.squarespace.com/static/594970e91b631b3571be12e2/t/59c9b6bfb07869cc5d792b8c/1506391761747/NoVacany_Report.pdf.

**THE LAW OFFICE OF**
**ERIK L. BAUER**
**215 Tacoma Avenue South**
**Tacoma, Washington 98402**
**(253) 383-2000 or (360) 895-1500**
**FAX (253) 383-0154**

96. During a speech in New York City in September 2012, President Obama stated that human trafficking "ought to concern every person, because it is a debasement of our common humanity. It out to concern every community, because it tears at our social fabric. It ought to concern every business, because it distorts markets. It ought to concern every nation, because it endangers public health and fuels violence and organized crime."[24]

97. Statistics released in 2014 by the International Labor Organization ("ILO") showed that approximately 4.5 million people were victims of forced sexual exploitation globally and that the violation of their human rights yielded an estimated annual profit of $99 billion dollars for sex traffickers worldwide.[25] Put another way, the numbers showed that a sex trafficker's annual profit per victim was approximately $22,000.00.[26]

98. A scholarly article published in 2015 estimated that pimps could earn $25,000.00 to $33,000.00 per week selling in the Atlanta, Georgia area.[27] This volume of and profit from sex trafficking also aligned with internet advertising for the sex trafficking industry occurring in roughly the same time period. For example, in 2015, one advertisement in the Atlanta section of the www.backpage.com website triggered 181 clients, and calls or texts from twenty-seven (27) men expressing interest – in a span of just ninety (90) minutes.[28]

99. In December 2015, President Obama appointed eleven (11) survivors of human trafficking to the inaugural United States Advisory Council on Human Trafficking to advise and make recommendations on federal anti-trafficking policies to the President's Interagency Task

---

[24] President Barack Obama, Remarks to the Clinton Global Initiative (Sept. 25, 2012), *available at* https://obamawhitehouse.archives.gov/the-press-office/2012/09/25/remarks-president-clinton-global-initiative.
[25] International Labour Office, *Profits and Poverty: The Economics of Forced Labour* (2014), at 13, *available at* https://www.ilo.org/wcmsp5/groups/public/---ed_norm/---declaration/documents/publication/wcms_243391.pdf.
[26] *Id.* at 15.
[27] Sarkisian, supra n.20, at 4.
[28] *Id.* at 5.

First Amended Complaint for Damages - 36

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Force to Monitor and Combat Trafficking in Persons.[29]

100.    The United States Department of Justice ("DOJ") brought 248 sex trafficking prosecutions in Fiscal Year 2015 and secured convictions against 291 sex traffickers.[30] In the previous year, DOJ convicted a total of 184 human traffickers (inclusive of labor trafficking) and in the subsequent year, DOJ convicted a total of 439 human traffickers (inclusive of labor trafficking).[31]

101. Despite these efforts of governmental and non-governmental organizations to combat human trafficking, the hospitality industry as a whole, continued to lag behind in its efforts to prevent human trafficking. A 2015 study showed that forty-five percent (45%) of children who suffered sexual exploitation report that the sexual exploitation took place in a hotel.[32]

102. Even estimates by attorneys *for the* hospitality industry indicate that eight (8) out of ten (10) arrests for human trafficking occur in or around hotels.[33] The 2016 Trafficking in Persons Report issued by the United States Department of State also confirmed that human trafficking occurs in the hospitality industry in the United States.[34]

103. Between 2007 and March 2015, more than 1,400 human trafficking cases have been reported to the National Trafficking Resource Center.[35]

---

[29] U.S. Dep't of State, *2016 Trafficking in Persons Report* (2016), at 41, *available at* https://www.state.gov/documents/organization/258876.pdf.
[30] *Id.* at 389.
[31] Human Rights First, *Fact Sheet 2017* (2017), *available at* http://www.humanrightsfirst.org/sites/default/files/TraffickingbytheNumbers.pdf.
[32] Sarkisian, *supra* n.20.
[33] Rich Keating, *Human Trafficking: What It Is And How It Impacts The Hospitality Industry*, Presentation Delivered At AHIA Sprint Conference 2013, Washington, D.C., *available at* http://www.ahiattorneys.org/aws/AHIA/asset_manager/get_file/92983 (last visited Mar. 1, 2019).
[34] U.S. Dep't of State, *supra* n.25, at 387.
[35] Polaris, *Human Trafficking and the Hotel Industry* (2015), *available at* https://polarisproject.org/resources/human-trafficking-and-hotel-industry.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

104. The complicity of the hospitality industry is essential to the perpetuation of human trafficking, allowing traffickers to remain transient, collect profits, and evade detection. Sex trafficking ventures move from place to place so that they are less visible to law enforcement. Similarly, sex traffickers also want to keep their victims moving from place to place to isolate them from any possible means of escape or rescue. Traffickers are well aware of the seclusion and anonymity attendant with booking rooms with hotel chains – they know it is unlikely that they will be disturbed.

105. Due to the hospitality industry's failure to embrace anti-trafficking policies and practices, children and other vulnerable persons are trafficked for sex in hotels throughout the United States.

106. Wyndham claimed it had supported anti-trafficking protocols and training for its entire staff since 2011 and promised to train all staff to recognize and report sex trafficking.[36]

107. In 2014, Wyndham Hotels trained some, not all, of its employees to look for signs of trafficking.[37] "As part of [a] joint effort, Wyndham Hotel Group and are developing comprehensive training and educational tools for hotel owners and franchisees … to educate them about all aspects of human trafficking.[38] In July 2011, Wyndham issued press releases with reference to signing the Code of Conduct with ECPAT-USA (End Child Prostitution, Pornography and Trafficking of Children for Sexual Purposes), and a commitment to increase training of all staff to recognize and report child sex trafficking. A

---

[36] The CNN Freedom Project, *http://thecnnfreedomproject.blogs.cnn.com/2011/08/01/hotel-chain-boosts-staff-training-to-fight-child-prostitution/* (last visited September 19, 2019).
[37] Katie Lobosco, *Super 8 workers trained to spot sex trafficking*, CNN BUSINESS (Nov. 18, 2014), https://money.cnn.com/2014/11/18/news/companies/days-inn-sex-trafficking/ (Last visited October 20, 2019).
[38] Wyndham Hotel Group Partners with Polaris to Help Prevent Human Trafficking (November 17, 2014), Polaris Project Press Release, https://polarisproject.org/news/press-releases/wyndham-hotel-group-partners-polaris-help-prevent-human-trafficking (last visited October 20, 2019).

First Amended Complaint for Damages - 38

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

change.org petition was signed by nearly 14,000 individuals demanding that Wyndham stop looking the other way while its locations were harboring child sex trafficking victims at multiple locations. It took a lengthy federal investigation to alert Defendant Wyndham of the rampant sex trafficking that they obviously had chosen to ignore in exchange for benefitting financially.[39]

108. As recent as October 2019 there was outrage among travelers at another Wyndham property for open acts of solicitation. One reviewer commented that the location, "[h]arbors prostitution for sure."[40]

109. Further, nationwide campaigns recognized the issue of human trafficking in the hotel industry and the lack of internal policies to address the issue, and took initiative as early as 1997 with the United Nations Blue Heart Campaign and domestically in 2010 with the Department of Homeland Security's Blue Campaign.[41] These efforts sought to educate both the public and private sectors on identifying and combatting human trafficking, including the hospitality industry and both campaigns released online resources and toolkits publicly accessible to any entity concerned with human trafficking.[42]

110. Hospitality companies have both the power and responsibility to make sex trafficking difficult for the offenders. Yet, they either repeatedly fail to heed the call or repeatedly failed to execute their own policies. Instead, each continues to facilitate these crimes at their hotels, content to direct their efforts solely to profit and the bottom line.

---

[39] The CNN Freedom Project, *http://thecnnfreedomproject.blogs.cnn.com/2011/08/01/hotel-chain-boosts-staff-training-to-fight-child-prostitution/* (last visited September 19, 2019).

[40] Is this Wyndham O'Hare Hotel run by pigs? by Dr. Anton Anderssen (October 5, 2019), https://travelwirenews.com/is-this-wyndham-ohare-hotel-run-by-pigs-1649820/ (last visited on October 20, 2019)

[41] *DHS Blue Campaign Five Year Milestone*, DEPARTMENT OF HOMELAND SECURITY (Jul. 22, 2015), https://www.dhs.gov/blog/2015/07/22/dhs-blue-campaign-five-year-milestone.

[42] *Human Trafficking and the Hospitality Industry*, DEPARTMENT OF HOMELAND SECURITY, https://www.dhs.gov/blue-campaign/hospitalityindustry (last visited June 19, 2019).

First Amended Complaint for Damages - 39

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

**THE DEFENDANTS CONTROL THE HOSPITALITY INDUSTRY**

111. Hotel brands or flags lend their name and likeness to third party owners, while the building and operations are run by a franchisee or a third party management company under the brands' control. In return, the parent brand exchanges the high risk that is inherent in owning an asset like a hotel for the low risk associated with owning a franchise contract and still profits from putting heads in beds.

112. The average consumer does not see this relationship. The parent brand gives the franchisee property its identity. It provides signage on and in front of the building that assures customers that if they check into that hotel they can expect the standards consistent with the parent hotel brand. The same brand emblazoned on everything in the hotel from the pens in the bedside tables to the staff uniforms at the front desk.

113. In addition to brand recognition, a marketing organization, hotel listings in the Global Distribution System (GDS) and other online travel agency databases, the brand provides the franchise hotel with access to its brand wide central reservation system, 800 number, revenue management tools, world-class loyalty programs and a website.  Thus, booking and room reservations are controlled by the corporate parent brand.[43]

114. The franchise hotel typically pays around 10% of their total revenue back to the parent hotel brand and is required to develop and maintain the property in accordance with the parent brand's standards as they are laid out in the franchise agreement.

115. Per the franchise agreement, the parent brand may enforce these standards through

---

[43] Ellen Meyer, *The Origins and Growth of Franchising in the Hotel Industry*, LODGING MAGAZINE (April 10, 2018) https://lodgingmagazine.com/the-origins-and-growth-of-franchising-in-the-hotel-industry/

First Amended Complaint for Damages - 40

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

periodic inspections and even termination of the franchise agreement if the franchise hotel is found to be inadequate. The right of the parent hotel brand to enforce their brand standards is also their responsibility.

116. At the time of the incidents alleged herein:

a. Defendant G6 Hospitality, LLC owned and controlled the Motel 6® brand.

b. Defendant Wyndham owned and controlled the Howard Johnson Inn brand.

117. Parent hotel brands may kick delinquent hotels out of their system but it is at the expense of terminating their financial benefits, including royalty payments.

## B. THE DEFENDANTS' ACTUAL AND/OR CONSTRUCTIVE KNOWLEDGE OF SEX TRAFFICKING OF M.L.

118. Defendants G6 and Wyndham hold nationally known branded motels and have been on notice of repeated incidences of sex trafficking occurring at their Motel 6® and Howard Johnson Inn® branded motels, yet the brand owners and managers failed to take adequate steps to train staff to prevent and report sex trafficking at their locations.

119. Longstanding jurisprudence has held that failure to implement policies sufficient to combat a known problem in one's operations can rise to the level of willful blindness or negligence.

### (i) Facts Specific to Motel 6® Brand Owned by Defendant G6

120. G6 Hospitality, LLC

a. Defendant G6 owns, supervises, or operates the Motel 6® located at 20651 Military Road South and 16500 Pacific Highway S both in Seattle, where Plaintiff M.L. was commercially sex trafficked on dozens of occasions for an average of one week each time she was taken to Defendant's owned and operated location. She was transported

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

to this location, held at this location, while commercial sex acts with her were sold and purchased. Defendant G6 owned and operated by Motel 6® while buyers paraded in and out of rooms rented for the purpose of trafficking M.L.

b.  Defendant G6 manages the brand and policies for bookings, rates, and operations at the Motel 6® located at 18900 47th Avenue South in Seattle, Washington where M.L., was provided to buyers for commercial sex acts as a minor on multiple occasions. Defendants Seatac Hotels LLC shared financial benefits gained from renting rooms for the purpose of trafficking M.L. with Defendant G6,

c.  Defendant G6 failed to implement and enforce any of its own policy or policies and protect Plaintiff M.L. from being commercially sex trafficked multiple times at multiple Motel 6® locations.

d.  Defendant G6 had actual knowledge of sex trafficking occurring on its branded hotel properties because G6 Hospitality and Motel 6® knew that sex trafficking and prostitution are associated with a high risk of physical and sexual violence, substance abuse, and other illegal dangerous conduct, and that "pimps" and buyers of commercial sex acts often use force, fraud, and coercion to induce commercial sex acts from victims.

e.  Defendant G6 had constructive knowledge of sex trafficking occurring on its branded hotel properties because Defendant G6 and Motel 6® knew that sex trafficking and prostitution are associated with a high risk of physical and sexual violence, substance abuse, and other illegal dangerous conduct, and that "pimps" and buyers of commercial sex acts often use force, fraud, and coercion to induce commercial sex acts from victims.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

f.  Defendant G6 and Motel 6® allowed, authorized, permitted, induced, or encouraged the trafficking of multiple individuals, including M.L., for sex at multiple Motel 6® locations. Defendant G6 and Motel 6® facilitated the trafficking through its practices, policies, and procedures. Defendant G6 and Motel 6® failed to take appropriate action to prevent the trafficking of individuals, including M.L., for sex so that Defendant G6 and each Motel 6® could continue to profit from the business that trafficking brings, including business from all over the state, country, and world.

g.  Defendant G6 knew or should have known that the Motel 6® locations where Plaintiff M.L. was trafficked was known for high incidence of crime and prone to sex trafficking activity on and around the hotel premises, including when Plaintiff M.L. was trafficked.

h.  Despite having knowledge of the extensive prostitution and sex trafficking that occurs at its hotels, Defendant G6 has repeatedly failed to stop these actions.

i.  Defendant G6 exercised control over Motel 6® branded locations by:

   i.  distributing information to assist employees in identifying human trafficking;

   ii.  providing a process for escalating human trafficking concerns within the organization;

   iii. requiring employees to attend training related to human trafficking;

   iv. providing new hire orientation on human rights and corporate responsibility;

   v.  providing training and education to Motel 6® branded hotels through webinars, seminars, conferences, and online portals;

   vi. developing and holding ongoing training sessions on human trafficking; or

   vii.providing checklists, escalation protocols and information to property

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

management staff; or tracking performance indicators and key metrics on human trafficking prevention.

j. G6 Hospitality, LLC was in an agency relationship with their Motel 6® branded hotels offering the public lodging services in the locations. This agency relationship was created through Defendant G6's exercise of an ongoing and systemic right of control over Motel 6® locations by Defendant G6's operations, including the means and methods of how Motel 6® branded locations conducted daily business through one or more of the following actions:

  i. hosting online bookings on Defendant G6's developed, owned and operated domain;

  ii. requiring Motel 6® branded hotels to use Defendant G6's customer resource management program;

  iii. requiring and regulating internet access for guests;

  iv. setting employee wages;

  v. making decisions about employment and budgets for security;

  vi. advertising for management and local positions;

  vii. standardized training methods across the brand;

  viii. building and maintaining the facility;

  ix. standardized and/or strict rules of operation;

  x. regular inspection of the facility and operation by owner;

  xi. fixing prices; or

  xii. creating advertising campaigns and unrealistic expectations of safety for guests.

First Amended Complaint for Damages - 44

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

k.  An apparent agency also exists between Defendant G6 and Motel 6® branded motels.

l.  Defendant G6 held out Motel 6® branded hotels to the public as possessing authority to act on its behalf.

m.  Given Defendant G6's public statements on behalf of its brand and the control it assumed in educating, implementing, and directing its branded locations, including Motel 6® branded hotels, Defendant G6 breached its duties in the following ways:

   i.   did not adequately distribute information to assist employees in identifying human trafficking;

   ii.  failed to provide a process for escalating human trafficking concerns within the organization;

   iii. failed to adequately train and mandate managers, employees, or owners attend training related to human trafficking;

   iv.  failed to provide new hire orientation on human rights and corporate responsibility;

   v.   failed to provide training and education on human trafficking through webinars, seminars, conferences, and online portals;

   vi.  failed to develop and hold or require ongoing training sessions on human trafficking; or

   vii. failed to provide checklists, escalation protocols and information to property management staff or tracking performance indicators and key metrics on human trafficking prevention.

n.  For years, Defendant G6 has demonstrated actual and/or constructive knowledge of the rampant culture of sex trafficking which tragically occurs on its Motel 6®

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

branded properties throughout United States cities and states, across country. This same entrenched, pervasive actual and/or constructive knowledge of sex trafficking facilitated the sex trafficking of Plaintiff M.L. at Motel 6® locations that forms the basis of this complaint.

      i. *Leon Henderson, 28, of Seattle, was charged [in May of this year] with prostituting a woman out of the SeaTac Motel 6 on 47th Avenue South. According to documents filed in King County Superior Court, Henderson sold the victim to at least 20 men over the course of two days.*[44]

      ii. Motel 6® agreed to pay "$250,000 to settle a lawsuit brought by Los Angeles that alleged one of the chain's locations was a base for human traffickers, drug dealers and gang members, prosecutors said. Los Angeles County."[45]

### (ii)    Facts Specific to Brand Owned by Defendant Wyndham

121.   Defendants Wyndham and 2005 Investors, LLC d/b/a Howard Johnson Inn®

   a.   Defendant Wyndham owns, supervises, or operates the Howard Johnson Inn® located at 1233 Central Avenue North, Kent, Washington, where Plaintiff M.L. was commercially sex trafficked on countless occasions for the financial benefit of a trafficker. M.L. was held for lengths of time and was transported to this Wyndham branded Howard Johnson Inn® location over a one-year period. Plaintiff M.L. was repeatedly assaulted and commercially sex trafficked at this location against her will. She was held at this location, owned and operated by and Defendant 2005 Investors

---

[44] Prosecutor: SeaTac Motel 6 used for sex trafficking by Amy Clancy. Published on May 17, 2019. Available at: https://www.kiro7.com/news/local/prosecutor-seatac-motel-6-used-for-sex-trafficking/949906749 (last visited October 21, 2019).

[45] Motel 6 pays $250,000 to settle human trafficking suit (August 23, 2017) https://www.cbsnews.com/news/motel-6-pays-250000-to-settle-human-trafficking-suit/ (last visited October 21, 2019).

**THE LAW OFFICE OF**
ERIK L. BAUER
**215 Tacoma Avenue South**
**Tacoma, Washington 98402**
**(253) 383-2000 or (360) 895-1500**
**FAX (253) 383-0154**

doing business as Howard Johnson Inn®. Scores of buyers paraded in and out of rooms rented for the purpose of trafficking M.L.

b.   Defendant Wyndham manages the brand and policies for bookings, rates, and operations at the Howard Johnson Inn® branded location where M.L. was provided to buyers for commercial sex acts as a minor on an on-going and repeated basis. Defendant 2005 Investors shared financial benefits with Defendant Wyndham, gained from renting rooms for the purpose of trafficking M.L.

c.   Defendant Wyndham failed to implement and enforce any of its own policy or policies and protect Plaintiff M.L. from being commercially sex trafficked repeatedly and obviously at this location.

d.   Defendant Wyndham had actual knowledge of sex trafficking occurring on its branded hotel properties because Wyndham and Howard Johnson Inn® knew that sex trafficking and prostitution are associated with a high risk of physical and sexual violence, substance abuse, and other illegal dangerous conduct, and that "pimps" and buyers of commercial sex acts often use force, fraud, and coercion to induce commercial sex acts from victims.

e.   Defendant Wyndham had constructive knowledge of sex trafficking occurring on its branded hotel properties because Defendant Wyndham and Howard Johnson Inn® knew that sex trafficking and prostitution are associated with a high risk of physical and sexual violence, substance abuse, and other illegal dangerous conduct, and that "pimps" and buyers of commercial sex acts often use force, fraud, and coercion to induce commercial sex acts from victims.

f.   Defendant Wyndham and Howard Johnson Inn® allowed, authorized, permitted,

First Amended Complaint for Damages - 47

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

induced, or encouraged the trafficking of individuals, including M.L., for sex at the Howard Johnson Inn®. Defendant Wyndham and Howard Johnson Inn® facilitated the trafficking through its practices, policies, and procedures. Defendant Wyndham and Howard Johnson Inn® failed to take appropriate action to prevent the trafficking of individuals, including M.L., for sex so that Defendant Wyndham and Howard Johnson Inn® could continue to profit from the financial benefits that trafficking brings, including business from all over the state, country, and world.

g.   Defendant Wyndham knew or should have known that the Howard Johnson Inn® motel where Plaintiff M.L. was trafficked was an area known for high incidence of crime and prone to sex trafficking activity on and around the hotel premises, including when Plaintiff M.L. was trafficked.[46]

h.   Despite having knowledge of the extensive prostitution and sex trafficking that occurs at its hotels, Defendant Wyndham has repeatedly failed to stop these actions.

i.   Defendant Wyndham exercised control over Howard Johnson Inn® locations by:

   i.   distributing information to assist employees in identifying human trafficking;

   ii.   providing a process for escalating human trafficking concerns within the organization;

   iii.   requiring employees to attend training related to human trafficking;

   iv.   providing new hire orientation on human rights and corporate responsibility;

   v.   providing training and education to Howard Johnson Inn® branded hotels through webinars, seminars, conferences, and online portals;

---

[46] See attached Exhibit 2 from DemandForum.net for highlights of reports from Kent, Washington that are related to trafficking. Analysis of activity of demand form buyers in Kent, WA available at http://www.demandforum.net/site/kent-wa/ (last visited October 21, 2019).

First Amended Complaint for Damages - 48

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

      vi.  developing and holding ongoing training sessions on human trafficking; or

     vii.  providing checklists, escalation protocols and information to property management staff; or tracking performance indicators and key metrics on human trafficking prevention.

j.   Wyndham was in an agency relationship with Howard Johnson Inn® branded locations offering public lodging services in the hotel. This agency relationship was created through Defendant Wyndham's exercise of an ongoing and systemic right of control over Motel 6® hotels by Defendant Wyndham's operations, including the means and methods of how Motel 6® branded hotels conducted daily business through one or more of the following actions:

      i.  requiring Howard Johnson Inn® branded properties to use Defendant Wyndham's customer rewards program;

      ii.  sharing profits;

     iii.  standardized training methods for employees;

     iv.  building and maintaining the facility in a manner specified by the owner;

      v.  standardized or strict rules of operation;

      vi.  regular inspection of the facility and operation by owner;

     vii.  fixing prices; or

    viii.  other actions that deprive Wyndham® branded hotels of independence in business operations.

k.   An apparent agency also exists between Defendant Wyndham and Howard Johnson Inn® locations. Defendant Wyndham held out Howard Johnson Inn® branded hotels to the public as possessing authority to act on its behalf.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

l.   Given Defendant Wyndham's public statements on behalf of its hotel brands and the control it assumed in educating, implementing, and directing its branded hotels, including Howard Johnson Inn® branded hotels, Defendant Wyndham breached its duties in the following ways:

   i.   did not adequately distribute information to assist employees in identifying human trafficking;

   ii.   failed to provide a process for escalating human trafficking concerns within the organization;

   iii.   failed to mandate managers, employees, or owners attend training related to human trafficking;

   iv.   failed to provide new hire orientation on human rights and corporate responsibility;

   v.   failed to provide training and education on human trafficking through webinars, seminars, conferences, and online portals;

   vi.   failed to develop and hold or require ongoing training sessions on human trafficking; or

   vii.   failed to provide checklists, escalation protocols and information to property management staff or tracking performance indicators and key metrics on human trafficking prevention.

m.   For years, Defendant Wyndham has demonstrated actual and/or constructive knowledge of the rampant culture of sex trafficking, which tragically occurs on its Howard Johnson Inn® branded properties throughout the country. This same entrenched, pervasive actual and/or constructive knowledge of sex trafficking

First Amended Complaint for Damages - 50

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

facilitated the sex trafficking of Plaintiff M.L. at a Howard Johnson Inn®

location that forms the basis of this complaint.

  i.   The San Diego City Attorney's office has ordered a hotel in Mission Valley to increase security and make immediate changes in order to crack down on prostitution activity at the business. [47]

  ii.   A travel reviewer noted on a website visible by Defendants: ...*The first room was so bad, I wasn't allowed to see inside it...The third room I was taken to looked like a crime scene - blood was splattered on the wall and lampshades and some sort of tissue was stuffed into the eyehole in the door.* Date of stay: December 2007[48]

### C.   THE SEX TRAFFICKING OF M.L.

## I.   FACTS SPECIFIC TO LOCAL DEFENDANT HOTELS

### A.  Facts Common for Motel 6 Locations

122.   M.L. was let to a Motel 6® as a place to stay after escaping abuses, she was nine years old. M.L. was became a target for buyers and pimps. M.L. was a regular at Motel 6 ® when she was under ten years old. As a very young child on her own, M.L. began to witness the behaviors and activities of guests, staff, management, and motel patrons.

123.   M.L. was not only trafficked, but she was also kidnapped and at other times tortured by traffickers--both the pimps and the buyers. She screamed for help, but no one would help her. As a young girl without parents caring for her, she was accosted by prospecting

---

[47] Another Mission Valley Hotel Ordered to Curb Prostitution Activity by Monica Garske; Published Feb 4, 2014; https://www.nbcsandiego.com/news/local/Mission-Valley-Travelodge-Hotel-Prostitution-Crackdown-243554781.html.

[48] Trvlfun79 wrote a review Jul 2008, Spokane, WA1 contribution titled "Filthy" Available at: https://www.tripadvisor.com/Hotel_Review-g58537-d100448-Reviews-Howard_Johnson_Inn_Kent-Kent_Washington.html#REVIEWS (last visited on October 21, 2019).

**THE LAW OFFICE OF**
**ERIK L. BAUER**
**215 Tacoma Avenue South**
**Tacoma, Washington 98402**
**(253) 383-2000 or (360) 895-1500**
**FAX (253) 383-0154**

traffickers regularly. M.L. was kidnapped and assaulted by drug dealers at a Motel 6® location.

124. M.L. was trafficked and later arrested and charged as a prostitute for harms done against her at Defendant G6 branded locations.

125. Defendant G6 had a duty to warn that the Motel 6® branded properties were not a place for M.L., or any child. Defendant G6 chose not to share and not to protect children, while they collected payments for their room and good will for their Motel 6® brand.

126. Starting when M.L. was approximately 12 years old she was first subjected to being sex trafficked. This sex trafficking occurred initially at a Motel 6® branded property. M.L. was photographed partially nude in sexually suggestive poses, and those photographs were used by the traffickers to create advertisements online, specifically on Craigslist.

127. All Motel 6® branded properties were located in close proximity to the Sea Tac Airport and Interstate 5, the most heavily travelled highway in Washington State. As such it is well known as an area with high levels of sex trafficking and prostitution. The infamous "Green River Killer", Gary Ridgeway, selected and killed his victims in this area. His victims were all involved in the world of commercial sex acts.

128. Most of the men would park in the Motel 6® provided parking lot, or on the adjacent street and walk to the hotel room where M.L. was being harbored for sex trafficking. The door to the hotel room was visible to the outdoor environment and any Motel 6® staff and on-property managers.

129. Day after day a procession of adult buyers would enter the Motel 6® branded motel room where the 12 year old girl was staying with a pimp or adult enforcer of trafficking. The strangers, and unregistered guests, would remain with the minor M.L. for between fifteen

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

(15) minutes to sixty (60) minutes, on average, and then leave the room.

130.  None of the buyers appeared to be age-appropriate contemporaries of the minor plaintiff.  None of these visitors acted in any manner as though they were a guardian or relative of the minor plaintiff.

131.  The number of adult male buyers entering the Motel 6® branded property and rooms to visit an unrelated 12 year old girl for a brief period of time was obvious and apparent.  The Motel 6® properties are not large and spread out properties.  The entire motel can be readily observed by motel staff.  The staff was aware or should have been aware of the commercial sexual activity taking place against Plaintiff. Defendants with Motel 6® branded properties knew or should have known that the activity was sex trafficking and chose to let it occur while benefiting financially from the room rentals.

132.  Failure to properly train, equip and manage the locations resulted in Plaintiff M.L. relying more heavily on traffickers, as she was ignored, teased, and/or labeled as disposable by Motel 6® staff. Like the traffickers who sold her, Defendants did not express concern about M.L.'s human life or childhood, and instead allowed for multiple abuses to occur, while making profit from renting rooms for the use of traffickers.

133.  Defendants turned a blind eye to the abuses of M.L. Defendant G6 looked the other way and failed to properly train and warn management and staff with respect to the dangers and signs, as well as reporting standards with respect to sex trafficking. Defendants financially benefited from renting rooms which were purchased for the purposes of trafficking M.L.

134.  Other indicia of trafficking were apparent to the staff and management of Motel 6® branded properties.  A large number of used condoms and condom wrappers were in the trash upon checkout.  Empty bottles of lubricant labeled for sexual acts were common

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

place.  The Motel 6® "do not disturb" sign was normally hung on the outside of the door.

135.  The motel rooms were paid for in cash or prepaid cards in order to maintain anonymity of the renters.

136.  The procession of buyers never stopped.  All of this was known to the management and staff of Motel 6® branded properties.

137.  M.L. was bruised, malnourished, and physically deteriorated by the endless procession of buyers. M.L's. physical appearance was readily apparent to the Motel 6® staff and management.

138.  Plaintiff M.L. was not the only minor victim being sold at Motel 6®.  During the same time frame when the Plaintiff was sold at that location many other minors and young women were being trafficked there.  Police contacts were frequent.  Men would furtively come and go.

139.  Motel 6® locations were a well-known location for both INCALLS and OUTCALLS, traffickers frequented the properties where M.L. was taken and held as a victim of sex trafficking.

**B.  Facts Specific to trafficking at Military Road Motel 6**

140.  An Average of 10 adult males would arrive every day at the Military Road Motel 6 for the purpose of raping M.L while she was a minor from the ages of 12 to 15 years old

141.  During the times M.L. was trafficked at the Military Road Motel 6, police had contact with her at the Motel 6 property on multiple occasions.  Police also spoke with Motel 6 staff regarding M.L. on multiple occasions

142.  During the times M.L. was trafficked at the Military Road Motel 6®, the manager of the Military Road Motel 6® attempted to solicit minor M.L. and other minor victims of sex

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

trafficking for commercial sex acts. Rather than fire the manager that was accosting, bribing, and soliciting child victims, Defendant G6 moved the manager from Military Road Motel 6® to another Motel 6® property.

### C. Facts Specific to trafficking at Pac Hwy Motel 6

143. An Average of 10 adult males would arrive every day at the Pac Hwy Motel 6 for the purpose of raping M.L while she was a minor from the ages of 13 to 16 years old during calendar years 2003-2006.

144. During the times M.L. was trafficked at the Military Road Motel 6, police had contact with her at the Motel 6 property on multiple occasions.  Police also spoke with Motel 6 staff regarding M.L. on multiple occasions.

### D. Facts Specific to trafficking at 47th Ave Motel 6®.

145. An Average of 10 adult males would arrive every day at the 47th Ave Road Motel 6 for the purpose of raping M.L while she was a minor from the ages of 12 to 16 years old.

146. The 47th Ave Motel6® is located in close proximity to the Sea Tac Airport and Interstate 5, the most heavily travelled highway in Washington State.  As such it is well known as an area with high levels of sex trafficking and prostitution.

147. During the times M.L. was trafficked at the Military Road Motel 6, police had contact with her at the Motel 6 property on multiple occasions.  Police also spoke with Motel 6® staff and management regarding M.L. and her being a missing child and/or a truant student.

148. During the times M.L. was trafficked at the 47th Ave Motel 6®, M.L. was kidnapped from the motel. M.L. was later trafficked at the 47th Ave Motel 6 after her kidnapping.  The kidnapping was related to sex trafficking which Motel 6® operators were aware of the kidnapping.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

### E.  Facts Specific to trafficking at Howard Johnson Inn

149. Plaintiff resided at the Howard Johnson Inn® located at 1233 Center Ave., Kent, Washington almost continuously for over one year, during the calendar years of 2007 to 2008.  Plaintiff M.L. was approximately 16 and 17 years of age at the time when she was staying continuously at the identified property.

150. During the entire period at the Howard Johnson Inn® the Plaintiff M.L. was being trafficked for sex by adult sex traffickers at that location.

151. During that time frame the minor M.L. was required by her traffickers to earn as much money as she could.

152. Plaintiff M.L. would be raped by multiple buyers per day at this Howard Johnson Inn®. M.L. was a young sex trafficking victim, who did not appear to be older than her age. Her young age made her in high demand and during some short stays nearly two dozen buyers would visit her room.  The traffickers would receive thousands of dollars each day and the Defendant 2005 Investors, LLC would rent rooms and share financial benefits from the arrangement with Defendant Wyndham.

153. Over the various stays at Howard Johnson Inn® on 1233 Central Avenue North in Kent, Washington, tens of thousands of dollars were made for the Defendants from M.L.'s trafficking alone. as

154. During her long stays at the Howard Johnson Inn®, as set forth above, an unusually large number of adult buyers, many middle aged and older would arrive to perform commercial sex acts with M.L. as a minor. They were provided a harbor by Defendants to abuse, assault, and rape the minor M.L.

155. Typically, the buyers would stay for less than 30 minutes to up to one hour and then leave

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

only to be replaced by the next visitor.  Often buyers would wait outside the door to her hotel room or in their cars in the parking lot for their turn to commit multiple acts of abuse against minor M.L., including but not limited to various forms and degrees of sexual assault.

156. The adult men would park their vehicles in the parking lot of the Howard Johnson or in the adjacent street and then walk to the door to M.L.'s individual room.  The parking lot, waiting areas, and path to the individual door were all visible to the staff and management of the Howard Johnson.

157. The indicia of sex trafficking was obvious and apparent to the hotel operators.  The procession of men was obvious and apparent.  The motel staff knew that illegal trafficking was occurring yet they acquiesced in the trafficking activity because of the money they received from renting the rooms.  The defendant Howard Johnson thereby benefited from the venture.

158. Other obvious signs of sex trafficking included large numbers of condoms and condom wrappers in the garbage cans, unusual amount of body fluids on linens and towels, bottles of lubes and lotions as well as pornographic magazines.

159. The hotel staff actually spoke with the Plaintiff on more than one occasion warning her to keep the sexual activities more discrete or they would have to kick her out.  However, she was allowed to stay and be trafficked out of that location nonetheless.

160. During her time as a trafficked minor at the Howard Johnson Inn®, the Plaintiff was forced to engage in thousands of commercial sex acts and explicit sex acts with hundreds of different adult buyers.  All of this activity took place in a rented motel room at the Howard Johnson Inn®.

161. During Plaintiff M.L.'s time at the Howard Johnson Inn® she had multiple contacts with

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

police on the property. Police contacted and spoke with motel staff regarding the minor Plaintiff.

162. Often, the Plaintiff would have her linens changed or replaced by motel cleaning staff because the sheets were soiled with body fluids from sexual activities with multiple sex purchasers.

### F.  All Defendant Hotels

163. M.L. was subject to repeated instances of rape, physical abuse, verbal abuse, exploitation, psychological torment, kidnapping, and false imprisonment at the Defendants' hotels from between the ages of twelve and sixteen, sixteen and seventeen, and eighteen and beyond.

164. M.L. was required to have sex for payment with various buyers at the Defendant Hotels' branded properties in response to advertisements for commercial sex that her trafficker posted on websites such as www.craigslist.com without her consent.[49]

165. The number of buyers who requested an "in call" and traveled to M.L. was uncountable, each day varied, and buyer after buyer would exchange money for commercial sex acts with the minor.

166. Each buyer entering Defendants' hotel properties was a non-paying guest and left shortly after he arrived. The foot traffic to the rooms was constant and voluminous.

167. The traffickers, acting as pimps, managers, "wife-in-laws" or boyfriends would book rooms with prepaid cards or cash in person, and would book rooms using websites like hotels.com and expedia.com in order to conceal his/her true identity from law enforcement.

---

[49] Backpage.com was the leading online marketplace for commercial sex, until it was seized by the federal authorities in April 2018. Backpage.com operated in 97 countries and 943 locations worldwide—and was last valued at more than a half-billion dollars. See STAFF OF PERMANENT SUBCOMMITTEE ON INVESTIGATIONS; 118TH CONG., REP. ON BACKPAGE.COM'S KNOWING FACILITATION OF ONLINE SEX TRAFFICKING (Comm. Print 2017).

First Amended Complaint for Damages - 58

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

168. In addition to kidnapping, motel staff and managers witnessed aggressive assaults by traffickers against minor, M.L., as she was beaten, kicked, thrown down, and verbally assaulted on a regular basis. Despite desperate pleas and screams for help, after being beaten or held against her will at the Defendants' hotel properties, the hotel staff and management ignored M.L. and did nothing to prevent the ongoing torture she endured while she was regularly trafficked for sex at Defendants' hotel properties.

169. Despite obvious signs of human trafficking (physical deterioration, no eye contact, and duration of stay) and indicators of commercial sex activity (bottles of lubricants, boxes of condoms, used condoms in the trash, excessive requests for towels and linens, cash payments), Defendant Hotels failed to recognize, prevent, or report Plaintiff M.L.'s trafficking. The Defendants harbored or otherwise facilitated a sex trafficking venture on their hotel properties and accordingly, financially benefited from the sex trafficking the Plaintiff suffered. Furthermore, the Defendants failed to prevent her continued victimization.

170. Prior to, during, and following the incidents described herein, the Defendants had actual and/or constructive notice of drug dealing, prostitution, and/or general safety concerns at their hotels, including, but not limited to, video surveillance of their hotels, as well as oral or written complaints regarding said suspicious activity. The Defendants failed to take any actions to curtail these activities.

171. Had the Defendants been paying attention to the activities being conducted and oftentimes reported at their branded hotels and on their properties, the apparent red flags outlined above would have made it impossible for them not to notice the repeated victimization of M.L.

First Amended Complaint for Damages - 59

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

172. The impact of being starved, beaten, physically restrained, and sex trafficked at the Defendants' properties has forever emotionally and physically injured M.L. who, despite the many years since her escape suffers immensely as a result of the horrors inflicted upon her at the Defendants' hotel properties.

### D.  THE DEFENDANTS FACILITATED THE TRAFFICKING OF M.L.

173. The Defendant motels and their national brand partners Defendants G6 and Wyndham had been on notice and received complaints from community members, neighbors, police, concerned parents, political officials, nonprofit organizations, and victims themselves. The Defendants G6 and Wyndham had the most knowledge, as they had years of reports and incidences from motel properties throughout the state and country. Multiple managers and supervisors complained about their own safety, and the fact that they could not protect guests. Cleaning crews and maintenance staff witnessed and sometimes participated in the trafficking of minors at multiple locations, including those locations where minor Plaintiff M.L. was trafficked.

174. There was more than a single call to or from one agency to notify Defendants of the activity. Hundreds of online posts and reviews, as well as multiple calls and reports stemming from each location provided Defendants with the information necessary to make an informed decision about continuing to operate businesses with a blind eye toward trafficking. Defendants remained silent in the face of public outrage and M.L.'s own cries for help. These combined facts, along with all the facts previously alleged, show that Defendants were acting in concert with traffickers, for their own profit and benefit.

175. This venture continues to plague our country, as ample investment is made by all

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Defendants in marketing campaigns that aim to coverup the continued and ongoing relationship that their companies have with traffickers.

176. Defendant Hotels financially benefited from the sex trafficking of M.L. and knowingly or negligently aided and engaged with her trafficker in his sex trafficking venture. The Defendants leased rooms to M.L.'s traffickers, when they knew, or should have known, that he was using their room to imprison M.L., physically assault her, and subject her to repeated exploitation as he forced her into sexual servitude.

177. Defendant Hotels knew, or should have known, that M.L. was being trafficked and that the Defendants were knowingly benefiting financially from said exploitation, because M.L. was frequently held or transported to the Defendants' properties.

178. Defendant Hotels knew, or should have known, that M.L. was being trafficked because M.L. was arrested on property grounds, constantly entertained traffic to appease her traffickers' daily quotas, and her traffickers would help check her in then not proceed to the room; behavior that indicated they were using the Defendants' hotels for his illegal sex trafficking venture.

179. Defendant Hotels actively participated in this illegal endeavor by knowingly or negligently providing lodging to M.L.'s trafficker in which to harbor M.L. while he was trafficking her.

180. Defendant Hotels profited from the sex trafficking of M.L. and knowingly or negligently aided and participated with M.L.'s trafficker in his criminal venture. The Defendants took no action as M.L. repeatedly visited the hotel, often with different guests, without any luggage, avoiding all eye contact, and exhibiting signs of malnourishment, and often displaying prominent bruising all over her person.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

181.  Defendant Hotels actively participated in this illegal endeavor by knowingly or negligently providing lodging to those who purchased sex from M.L. in which to harbor M.L. while she was being trafficked.

182.  The Defendant Hotels all had the opportunity to stop M.L.'s trafficker and offenders like him from victimizing M.L. and others like her. Instead, every Defendant failed to take reasonable measures to stop sex trafficking from occurring in their hotels.

183.  The Defendant Hotels all financially benefited from the sex trafficking of M.L., and other victims like her, and developed and maintained business models that attract and foster the commercial sex market for traffickers and buyers alike.

184.  Defendant Hotels enjoy the steady stream of income that sex traffickers bring to their hotel brands, such as the Motel 6® and Howard Johnson Inn ®.

185.  Defendant Hotels financially benefit from their ongoing reputation for  privacy, discretion, and the facilitation of commercial sex.

186.  Defendant Hotels failed to take any steps to alert the authorities, properly intervene in the situation, or take reasonable security steps to improve awareness of sex trafficking and/or prevent sexual exploitation on their properties.

187.  Defendant Hotels maintained their deficiencies to maximize profits by:

    a.  Reducing the cost of training employees and managers of how to spot the signs of human trafficking and sexual exploitation and what steps to take;

    b.  Not refusing room rentals, or reporting guests to law enforcement, in order to maximize the number of rooms occupied and the corresponding rates, even if the rooms rented were to sex traffickers or buyers;

    c.  Lowering security costs by not having proper security measures, including, but

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

not limited to, employing qualified security officers to actively combat human trafficking and sexual exploitation;

188.  As a direct and proximate result of the foregoing misconduct, M.L. has suffered, and continues to suffer, general, and special damages. These damages include, but are not limited to, severe emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in her ability to enjoy life, past and future medical expenses, attorney's fees and costs, and other general and special damages, all in an amount to be determined at trial.

## CAUSES OF ACTION

### I. COUNT ONE – NEGLIGENCE

189.  Plaintiff realleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

190.  Defendants had a duty of care to operate their businesses in a manner that did not endanger minor children, including Plaintiffs.

191.  Defendants breached that duty because they knew, or should have known, that adults working as professional traffickers were using their businesses to advertise and facilitate the sale of minor children, but they took no steps to protect those children, including Plaintiff.

192.  As a direct and proximate result of the foregoing misconduct, Plaintiff has suffered, and continues to suffer, general, and special damages. These damages include, but are not limited to, severe emotional distress, humiliation, mental anguish, physical and mental pain and suffering , a decrease in her ability to enjoy life, past and future medical

First Amended Complaint for Damages - 63

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

expenses, attorney's fees and costs, and other general and special damages, all in an amount to be determined at trial.

## II.   COUNT TWO -- OUTRAGE

193. Plaintiff realleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

194. Defendants engaged in extreme and outrageous conduct by knowingly and/or negligently allowing traffickers to advertise and facilitate the sale of minor children for sex through their respective businesses.

195. As a result of this extreme and outrageous conduct, many men used Craigslist, Red Lion Hotels, Motel 6s, and the Howard Johnson Inn to gain access to Plaintiff and sexually abuse her.

196. Defendants knew or should have known that his extreme and outrageous conduct would inflict severe emotional and psychological distress on others, including Plaintiffs, and Plaintiffs did in fact suffer severe emotional and psychological distress as a result. Their emotional damages include severe mental anguish, humiliation, and emotional and physical distress.

## III.   COUNT THREE – CRIMINAL PROFITEERING ACT

197. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

198. As set forth above, Defendants violated Washington's Criminal Profiteering Act, RCW 9A.82 et seq., by promoting, assisting, and facilitating prostitution, sex trafficking, and child sex trafficking. This includes, but is not limited to, violations of RCW 9A.88.080, Promoting Prostitution in the Second Degree, and RCW 9.68A.101, Promoting

First Amended Complaint for Damages - 64

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Commercial Sexual Abuse of a Minor.7.28.

199. As set forth above, Defendants knowingly profited from prostitution in violation of RCW 9A.88.080, Promoting Prostitution in the Second Degree.

200. As set forth above, Defendants knowingly advanced prostitution in violation of RCW 9A.88.080, Promoting Prostitution in the Second Degree.

201. As set forth above, Defendants aided traffickers to commit or engage in commercial sexual abuse of minors and procure and solicit customers for commercial sexual abuse of a minor by providing an online platform and/or hotel room to sell children for sex, which instituted, aided, caused, assisted, and facilitated acts of commercial sexual abuse of a minor in violation of RCW 9.68A.101, as well as by utilizing moderation practices designed to institute, aid, cause, assist, and facilitate acts of commercial sexual abuse of a minor in violation of RCW 9.68A.101.

202. At all material and relevant times, Defendants' actions, as detailed above and below, constituted acts of criminal profiteering that was part of a pattern of criminal profiteering as defined by RCW 9A.82. et seq.

203. As a direct and proximate result of the foregoing misconduct, Plaintiff suffered, and continues to suffer, general and special damages. These damages include, but are not limited to, emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in their ability to enjoy life, past and future medical expenses, attorneys' fees and costs, and other general and special damages, all in an amount to be determined at trial.

204. Under RCW 9A.82.100, Plaintiff is entitled to her attorney's fees and costs for pursuing this civil action that arises from their sexual abuse and exploitation by Defendants.

First Amended Complaint for Damages - 65

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Plaintiffs also intend to seek maximum civil penalties to the extent they are provided under RCW 9A.82.100.

### IV.    COUNT FOUR – SEXUAL EXPLOITATION OF CHILDREN

205. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

206. Upon information and belief, the defendants violated the Sexual Exploitation of Children Act, RCW 9.68A. et al., by knowingly allowing and helping adult men to sexually abuse and exploit Plaintiffs. This includes, but is not limited to, violations of RCW 9.68A.040, which prohibited sexual exploitation of Plaintiffs while they were minors; RCW 9.68A.070, which prohibits the possession of visual or printed matter depicting Plaintiffs engaged in sexually explicit conduct; and, RCW 9.68A.090, which prohibited communication with Plaintiffs for immoral purposes while they were minors.

207. Under RCW 9.68A.130, Plaintiffs are entitled to their attorneys' fees and costs for pursuing this civil action that arises from their sexual abuse and exploitation by defendants.

### V.    COUNT FIVE – RATIFICATION / VICARIOUS LIABILITY

208. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

209. The use of the Craigslist and/or hotel rooms for advertising and/or facilitating the trafficking of minors for sex was so pervasive and known to Defendants that it cannot be said that such conduct was so unforeseen so as to prevent Defendants from being vicariously liable for such conduct. Rather, upon further information and belief, the Defendants knowingly aided and assisted the sex traffickers who posted the advertisements and/or rented the rooms, and knowingly profited from that illegal activity.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

210. Defendants are vicariously liable for the conduct of the pimps because they ratified their conduct and knowingly repeated the benefits. Defendants knew that these sex traffickers were sexually abusing and exploiting Plaintiff yet they did nothing because of their financial motive.

211. Given these circumstances, the Defendants should be held vicariously liable for the actions of the sex traffickers.

## VI.    COUNT SIX – UNJUST ENRICHMENT

212. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

213. As a result of their wrongful sexual and financial exploitation of Plaintiff, Defendants unjustly profited and enriched themselves at the expense of Plaintiff, including the money Defendant Craigslist received when sex traffickers posted advertisements of Plaintiff on Craigslist, and the money Defendant Accor, Defendant Blackstone, Defendant Seatac Hotels, Defendant WHC823, LLC, Defendant Red Lion, Defendant Wig Properties, and Defendant 2005 Investors received when sex traffickers rented rooms at the Defendants' hotels.

214. Upon information and belief, these benefits were conferred onto Defendants with their knowledge of them, and the Defendants accepted and retained those benefits under circumstances that make it inequitable for them to retain them without paying their value.

## VII.    COUNT SEVEN – CIVIL CONSPIRACY

215. Plaintiff realleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

216. Defendants engaged in a plan or conspiracy to use the Craigslist and/or hotel rooms to

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

advertise and/or facilitate the sex trafficking of children, including Plaintiff.

217.  Based on these actions, Defendants are liable for civil conspiracy.

## VIII.   COUNT EIGHT – CRIMINAL PROFITEERING ACT

**PURSUANT TO WASHINGTON'S CIVIL REMEDIES FOR VICTIMS OF HUMAN TRAFFICKING**

218.  Plaintiff re-alleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

219.  As set forth above, Defendants violated Washington's Criminal Profiteering Act, RCW 9A.82 et seq., by intentionally organizing, managing, directing, supervising, and financing three or more persons with the intent to engage in a pattern of criminal profiteering activity in violation of RCW 9A.82.060.

220.  At all material and relevant times, the actions of the Defendants and the actions of Defendants' employees and users, as detailed above, constituted acts of criminal profiteering that was part of a pattern of criminal profiteering as defined by RCW 9A.82. et seq.

221.  As a direct and proximate result of the foregoing misconduct, Plaintiff suffered, and continue to suffer, general and special damages. These damages include, but are not limited to, emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in their ability to enjoy life, past and future medical expenses, attorney's fees and costs, and other general and special damages, all in an amount to be determined at trial.

222.  Under RCW 9A.82.100, Plaintiff is entitled to her attorney's fees and costs for pursuing this civil action that arises from their sexual abuse and exploitation by Defendants. Plaintiff also intends to seek maximum civil penalties to the extent they are provided under RCW 9A.82.100.

## IX.   COUNT NINE – 18 U.S.C. §1595 ("TVPRA")

THE LAW OFFICE OF
**ERIK L. BAUER**
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

223.  The Plaintiff M.L. incorporates each foregoing allegation.

224.  M.L. is a victim of sex trafficking within the meaning of 18 U.S.C. §1591(a) and is therefore entitled to bring a civil action under 18 U.S.C. §1595.

225.  The Defendants' acts, omissions, and commissions, taken separately and/or together, outlined above, constitute a violation of 18 U.S.C. §1595. Specifically, the Defendants had a statutory obligation not to benefit financially from a venture that they knew, or should have known, to engage in violations of 18 U.S.C. §1591 (a). At all relevant times, the Defendants breached this duty by participating in, and facilitating, the harboring and providing of M.L. for the purposes of commercial sex induced by force, fraud, or coercion, by their acts, omissions, and commissions.

226.  The Defendants have financially benefited as a result of these acts, omissions, and/or commissions by keeping operating costs low and maintaining the loyalty of the segment of their customer base that seeks to participate in the sex trade. Moreover, the Defendants directly benefitted from the trafficking of M.L. on each occasion they received payment for rooms that she was being kept in at the Defendants' hotels. The actions, omissions, and/or commissions alleged in this pleading were the but-for and proximate cause of M.L.'s injuries and damages.

227.  M.L. has suffered substantial physical and psychological injuries as the result of being trafficked and sexually exploited at the Defendants' hotels and properties in violation of 18 U.S.C. §1591

**PRAYER FOR RELIEF**

228.  WHEREFORE the Plaintiff requests that the jury selected to hear this case render a verdict in her favor on all counts alleged, and against each and every named Defendant, separately

First Amended Complaint for Damages - 69

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

and severally, and that it award damages to her in an amount which will adequately compensate her for the injuries and damages she sustained due to the Defendants' conduct outlined as follows:

a.  All available compensatory damages for the described losses with respect to each cause of action;

b.  past and future medical expenses, as well as the costs associated with past and future life care;

c.  past and future lost wages and loss of earning capacity;

d.   past and future emotional distress;

e.  consequential and/or special damages;

f.  all available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

g.  disgorgement of profits obtained through unjust enrichment;

h.  restitution;

i.  punitive damages with respect to each cause of action;

j.  reasonable and recoverable attorneys' fees;

k.  costs of this action; and

l.  pre-judgment and all other interest recoverable

Also, on the basis of the foregoing, the Plaintiff requests a verdict for the Plaintiff, and against the Defendants, and that that damages be awarded to the Plaintiff in an amount which adequately reflects the enormity of the Defendants' wrongs, and which will

First Amended Complaint for Damages - 70

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

effectively prevent other similarly caused acts. Further, the Plaintiff requests that the Court enter judgment consistent with th verdict, and prays for any other damages and equitable relief the Court or jury deems appropriate under the circumstances.

Respectfully Submitted this 1st day of November 2019.

THE LAW OFFICE OF ERIK L. BAUER

___/s/Erik Bauer_____
Erik L. Bauer, WSBA #14937
erik@erikbauerlaw.com
Attorney for Plaintiff

See:

    Exhibit 1: Total of 6 pages.

    Exhibit 2: Total of 3 pages.

# EXHIBIT 1.

**First Amended Complaint for Damages -** 71

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

CRAIGSLIST ADVERTISEMENTS THAT WERE USED AS EVIDENCE OF

TRAFFICKING FOR THE PURPOSES OF COMMERCIAL SEX OF MINOR, M.L.


THESE TYPES OF ADS WERE USED TO ASSIST IN ARRANGING TRANSPORTING

MINOR M.L., EVADING LAW ENFORCEMENT, DISGUISING THE MINOR VICITM,

AND ARRANGING MEETINGS WITH BUYERS FOR THE EXPRESS PURPOSE OF

COMMERCIAL SEX ACTS.

-------------------------blank space on page-------------------------

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

email this posting to a friend seattle-tacoma craigslist > tacoma > erotic services

please flag with care:

miscategorized
prohibited
spam/overpost
best of craigslist

*Please report suspected exploitation of minors to the appropriate authorities*

## ITS ME [Juv. OffJuv. Off]. TODAY SPECIAL FLAT RATE $ 150 - w4m - 18 (LAKEWOOD INCALLS ONLY )

Reply to: pers-ebmwg-1088479522@craigslist.org [Errors when replying to ads?]
Date: 2009-03-23, 12:50PM PDT

HI GUYS ITS ME AGAIN [Juv. Off]... I HAVE BEEN GONE FOR A MIN BUT I AM BACK ... MY PICS ARE 100% ACCURATE ... SO I AM LOOKING FORWARD TO HEAR FROM YOU ... FLAT RATE 150 HUGS MONDAY SPECIAL .... FLAT RATE 150 HUGS MONDAY SPECIAL ... FLAT RATE 150 HUGS MONDAY SPECIAL ....

[Juv. OffJuv. OffJuv. Off]

A picture's worth a 1,000 words, get your **Free** image hosting at ImageDeposit.com

- Location: LAKEWOOD INCALLS ONLY
- it's NOT ok to contact this poster with services or other commercial interests

PostingID: 1088479522

- Copyright © 2009 craigslist, inc.
  - terms of use

First Amended Complaint for Damages - 73

THE LAW OFFICE OF
**ERIK L. BAUER**
**215 Tacoma Avenue South**
**Tacoma, Washington 98402**
**(253) 383-2000 or (360) 895-1500**
**FAX (253) 383-0154**

email this posting to a friend seattle-tacoma craigslist > tacoma > erotic services
please flag with care:

miscategorized
prohibited
spam/overpost
best of craigslist

*Please report suspected exploitation of minors to the appropriate authorities*

# FLAT RATE FRIDAY 150 KISSES .... CALL ▮Juv. Off▮ ▮ Juv. Off ▮ w4m - 18 (LAKEWOOD INCALLS ONLY)

Reply to: pers-ayvef-1095503400@craigslist.org [Errors when replying to ads?]
Date: 2009-03-27, 7:04PM PDT

HI GUYS ITS ME ▮Juv. Off▮. ARENT YOU TIRED OF GIRLS WITH FAKE PICS ,
FAKE PHONE NUMBERS , FAKE ADDRESS IF SO CALL▮ Juv. OffJuv. Off ▮..
100% REAL PHOTOS TOO ... INCALLS ONLY SORRY GUYS .... FLATE RATE
FRIDAY 150 KISSES , FLAT RATE FRIDAY 150 KISSES , FLAT RATE FRIDAYS

150 KISSES, FLAT RATE FRIDAYS 150 KISSES

A picture's worth a 1,000 words, get your **Free** image hosting at ImageDeposit.com

- Location: LAKEWOOD INCALLS ONLY
- it's NOT ok to contact this poster with services or other commercial interests

PostingID: 1095503400

- Copyright © 2009 craigslist, inc.
  - terms of use

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

email this posting to a friend seattle-tacoma craigslist > tacoma > erotic services

please flag with care:

miscategorized
prohibited
spam/overpost
best of craigslist

*Please report suspected exploitation of minors to the appropriate authorities*

# ITS ME ▮Juv. OffJuv. Off▮. FLAT RATE WEEKEND GUYS - w4m - 18 (LAKEWOOD INCALLS ONLY)

Reply to: pers-jcysy-1107099707@craigslist.org [Errors when replying to ads?]

Date: 2009-04-04, 12:17PM PDT

▮Juv. OffJuv. OffJuv. Off▮HIT THE SITE UP IF YOU WANNA KNOW MORE ABOUT THE SERVICES I PROVIDE ... IM A REAL GIRL, 100% REAL PICTURES, AND VERY INDEPENDENT .... NO GAMES, NO HOTEL DRAMA .... FLAT RATE 150 HUGS, FLAT RATE 150 HUGS, FLAT RATE 150 HUGS, FLAT

RATE 150 HUGS, FLAT RATE 150 HUGS .. ▮Juv. Off▮

A picture's worth a 1,000 words, get your **Free** image hosting at ImageDeposit.com

- Location: LAKEWOOD INCALLS ONLY
- it's NOT ok to contact this poster with services or other commercial interests

PostingID: 1107099707

- Copyright © 2009 craigslist, inc.
  - terms of use

E OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

STACY & NE-NE 206-779-9335 - w4m                                          Page 1 of 1

seattle-tacoma craigslist > tacoma > erotic services          email this posting to a friend

*Please report suspected exploitation of minors to the appropriate authorities*

please **flag** with care:

miscategorized

prohibited

spam/overpost

best of craigslist

## Juv. OffJuv. Off ▬▬▬▬ - w4m - 19 (LAKEWOOD/INCALL)

Reply to: pers-txfau-1114072998@craigslist.org (Errors when replying to ads?)
Date: 2009-04-09, 12:45AM PDT

HEY BABY LOOKING FOR A GOOD TIME THAT YOU WILL NEVER FORGET WELL COME
SEE US AND I PROMISE THAT WE WILL TAKE CARE OF YOU SO WHAT ARE YOU
WAITING FOR?? YOU'LL BE COMIN BACK TO ME I PROMISE!!! ALL YOU PLAYFULL
GENTLEMEN, LETS PLAY ALL OF YOUR FANTASIES CAN COME TRUE ?.....CALL ME!
WHATEVA YOU MIGHT WANT AND DESIRE..YOU WILL NOT BE DISAPOINTED I PROMISE
IM NOT SATICFIDE IN LESS YOU ARE SO IF YO YOU WANT THE JOB DONE WRITE THEN
GO AHEAD AND GIVE ME A CALL ▬▬Juv. OffJuv. OffJuv. OffJuv. OffJuv. Off▬▬- FLAT RATE FOR
▬Juv. Off▬150 HUGS .... FLAT RATE FOR ▬Juv. Off▬150 HUGS ... 2 GIRL SPECIAL 300 HUGS .... 2

GIRL SPECIAL 300 HUGS ... CANT WAIT TO SEE YOU . ☒

☒

☒

☒

A picture's worth a 1,000 words, get your **Free** image hosting at ImageDeposit.com

- Location: LAKEWOOD/INCALL
- it's NOT ok to contact this poster with services or other commercial interests

PostingID: 1114072998

Copyright © 2009 craigslist, inc.     terms of use     privacy policy     feedback forum

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

email this posting to a friend seattle-tacoma craigslist > tacoma > erotic services

please flag with care:

miscategorized
prohibited
spam/overpost
best of craigslist

*Please report suspected exploitation of minors to the appropriate authorities*

## EASTER SPECIAL TODAY GUYS ... CALL Juv. Off Juv. Off - w4m - 19 (LAKEWOOD INCALLS ONLY )

Reply to: pers-kuasp-1119081215@craigslist.org [Errors when replying to ads*]
Date: 2009-04-12, 1:38PM PDT

Juv. OffJuv. OffJuv. OffJuv. Off CHECK MY SITE OUT IF YOU WANNA KNOW MORE ABOUT THE SERVICES I PROVIDE ... MY PICS ARE 100% REAL, NO HOTEL DRAMA, NO FAKE PICTURES, AND NO FAKE ADDRESSES. IF YOU ARE TIRED OF THE HANG UPS CALL Juv. OffJuv. OffJuv. Off (100 HUGS FOR



HHR)-(150 HUGS FOR HR)

First Amended Complaint for Damages - 77

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

# EXHIBIT 2

# <span style="color:red">Key Sources</span>

- **Street-Level Reverse Stings:**
  - "Sting Turns Up Police Heat on 'Johns' — Des Moines Sees Rise in Prostitution, Despite Targeting Customers", *Seattle Times,* June 21 1993.
  - "Kent; Prostitution Sting Nets 11 Arrests", *Seattle Times,* February 15 2007.
  - "Kent PD Prostitution Sting Yields Arrest of 15 'Johns'", *I Love Kent,* March 21 2009.
  - "'John' Sting Nets Ten Arrests, First Vehicles Impounded Under New Law", Press Release, Kent Police Department, July 29 2009.
  - https://www.newtonandhall.com/city-of-kent-prostitution-arrests—taking-it-to-the-johns (2015)
- **Web-Based Reverse Stings:**
  - "'Johns' Caught Paying Kids for Sex Still Dodging Hard Time, Sex Offender Registration", *Seattle Post-Intelligencer,* December 29 2013.
  - http://www.kentreporter.com/news/kent-officers-use-undercover-prostitution-sting-to-arrest-man-police-blotter/ (2017)
  - https://www.kentreporter.com/news/kent-officers-use-undercover-sting-to-arrest-men-seeking-prostitutes/ (2019)
- **Shaming:**
  - "Humiliation Is Latest Weapon in Crime Fight — But Some Cities Have Found that People Have No Shame", *Seattle Times,* January 27 1995.
- **Auto Seizure:**
  - "Looking for a Prostitute? Bill Would Allow Police to Seize Your Car", *Seattle Times,* February 23 2009.
  - "'John' Sting Nets Ten Arrests, First Vehicles Impounded Under New Law", Press Release, Kent Police Department, July 29 2009.
  - https://www.kentreporter.com/news/kent-officers-use-undercover-sting-to-arrest-men-seeking-prostitutes/ (2019)
- **John School:**
  - https://www.benfieldlegal.com/tacoma-sex-crimes-lawyer/tacoma-prostitution-solicitation-lawyer/
  - https://www.newtonandhall.com/city-of-kent-prostitution-arrests—taking-it-to-the-johns (2015)
- **Buyer Beware:**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

- o "Criminal Penalties and Fined Related to Prostitution and Commercial Sexual Abuse of Minors." Report to the Washington State Legislature, Washington State Department of Commerce, December, 2015.
- • **Sex Trafficking and Child Sexual Exploitation in the Area:**
- o "2 Charged with Using Yacht to Lure Girls into Prostitution", *Seattle Times,* September 23 1994.
- o "Pair Admit Running Prostitution Ring", *Seattle Times,* December 22 1994.
- o "Man Faces Charges of Forcing Teens into Prostitution", *Seattle Times,* November 3 2006.
- o "Kent Man Charged in Connection with Coercing Teens into Prostitution", *Seattle Times,* September 14 2007.
- o "Portland Man Charged with Pimping Out 15-Year-Old in Kent", *Seattle Times,* March 10 2010.
- o "Everett Man Sentenced for Human Trafficking in Connection with Kent Prostitution Case", *Kent Reporter,* May 1 2010.
- o "Police, FBI Sting Finds Eight Child Prostitutes in Kent", *Seattle Post-Intelligencer,* November 9 2010.
- o "Kent Police Break Up Child Sex Trafficking Ring", Press Release, Kent Police Department, December 16 2010.
- o "Kent Police Arrest Man Accused of Pimping Teens", *Seattle Times,* December 17 2010.
- o "King County Prosecutor Files Juvenile Prostitution Felony Charge Against Kent Man", *Kent Reporter,* May 7 2011.
- o "Seattle Man Accused of Running Lucrative Prostitution Ring", *Seattle Times,* July 22 2011.
- o "Woman Charged with Pimping Out 2 Teens", *Seattle Times,* June 17 2013.
- o "Woman Charged with Pimping Teen Girls in Kent", *Kent Reporter,* June 21 2013.
- o "Woman Claims She Was Forced into Prostitution, Sexually Assaulted", *Kirkland Reporter,* July 3 2013.
- o "South King County Man Sentenced to 10 Years in Prison for Sex Trafficking Juveniles across State Lines," Press Release, U.S. Attorney's Office for the Western District of Washington, November 3 2015.
- o https://www.seattlepi.com/seattlenews/article/Charge-Kent-couple-sold-girl-13-to-dozens-of-6174020.php (2015)
- • **Background on Prostitution in the Area:**
- o "Prostitution Ring Bridged 2 States", *Bend Bulletin,* October 28 1987.
- o "Escort-Service Crackdown — Keep Out Notice Is Served on Organized Prostitution", *Seattle Times,* November 7 1992.
- o "Kent Woman Accused of Advertising Prostitute on Craigslist", *Seattle Times,* April 16 2009.

First Amended Complaint for Damages **-** 79

**THE LAW OFFICE OF**
**ERIK L. BAUER**
**215 Tacoma Avenue South**
**Tacoma, Washington 98402**
**(253) 383-2000 or (360) 895-1500**
**FAX (253) 383-0154**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- o "Former UW Guard Venoy Overton Arrested for Investigation of Felony Promoting Prostitution", *Seattle Times,* June 16 2011.
- o "Prostitution Sting Nabs Four in South King County", *Seattle Times,* April 19 2013.
- o https://www.seattletimes.com/seattle-news/kent-police-to-close-18-massage-parlors-following-prostitution-probe/ (2018)
- o https://www.kentreporter.com/news/kent-police-shut-down-18-illegal-massage-parlors/ (2018)
- o http://mynorthwest.com/1169451/kent-police-illegal-prostitution-massage-parlors/ (2018)
- **Documented Violence Against Individuals Engaged in Prostitution in the Area:**
- o *Gary Ridgway,* Wikipedia.
- o "Man Held for Questioning in Slayings of Five Women", *Spokane Spokesman-Review,* August 21 1982.
- o "Two Women Added to Death-Victim List", *Spokane Spokesman-Review,* November 16 1983.
- o "Searching Resumed for Skeletal Remains", *Spokane Spokesman-Review,* April 1 1986.
- o "Higher Toll Is Likely in Green River Case", *Seattle Times,* November 20 1990.
- o "'I'm Gonna Get This Guy'; The Green River Murders, 10 Years Removed", *Seattle Times,* July 15 1992.
- o "Green River Killings Still Going On, Says Grieving Mom", *Seattle Times,* June 24 1993.
- o "Woman's Body Identified", *Seattle Times,* December 15 1993.
- o "Kent Man Charged in Rape Cases", *Seattle Times,* May 29 1999.
- o "DNA Test Ends Family's Turmoil — Green River Bones Found in '86 ID'd", *Seattle Times,* November 3 1999.
- o "Man Who Attacked Prostitutes Gets 49 1/2 Years", *Seattle Times,* January 29 2000.
- o "Teens Face Murder Charges in Stabbing Death in Kent", *Seattle Times,* August 25 2001.
- o "Four Women Left Behind Families… and a Mystery", *Seattle Times,* December 1 2001.
- o "Teens Get Lengthy Sentences for Kent Killing", *Seattle Times,* October 31 2002.
- o "Three More Charges Against Ridgway in Green River Case", *Seattle Times,* March 28 2003.
- o "50th Green River Victim?; Help Sought to ID Remains", *Seattle Times,* October 29 2003.
- o "Ridgway Pleads Guilty to Long List of Victims", *Seattle Times,* November 5 2003.
- o "Ridgway Went from Having Sex with Prostitutes 'to Just Plain Killing Them'", *Seattle Times,* November 6 2003.

First Amended Complaint for Damages - 80

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154