1

HONORABLE BENJAMIN H. SETTLE

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

WESTERN DISTRICT OF WASHINGTON

10

AT TACOMA

11

M.L.,

            Plaintiff,

12

     v.

13

CRAIGSLIST, INC, *et al.*,

14

      Defendant(s)

15

16

17

18

19

20

21

) No.: 3:19-cv-06153
)
)
)
)
) **PLAINTIFF M.L.'S RESPONSE IN**
) **OPPOSITION TO DEFENDANT**
) **WYNDHAM'S MOTION TO DISMISS**
)
)
)
)
)
)
)
)
)
)
)

22

23

24

25

26

## **TABLE OF CONTENTS**

I.     INTRODUCTION .................................................................................................1

II.    STATEMENT OF RELEVANT FACTS ..............................................................2

    A.    Relevant Alleged Facts Pertaining to the Plaintiff....................................2

    B.    Relevant Alleged Facts Pertaining to the Sex Trafficking Venture at Defendant Hotels .....................................................................................2

    C.    Relevant Alleged Facts Pertaining to Defendant Wyndham ....................3

III.   STANDARD OF REVIEW ..................................................................................4

IV.    THE PLAINTIFF'S COMPLAINT IS SUFFICIENT UNDER THE TVPRA .................5

    A.    Relevant History of the TVPRA ..............................................................6

    B.    Defendant Wyndham Knowingly Benefited Financially in Violation of § 1595...........................................................................................................8

    C.    Wyndham Knew or Should Have Known of Their Participation in a Sex Trafficking Venture ...............................................................................11

V.     THE COMPLAINT MEETS ALL OTHER PLEADING REQUIREMENTS .................16

    A.    The Complaint Meets the Requirements of Iqbal-Twombly and Therefore Withstands Wyndham's Fed. R. Civ. P. 12(b)(6) Challenge................................16

    B.    Wyndham Improperly Relies on Facts Not in Evidence at the Dismissal Stage Prior to Discovery .........................................................................17

VI.    CONCLUSION...................................................................................................22

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **ii**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

## TABLE OF AUTHORITIES

**CASES**

*Adhikari v. Daoud & Partners*, 697 F. Supp. 2d 674, 684 (S.D. Tex. 2009) ................................ 4

*American Family Ass'n, Inc. v. City and County of San Francisco*, 277 F.3d 918 (9th Cir. 2002) ................................................................................................................ 4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................ 4

*Bailey v. United States*, 516 U.S. 137, 145 (1995) ................................................................ 8

*Barrientos v. CoreCivic, Inc.*, 332 F. Supp. 3d 1305, 1312 (M.D. Ga. 2018) ............................ 12

*Brewster v. La Quinta Inns, Inc.*, 142 F.3d 432 (6th Cir. 1998) ................................................ 13

*Brown v. Corr. Corp. of Am.*, 603 F.Supp.2d 73, 81 (D.D.C. Mar. 26, 2009) .......................... 13

*Carrier Crop. v. NLRB*, 768 F.2d 778 (6th Cir. 1985) ................................................................ 20

*City of Los Angeles, Calif v. Patel*, 135 S.Ct. 257, 2461 (2015) ................................................ 1

*Constructive Knowledge*, Black's Law Dictionary (11th ed. 2019) ............................................ 13

*D.L.S. v. Maybin*, 130 Wash. App. 94, 97 (Wash. App. 2005) .................................................. 19

*Deal v. State Farm County Mut. Ins. Co.*, 5 F.3d 117 (5th Cir. 1993) ...................................... 20

*Erickson v. Pardus*, 551 U.S. 89, 93 2197 (2007) ................................................................ 17

*Geiss v. The Weinstein Company Holdings, LLC, et al.*, Case No. 1:17-cv-09554-AKH, 2019 WL 1746009 (S.D.N.Y. Apr. 18, 2019) .................................................. 10

*Gilbert v. United States Olympic Committee*, No. 18-cv-00981-CMA-MEH, 2019 WL 4727636, at *16 (D. Colo. Sept. 27, 2019) ............................................................ 10

*Global-Tech Appliances v. SEB*, 131 S. Ct. 2060, 2070 (2011) ................................................ 16

*H.H. v. G6 Hospitality, LLC* 2:19-CV-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019) ............................................................................................................... 11, 21

*Hilton v. Holiday Inns, Inc.*, 1990 U.S. Dist. LEXIS 9466, *8-9 (S.D.N.Y. Aug. 1, 1990) ............................................................................................................... 19

*Holloway v. United States*, 526 U.S. 1, 6 (1999) ................................................................ 7

*Jean-Charles v. Perlitz*, 937 F. Supp.2d 276, 288-89 (D. Conn. 2013) .................................... 12

*Johnson v. Marriott International*, 2017 WL 1957071 *4 (W.D. Wash.) .................................... 17

*Kelsey v. Goldstar Estate Buyers Corp.*, 3:13-CV-00354-HU, 2014 WL 1155253, at *6 (D. Or. Mar. 21, 2014) .................................................................................... 16

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **iii**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

*Kerl v. Dennis Rasmussen, Inc.*, 681 N.W.2d 328, 337-42 (Wis. 2004) ....................................... 19

*Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) ..................................................... 12

*Kosters v. Seven-Up Co.,* 595 F.2d 347, 353 (6th Cir. 1979) ........................................................ 18

*M.A. v. Wyndham  Hotels & Resorts Inc.,*, 2:19-CV-849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019) ................................................................... 11, 12, 14, 21

*Malone v. Nuber*, 2009 WL 481290, at *6 (W.D. Wash. Feb. 23, 2009) ......................................... 5

*Miller v. D.F. Zee's Inc.*, 31 F.Supp.2d 792 (D.Or.1998) ............................................................. 18

*Mohr v. Grantham*, 262 P.3d 490 (2011).................................................................................... 21

*Nissen v. Lindquist*, C16-5093 BHS, 2017 WL 26843, at*1 (W.D. Wash. Jan. 3, 2017) ........................................................................................................................ 16

*Noble v. Weinstein*, No. 1:17-cv-09260-RWS (filed Feb. 20, 2018) .............................................. 14

*O'Boyle v. Avis Rent-A-Car Sys., Inc.,* 78 A.D.2d 431, 439-440 (2d Dept. 1981) ....................... 18

O'Brien v. Hafer, 93 P.3d 930 (2004) .......................................................................................... 21

*Peyton v. Rowe*, 391 U.S. 54, 65 (1968) ......................................................................................... 8

*Plaintiff A v. Schair*, No 2:11-cv-00145-WCO, 2014 U.S. Dist. LEXIS 197819, at (N.D. Ga. Sept 9, 2014) ...................................................................................................... 6

*Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013) .................................................................. 4

*Ranger Ins. Co. v. Pierce County,* 192 P.3d 886 (2008)............................................................... 21

*Ratha v. Phatthana  Seafood Co.*, Ltd., No. CV 16-4271-JFW (ASX), 2017 WL 8293174, at *5-6 (C.D. Cal. Dec. 21, 2017) .............................................................. 10

*Ricchio v. McLean*, 853 F.3d 553, 555-56 (1ˢᵗ Cir. 2017) ........................................................... 13

*Ro. V. Everest Indemnity Insurance,* 2016 WL 4193868 (Aug. 9, 2016).................................... 19

*Rosalez v. Baker*, No. C09-0065-JCC, 2010 WL 4068926, at *6 (W.D. Wash. Oct. 15, 2010) ......................................................................................................................... 20

*Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x 598, 599 (9th Cir. 2015)................... 17

*Sedima, S.P.R.L. v. Imrex Co.*, Inc., 473 U.S. 479, 499 (1985) ...................................................... 8

*Sims v. Marriott Int'l, Inc.*, 184 F. Supp. 2d 616, 617 (W.D. Ky. 2001) ..................................... 21

*Sizova v. Nat'l Inst. Of Standards & Tech.*, 282 F.3d 1320, 1330 (10th Cir. 2002)................... 20

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **iv**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

*Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ............................................................ 17

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ................................................ 4

Thornell v. Seattle Servs. Bureau, 184 Wash.2d 793, 363 P.3d 587, 589 (2015) ...................... 20

*Trollinger v. Tyson Foods, Inc.*, 2007 WL 1574275, at *12 (E.D. Tenn. May 29, 2007) ............................................................................................. 13

*United Brotherhood of Carpenters and Joiner of Am. V. Bldg. & Const Trades Dept.*, 911 F. Supp. 2d 1118, 1136 (E.D. Wash. 2012) ............................................ 19

*United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) ............................... 9, 15

*United States v. Aldrich*, 566 F.3d 976, 978–79 (11th Cir. 2009) .............................. 13

*United States v. Almada-Garcia*, 846 F.2d 1383 (9th Cir. 1988) ................................ 15

*United States v. Ballinger,* 395 F.3d 1218, 1236 (11th Cir. 2005) .............................. 13

*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ................... 4

*Vaughn v. Columbia Sussex Corp.*, 1992 U.S. Dist. LEXIS 820, *5-6 (S.D.N.Y. Jan. 28, 1992) .......................................................................................... 18

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 at 1325 (11th Cir. 2015) ............................................................................................... 5

*Whitten v. Kentucky Fried Chicken Corp.*, 570 N.E.2d 1353, 1357 (Ind. Ct. App. 1991) ............................................................................................... 18

*Williams v. Taylor*, 529 U.S. 362, 364 (2000) ........................................................ 7

**STATUTES**

18 U.S.C. § 1591, *et seq*. ................................................................................. 5, 7

18 U.S.C. § 1595 ................................................................................................ passim

42 U.S.C. 2000e, *et seq*. ................................................................................... 7

**RULES**

Fed. R. Civ. P. 12(b)(6) .................................................................................. 4, 16

**OTHER AUTHORITIES**

Amended Pub. L. No. 110–457, title II, § 221(2), Dec. 23, 2008 ................................. 7

Markup of H.R. 2620 before House Int'l Affairs Comm., 108th Cong., 1st Sess., at 298 (July 23, 2003) ...................................................................................... 6

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **v**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Pub. L. No. 106–386, 114 Stat. 1466 (2000) ...................................................................... 6

Pub. L. No. 108–193, 117 Stat. 2878 (2003) ...................................................................... 6

*Restatement (Second) of Agency* § 267 (1957) ...................................................... 20, 21

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **vi**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

## I.    INTRODUCTION

Despite Wyndham's protestations that the Complaint in this case is insufficient on its face, two (2) of the four (4) remaining Defendants, G6 Hospitality and 2005 Investors LLC d/b/a Howard Johnson Inn found Plaintiff's initial pleading facially sufficient and answered the Complaint. Justices of the United States Supreme Court have discussed the tremendous toll human trafficking has taken on our society and the role of the hotel industry in facilitating human trafficking: "The private pain and public costs imposed by human trafficking are beyond contention, and motels provide an obvious haven for those who trade human misery." *City of Los Angeles, Calif v. Patel*, 135 S.Ct. 257, 2461 (2015). (Scalia, J., dissenting, joined by Roberts, C.J. and Thomas, J).  The hotel industry, including Defendant Hotels,[1] continues to fail to protect women and children who are victims of human sex trafficking at hotel properties by failing to develop training to prevent human trafficking, failing to implement training to prevent human trafficking, failing to mandate training, and failing to conduct audits to confirm both that training has been implemented and that human trafficking is being prevented on hotel properties across the country.  Any such efforts on the part of the Defendant Hotels could have prevented the horrors of sex trafficking the Plaintiff suffered at their hotels. After years of suffering in silence, Plaintiff has found her voice to speak up about and speak out against the sexual violence she suffered at the hands of a sex trafficker working out of the Defendant's hotel. Wyndham seeks to prematurely silence Plaintiff through its motion practice and its efforts should be summarily denied.

---

[1] "Defendants Hotels" in this case refers to Defendants G6 Hospitality LLC; Wyndham Hotels and Resorts, Inc., and 2005 Investors LLC d/b/a Howard Johnson Inn.  A stipulation to dismiss Seatac Hotels, LLC was filed on February 6, 2020.

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **1**

## II.    STATEMENT OF RELEVANT FACTS

### A.    Relevant Alleged Facts Pertaining to the Plaintiff

Plaintiff is a survivor of sex trafficking. *See* ECF No. 1-2, Compl. at ¶ 5.  She is a "victim" of sex trafficking within the meaning of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). *Id*. at ¶ 5, 12.  She was repeatedly coerced, usually by violent force, into commercial sex acts at each of the individual Defendants' hotels. *Id*. at ¶¶ 5, 6, 7 163-172.  At each and every Defendant Hotel, the circumstances of Plaintiff's trafficking was the result of the same failures as those which have been known by the Hotel Industry, including Wyndham, for years.  Plaintiff showed the obvious signs of human trafficking, including physical deterioration, bruising, failing to make eye contact with others, and lengthy stays. *Id.* at ¶¶ 169, 180.

### B.    Relevant Alleged Facts Pertaining to the Sex Trafficking Venture at Defendant Hotels

Plaintiff was sold for commercial sex acts at Wyndham's hotel.  *Id.* at ¶ 121.  As a minor who did not appear older than her age, Plaintiff resided at the Howard Johnson Inn by Wyndham for almost a year.  *Id*. at ¶¶ 149 - 152.  An unusually large number of adult buyers walking through the hotel front doors who were unregistered guests could be seen waiting in the parking lot or outside the hotel room door for their turn to rape, or exploit Plaintiff.  *Id*. at ¶¶ 154-56.  At each Defendant Hotel, there were obvious signs of sex trafficking including large number of condoms and condom wrappers in the garbage cans, unusual amounts of body fluids on linens and towels, bottles of lubes and lotions, as well as pornographic magazines. *Id*. at   ¶¶ 157-58, 162.  Hotel staff recognized and commented on the foot traffic and sexual activities, but continued to accept monies for the room.  *Id*. at 159-160.  M.L. was beaten, thrown down, kicked and verbally assaulted on a regular basis at Defendant Hotels, including the Howard Johnson by Wyndham. *Id.* at ¶ 168.  Despite hearing or viewing these events, the hotel staff and management

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **2**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

ignored M.L. *Id.*   Plaintiff's trafficker often paid in cash for the hotel rooms where Plaintiff was trafficked. *Id.* at ¶ 169.

### C.    Relevant Alleged Facts Pertaining to Defendant Wyndham

Wyndham owns, supervises, or operates the Howard Johnson Inn located in Kent, Washington. *See* ECF No. 1-2 at ¶ 121. Wyndham manages the brand dictating the policies and operations at its hotel properties permitted to use its Brand in public marketing, including the Howard Johnson Inn branded location where M.L. was provided to buyers for commercial sex acts. *Id.* at ¶¶ 22(b), 116, 117.   Defendant 2005 Investors shared financial benefits with Wyndham gained from renting rooms for the purpose of trafficking M.L. *Id.* at ¶¶ 121, 152, 153. Wyndham financially benefited from the sex trafficking of Plaintiff and other victim like her due to its reputation for privacy, discretion, and facilitation of commercial sex. *See id.* at ¶¶ 183, 186.

Wyndham knew or should have known that sex trafficking regularly occurred at its branded hotel, including but not limited to the Howard Johnson by Wyndham in Kent, Washington. *See id.* at ¶¶ 121(d)-(e), 121(m), 108. Wyndham claimed it supported anti-trafficking protocols and training and promised to train its entire staff to recognize and report sex trafficking. *See id*. at ¶ 106.   Defendant Wyndham signed the Code in 2011,[2] acknowledging the well-known and irrefutable fact that sex trafficking occurred at its respective branded hotel locations, including the branded hotel in which Plaintiff was trafficked. *See id*. at ¶ 107. Additionally, Wyndham had a statutory duty under 18 U.S.C. § 1595 not to financially benefit from a venture that they knew, or should have known to engage in sex trafficking. *See id.* at ¶ 225. Wyndham knew that their profits were increased, in part, via revenue from sex trafficking and failed to take any action to cease profiting from the trafficking occurring at their hotels, including where Plaintiff was trafficked. *Id.* at ¶¶ 107, 108, 187(b), 226. Wyndham leased rooms

---

[2] End Child Prostitution and Trafficking ("ECPAT-USA") launched the Tourism Child-Protection Code of Conduct ("the Code") in the United States in 2004.  ECPAT circulated hotel employee and management check-lists, which if implemented could assist in reducing the risk of trafficking at Defendant Hotels.

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **3**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

to M.L.'s traffickers, when it knew, or should have known, that her trafficker was using their room to imprison M.L., physically assault her, and subject her to repeated sex trafficking. *See id.* at ¶ 176. As evidenced by Plaintiff's horrors and year-long room rental fees received by the Wyndham property, Wyndham hotel failed its duties to keep Plaintiff safe by not mandating training about identifying human trafficking or what to do when human trafficking is suspected. *Id.* at ¶ 121, 226.

## III.   STANDARD OF REVIEW

Federal courts are empowered to dismiss causes of action in complaints for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6).  For purposes of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, review is limited to the contents of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).   All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *See American Family Ass'n, Inc. v. City and County of San Francisco*, 277 F.3d 918 (9th Cir. 2002).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *See Van Buskirk*, 284 F.3d at 980.

In deciding a motion under Rule 12(b)(6), a court must accept plaintiffs' factual allegations as true and draw all reasonable inferences in plaintiffs' favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). "Under *Iqbal*, all that is required at this pleading stage is that the claims made by Plaintiffs are plausible, not that they show probability of success." *Adhikari v. Daoud & Partners*, 697 F. Supp. 2d 674, 684 (S.D. Tex. 2009) denying defendants' Rule 12(b)(6) motion to dismiss federal trafficking claims). See also *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ("The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable.  The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'") (quoting *Iqbal*, 556 U.S. at 681); *id.* at 1217.   Dismissal under Rules 8(a)(2) and 10(b) is not

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **4**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

warranted when—as evidenced here—it is possible to "link [the] allegations with the specific defendants." *Malone v. Nuber*, 2009 WL 481290, at *6 (W.D. Wash. Feb. 23, 2009) (denying defendants' motion to dismiss even where plaintiffs' allegations were "seemingly random," "difficult to locate and understand," and not stated "succinctly."). See also, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 at 1325 (11th Cir. 2015)).[3]  Further, the re-alleging of paragraphs is not sufficient to dismiss the case as a shotgun pleading. *Id.* at 1324.

## IV. THE PLAINTIFF'S COMPLAINT IS SUFFICIENT UNDER THE TVPRA

The Trafficking Victim Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1591, *et seq.*, criminalizes the sex trafficking of children and the sex trafficking of adults by force, fraud, or coercion.  Separately, § 1595 of the TVPRA provides victims of sex trafficking with a civil remedy against the perpetrators of sex trafficking or the beneficiaries of sex trafficking. *See* 18 U.S.C. § 1595(a).  Count nine of the Plaintiff's Amended Complaint, *i.e.*, Violation of the TVPRA 18 U.S.C. § 1595 explicitly and unequivocally states a beneficiary theory of liability against the Defendants pursuant to § 1595 of the TVPRA, not a perpetrator theory of liability pursuant to § 1591. *See* ECF No. 1-2 at ¶¶ 223 - 227.  Plaintiff's references to § 1591(a) in her Amended Complaint are directed toward the Plaintiff's status as a "victim" of human trafficking, *see* ECF No. 1-2 at ¶ 224, and the Movant's participation in a venture which they knew or should have known was engaged in sex trafficking.  *See, e.g.*, ECF No. 1-2 at ¶225.  Despite the Movant efforts to conflate Plaintiff's factual allegations pursuant to her stated beneficiary liability cause of action with a perpetrator liability cause of action, the Amended Complaint clearly and sufficiently states a claim for relief under § 1595 of the TVPRA. The 2008 amendments to the TVPA "made it easier for victims of trafficking violations to bring civil suits" including by broadening the parties who could be sued for trafficking violations from

---

[3] *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) as cited by Defendant does not apply to this case as Plaintiffs has made no claim for fraud, which was the subject of the *Reiswig* court and required particularity in the pleadings.

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **5**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

only the perpetrator under the original statutory scheme to "anyone who 'knowingly benefits, financially or by receiving anything of value form participate in a venture which that person knew or should have known has engaged in an act in violation of this chapter.'" *Plaintiff A v. Schair*, No 2:11-cv-00145-WCO, 2014 U.S. Dist. LEXIS 197819, at (N.D. Ga. Sept 9, 2014).

### A.     Relevant History of the TVPRA

Congress passed the Victims of Trafficking and Violence Protection Act in 2000 ("TVPA"). Pub. L. No. 106–386, 114 Stat. 1466 (2000) (codified as amended in Title 22, Chapter 78, and Title 18, Chapter 77, of the U.S. Code).  The TVPA has been reauthorized several times in the years since including 2003, 2005, 2008, 2011, 2013, and 2017.  With the enactment of the TVPA in 2000 and through its subsequent reauthorizations, Congress recognized that human trafficking constitutes "modern-day slavery." *See* Markup of H.R. 2620 before House Int'l Affairs Comm., 108th Cong., 1st Sess., at 298 (July 23, 2003) (statement of Rep. Christopher Smith).  In both the text of the TVPA and the associated legislative history, Congress revealed a strong intent to provide a means of recovery for victims of sex trafficking by allowing them to pursue civil actions for human trafficking violations.

The 2003 version of 18 U.S.C. 1595(a) was a narrow remedial statute that looked solely to establish a statutory civil cause of action against perpetrators who were or could have been held criminally liable for their misconduct, to wit: "An individual who is a victim of a violation of section 1589, 1590, or 1591 of this chapter may bring a civil action against the perpetrator in an appropriate district court of the United States and may recover damages and reasonable attorney's fees." *See* Pub. L. No. 108–193, 117 Stat. 2878 (2003).  Under the 2003 language, only those criminally liable under § 1591 could be held civilly liable under § 1595.  However, in 2008 18 U.S.C. § 1595(a) was intentionally amended with substantially different language that created a category of defendants that could be held liable civilly even in the absence of criminal culpability.

By amending 18 U.S.C. § 1595 in 2008 as part of the Trafficking Victim Protection

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - 6

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

Reauthorization Act ("TVPRA"), Congress required "whoever," *i.e.*, all businesses, including those in the hospitality industry, to comply with the new law or face new civil liability. *See* Amended Pub. L. No. 110–457, title II, § 221(2), Dec. 23, 2008 (the TVPRA was amended "by inserting '(or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)' after 'perpetrator'").  This amendment to the country's systemic human trafficking legislation necessitated a paradigm shift in the hospitality industry.[4]   Since this amendment to the TVPRA, some businesses in the hospitality industry have elected to comply with § 1595, as amended, while others have chosen not to comply.

Compliance with the TVPRA requires businesses, including businesses in the hospitality industry, to conduct a proactive analysis to determine whether the business financially benefits from participation in a sex trafficking venture.  Businesses in the hospitality industry must take affirmative steps to determine whether they financially benefit from sex trafficking - and if so, prevent sex trafficking on their properties and thus the attendant financial benefit derived from the occurrence of sex trafficking.  To make this determination - to find out what they should know - brand managers and branded properties within the hospitality industry must exert some meaningful effort to apprise themselves of the activities - especially flagrant criminal activities - on location at their hotel properties.

Plaintiff's assertions of the significance of this change in the statutory language are supported by well-established principles of statutory interpretation.  As a rule, when interpreting a statute, one must "consider not only the bare meaning of the critical word or phrase but also its placement and purpose in the statutory scheme." *Holloway v. United States*, 526 U.S. 1, 6 (1999) (internal citation and quotations omitted); *see also Williams v. Taylor*, 529 U.S. 362, 364 (2000)

---

[4] For example, *see* Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, introducing a broader paradigm shift by requiring employers to change practices and no longer discriminate on the basis of race, religion, sex, or national origin.

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - 7

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1    ("In light of the cardinal principles of statutory construction that courts must give effect to every

2    clause and word of a statute.").   In construing a statute, this Court "start[s], as [it] must, with the

3    language of the statute." *Bailey v. United States*, 516 U.S. 137, 145 (1995).   But even a textual

4    analysis is informed "not only [by] the bare meaning of the word but also [by] its placement and

5    purpose in the statutory scheme."   *Id*.   There is "a canon of construction that remedial statutes

6    should be liberally construed." *Peyton v. Rowe*, 391 U.S. 54, 65 (1968). This canon of statutory

7    construction is especially applicable to the TVPRA considering that the language of 18 U.S.C.

8    §1595(a) was amended in 2008 to be even broader, for when a "statute is remedial in nature, its

9    terms must be construed in a liberal fashion." *Sedima, S.P.R.L. v. Imrex Co.*, Inc., 473 U.S. 479,

10    499 (1985).

       **B.**    **Defendant Wyndham Knowingly Benefited Financially in Violation of § 1595**

12        Although the law changed, the Defendant Hotels, including Wyndham, chose not to

13    change in response.  The Congressionally mandated mechanism to civilly enforce the TVPRA

14    is explicitly stated in § 1595.  Since 2008, victims of sex trafficking have been empowered to

15    bring civil claims against whoever financially benefits from what they should have known was

16    a sex trafficking venture.  Plaintiff has plausibly alleged Wyndham should have known they

17    financially benefitted from their participation in a sex trafficking venture. *See* ECF No. 1-2 at

18    ¶¶ 121, 176, 183, 185, 225 and 226.   Simply put, the Plaintiff's theory of beneficiary liability is

19    expressed in her complaint as follows:  "Defendants knowingly benefited financially from the

20    presence of traffickers at their hotel properties by consistently renting rooms where a trafficker

21    repeatedly sold Plaintiff for sex at Defendant's hotel properties and accordingly, participated in

22    the trafficking venture that exploited her. *See id.* at ¶¶ 2, 22(b), 187(b), 226.

23        Since 2008 there have been at least three distinct causes of action under § 1595: 1) §

24    1595 perpetrator trafficking claims against a person who directly violates § 1591(a)(1); 2) §

25    1595 perpetrator financial beneficiary claims against a person who directly violates §

26

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **8**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1591(a)(2); and 3) § 1595 financial beneficiary claims against a civil defendant who has not

violated § 1591 at all, but who "knowingly benefits, financially or by receiving anything of

value from participation in a venture which that person *knew or should have known* has engaged

in an act in violation of this chapter." *See* 18 U.S.C.A. § 1595(a) (emphasis added).

A financial beneficiary claim, as alleged in this case, differs from the perpetrator claims

in important ways.  In the 2008 amendment to the TVPRA, Congress determined that civil

liability would attach to a financial beneficiary if that person or entity knew or should have

known the venture in which it was engaged involved a violation of the TVPRA.  A financial

beneficiary claim, therefore, need not allege knowing assistance or actual knowledge that the

venture in which it participated violated the TVPRA, only that the entity should have known the

venture from which it benefitted violated the TVPRA.  By providing an explicit constructive

knowledge standard, Congress determined the definition of "participation in a venture" from §

1591(e)(6) **did not apply** to financial beneficiary claims under § 1595.  Thus, a financial

beneficiary claim has three elements: (1) a knowing benefit; (2) participation in a venture; (3)

that the person or entity knew or should have known the venture engaged in a violation of the

TVPRA. *See* 18 U.S.C. § 1595(a).  Here Defendants knew they were benefiting financially by

renting rooms used to facilitate sex trafficking.

The availability of both a financial beneficiary claim and a perpetrator financial

beneficiary claim has created confusion as litigants have stretched for cites from the scant case

law applying the neoteric statutory scheme.  However, the distinction between the knowledge

requirement in either a perpetrator claim and the constructive knowledge requirement in a

financial beneficiary claim is significant in this case.  Criminal cases under the TVPRA such as

*United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016), cited by Wyndham are

inapposite to civil financial beneficiary claims because in *Afyare* the Sixth Circuit considered

only the type of participation which Congress criminalized under § 1591(a)(2).  As discussed,

perpetrator claims alleging a criminal violation of § 1591(a)(1)–(2) do require actual knowing

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **9**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1    participation in the sex trafficking venture.   A financial beneficiary claim **does not require**

2    actual knowing participation in the sex trafficking venture.

3         Movant looks to *Geiss v. The Weinstein Company Holdings, LLC, et al.*, Case No. 1:17-

4    cv-09554-AKH, 2019 WL 1746009 (S.D.N.Y. Apr. 18, 2019).  (ECF No. 38 at 5, 7) for help in

5    avoiding liability in this case and alleges that for Plaintiff to prevail under the Rule 12 standard,

6    Plaintiff must show that the trafficker "provided any of those benefits to [Defendants]."  *Geiss*,

7    2019 WL 1746009.  This position is not supported by statute and other cases have not required

8    such a specific definition of "benefit."   For example, in *Gilbert v. United States Olympic*

9    *Committee,* the District Court of Colorado interpreted § 1595 liability premised on § 1589(b)

10   (the forced labor provision of the statute) not to "require[] the party to benefit from the [forced]

11   labor or services for liability to attach."  *Gilbert v. United  States Olympic Committee,* No. 18-

12   cv-00981-CMA-MEH, 2019 WL 4727636, at *16 (D. Colo. Sept. 27, 2019) (citation omitted).

13   In examining a claim on behalf of a different plaintiff in *Gilbert*, the court found that the

14   defendant had received a benefit through "collecting money through sponsorships, licensing,

15   grants, publicity, [and] for medals achieved at competitions."  *Id.*

16        *Ratha v. Phatthana Seafood Co., Ltd.,* cited by Movant is also distinguishable because

17   the court (1) heard the case at the motion for summary judgment phase; and (2) the evidence

18   actually demonstrated that the Defendants "actively sought to source products from companies

19   that did not exploit their workers, and, in fact, returned products from plants where exploitation

20   was alleged." *Ratha v. Phatthana  Seafood Co.*, Ltd., No. CV 16-4271-JFW (ASX), 2017 WL

21   8293174, at *5-6 (C.D. Cal. Dec. 21, 2017).  Here Defendants failed to take any measures or

22   follow any guidelines meant to protect Plaintiff and in fact rebuke any responsibility

23   whatsoever.

24        M.L. has alleged that Wyndham rented rooms to the trafficker, and therefore benefited

25   financially.  *See* ECF No. 1-2 at ¶¶ 2, 22(b), 187(b), 226.   Plaintiff also alleges that Defendant

26   employees continued to rent rooms where traffickers could sexually exploit Plaintiff after

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **10**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

knowledge that "sexual activities" were happening. *See id.* at ¶¶ 85, 121(h), 121(l), 157, 176, 179. Wyndham knew trafficking occurred in its hotels since at least 2011 when signing onto the Code, yet failed to train locations like the Howard Johnson in Kent, Washington, using the Wyndham name and reputation, to spot and act on signs of human sex trafficking. *See id.* at ¶¶ 107, 121(a)-(m), 186. (*See M.A. v. Wyndham Hotels & Resorts Inc*.,, 2:19-CV-849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019) and *H.H. v. G6 Hospitality*, LLC 2:19-CV-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019) (holding that the rental of a room constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element of the § 1595(a) standard.).

### C.    Wyndham Knew or Should Have Known of Their Participation in a Sex Trafficking Venture

Wyndham "knew or should have known" that its Defendant Hotel locations were in an area known for sex trafficking activity. ECF. No. 1 at 121 (d-g).   Further, Plaintiff alleged that hotel staff recognized her and actually spoke to her about the foot traffic and sexual activities. *Id*. at ¶157-158.   Further, that adult buyers who were unregistered guests would walk through the hotel and wait outside the door for their turn to rape or exploit Plaintiff.   *Id*. at ¶154-156. Courts have ruled that facts similar to those alleged by Plaintiff under a financial beneficiary claim under §1595 are sufficient to create a "venture" as alleged by Plaintiff.   *Id*. at 168.

> The definition of "venture" as defined in §1591(e) purports to only apply to "this section" i.e., §1591.  See, e.g. Gilbert v. United States Olympic Committee, No. 18-cv-00981-CMA-MEH, 2019 WL 105194, at *9, *10 (D. Colo. Mar. 6, 2019) (noting that "there are persuasive reasons to concluded ….that the term 'venture' is defined differently in §1591(a)(2) than it is in §1589(b)" and "neither §§ 1589 nor 1595 define 'venture'").
>
> In addition to the language in §1591(e) eliminating the definitions to that section, applying the definition of "participation in a venture" provided for in §1591(e) to the requirements under 1595 would void the "known or should have known" language of §1595.  Such a construction would violate the "cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be constructed so

that, if it can be prevented, no clause, sentence or work shall be superfluous, void, or insignificant.

*M.A. v. Wyndham  Hotels & Resorts Inc*., 2:19-CV-849, 2019 WL 4929297 *14 (S.D. Ohio Oct. 7, 2019).   *See also, Jean-Charles v. Perlitz*, 937 F. Supp.2d 276, 288-89 (D. Conn. 2013) (finding that defendants participated in a venture where they maintained affiliations with a school where sexual abuse of minors was taking place).

Wyndham's reliance on *Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) is also no help as (1) the court was reviewing the case under a summary judgment standard; and (2) the court reviewed the term "venture" under §1591 instead of § 1595 as explained above.  The legal standard stated in *Noble v. Weinstein* cited by Wyndham is not applicable to this case. *See* ECF No. 38 at 2.  The source of the appropriate legal standard in this case is 18 U.S.C. § 1595.[5] *Noble* is inapposite because the plaintiff in *Noble* did not allege that any defendant in that case "should have known" anything.  *Noble* brought only perpetrator claims against the defendants in that case.  Plaintiff in *Noble* did not allege a single financial beneficiary claim under § 1595. As discussed above, perpetrator claims are separate and distinct from financial beneficiary claims. *See, e.g.*, *Barrientos v. CoreCivic, Inc.*, 332 F. Supp. 3d 1305, 1312 (M.D. Ga. 2018) ("...Plaintiffs' Complaint arguably alleges a cause of action against CoreCivic as both a perpetrator and as a financial beneficiary.").  Because the plaintiff's claims in *Noble* alleged only that the defendants were the actual perpetrators of violations of § 1591, the plaintiff had to prove those violations against the defendants.  To do so, § 1591, a criminal statute, explicitly requires a showing of at least "reckless disregard."

Section 1595 explicitly does not require a showing of "reckless disregard" and does not restrict civil suits only against defendants who have actually violated § 1591 themselves. "Reckless disregard" and "should have known" are not interchangeable levels of scienter. Reckless disregard is conscious indifference, while "should have known" is the well-known

---

[5] Wyndham is liable for Plaintiff's damages if they: (1) knowingly benefitted; (2) from participation in a venture; (3) that they *knew or should have known* engaged in sex trafficking. 18 U.S.C. § 1595(a).

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - 12

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1    standard of knowledge, also referred to as constructive knowledge.  *See Brewster v. La Quinta*

2    *Inns, Inc.*, 142 F.3d 432 (6th Cir. 1998) (analyzing a hotel's duty of care under Louisiana

3    negligence law, the Sixth Circuit explained the standard as "should have known (*i.e.*, had

4    constructive knowledge)").   Constructive knowledge is the "[k]nowledge that one using

5    reasonable care or diligence should have, and therefore that is attributed by law to a given

6    person." *Constructive Knowledge*, Black's Law Dictionary (11th ed. 2019).   A defendant's

7    knowledge of the nature of the sex trafficking venture is required for a criminal conviction

8    under § 1591.  This *mens rea* standard is referenced explicitly in the definition of § 1591(e)(4):

9    "The term 'participation in a venture' means knowingly assisting, supporting, or facilitating a

10   violation of subsection (a)(1)." All of the definitions in § 1591 are expressly limited to the

11   criminal context at issue in § 1591 by subsection § 1591(e) which begins, "In this *section*..."

12   (emphasis added).

13       The plain language of § 1595 irrefutably demonstrates that the definition of

14   "participation in a venture" from § 1591(e)(4) cannot apply to "participation in a venture" as

15   used in § 1595(a).  If the definition from § 1591 did apply, civil liability would be limited only

16   against a criminal perpetrator and most of § 1595(a)—everything in parentheses—would be

17   rendered meaningless. *See also United States v. Ballinger,* 395 F.3d 1218, 1236 (11th Cir.

18   2005) ("statutes should be construed so that 'no clause, sentence, or word shall be superfluous,

19   void, or insignificant.'" (quoting *United States v. Aldrich*, 566 F.3d 976, 978–79 (11th Cir.

20   2009)).  The words "should have known" in § 1595(a) were not included by Congress for no

21   purpose.  Several courts have found failure to implement policies sufficient to combat a known

22   problem in one's operations can rise to the level of willful blindness or negligence.  See *Brown*

23   *v. Corr. Corp. of Am*., 603 F.Supp.2d 73, 81 (D.D.C. Mar. 26, 2009); *Trollinger v. Tyson*

24   *Foods, Inc*., 2007 WL 1574275, at *12 (E.D. Tenn. May 29, 2007).

25       Defendants compare Plaintiff's allegations to that of the Plaintiff in *Ricchio v. McLean*,

26   853 F.3d 553, 555-56 (1st Cir. 2017) as support that it, as the brand owner, cannot be held liable

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **13**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

under TVPRA. ECF No. 38 at 7.   For the reasons cited above, Courts have held that Plaintiffs do not need to prove reckless disregard under a §1595 claim, only that the Defendants' "should have known" about the nature of the venture under a negligence standard." *M.A.*, 2019 WL 4929297 at *4.

In order to state a claim, Plaintiff must merely allege that Defendants should have known they were benefitting financially from a sex trafficking venture.  Plaintiff has so alleged.  As discussed herein, in order to state a financial beneficiary, claim the Plaintiff does not have to show that Wyndham participated in any sex trafficking act itself.  Again, Wyndham attempts to blur the lines between the civil and criminal statutes and blur the lines between very different cases.

As discussed herein regarding *Noble*[6], the Plaintiff alleged only a perpetrator claim, which require alleging a direct violation of § 1591, criminal conduct.  A direct violation of § 1591 requires knowledge or reckless disregard.  A financial beneficiary claim under § 1595, however, requires only that the financial beneficiary "should have known" (or had constructive knowledge) the venture was violative of § 1591, *i.e.*, that the venture involved unlawful sex trafficking.  There is no claim alleging that a defendant is civilly liable for the criminal conduct of another solely because the defendant benefitted financially from a venture the entity should have known involved sex trafficking.

In addition to this important legal distinction, there are important factual distinctions between the Weinstein case and this case wherein suing movie studio executives for sex trafficking is appreciably different than suing the Defendant in the hospitality industry for the provision of hotel rooms to a sex trafficker and financially benefitting from doing so.  As courts, and the hospitality industry itself, have acknowledged, sex trafficking occurs in hotel

---

[6] The case from the Southern District of New York involving Harvey Weinstein is completely inapposite to the case at hand, particularly with regard to the standards of knowledge or participation in a sex trafficking venture required for civil liability in this case. See *Noble v. Weinstein*, No. 1:17-cv-09260-RWS (filed Feb. 20, 2018)...

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **14**

rooms throughout America.  There is insufficient data for the proposition that sex trafficking

occurs in major movie studios throughout America.  Thus, there was a known risk legally (via

the financial beneficiary claim under the TVPRA) and a known risk factually (via the

prevalence of sex trafficking in hotels) which Wyndham ignored.

Wyndham relies on *United States v. Afyare,* 632 F. App'x 272, 286 (6th Cir. 2016) as a

basis to attack the Plaintiff's Amended Complaint. *See, e.g.*, ECF No. 38 at 5-7. *Afyare* merely

states analogously that under the criminal provisions of § 1591(a)(2), Congress did not intend to

"target soccer players who turn a blind eye to the source of their financial sponsorship." *Afyare*,

632 F. App'x 272, 286.  Similarly, Wyndham cites to *United States v. Almada-Garcia*, 846 F.2d

1383 (9th Cir. 1988) failing to recognize that *Almada,* a criminal case, involves a *mens rea* that

does not exist in the §1595 claim alleged by Plaintiff.   Under the constructive knowledge or

"should have known" standard applicable to financial beneficiary claims under § 1595(a),

Congress in fact did target those who turn a blind eye to the source of their income if that

income derived from a sex trafficking venture via § 1595.  At most, *Afyare* stands for the

proposition that criminal liability will not follow sex trafficking money to all the potential

persons or entities those proceeds may reach after the sex trafficking venture has been

completed.  None of the Defendants in this case are non-profit entities or sponsors of one

another.  None of the Defendants lacked information about the occurrence of sex trafficking in

the hospitality industry generally or the occurrence of sex trafficking at their hotel properties.

The alleged facts in this case seeking to hold Wyndham liable are very different than

holding a movie studio liable for sex trafficking unrelated to their daily business operations.  In

those examples the entities were organized to make movies or play soccer.  The Movant is in the

business of renting hotel rooms, and in the instant matter, to a sex trafficker so that the sex

trafficker was able to comfortably advertise the sale of Plaintiff for sex in their hotel rooms and

so that johns would feel secure in the knowledge that they could frequent Movant's hotel

properties to purchase sex with no repercussions.  These Defendants know sex trafficking occurs

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **15**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

in hotel rooms and in their hotel rooms and they directly participated in the sex trafficking venture by harboring it. However, the threshold for liability in this case is simply premised on whether Defendants should have known about the sex trafficking venture operating out of their hotels for which they provided a venue and from which they financially benefitted. *See Global-Tech Appliances v. SEB*, 131 S. Ct. 2060, 2070 (2011) (applying the established criminal law doctrine in the civil context in a patent case and stating, "It is also said that persons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts.") (internal citations omitted). *Id.*

## V.   THE COMPLAINT MEETS ALL OTHER PLEADING REQUIREMENTS

In addition to the specific TVPRA argument, Wyndham makes several generalized attacks on Plaintiff's Compliant as well as some specific arguments also unrelated to sex trafficking. The Plaintiff addresses those arguments *infra*.

### A.   The Complaint Meets the Requirements of Iqbal-Twombly and Therefore Withstands Wyndham's Fed. R. Civ. P. 12(b)(6) Challenge

Wyndham's argument that the Plaintiff's Amended Complaint must be dismissed because the alleged facts are conclusory and does not permit Wyndham to answer fails and is not supported by the case law. Further, Wyndham neglects to recognize that two of its co-defendants found the Amended Complaint sufficient to answer. Wyndham's relies on *Kelsey v. Goldstar Estate Buyers Corp.*, 3:13-CV-00354-HU, 2014 WL 1155253, at *6 (D. Or. Mar. 21, 2014) (asserting that this court should dismiss TVPRA claim where the complaint "regurgitate[ed]" the statute's language "woven together with conclusory statements and a generous use of 'and/or'") and *Nissen v. Lindquist*, C16-5093 BHS, 2017 WL 26843, at*1 (W.D. Wash. Jan. 3, 2017) ("Dismissal under Rule 12(b)(6) is proper where the complaint fails to articulate a "cognizable legal theory" of liability against the defendant, or fails to state sufficient facts to support a theory of liability)" *See* ECF No. 38 at 2. The facts alleged by M.L. are sufficiently pled and outline the claims against all defendants, including Wyndham.

As the Supreme Court has made clear, 'under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory' to survive a motion to dismiss." *Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x 598, 599 (9th Cir. 2015) (*quoting Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). "We have likewise held that a plaintiff does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit" and "sufficient factual averments show that the claimant may be entitled to some relief." *Id.* (internal citations omitted). Here, Plaintiff specifically pled facts about how and when she was trafficked at each Defendant Hotel and how Wyndham is liability as a financial beneficiary. Defendant Hotel. *See* ECF No. 1-2 at ¶¶ 6, 7, 121, and 163-172. Her allegations were certainly sufficient to put all Defendants on notice of their wrongdoing. *Erickson v. Pardus*, 551 U.S. 89, 93 2197 (2007) (holding that the complaint need only "give the defendant fair notice of what the claim is and the grounds upon which it rests").

### B. Wyndham Improperly Relies on Facts Not in Evidence at the Dismissal Stage Prior to Discovery

As previously discussed in § III *supra*, the Plaintiff alleges that each and every Defendant, including Wyndham, is liable pursuant to the TVPRA's financial beneficiary civil remedy created by 18 U.S.C. §1595(a) in part because Defendant Wyndham knew or should have known for years that sex traffickers, including Plaintiff's traffickers, were routinely using their brand hotel properties to host or harbor sex trafficking ventures as indicated in the Plaintiff's Amended Complaint by the numerous documented accounts of sex trafficking at Defendants' branded properties. *See* ECF No. 1-2 at ¶ 121(m). Courts have held that alter egos or apparent agency principles exist in facts similar to those alleged by Plaintiff in ECF 1-2, ¶ 121 (j-l). The court looks to whether (1) there is a unity of interest and ownership, and (2) failure to disregard their separate identities would result in fraud or injustice. See *Johnson v. Marriott International,* 2017 WL 1957071 *4 (W.D. Wash.) (where the court found alter ego/apparent

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **17**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1   agency when the Plaintiff alleged Marriott uses is name and reputation to send consumers to

2   hotels run by subsidiaries or franchisees, "and then attempts to avoid liability" along with the

3   fact that there was a mechanism for Washington residents to consummate a transaction with the

4   local property as was provided by the Brand (e.g. internet bookings).   Courts have also held that

5   self-described franchisors, like Wyndham, can be directly liable if the franchisor retains

6   responsibility for an aspect of franchisee's operations. *See, e.g., Kosters v. Seven-Up Co.,* 595

7   F.2d 347, 353 (6th Cir. 1979) (holding that a franchisor can be found liable for breach of

8   warranty when the franchisee sells a defective product, which gave the intended impression that

9   the franchisor was responsible for and stood behind the product); *Miller v. D.F. Zee's Inc.*, 31

10  F.Supp.2d 792 (D.Or.1998) (the court denied the franchisor's motion for summary judgment

11  stating it did not matter whether the principal actually exercises control; what was important is

12  that it has the right to do so where the franchisor retained the right to control its franchisees in

13  the precise part of the business that allegedly resulted in plaintiffs injuries, training and discipline

14  of employees); *Whitten v. Kentucky Fried Chicken Corp.*, 570 N.E.2d 1353, 1357 (Ind. Ct. App.

15  1991) (negligent selection by franchisor of items a franchisee will use in its business operations

16  can lead to direct liability against the franchisor); *see also O'Boyle v. Avis Rent-A-Car Sys., Inc.,*

17  78 A.D.2d 431, 439-440 (2d Dept. 1981) (affirming a jury verdict against franchisor and

18  franchisee in an action arising out of an automobile accident caused by an unlicensed, underage

19  employee who drove a car off the franchisee's premises, where testimony established that the

20  franchisor's representatives had frequently observed underage employees driving company

21  vehicles around the premises); *Vaughn v. Columbia Sussex Corp.*, 1992 U.S. Dist. LEXIS 820,

22  *5-6 (S.D.N.Y. Jan. 28, 1992) (denying a summary judgment motion brought by franchisor in an

23  action arising out of the plaintiff's slip and fall on a wet floor in a franchisee's lobby on grounds

24  that the franchisor was involved in the training of the franchisee's employees, the construction of

25  the franchisee's building, and it reserved the right to inspect the franchisee's property and order

26  upgrading at any time); and *Hilton v. Holiday Inns, Inc.,* 1990 U.S. Dist. LEXIS 9466, *8-9

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **18**

(S.D.N.Y. Aug. 1, 1990) (denying a summary judgment motion brought by the franchisor in a damages action concerning an accident involving a shuttle bus operated by the franchisee's employee on the basis that the franchisor required its franchisees comply with the franchisor's company standards manual).

Wyndham cites to *United Brotherhood of Carpenters and Joiner of Am. V. Bldg. & Const Trades Dept.,* 911 F. Supp. 2d 1118, 1136 (E.D. Wash. 2012) in an effort to suggest to the Court that franchisor liability cannot exist in this case.   However, this Court held that in that specific case the complaint did have the facts to support an agency relationship.  This Court did not hold that an agency relationship could not exists under the circumstances alleged by Plaintiff.  Further, in *Ro. V. Everest Indemnity Insurance,* 2016 WL 4193868 (Aug. 9, 2016) the defendant made only two allegations regarding the relationship between the two defendants and that there were no allegations connecting the two groups.  Again, Plaintiff's complaint is nearly 80 pages long and it is replete with allegations that Wyndham was self-interested in failing to recognize and act against the trafficking going on in its hotels putting room profits above the safety of M.L. and many others.

Finally, the other two cases cited by Defendant for the position that liability cannot exist against Wyndham, *D.L.S. v. Maybin*, 130 Wash. App. 94, 97 (Wash. App. 2005) and *Kerl v. Dennis Rasmussen, Inc*., 681 N.W.2d 328, 337-42 (Wis. 2004), are equally want for similarities to this case, and specifically these two cases were decided on a motion to for summary judgment standard and not a motion to dismiss.

In the instant case, Defendant Wyndham assumed the duty to set policies and procedures relative to how its franchisees/brand properties should prevent sex trafficking on its properties. ECF No. 1-2 at 106-107.   In July 2011, Wyndham issued press releases with reference to signing the Code of Conduct with ECPAT-USA (end Child Prostitution, Pornography and Trafficking of Children for Sexual Purposes), and a commitment to increase training of all staff to recognize and report sex trafficking.  *Id.* A change.org petition was signed

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **19**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

by nearly 14,000 individuals demanding that Wyndham stop looking the other way while its locations were harboring child sex trafficking victims. *Id.* The Plaintiff alleges that Defendant Wyndham failed or otherwise refused to implement its own or other appropriate policies and procedures because it valued financially benefiting from sex trafficking over the safety of victims of sex trafficking and compliance with the TVPRA and is still failing. *Id.* at 107-108.

Plaintiff separately contends that Wyndham is the joint employer, alter ego, or otherwise in an apparent agency relationship with each of their branded Defendant hotel properties in which Plaintiff was trafficked for sex. Because of the brand separately requires their branded hotel properties to follow specific guidelines, Wyndham is a joint employer of the staff at their respective branded hotels. *See* ECF 1-2 at ¶¶ 24, and 121(a)-(m). When applying a joint employer test courts focus on the entities' relationships to an employee or class of employees, where a staff member may be employed onsite by one entity, but her work is subject to control by another entity offsite. Thus, two (2) entities may both be a worker's employer if they share or co-determine those matters governing the essential terms and conditions of employment. *See*, *Carrier Crop. v. NLRB*, 768 F.2d 778 (6th Cir. 1985); *Sizova v. Nat'l Inst. Of Standards & Tech.*, 282 F.3d 1320, 1330 (10th Cir. 2002). Courts also examine whether an entity is an employer pursuant to agency principles where one entity consents to act on behalf of another and is subject to the other's control. *See Deal v. State Farm County Mut. Ins. Co.*, 5 F.3d 117 (5th Cir. 1993). But as with Wyndham's arguments regarding "franchisor / franchisee" liability, their arguments challenging the Plaintiff's allegations regarding joint employer status in relation to each of their Defendant hotels requires factual development to overcome and which has not yet occurred.

The general rule is that a principal can be liable for acts of its agent. *Thornell v. Seattle Servs. Bureau*, 184 Wash.2d 793, 363 P.3d 587, 589 (2015). Washington courts have approved the Restatement's view of the doctrine of apparent agency. *See Rosalez v. Baker*, No. C09-0065-JCC, 2010 WL 4068926, at *6 (W.D. Wash. Oct. 15, 2010) (citing *Restatement (Second) of*

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **20**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

*Agency* § 267).  Under the Restatement, "[o]ne who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such." *Restatement (Second) of Agency* § 267 (1957).  The doctrine of apparent agency can attach liability even though no express agency relationship exists. *See, e.g., Sims v. Marriott Int'l, Inc.*, 184 F. Supp. 2d 616, 617 (W.D. Ky. 2001).  Whether apparent authority exists is ordinarily a question of fact. *See, e.g., Mohr v. Grantham,* 262 P.3d 490 (2011); *Ranger Ins. Co. v. Pierce County,* 192 P.3d 886 (2008); *O'Brien v. Hafer,* 93 P.3d 930 (2004).

Here, the Parties have yet to engage in any discovery that would support Wyndham's separate conclusory allegations that as self-declared "franchisors" neither Defendant brand manager maintained any control over the day-to-day operations of their respective branded property, Howard Johnson Inn in Kent, Washington.  Similarly, the Parties have conducted no discovery on whether Howard Johnson Inn or Wyndham exercise control over employees at their respective Defendant branded hotels such that either is considered a "joint employer."  Therefore, Wyndham's "franchisor / franchisee" arguments in its Motion to Dismiss are premature and the Motion to Dismiss should be denied.

Wyndham argues that the opinions in *M.A.* and *H.H.* cited above reflect a misunderstanding about franchising generally, inaccurately referring to franchisor defendants as the "parent companies" of franchisees.  In fact, the Court held that sufficient facts were pled as to Wyndham to meet the Rule 8 notice requirement for the purposes of surviving a Motion to Dismiss.  Specifically, M.L. has plead specific aspects Wyndham can control over its brand operated properties, including  employee training, standardized training methods, rules of operation, fixing prices, and regular inspections of the Howard Johnson by Wyndham. ECF No. 1-2 at 121(j).

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **21**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1   **VI.    CONCLUSION**

2          Plaintiff's Amended Complaint thoroughly and robustly states the factual basis for her

3   claim and otherwise properly states her claim for relief pursuant to § 1595 of the TVPRA.  To

4   the extent the Court has any reservations about any aspect of the Plaintiff's Amended Complaint

5   and is inclined to grant some or all of the Movant's requested relief, Plaintiff respectfully

6   requests that the Court grant any dismissals without prejudice and with leave to amend.

7   Accordingly, their Motion to Dismiss are due to be denied in its entirety.

8          WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny the

9   Movant's request for dismissal and enter an Order denying Wyndham's (ECF No. 38) Motion to

10  Dismiss.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **22**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

Dated this 24th day of February 2020.

RESPECTFULLY SUBMITTED,

/s/ Erik L. Bauer
Erik L. Bauer (WSBA # 14937)
215 Tacoma Avenue South
Tacoma, Washington 98402
T: (253) 383-2000
F: (253) 383-0154
E: erik@erikbauerlaw.com

/s/ Kimberly Lambert Adams
Kimberly Lambert Adams
FL Bar # 0014479
316 S. Baylen St. Ste. 600
Pensacola, Florida 32502
T: (850) 435-7056
F: (850) 436-6056
E: kadams@levinlaw.com

***Trial Attorneys for Plaintiff***

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **23**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2020, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

counsel of record who receives CM/ECF notification.

DATED this 24th day of February 2020.          By:    /s/ Erik L. Bauer
                                                      Erik L. Bauer, WSBA No. 14937

PL.'S RESPONSE IN OPPOSITION TO
DEF. WYNDHAM'S MOTION TO DISMISS
3:19-cv-06153-BHS-TLF - **24**