HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | | |
|---|---|---|
| M.L., | ) | No.: 3:19-cv-06153 |
|       Plaintiff, | ) | |
|    v. | ) | |
| | ) | **PLAINTIFF M.L.'S RESPONSE IN** |
| CRAIGSLIST, INC, *et al.*, | ) | **OPPOSITION TO DEFENDANT** |
| | ) | **CRAIGSLIST'S MOTION TO DISMISS** |
|     Defendant(s) | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................1

II.  STATEMENT OF FACTS ..................................................................................2

III.  ARGUMENTS AND AUTHORITIES ...............................................................3

    A.  M.L.'s Complaint is Sufficient Under the TVPRA ...................................4

        1.  Relevant History of the TVPRA .......................................5

        2.  Defendant Craigslist Knowingly Benefited Financially in Violation of § 1595 ...................................................................5

        3.  Craigslist Knew or Should Have Known of Their Participation in a Sex Trafficking Venture ...................................................7

    B.  CDA § 230 Does Not Provide Craigslist Immunity ................................9

        1.  M.L.'s Claims Are Consistent With CDA 2018 Amendments ...................9

        2.  Craigslist is Nonetheless Exempt From Immunity ...................................10

    C.  M.L.'s State Claims are Not Barred by the Statute of Limitations ..................15

    D.  M.L. Alleged Sufficient Facts to Support a Claim of Negligence ........................16

    E.  M.L. Alleged Sufficient Facts to Support a Claim of Outrage ...........................18

    F.  M.L. Alleged Sufficient Facts For Civil Remedies Under RCW § 9A.82.100(1)(a) ...................................................................19

        1.  Craigslist Violated Washington's Criminal Profiteering Act ...................19

        2.  Craigslist Violated Washington's Trafficking Laws ................................20

    G.  M.L. Alleged Sufficient Facts Under SECA (RCW 9.68A)................................20

    H.  M.L. Alleged Sufficient Facts to Support a Claim of Ratification ......................20

    I.  M.L. Alleged Sufficient Facts to Support a Claim of Unjust Enrichment............21

    J.  M.L. Alleged Sufficient Facts to Support a Claim of Civil Conspiracy...............22

IV.  CONCLUSION ................................................................................................23

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **ii**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Barrientos v. CoreCivic, Inc.*, 332 F. Supp. 3d 1305, 1312 (M.D. Ga. 2018) ............................... 7

*Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) ................................................ 15

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC,* 521 F.3d 1157, 1164 (9th Cir. 2008)...................................................................... 10, 12, 13

*Federal Trade Commission v. Accusearch*, 570 F.3d 1187, 1198-99 (10th Cir. 2009).......... 11, 14

*H.H. v. G6 Hospitality, LLC*, 2:19-CV-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019) (Marbley, J.) ............................................................................ 6

*Hollmann v. Corcoran*, 949 P.2d 386 (1997) ................................................ 16

*Hooper v. Yakima Cty.*, 904 P.2d 1193, 1196 (1995) ............................................ 21

*In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004)............................ 15

*J.S. v. Vill. Voice Media Holdings, LLC*, 359 P.3d 714, 715 (2015) ............................ 11

*Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983) ...................................... 3

*Korst v. McMahon*, 148 P.3d 1081, 1084 (2006)............................................... 16

*Lyons v. U.S. Bank Nat'l Ass'n*, 336 P.3d 1142, 1151 (2014) .................................. 18

*M.A. v. Wyndham Hotels & Resorts, Inc.*, 2:19-CV-849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019) (Marbley, J.)................................................................ 6

*McCloy v. U.S. Dept. of Agric.*, 351 F.3d 447, 451 (10th Cir. 2003) ............................ 13

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ........................................... 3

*Noble v. Weinstein* ...................................................................... 7

*Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 197 (1985)..................... 13

*Puget Sound Sec. Patrol, Inc. v. Bates*, 389 P.3d 709, 714 (2017)............................... 22

RCW § 9A.82.100.......................................................................... 19

*Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014) ........................................ 16

*Seven Arts Filmed Entertainment Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013)...................................................................... 15

*Sutton v. Tacoma Sch. Dist. No. 10*, 324 P.3d 763 (2014) .................................... 18

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **iii**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

*United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) ................................................. 6, 8

*Wuthrich v. King County*, 366 P.3d 926, 929 (2016)............................................................. 17

*Young v. Young*, 191 P.3d 1258, 1262 (2008) .................................................................. 21

**STATUTES**

18 U.S.C. § 1591 ............................................................................................................. passim

18 U.S.C. § 1595 ............................................................................................................. passim

18 U.S.C. 2421A ............................................................................................................. 15

247 U.S.C. § 230 ............................................................................................................. 9

RCW 4.16.340 ............................................................................................................. 15

RCW 9.68A.040 ............................................................................................................. 20

RCW 9.68A.070 ............................................................................................................. 20

RCW 9.68A.090 ............................................................................................................. 20

RCW 9.68A.101 ............................................................................................................. 19

RCW 9A.36.070 ............................................................................................................. 20

RCW 9A.40.100 ............................................................................................................. 19, 20

RCW 9A.82 *et seq.* ............................................................................................................. 19

RCW 9A.82.060 ............................................................................................................. 19

RCW 9A.82.080 ............................................................................................................. 19

RCW 9A.88.070 ............................................................................................................. 19

RCW 9A.88.080 ............................................................................................................. 19

Trafficking Victims Protection Reauthorization Act ("TVPRA")...................................... 1, 2, 4, 5

**RULES**

Fed. R. Civ. P. 12(b)(6)........................................................................................................ 3

**OTHER AUTHORITIES**

Amended Pub. L. No. 110–457, title II, § 221(2), Dec. 23, 2008................................................. 5

H.R. Rep. No. 115-572, pt. 1, at 3 (2018)........................................................................ 1, 9, 11

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **iv**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

# I.    INTRODUCTION

It was the Legislature's intent in enacting Federal laws, such as FOSTA-SESTA[1] and the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") , that website creators such as Defendant Craigslist, Inc. (hereinafter "Craigslist") should be held liable for their facilitation and promotion of sex trafficking. Under the TVPRA, a victim of sex trafficking is provided a civil cause of action for damages against any entity or person that knowingly benefits financially from what they knew or should have known was sex trafficking. Craigslist violated the TVPRA by creating a platform to sexually exploit children like Plaintiff M.L.

Focused solely on the revenue generated by advertisements placed by traffickers and their victims, Craigslist failed to protect child sex trafficking victims by implementing basic measures to prevent its website from being used as an auction house trading in children for sex.  Basic common sense should have informed Craigslist that the "erotic services" and "adult services" pages it created could and would be used by sex traffickers to sell their victims; instead Craigslist turned a blind eye to the illicit activity flourishing on and through its website.  By creating these websites, Craigslist took on a responsibility to ensure that it did not facilitate the horrors inflicted on children like M.L. and, by its failures, caused her significant harm.  After years of suffering because of Craigslist's silence about the sex trafficking it directly enabled, the Plaintiff has found the courage to speak out against the sexual violence she suffered at the hands of a sex trafficker who sold her as a commodity for commercial sex on Craigslist. Craigslist efforts to finally speak up and have M.L.'s case silenced so that its conduct will not be further exposed should be summarily denied.

---

[1] FOSTA-SESTA, the Fight Online Sex Trafficking Act ("FOSTA") and Stop Enabling Sex Traffickers Act ("SESTA"), consists of a package of bills signed into law on April 2018, intending to help prevent illegal sex trafficking online. FOSTA-SESTA clarifies that the long-standing "safe harbor" rule of the Communications Decency Act ("CDA") § 230 "was *never* intended by Congress to provide legal protection to websites that unlawfully promote and facilitate prostitution and contribute to sex trafficking[.]" H.R. Rep. No. 115-572, pt. 1, at 3 (2018).

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **1**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

## II.    STATEMENT OF FACTS

The Plaintiff is a "victim" of sex trafficking within the meaning of the TVPRA. *See* First Amended Complaint ("FAC") at ¶ 224. She was repeatedly forced into commercial sex acts with the support and facilitation of advertisements posted on Craigslist's website. Plaintiff was advertised for sale on Craigslist's "erotic services" and "adult services" classified advertising website. *See id.* at ¶¶ 38, 41.  To anyone who cared to look, the advertisements were obvious advertisements for commercial sex with a child. *See id.* Each post of the Plaintiff included a female figure positioned in a sexually suggestive manner, posted and marked with "Copyright © 2009, craigslist, inc." *See id.* at ¶ 52. To post the commercial sex advertisements of the Plaintiff, Craigslist required a fee to allow the advertisement to reach millions of people. *See id.* at ¶ 40. Craigslist, sex traffickers, and commercial sex buyers knew that Craigslist displayed commercial sex advertisements, allowing commercial sex buyers to procure sex with victims of sex trafficking, including children like Plaintiff. *See id.* at ¶ 41. As a result, the Plaintiff was sold to up to 20 "clients" per night who would respond to the Craigslist advertisements and rape her. *See id.* at ¶ 7.

Craigslist allowed sex traffickers to post commercial sex advertisements of the Plaintiff, including nude photographs of her in the "erotic services" and later "adult services"[2] sections of their website.  *See id.* at ¶¶ 10, 66. Craigslist knew that its "erotic services" section was well known to commercial sex customers throughout the United States as a place to easily locate victims for anonymous commercial sex. *See id.* at ¶ 59. Through its willful blindness, Craigslist encouraged unfettered access to trafficking victims in any desired geographic area, creating a forum for sex traffickers to promote their victims across the nation. *See id.* at ¶ 60. Despite such knowledge, Craigslist took no action to verify the identities of those who posted in their "erotic

---

[2] The terms "erotic services" and "adult services" are terms created and selected by Defendant Craigslist to define advertisements contained in that section. Sex traffickers and commercial sex buyers alike knew that Craigslist allowed the display of commercial sex advertisements, allowing buyers to purchase victims of sex trafficking, including minors. *See* FAC at ¶ 41.

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - 2

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

services" section, failed to require personal information before posting, and failed to verify the age of those depicted in such advertisements. *See id.* at ¶ 62.

By 2009, Craigslist became the target of a vocal and well-publicized effort to change their conduct and prevent illegal sex trafficking from occurring on its website. *See id.* at ¶ 44. After growing pressure from the public and law enforcement, Craigslist developed content requirements that became instructions for sex traffickers to evade law enforcement. *See id.* at ¶ 65. In May of 2009, Craigslist chose to rename its "erotic services" section to "adult services," but the intent, content and forum remained the same – to sell sexual services. *See id.* at ¶ 66. Later, the "adult services" section was terminated, but the advertisements flourished in the personal ads and massage services sections. *See id.* It was not until the enactment of FOSTA in April of 2018 that Defendant Craigslist shut down its personal ads section. *See id.* at ¶ 67. During the 20 years Defendant Craigslist maintained their erotic services, adult services, and personal ads sections, Defendant Craigslist financially benefited[3] from the continued sale and trafficking of children and adults for sex. *See id.* at ¶ 68.

## III.   ARGUMENTS AND AUTHORITIES

Federal courts are empowered to dismiss causes of actions in complaints for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). However, a claim may be dismissed only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).

---

[3] In a study done by Arizona State University, minor sex trafficking was found to generate an estimated $42 billion a year in the United States through the trafficking of over 200,000 children. 70% of those minors that were sex trafficked were done so online. Defendant Craigslist was a major progenitor of this crisis, and Defendant Craigslist profited directly and indirectly from the facilitation of child sex trafficking. *See* FAC at ¶ 61.

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **3**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

### A.       M.L.'s Complaint is Sufficient Under the TVPRA

The Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1591, *et seq.,* criminalizes the sex trafficking of children and adults by force, fraud, or coercion. Section 1595 of the TVPRA provides victims of sex trafficking a civil remedy against both the perpetrators and the financial beneficiaries of sex trafficking. *See* 18 U.S.C. § 1595(a). Count Nine of Plaintiff's Complaint pleads a cause of action for financial beneficiary liability against Craigslist pursuant to § 1595 of the TVPRA, not a perpetrator theory of liability pursuant to § 1591. *See* FAC at ¶¶ 223-227. The Plaintiff's references to § 1591(a) in her FAC are directed toward the Plaintiff's status as a "victim" of human trafficking, *see* FAC at ¶ 224, and Craigslist's participation in sex trafficking as defined in the TVPRA. *See e.g.*, FAC at ¶¶ 225-26. Despite Craigslist's efforts to conflate the Plaintiff's factual allegations, the Complaint states a recognized claim for relief under § 1595 of the TVPRA.

To state a claim for beneficiary liability  under 18 U.S.C. § 1595, the complaint must plead that the Defendant knowingly benefitted, financially or by receiving anything of value, from participating in a venture, that the Defendant knew or should have known violated the TVPRA.[4] Plaintiff has pled sufficient facts alleging that Craigslist knowingly benefited from participating in a venture which it knew or should have known was engaged in acts in violation of the TVPRA – the sale of children for sex on webpages it created on its website. The Defendant's acts, omissions, and commissions, taken separately and/or together, constitute a violation of 18 U.S.C. § 1595. By requiring a fee to post advertisements to Craigslist's "erotic services" and/or "adult services" pages, Craigslist had knowledge of a financial benefit derived from sex trafficking.[5] Craigslist knew or should have known that it participated in a sex

---

[4] *See generally*, *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2:19-CV-849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019) (Marbley, J.); *H.H. v. G6 Hospitality, LLC*, 2;19-CV-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019) (Marbley, J.) (denying defendants' motions to dismiss, upholding plaintiffs' claims brought under Section 1595(a) of the TVPRA).

[5] According to consulting firm, AIM Group, Craigslist was on track to make millions of dollars in fees from the erotic services section of their website before it was shut down in 2008. *See* FAC at ¶ 47.

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **4**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

trafficking venture because the advertisements posted to the "erotic services" and/or "adult services" sections often included pictures of children like the Plaintiff, scantily dressed, offering commercial sex for payment.

### 1.     Relevant History of the TVPRA

Congress passed the Victims of Trafficking and Violence Protection Act in 2000 ("TVPA").  In both the text of the TVPA and the associated legislative history, Congress revealed a strong intent to provide a means of recovery for victims of sex trafficking by allowing them to pursue civil actions for human trafficking violations.

In 2008, the TVPA was amended by Congress as part of the Trafficking Victim Protection Reauthorization Act ("TVPRA"); thereafter requiring "whoever," *i.e.*, all businesses, including Craigslist, to comply with the law or face civil liability. *See* Amended Pub. L. No. 110–457, title II, § 221(2), Dec. 23, 2008 (the TVPRA was amended "by inserting '(or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)' after 'perpetrator'"). In light of the realities of sex trafficking – both the horrors of its perpetrators' misconduct and the unimaginable trauma to its victims – Congress enacted a very broad remedial law that imposed liability on businesses, such as Craigslist, that facilitate and financially benefit from sex trafficking.

### 2.     Defendant Craigslist Knowingly Benefited Financially in Violation of § 1595

The Plaintiff has alleged facts that sufficiently plead that Craigslist knew that it financially benefited from its participation in what it knew or should have known was a sex trafficking venture. *See e.g.*, FAC at ¶¶ 45, 47, 61, 63, 133.

There are three distinct causes of action under § 1595: (1) § 1595 perpetrator trafficking claims against a person who directly violates § 1591(a)(1); (2) § 1595 perpetrator financial beneficiary claims against a person who directly violates § 1591(a)(2); and (3) § 1595 financial

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **5**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

beneficiary claims against a civil defendant who has not violated § 1591 at all, but who "knowingly benefits, financially or by receiving anything of value from participation in a venture which that person *knew or should have known* has engaged in an act in violation of this chapter." *See* 18 U.S.C.A. § 1595(a) (emphasis added).

This case is brought as a financial beneficiary claim against Craigslist.  A financial beneficiary claim differs from the perpetrator claims in important ways. In the 2008 amendment to the TVPRA, Congress determined that civil liability would attach to a financial beneficiary if that person or entity knew or should have known the venture in which it was engaged involved a violation of the TVPRA. A financial beneficiary claim, therefore, need not allege knowing assistance or actual knowledge that the venture in which it participated violated the TVPRA, only that the entity should have known the venture from which it benefitted violated the TVPRA. By providing a constructive knowledge standard, Congress determined the definition of "participation in a venture" from § 1591(e)(6) did not apply to financial beneficiary claims under § 1595. Thus, a financial beneficiary claim has three elements: (1) a knowing benefit; (2) participation in a venture; (3) that the person or entity knew or should have known the venture engaged in a violation of the TVPRA. *See* 18 U.S.C. § 1595(a); s*ee also M.A. v. Wyndham Hotels & Resorts, Inc.*, 2:19-CV-849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019) (Marbley, J.); *H.H. v. G6 Hospitality, LLC*, 2:19-CV-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019) (Marbley, J.).

The availability of both a financial beneficiary claim and a perpetrator financial beneficiary claim has created confusion given the scant case law applying this recent statutory scheme. However, the distinction between the knowledge requirement in either a perpetrator claim and the constructive knowledge requirement in a financial beneficiary claim is significant. Criminal cases under the TVPRA, such as *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016), are not applicable to civil financial beneficiary claims because in *Afyare* the Sixth Circuit considered only the type of participation which Congress criminalized under §

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **6**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1591(a)(2). **Perpetrator claims** alleging a criminal violation of § 1591(a)(1)–(2) **do require** actual knowing participation in the sex trafficking venture. A **financial beneficiary claim** has **no such knowledge requirement**.

### 3. Craigslist Knew or Should Have Known of Their Participation in a Sex Trafficking Venture

Craigslist misapplies the legal standard the Plaintiff must allege in this case. Defendant cites the legal standard from *Noble v. Weinstein,* but that standard is not applicable as the plaintiff in *Noble* did not allege that any defendant in that case "should have known" anything. *Noble* brought only perpetrator claims against the defendants in that case. The plaintiff in *Noble* did not allege a single financial beneficiary claim under § 1595. As discussed above, perpetrator claims are separate and distinct from financial beneficiary claims. *See, e.g.*, *Barrientos v. CoreCivic, Inc.*, 332 F. Supp. 3d 1305, 1312 (M.D. Ga. 2018) ("...Plaintiffs' Complaint arguably alleges a cause of action against *CoreCivic* as both a perpetrator and as a financial beneficiary.").

The source of the appropriate legal standard in this case is 18 U.S.C. § 1595, as cited in the title of Count One of the Plaintiff's Complaint. Defendants are liable for Plaintiff's damages if they: (1) knowingly benefitted; (2) from participation in a venture; (3) that they *knew or should have known* engaged in sex trafficking. *See* 18 U.S.C. § 1595(a). Any discussion about actual knowledge or *mens rea* related to a sex trafficking venture has no application in this case.

Craigslist also argues the Plaintiff cannot show "some participation in the sex trafficking act itself[.]" *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018). But as has been explained, in order to state a financial beneficiary claim the Plaintiff does not have to show that the Defendants participated in any sex trafficking act itself.[6] Again, the Defendants attempt to blur the lines between the civil and criminal parts of the Act.

---

[6] The court in *M.A.* and *H.H.* explained that "participation" under § 1595 does not require actual knowledge of the participation in the sex trafficking itself in order to have participated in the sex trafficking venture for civil liability, otherwise the "should have known" language in § 1595(a) would be meaningless. *M.A.*, 2019 WL 4929297, at *17.

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **7**

Craigslist also cites to the cases involving Harvey Weinstein (the "Weinstein Cases") but these cases have no application to the case at hand.[7] The Weinstein Cases allege only perpetrator claims, which require a direct violation of § 1591, and therefore, require knowledge or reckless disregard. A financial beneficiary claim under § 1595, however, requires only that the financial beneficiary "should have known" (or had constructive knowledge) the venture involved unlawful sex trafficking. There are no claims in the Weinstein Cases that allege a defendant is civilly liable for the criminal conduct of another solely because the defendant benefitted financially from a venture the entity should have known involved sex trafficking.

Craigslist also cites the Sixth Circuit soccer-team hypothetical from *United States v. Afyare* as a basis to attack the Plaintiff's Complaint. *Afyare* merely states analogously that under the criminal provisions of § 1591(a)(2), Congress did not intend to "target soccer players who turn a blind eye to the source of their financial sponsorship." *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016). However, under the constructive knowledge or "should have known" standard applicable to financial beneficiary claims, Congress did in fact target those who turn a blind eye to the source of their income if that income derived from a sex trafficking venture. At most, *Afyare* stands for the proposition that *criminal* liability will not follow sex trafficking money to all the potential persons or entities those proceeds may reach after the sex trafficking venture has been completed.

The facts in this case are very different than holding a movie studio (or further removed, soccer team) liable for sex trafficking unrelated to their daily business operations. In those examples, the entities were organized to make movies or play soccer. Craigslist is in the business of advertising, and in the instant matter, advertising sex trafficking victims. Craigslist knew sex trafficking occurred through the use of its platform and directly participated in the sex trafficking venture by facilitating it. However, the threshold for liability does not even go that far; it only

---

[7] *See Noble v. Weinstein*, No. 1:17-cv-09260-RWS (filed Feb. 20, 2018); *Canosa v. Ziff*, No. 1:18-cv-04115-PAE (filed Oct. 4, 2018).

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1  requires that Craigslist *should have known* about the sex trafficking venture operating through its

2  website from which it financially benefited.  Those facts have been sufficiently pled.

3      While the kind of willful blindness shown by Craigslist in this case is no doubt the

4  industry status quo, Congress determined in 2008 that willful blindness was no longer a defense

5  to liability under § 1595.

6  **B.     CDA § 230 Does Not Provide Craigslist Immunity**

7      **1.     M.L.'s Claims Are Consistent With CDA 2018 Amendments**

8      Websites such as Craigslist provide users with a forum for buying and selling goods to a

9  broad audience, including human beings as commodities for commercial sex. Due to

10 technological advances on the Internet that make information easily accessible and provide a

11 forum for anonymity, sex traffickers are able to post advertisements of adults and children for a

12 world of customers to view with ease and security. *See* H.R. Rep. No. 115-572, pt. 1, at 3 (2018).

13 In the past, the Communications Decency Act ("CDA"), 247 U.S.C. § 230, made it challenging

14 to hold bad-actor websites accountable.  Indeed, Craigslist has rolled out these same, outdated

15 arguments to try to avoid responsibility in this case.  However, just as Craigslist turned a blind

16 eye to people being sold as sex slaves on its website, Craigslist has turned a blind eye to the

17 actions of Congress to make sure that websites that facilitate and harbor sex traffickers cannot

18 avoid responsibility for their role in this national epidemic.  The cases relied on by Craigslist to

19 establish § 230 immunity were decided *prior* to the enactment of FOSTA-SESTA, which

20 clarifies that the CDA § 230 was not intended to provide immunity for websites facilitating

21 illegal sex trafficking as alleged in Plaintiff's complaint.

22     The passage of FOSTA-SESTA is a sea change in the law that Craigslist has ignored in

23 its briefing.  The Fight Online Sex Trafficking Act ("FOSTA") was passed to clarify that **section**

24 **230 of the CDA does not prohibit enforcement of Federal and State criminal and civil laws**

25 **relating to sexual exploitation of children or sex trafficking against providers and users of**

26 **interactive computer services.** *See id.* at 1 (emphasis added). In enacting FOSTA-SESTA, it

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **9**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

was the sense of Congress that *CDA § 230 was never intended to provide legal protection to websites that unlawfully promote and facilitate prostitution nor to websites that facilitate traffickers in advertising the sale of unlawful sex acts with sex trafficking victims. See* 132 Stat. 1253, §2(1). FOSTA-SESTA was signed into law in April of 2018. Through the enactment of FOSTA-SESTA in 2018, the Legislature made it unequivocally clear that section 230 of the CDA is not a defense to the facilitation of sex trafficking.

### 2.     Craigslist is Nonetheless Exempt From Immunity

Even if FOSTA-SESTA was never enacted into law, Craigslist is still not entitled to § 230 immunity. Craigslist is an information content creator and thus exempted from immunity and must be held liable to Plaintiff for her state law claims.   Although the CDA can provide immunity, "[t]he Communications Decency Act was not meant to create a lawless no-man's-land on the Internet." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC,* 521 F.3d 1157, 1164 (9th Cir. 2008). In fact, "Congress sought to immunize the *removal* of user-generated content, not the creation of content." *Id.* at 1163 (emphasis added).   Craigslist is not being sued for removing, blocking, or screening offensive materials.   This suit is due to Craigslist creating and developing a website that promotes and facilitates illegal sex trafficking and for failing to regulate and/or police the criminal activity taking place on its website.

Craigslist is responsible for creating and developing a website where traffickers pay to advertise both their adult and minor victims. *See generally,* FAC at ¶ 59. Craigslist created its "erotic services" section, allowing potential purchasers of commercial sex to choose their geographic area and then scroll through a list of commercial sex advertisements. *See id.* at ¶ 60. By creating the "erotic services" section, Craigslist defined and encouraged the advertisements for illegal sex that would be accessible within that section. The term "erotic services" was written by Craigslist, placed on the website by Craigslist, and the effect of such term was solely

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **10**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

controlled by Craigslist.[8] Craigslist's creation of the "erotic services" and "adult services" sections exempts it from immunity under the CDA.[9] Craigslist's platform as alleged in Plaintiff's Complaint shows that Craigslist's user interface, categories, and filters "assist[ed] in the crafting, placement, and promotion of illegal advertisements[10]" which offered sex trafficking victims such as Plaintiff for sale.

### a. Craigslist is Responsible

In enacting CDA § 230, Congress only exempted websites from liability if they were not *responsible, in whole or in part*, for the *creation* or *development* of illegal content on their website.[11] Here, Craigslist is *responsible* for the child sex trafficking ads they displayed on their

[8]  These facts are adequately alleged in Plaintiff's Complaint. It was only after growing pressure from law enforcement and the public that Craigslist chose to re-label its "erotic services" section to "adult services." FAC at ¶ 66. Once FOSTA became law and clarified CDA immunity, Defendant Craigslist shut down their "personal ads" section. *See id.* at ¶ 67.

[9]  *See J.S. v. Vill. Voice Media Holdings, LLC*, 359 P.3d 714, 715 (2015) (the Washington Supreme Court held that the classified ads website Backpage.com was not preempted by CDA § 230 because the plaintiff "alleged sufficient facts that, if proved true, would show that the defendants helped to produce the illegal content that was shown on the website").

[10]  *See* H.R. Rep. No. 115-572, pt. 1, at 4 (2018). The Committee discussed the Jane Doe civil cases again in Massachusetts where the District Court dismissed their complaint because the plaintiffs argued *only* that Backpage was not a publisher and notably failed to argue that Backpage was an information content provider, which would exempt Backpage from immunity. Nevertheless, the District Court found that Backpage had "tailored its website to make sex trafficking easier." Due to complications such as this, the Senate Permanent Subcommittee on Investigations launched a 20-month investigation into Backpage, finding that Backpage had held itself out to be a mere conduit, but in fact actively engaged in content creation and purposely concealing illegality in order to profit off of advertisements. *Id.* at 5.

[11]  In *Federal Trade Commission v. Accusearch*, 570 F.3d 1187, 1198-99 (10th Cir. 2009), the court stated:

> Just as the CDA does not define *development* it does not define *responsible*. We do not provide a complete definition of the term that will apply in all contexts; but we can say enough to resolve this case and to assuage concern that the broad meaning for *development* that we have adopted will undermine the purpose of immunity under the CDA…

> In this context—responsibility for harm—the word responsible ordinarily has a normative connotation *See The Oxford English Dictionary* 742 (2d ed. 1998) (stating one definition of responsible as "Morally accountable for one's actions."). As one authority puts it: "[W]hen we say, 'Every man is responsible for his own actions,' we do not think definitely of any authority, law, or tribunal before which he must answer, but rather of the general law of right, the moral constitution of the universe…" James C. Fernald, *Funk & Wagnalls Standard Handbook of Synonyms, Antonyms, and Prepositions* 366 (1947). Synonyms for responsibility in this context are blame, fault, guilt, and culpability. *See Oxford American Writer's Thesaurus* 747 (2d ed. 2008). Accordingly, to be "responsible" for the development of offensive content, one must be more than a neutral conduit for that content. That is, one is not "responsible" for the development of offensive content if one's conduct was neutral with respect to the offensiveness of the content (as would be the case with the typical internet bulletin board). We would not ordinarily say that

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **11**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

"erotic services" website. Craigslist chose the words "erotic services" to headline the various advertisements appearing under that banner. Craigslist was not advertising lawnmowers for sale under that banner—the banner was intended to attract advertisements that fit within the definition of "erotic services," which certainly include sex for sale, whether via prostitution or sex trafficking.

Having an entire section devoted to "erotic services" made Craigslist responsible for the thousands upon thousands of sex trafficking advertisements that were posted to that section. The "erotic services" section was Craigslist's most popular and most visited section of their entire online presence. The public, various Attorney Generals, and many anti-sex trafficking organizations had repeatedly complained and notified Craigslist of the sex trafficking and child sex trafficking occurring on its website. *See* FAC at ¶ 44. Despite Craigslist's knowledge of sex trafficking and child sex trafficking advertisements, Craigslist allowed and encouraged such advertisements to flourish. Based on the foregoing, Craigslist is "responsible" for the sex trafficking advertisements they published on their website, including the advertisements of the minor Plaintiff M.L.

### b.    Craigslist Developed Content

Discussing the scope of CDA § 230 immunity, the Ninth Circuit defined the term "development" as follows:

> We believe that both the immunity for passive conduits and the exception for co-developers must be given their proper scope and, to that end, we interpret the term "development" as referring not merely to augmenting the content generally, but to materially contributing to its alleged unlawfulness.

*Roommates*, 521 F.3d at 1168-69.

For instance, "ordinary search engines do not use unlawful criteria to limit the scope of searches conducted on them, nor are they designed to achieve illegal ends. . . . Therefore, such

---

one who builds a highway is "responsible" for the use of that highway by a fleeing bank robber, even though the culprit's escape was facilitated by the availability of the highway.

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **12**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

search engines play no part in the 'development' of any unlawful searches." *Id*. at 1167. The Craigslist erotic services website, on the other hand, does nothing but "achieve illegal ends."

Simply put, "a website helps to 'develop' unlawful content, and thus falls within the exception to section 230, if it contributes materially to the alleged illegality of the conduct." *Id*. at 1168-69. Craigslist does not dispute that promoting sex trafficking is illegal.

To provide even greater clarity, the Ninth Circuit has approved of several definitions of the term "develop" and several methods by which a provider can become a "developer," "in whole or in part," thus voiding CDA immunity. *Id*. For example, a website "develops" unlawful content when it makes the content more "usable and available." *Id*. The *Roommates* Court also notes the term "web content development," can be defined as "the process of researching, writing, gathering, organizing and editing information for publication on websites." *Id*.

Perhaps even more notable given the allegations regarding the Craigslist defendants, the Ninth Circuit has concluded that the term "development" must have an independent and separate meaning to the term "creation." Thus, to *develop*, in whole or in part, must mean something more than to *create*, in whole or in part. Otherwise, the term "development" would be superfluous. *Id*. ("we are advised by the Supreme Court that we must give meaning to all statutory terms, avoiding redundancy or duplication wherever possible") (citing *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 197 (1985)).

> The Tenth Circuit has similarly adopted a broad definition of "development":
> The CDA does not define the term development. [The website defendant] would construe the word narrowly. It relies on two dictionary definitions, correctly noting that develop can mean to "[m]ake something new" and "[c]ome into existence."
> . . .
> But the CDA uses the phrase "creation or development of information," 47 U.S.C. § 230 (f)(3), and if the meaning of the word develop were limited to the two senses relied upon by [the website defendant], the word development would add nothing not already conveyed by the word creation. "Under a long-standing canon of statutory interpretation, one should avoid construing a statute so as to render statutory language superfluous." *McCloy v. U.S. Dept. of Agric.*, 351 F.3d 447, 451 (10th Cir. 2003); *see Roommates*, 521 F.3d at 1168. We therefore examine whether we can reasonably construe development more broadly.

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **13**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1    *F.T.C.*, 570 F.3d at 1197-98.

2              In more broadly defining the term "develop," the Tenth Circuit explained that

3    "[t]he dictionary definitions for 'develop' correspondingly revolve around the act of drawing

4    something out, making it 'visible,' 'active,' or 'usable.'" *Id*. (citing Webster's Third New

5    International Dictionary 618 (2002)). "Thus, a photograph is developed by chemical processes

6    exposing a latent image." *Id*. "Land is developed by harnessing its untapped potential for

7    building or for extracting resources." *Id*. "Likewise, when confidential telephone information

8    was exposed to public view through [the website defendant], that information was 'developed.'"

9    *Id*. The Court also pointed out, again citing Webster's Third International Dictionary, that "one

10   definition of develop is 'to make actually available or usable (something previously only

11   potentially available or usable).'" *Id*. Thus, "a service provider is 'responsible' for the

12   development of offensive content . . . if it in some way specifically encourages development of

13   what is offensive about the content." *Id*. There is no requirement that a website must actually

14   "author" content in order to void immunity. The website only needs to be *responsible in part* for

15   its creation or development.

16              **c.    Craigslist Created Content**

17         Craigslist also provided content which impacted each and every advertisement on their

18   sex trafficking website. Craigslist provided the words "erotic services" to define *all* of the ads

19   contained in that section. Craigslist chose the words "erotic services" and placed them on their

20   website. A potential sex purchaser had to actually "click" on the words "erotic services" to

21   access the many advertisements on young women and girls for sale contained therein, including

22   the multiple sex trafficking advertisements of the minor M.L.

23         Accordingly, the Craigslist-created word was very active. It actually opened a portal into

24   the Craigslist world of online trafficking. It defined every advertisement contained therein. Sex

25   purchasers knew this was no dating site. This was sex for sale. "Erotic services," the Craigslist-

26   chosen and created language, said it all. Craigslist argues that could mean lap dancing or

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **14**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

stripping or other sexual services. However, this minor child was not old enough to legally engage in any of these services. In addition, the ads themselves leave no doubt that this was simply raw sex for sale. Sex traffickers, victims, sex purchasers and law enforcement all understood that the "erotic services" section of Craigslist was sex trafficking and prostitution. Likewise, Craigslist certainly understood their own business. CDA § 230 does not grant immunity for even content "created *in part*" by a website. Here, it is undisputed that Craigslist created some content. Immunity is lost on this basis alone.

Still, even if this Court finds Craigslist is a service provider rather than a content creator, Congress has made it unequivocally clear that Defendant Craigslist is not immune from sex trafficking claims under the CDA. As stated above, FOSTA-SESTA clarified the intent of Congress when it passed the Communications Decency Act § 230 by criminalizing websites that facilitate sex trafficking by turning a blind eye. *See, e.g.*, 18 U.S.C. 2421A. Thus, CDA § 230 does not provide immunity, even to "internet service providers," when it comes to sex trafficking.

### C.      M.L.'s State Claims are Not Barred by the Statute of Limitations

A statute of limitations defense may only be raised in a motion to dismiss if it is apparent from the face of the complaint. Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *See Seven Arts Filmed Entertainment Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). Further, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. *See In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004) (*citing Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) ("[L]itigants need not try to plead around defenses")). As Defendant Craigslist pointed out, RCW 4.16.340 has a liberal discovery rule, allowing the statute of limitations to start running only once the victim "discover[s] that the act caused the injury for which the claim is brought." RCW. 4.16.340(a)(c).

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **15**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

Additionally, a court "may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014).

Plaintiff was first trafficked and sold by a trafficker for commercial sex at the age of 12, and has been trafficked continually throughout her life. *See* FAC at ¶ 37. The emotional and physical toll Plaintiff has endured over the years has caused severe emotional distress and trauma. Courts require that the statute of limitations be tolled until the victim discovers the causal connection between the defendant's acts and the injuries for which the claim is brought. *Hollmann v. Corcoran*, 949 P.2d 386 (1997). As apparent on the face of Plaintiff's First Amended Complaint, the causal connection between Craigslist and her injuries were not discovered easily.

Further, the court in *Korst*, stated that the burden of proof is on the defendant to prove that the plaintiff failed to bring a claim within the statute of limitations. *Korst v. McMahon*, 148 P.3d 1081, 1084 (2006). Craigslist must show that the plaintiff actually knew Craigslist's actions and/or omissions resulted in her injuries and that she failed to bring her claim before the statute of limitations expired. *Id.* Craigslist does not allege facts to show that M.L. knew of the causal connection between her injuries and the sexual abuse that caused them. Therefore, Craigslist has not met their burden of proof. As such, Plaintiff's state law claims are not barred by the statute of limitations.

### D.     M.L. Alleged Sufficient Facts to Support a Claim of Negligence

Plaintiff's First Amended Complaint sufficiently alleges a claim for negligence against Craigslist. Craigslist had a duty of care to operate their business in a manner that did not endanger minor children, including Plaintiff. *See* FAC at ¶ 190. Craigslist breached that duty because they knew or should have known that traffickers were using their businesses to advertise and facilitate the sale of minor children for commercial sex and failed to implement policies or procedures to protect those children, including Plaintiff. *See id.* at ¶ 191. As a direct and

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **16**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1   proximate result of Craigslist's misconduct, Plaintiff suffered and continues to suffer damages.[12]

2   *See* FAC at ¶ 192.

3       Craigslist argues Plaintiff has not stated a claim for negligence because no facts were

4   plead to show Craigslist owed a legally cognizable duty or caused her harm. Craigslist's

5   arguments fail for two reasons: (1) the TVPRA created a statutory duty in which Craigslist

6   breached; and (2) Craigslist's violation of the TVPRA was the actual and proximate cause of

7   Plaintiff M.L.'s damages. "In order to recover on a common law claim of negligence, a plaintiff

8   'must show (1) the existence of a duty to the plaintiff, (2) a breach of that duty, (3) a resulting

9   injury, and (4) the breach as the proximate cause of the injury.'" *Wuthrich v. King County*, 366

10  P.3d 926, 929 (2016).

11      Compliance with the TVPRA requires businesses, including internet advertising services

12  like Craigslist, to conduct a proactive analysis to determine whether the business financially

13  benefits from participation in a sex trafficking venture.  Businesses must take affirmative steps to

14  determine whether they financially benefit from sex trafficking – and if so, prevent sex

15  trafficking on their website and thus the attendant financial benefit derived from the occurrence

16  of sex trafficking. To make this determination – to find out what they should know – websites

17  must exert some meaningful effort to apprise themselves of the activities – especially flagrant

18  criminal activities – on their websites.

19      Craigslist breached their duty to take affirmative action with respect to the prevention of

20  sex trafficking on its website and failed to protect sex trafficking victims such as Plaintiff. As a

21  result of their failure to take affirmative steps to determine whether they financially benefited

22  from sex trafficking throughout their "erotic services" and later "adult services" sections,

23  Craigslist was the actual and proximate cause of Plaintiff's damages.

24

25  ───────────────────

[12] Plaintiff's damages include, but are not limited to: severe emotional distress, humiliation, mental anguish,
26  physical and mental pain and suffering, a decrease in her ability to enjoy life, past and future medical. Plaintiff also
    requests attorney's fees and costs, and other general and special damages, all in an amount to be determined at trial.
    FAC at ¶ 192.

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **17**

1    Craigslist's actions and/or omissions caused harm to Plaintiff by failing to prevent the

2    physical and sexual abuse the Plaintiff endured as a result of the advertisements posted on

3    Craigslist's website. By failing to take down the advertisements or implement policy and/or

4    procedure to verify the age, consent, or identity of those such as Plaintiff depicted on the erotic

5    services advertisements, Plaintiff was sold by her trafficker to up to 20 commercial sex

6    purchasers per day. *See* FAC at ¶ 7. As a result of the Craigslist advertisements, hundreds of

7    commercial sex buyers were able to view Plaintiff as a commodity for sale and purchase her for

8    commercial sex. Based on the foregoing, Plaintiff has pled a claim for negligence against

9    Craigslist.

10   **E.    M.L. Alleged Sufficient Facts to Support a Claim of Outrage**

11   Plaintiff's First Amended Complaint has pled a claim for Outrage against Craigslist.

12   Craigslist engaged in extreme and outrageous conduct by knowingly and/or negligently allowing

13   traffickers to advertise and facilitate the sale of Plaintiff for sex through its website. *See* FAC at ¶

14   194. As a result of this extreme and outrageous conduct, commercial sex buyers utilized

15   Craigslist's website to gain access to Plaintiff and sexually abuse her. *See id.* at ¶ 195. Craigslist

16   knew or should have known that this extreme and outrageous conduct would inflict severe

17   emotional and psychological distress on Plaintiff. *See id.* at ¶ 196. As a result, Plaintiff suffers

18   severe emotional and psychological distress, including severe mental anguish, humiliation, and

19   emotional and physical distress. *See id.*

20   "The tort of outrage requires the proof of three elements: (1) extreme and outrageous

21   conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to

22   plaintiff of severe emotional distress." *Lyons v. U.S. Bank Nat'l Ass'n*, 336 P.3d 1142, 1151

23   (2014). Courts look at several factors, including the position occupied by the defendant, whether

24   the plaintiff was peculiarly susceptible to emotional distress and the defendant's knowledge of

25   this fact, and whether the defendant's conduct may have been privileged under the

26   circumstances. *Sutton v. Tacoma Sch. Dist. No. 10*, 324 P.3d 763 (2014). In this case, Craigslist

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **18**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1  created a platform and knowingly and/or negligently facilitated the trafficking of thousands of

2  victims around the nation, including minor Plaintiff M.L.

3  **F.      M.L. Alleged Sufficient Facts For Civil Remedies Under RCW §**

4  **9A.82.100(1)(a)**

5        Plaintiff's First Amended Complaint sufficiently alleges claims for civil damages against

6  Craigslist for its violations of (1) the Criminal Profiteering Act (RCW 9A.82.060; RCW

7  9A.82.080) and (2) Trafficking (RCW 9A.40.100). Under RCW § 9A.82.100(1)(a), a person who

8  sustains injury to his or her person, business, or property by an act of criminal profiteering that is

9  part of a pattern of criminal profiteering activity, or by an offense defined in RCW 9A.40.100

10  (trafficking), or RCW 9A.88.070, 9A.82.060, or 9A.82.080 (criminal profiteering), may file an

11  action in superior court for the recovery of damages and the costs of the suit, including

12  reasonable investigative and attorney's fees. The standard of proof brought pursuant to this

13  section is the preponderance of the evidence test. *See* RCW § 9A.82.100(9).

14        **1.      Craigslist Violated Washington's Criminal Profiteering Act**

15        Craigslist violated Washington's Criminal Profiteering Act, RCW 9A.82 *et seq.*, by

16  promoting, assisting, and facilitating prostitution, sex trafficking, and child sex trafficking on its

17  website. *See* FAC at ¶ 198. Craigslist knowingly profited from prostitution, and knowingly

18  advanced prostitution, in violation of RCW 9A.88.080 (Promoting Prostitution in the Second

19  Degree). *See* FAC at ¶ 198-99. Craigslist aided traffickers to commit or engage in the

20  commercial sex abuse of Plaintiff and procure and solicit customers for commercial sexual abuse

21  of minor Plaintiff M.L. by providing an online platform to sell her for sex. *See id.* at ¶ 201.

22  Craigslist instituted, aided, caused, assisted, and facilitated acts of commercial sexual abuse of

23  minor Plaintiff M.L. through its website  in violation of RCW 9.68A.101. *See id.* Additionally,

24  Craigslist utilized modern practices designed to institute, aid, cause, assist, and facilitate acts of

25  commercial sexual abuse of a minor. *See id.* Craigslist's actions constituted acts of criminal

26  profiteering that was part of a pattern of criminal profiteering as defined by RCW 9A.82 et seq.

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **19**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

*See id.* at ¶ 202. As a direct and proximate result of Craigslist's misconduct described in Plaintiff's complaint, Plaintiff suffered, and continues to suffer damages.[13]

### 2.   Craigslist Violated Washington's Trafficking Laws

Similar to the TVPRA analysis above, Craigslist benefited financially or received value from participation in a venture that engaged in acts such as recruiting, harboring, transferring, providing, obtaining, buying, purchasing, or receiving by any means another person knowing, or in reckless disregard of the fact that force, fraud, or coercion was defined in RCW 9A.36.070 would be used to cause the person to engage in forced labor, involuntary servitude, a sexually explicit act, or a commercial sex act, or that the person has not attained the age of eighteen years and is caused to engaged in a sexually explicit act or a commercial sex act. RCW § 9A.40.100(3)(a)(i)-(ii).

### G.   M.L. Alleged Sufficient Facts Under SECA (RCW 9.68A)

Plaintiff's First Amended Complaint sufficiently alleges Defendant violated the Sexual Exploitation of Children Act ("SECA"), specifically RCW 9.68A.040 (prohibiting the sexual exploitation of minors), RCW 9.68A.070 (prohibiting the possession of visual and or printed matter depicting plaintiff engaged in sexually explicit conduct),[14] and RCW 9.68A.090 (prohibiting communication with minors for immoral purposes). As stated above, Craigslist knowingly allowed and helped adult men sexually abuse and exploit Plaintiff. *See* FAC at ¶ 206.

### H.   M.L. Alleged Sufficient Facts to Support a Claim of Ratification

Plaintiff's First Amended Complaint sufficiently alleges a claim of ratification or vicarious liability against Defendant Craigslist. "A person ratifies a contract if, after discovery of the facts that would warrant rescission, he or she is silent or continues to accept benefits under

---

[13] *See supra* note 12; *see also* FAC at ¶ 203.
[14] Each post of M.L. on Craigslist showed her nude or partially nude, positioned in a sexually suggestive manner. *See* FAC at ¶¶ 38, 52.

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **20**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

1   the contract. "A party charged with ratification must have acted voluntarily, with full knowledge

2   of the facts." *Hooper v. Yakima Cty.*, 904 P.2d 1193, 1196 (1995).

3       The use of Craigslist's website to advertise and facilitate the sex trafficking of minors

4   such as Plaintiff was foreseeable. *See* FAC at ¶ 209. In fact, Craigslist knowingly aided and

5   assisted sex traffickers who posted the advertisements and knowingly profited from such illegal

6   activity. *See id.* As such, Craigslist is vicariously liable for the conduct of the sex traffickers

7   because Craigslist ratified their conduct and knowingly reaped the benefits. *See id.* at ¶ 210.

8   Craigslist knew sex traffickers were sexually abusing and exploiting Plaintiff and yet they did

9   nothing due to their financial motive. *See id.*

10  **I.      M.L. Alleged Sufficient Facts to Support a Claim of Unjust Enrichment**

11      Plaintiff's First Amended Complaint sufficiently alleges a claim of unjust enrichment

12  against Craigslist. As a result of Craigslist's wrongful sexual and financial exploitation of

13  Plaintiff, Craigslist unjustly profited and enriched itself at the expense of Plaintiff when it

14  received monetary gain through the advertisements posted on its website. *See* FAC at ¶ 213.

15  These benefits were conferred onto Craigslist with its knowledge and Craigslist accepted and

16  retained those benefits under circumstances that make it inequitable for Craigslist to retain them

17  without paying their value. *See id.* at ¶ 214.

18      Pursuant to Washington law, Plaintiff has plead facts sufficient to establish that (1)

19  Plaintiff conferred a benefit upon Defendant; (2) the benefit was received at the Plaintiff's

20  expense; and (3) it is unjust for Defendant to keep the benefit under the circumstances. *See*

21  *Young v. Young*, 191 P.3d 1258, 1262 (2008). Plaintiff's claim for unjust enrichment is a proper

22  assertion and should not be dismissed before discovery of the following facts.

23      First, Plaintiff conferred a benefit upon Craigslist throughout her suffering as a

24  trafficking victim, allowing Craigslist to profit off of her sex slavery. Craigslist financially

25  benefitted and enriched themselves at Plaintiff's expense through profits from advertisements

26  posted to exploit Plaintiff M.L. *See* FAC at ¶¶ 45, 47, 61, 63.

1      Second, Craigslist has known for years that advertisements in the erotic services section

2  were advertisements for sex with sex trafficking victims, including children. *See* FAC at ¶ 62. By

3  2009, Craigslist was the target of a vocal and well-publicized effort to change their conduct and

4  stop allowing illegal sex trafficking from occurring on its website. *See id.* at ¶ 44. Once FOSTA-

5  SESTA was enacted, ensuring criminal enforcement of websites who knowingly facilitate and

6  promote sex trafficking, Craigslist shut down its personal ads section. *See id.* at ¶ 67. By failing

7  to implement policy and procedures to prevent sex trafficking on its website and profiting off the

8  sex slavery of sex trafficking victims, Craigslist received enormous financial benefit at the

9  expense of Plaintiff and sex trafficking victims just like her.

10      Third, it is unjust for Defendant Craigslist to keep the benefit without payment to

11  Plaintiff M.L. It is inequitable for Defendant Craigslist to retain such profits obtained through

12  Craigslist's participation in the illegal trafficking and sexual exploitation of Plaintiff.

13  Based on the foregoing, Plaintiff has alleged sufficient facts for a claim of unjust enrichment.

14      **J.**    **M.L. Alleged Sufficient Facts to Support a Claim of Civil Conspiracy**

15  Plaintiff's First Amended Complaint sufficiently alleges a claim of civil conspiracy against

16  Craigslist. To prove a claim of civil conspiracy, "a plaintiff must prove by clear, cogent, and

17  convincing evidence that (1) two or more people combined to accomplish an unlawful purpose,

18  or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered

19  into an agreement to accomplish the conspiracy." *Puget Sound Sec. Patrol, Inc. v. Bates*, 389

20  P.3d 709, 714 (2017).

21  As stated above, Craigslist intentionally organized, managed, directed, supervised, and

22  financed three or more persons with the intent to engage in a pattern of criminal profiteering

23  activity. Each time Plaintiff's traffickers paid Craigslist its demanded fee through the use of a

24  pre-paid credit card, and each time Craigslist allowed Plaintiff's traffickers to advertise the

25  Plaintiff for sex on its website, Craigslist engaged in felonious acts in combination with

26  Plaintiff's traffickers and agreed to accomplish the sex trafficking of the Plaintiff. *See* FAC at ¶¶

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **22**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma South Avenue
Tacoma, Washington 98402
T: (253) 383-2000 | F: (253) 383-0154

71, 75. The actions of Craigslist and the actions of Craigslist's employees and users, as detailed above, constituted acts of a pattern of criminal profiteering. As a direct and proximate result of the foregoing misconduct, Plaintiff M.L. suffered, and continues to suffer damages.[15]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff M.L. respectfully requests that this Court deny Defendant Craigslist's motion to dismiss.

---

[15] *See supra* note 12; *see also* FAC at ¶ 221.

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **23**

Dated this 24th day of February 2020.

RESPECTFULLY SUBMITTED,

/s/ Erik L. Bauer
Erik L. Bauer (WSBA # 14937)
215 Tacoma Avenue South
Tacoma, Washington 98402
T: (253) 383-2000
F: (253) 383-0154
E: erik@erikbauerlaw.com

/s/ Kimberly Lambert Adams
Kimberly Lambert Adams
FL Bar # 0014479
316 S. Baylen St. Ste. 600
Pensacola, Florida 32502
T: (850) 435-7056
F: (850) 436-6056
E: kadams@levinlaw.com

***Trial Attorneys for Plaintiff***

PL.'S RESPONSE IN OPPOSITION TO
DEF. CRAIGSLIST'S MOTION TO DISMISS
3:19-CV-06153-BHS-TLF - **24**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receives CM/ECF notification.

DATED this 24th day of February 2020.     By:     /s/ Erik L. Bauer

Erik L. Bauer, WSBA No. 14937