HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M.L.,<br><br>Plaintiffs,<br><br>v.<br><br>CRAIGSLIST, INC.; CRAIG NEWMARK; JIM BUCKMASTER; G6 HOSPITALITY LLC; SEATAC HOTELS, LLC d/b/a MOTEL 6; WYNDHAM HOTELS AND RESORTS, INC.; and 2005 INVESTORS LLC d/b/a HOWARD JOHNSON INN,<br><br>Defendants. | No. 3:19-cv-06153-BHS<br><br>**WYNDHAM HOTELS & RESORTS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS [F.R.C.P. 12(B)(6)]**<br><br>NOTE ON MOTION CALENDAR:<br>February 28, 2020 |

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - i

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington | Tel: 206.839.4800

EAST\172621003.3

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENTS & AUTHORITIES ..................................................................................... 1

    A.   The First Amended Complaint Is An Impermissible Shotgun Pleading...................... 1

    B.   The First Amended Complaint Does Not Allege A TVPRA Claim Against WHRI... 3

        1.   The TVPRA does not create an affirmative duty to prevent trafficking perpetrated by third parties. ................................................................................ 3

        2.   WHRI did not benefit, knowingly or otherwise, from Plaintiff's alleged trafficker. ............................................................................................................ 6

        3.   The First Amended Complaint lacks allegations plausibly supporting that WHRI knew or should have known of Plaintiff's alleged trafficking. ............... 7

III. CONCLUSION .................................................................................................................. 10

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - i

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington | Tel: 206.839.4800

EAST\172621003.3

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bistline v. Parker*,
　918 F.3d 849 (10th Cir. 2019) ............................................................................................. 3, 5

*Boyle v. United States*,
　556 U.S. 938 (2009) ............................................................................................................ 4, 5

*D.L.S. v. Maybin*,
　130 Wash. App. 94 (2005) .................................................................................................... 8, 9

*Destfino v. Reiswig*,
　630 F.3d 952 (9th Cir. 2011) ................................................................................................. 2

*G.O. Am. Shipping Co., Inc. v. China COSCO Shipping Corp. Ltd.*,
　C17-912 MJP, 2017 WL 6026959 (W.D. Wash. Dec. 5, 2017) ............................................ 8

*Geiss v. Weinstein Co. Holdings LLC*,
　383 F. Supp. 3d 156 (S.D.N.Y. 2019) ................................................................................... 6

*Gilbert v. United States Olympic Comm.*,
　2019 WL 4727636 (D. Colo. Sept. 27, 2019) ....................................................................... 5

*Jane Doe 1 v. Red Roof Inns, Inc., et al.*,
　1:19-cv-03840-WMR (N.D. Ga. Feb. 7, 2020) ...................................................................... 1

*Jean-Charles v. Perlitz*,
　937 F. Supp. 2d 276 (D. Conn. 2013) .................................................................................. 5

*Kelsey v. Goldstar Estate Buyers Corp.*,
　3:13-CV-00354-HU, 2014 WL 1155253 (D. Or. Mar. 21, 2014) ......................................... 3

*Kerl v. Dennis Rasmussen, Inc.*,
　682 N.W.2d 328 (Wis. 2004) ............................................................................................... 9

*Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*,
　2013 WL 6816174 (W.D. Ark. Dec. 24, 2013) .................................................................... 6

*Lawson v. Rubin*,
　2018 WL 2012869 (E.D.N.Y. Apr. 29, 2018), *reconsideration denied,* 2018
　WL 7958928 (E.D.N.Y. June 11, 2018) ............................................................................... 7

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - ii

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington | Tel: 206.839.4800

EAST\172621003.3

*Mainz Brady Group, Inc. v. Shown*,
  C17-670 MJP, 2017 WL 4538968 (W.D. Wash. Oct. 11, 2017) ..........................................10

*Nissen v. Lindquist*,
  C16-5093 BHS, 2017 WL 26843 (W.D. Wash. Jan. 3, 2017) (Settle, J.) ..........................1, 2

*Ratha v. Phatthana Seafood Co., Ltd.*,
  2017 WL 8293174 (C.D. Cal. Dec. 21, 2017).................................................................4, 7

*Ray v. Spirit Airlines, Inc.*,
  836 F.3d 1340 (11th Cir. 2016) ............................................................................................4

*Ricchio v. McLean*,
  853 F.3 553, 555-56 (1st Cir. 2017) .....................................................................................5

*Rosner v. Bank of China*,
  528 F. Supp. 2d 419 (S.D.N.Y. 2007) ..................................................................................4

*Seattle Powersports LLC v. Harley-Davidson Motor Co. Inc.*,
  2019 WL 7878588 (W.D. Wash. Oct. 25, 2019)..............................................................7, 10

*Torres-Negron v. Merck & Co., Inc.*,
  488 F.3d 34 (1st Cir. 2007) ..................................................................................................9

*United States v. Afyare*,
  632 F. App'x 272 (6th Cir. 2016) ...........................................................................3, 4, 6, 8

*Weiland v. Palm Beach Cty. Sheriff's Office*,
  792 F.3d 1313 (11th Cir. 2015) .......................................................................................1, 2

*Weir v. Cenlar FSB*,
  2018 WL 3443173 (S.D.N.Y. July 17, 2018).......................................................................4

**Statutes**

18 U.S.C. § 1591 ............................................................................................................... *passim*

18 U.S.C. § 1595 ............................................................................................................... *passim*

Trafficking Victims Protection Reauthorization Act ......................................................... *passim*

**Other Authorities**

Rule 8....................................................................................................................................1

Rule 12.............................................................................................................................1, 10

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - iii

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029 | Tel: 206.839.4800

EAST\172621003.3

I.   **INTRODUCTION**

WHRI did not own, operate, or control the hotel at which Plaintiff alleges she was exploited, nor does Plaintiff allege any facts connecting WHRI to her, her trafficker, or any of the alleged conduct. The First Amended Complaint simply does not plausibly allege facts to support a claim against WHRI under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which permits civil claims against persons who commit trafficking crimes and those who knowingly participate in and benefit from a venture they knew or should have known committed sex-trafficking crimes against the plaintiff. 18 U.S.C. § 1595(a). Contrary to Plaintiff's argument, the TVPRA does not impose an affirmative duty on franchisors or, in this case, their parent companies to prevent sex trafficking perpetrated by criminals with whom they have no connection and about whom they have no knowledge. A similar claim against WHRI was recently dismissed for failure to state a claim in four separate cases in Northern District of Georgia. *See, e.g.*, Minute Entry (Dkt. 242), *Jane Doe 1 v. Red Roof Inns, Inc., et al.*, 1:19-cv-03840-WMR (N.D. Ga. Feb. 7, 2020) ("The Court rules the timely motions to dismiss filed by the franchis[o]rs [including WHRI] and argued today will be GRANTED . . . ."). The First Amended Complaint also is replete with "shotgun" pleading deficiencies that warrant dismissal.

II.  **ARGUMENTS & AUTHORITIES**

   A.   **The First Amended Complaint Is An Impermissible Shotgun Pleading.**

This Court and courts around the country have dismissed "shotgun" pleadings under Rule 12(b)(6). *Nissen v. Lindquist*, C16-5093 BHS, 2017 WL 26843, at *1 (W.D. Wash. Jan. 3, 2017) (Settle, J.) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "Shotgun" pleadings are "flatly forbidden" by Rule 8(a)(2) because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law . . . can be masked." *Weiland*, 792 F.3d at 1320 (internal quotations omitted). A complaint is considered to be a "shotgun" pleading if it contains multiple counts and "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington | Tel: 206.839.4800

EAST\172621003.3

count to be a combination of the entire complaint," or if it groups defendants together and makes allegations against them collectively "without specifying which of the defendants are responsible for which acts or omissions." *Id.*; *accord Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

The First Amended Complaint is a textbook "shotgun" pleading in both respects. Plaintiff does not (and cannot in good faith) contest that. Plaintiff instead urges the Court to disregard its own admonitions about "shotgun" pleading in *Nissen* because Plaintiff "pled facts about how and when she was trafficked at each Defendant Hotel." Dkt. 47, at 17. That argument misses the point. The First Amended Complaint alleges conduct against the "Defendant Hotels" collectively. *See* Dkt. 1-2, at ¶¶ 2 n.1, 3, 11, 163-188. It also makes allegations as to the "Howard Johnson Inn" without attributing the allegations to WHRI, the WHRI subsidiary that is the Howard Johnson® franchisor, or the individual franchisee. *See* Dkt. 1-2, at ¶¶ 149-162; *see also* Dkt 47, at 10 (arguing that "Wyndham rented rooms to the trafficker" despite Plaintiff's acknowledgement that the hotel was owned and operated by a franchisee). Plaintiff also offers no justification for asserting each count against the "Defendants" collectively and indiscriminately, or for asserting counts that adopt the allegations of all preceding paragraphs. *See* Dkt. 1-2, at ¶¶ 189-227.

Such "shotgun" pleading denies WHRI the degree of notice to which it is entitled. *Nissen*, 2017 WL 26843, at *2. It also has the effect of "mask[ing]" "theories for relief not provided by law" against WHRI, as the ultimate parent company of the franchisor of the Howard Johnson® brand. *Weiland*, 792 F.3d at 1320 (internal quotations omitted). If Plaintiff has a good-faith basis for asserting causes of action against WHRI (Plaintiff does not), Plaintiff must allege facts specific to WHRI sufficient to support each element of each claim, and to assert counts against WHRI that identify the specific paragraphs of the complaint that support each count. Plaintiff has not done that.

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 2

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029 | Tel: 206.839.4800

EAST\172621003.3

### B. The First Amended Complaint Does Not Allege A TVPRA Claim Against WHRI.

The TVPRA was amended in 2008 to provide for a standalone civil cause of action against a defendant who (i) knowingly benefits (ii) from participating in a venture (iii) that the defendant knew or should have known was committing sex-trafficking crimes against the plaintiff. 18 U.S.C. § 1595(a); *see also* 18 U.S.C. § 1591(a). The First Amended Complaint fails to allege facts sufficient to support any of these interrelated elements, except in a conclusory fashion that cannot support a claim. *See, e.g.*, *Kelsey v. Goldstar Estate Buyers Corp.*, 3:13-CV-00354-HU, 2014 WL 1155253, at *6 (D. Or. Mar. 21, 2014) (dismissing TVPRA claim where the complaint "regurgitate[ed]" the statute's language "woven together with conclusory statements and a generous use of 'and/or'"). In response to the Motion, Plaintiff mischaracterizes the basic elements of a TVPRA claim to suggest an affirmative duty on the part of the hotel industry to prevent trafficking, regardless of whether a particular defendant knew of or interacted with anyone who allegedly committed crimes in violation of the TVPRA.

#### 1. The TVPRA does not create an affirmative duty to prevent trafficking perpetrated by third parties.

The TVPRA applies to multiple forms of trafficking, including sex trafficking. The TVPRA triggers civil liability for those who perpetrate trafficking crimes and those who knowingly benefit from their participation in a venture that they knew or should have known engaged in sex trafficking. 18 U.S.C. § 1595(a). The TVPRA defines "venture" as "any group of two or more persons *associated in fact*, whether or not a legal entity." 18 U.S.C. § 1591(e)(6) (emphasis added); *Bistline v. Parker*, 918 F.3d 849, 874-75 (10th Cir. 2019) (applying "venture" definition outside of Section 1591). In the sex-trafficking context, the term "venture" means "a sex-trafficking venture" and only exists where "[t]wo or more people [] engage in sex trafficking together." *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016). "Participation" in a TVPRA "venture" requires some "overt act" in furtherance of trafficking; nonfeasance (i.e., the

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 3

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029 | Tel: 206.839.4800

EAST\172621003.3

alleged failure to prevent trafficking) is not sufficient. *Afyare*, 632 F. App'x at 286 (holding that "mere negative acquiescence" is not enough);[1] *Ratha v. Phatthana Seafood Co., Ltd.*, CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017).

The Supreme Court has recognized that, for purposes of determining whether people are "associated in fact" (as in the case of a TVPRA "venture"), "[t]he concept of 'association' requires both interpersonal relationships and a common interest." *Boyle v. United States*, 556 U.S. 938, 944 (2009). Commercial transactions (e.g., loans, the sale of goods or services, or, in this case, the rental of a hotel room) do not give rise to a reasonable inference that the participants in such transactions shared any common interest or purpose. *See, e.g.*, *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1352 (11th Cir. 2016) ("The second amended complaint fails because it has not plausibly alleged that the technology [] and public relations [] vendors named in the complaint shared a common purpose with Spirit."); *Weir v. Cenlar FSB,* 16-CV-8650 (CS), 2018 WL 3443173, at *6 (S.D.N.Y. July 17, 2018) ("[B]eing an 'instrumentality' does not thereby mean one shares a common purpose."); *Rosner v. Bank of China,* 528 F. Supp. 2d 419, 428-29 (S.D.N.Y. 2007) ("The fact that BoC provided general professional services to IFS and Siu Lap, services that BoC provides to the public at large, does not provide a basis for inferring that BoC, IFS, and Siu Lap shared a common unlawful purpose.").

In this case, there is no allegation that WHRI or any person or entity affiliated with WHRI knew of or interacted with Plaintiff or her alleged trafficker. To the contrary, Plaintiff alleges that the trafficker rented a room from the independent franchisee that owned and operated the hotel. In any event, commercial transactions by themselves (*e.g.*, the rental of a hotel room) are not sufficient to show that the participants in those transactions "associated in fact" for purposes

---

[1] Plaintiff urges the Court to disregard the Sixth Circuit's decision in *Afyare* because "it is a criminal case." Dkt. 47, at 15. Plaintiff ignores that the text of Section 1595(a) closely tracks the elements for a criminal violation of Section 1591(a)(2) and that both require "participation in a venture." *See* 18 U.S.C. §§ 1591(a)(2), 1595(a). The fact that *Afyare* arose in the criminal context does not obviate this common statutory element.

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 4

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029 | Tel: 206.839.4800

EAST\172621003.3

of a TVPRA "venture." 18 U.S.C. § 1591(e)(6); *Boyle*, 556 U.S. at 944.

Plaintiff distorts the text of the TVPRA to argue that WHRI participated in a TVPRA "venture" with Plaintiff's trafficker notwithstanding the lack of any allegation that WHRI knew of or interacted with Plaintiff's trafficker. What Plaintiff argues for is a liability standard that would effectively create strict liability for any vendor that provides goods or services to the general public that happen to be used by a trafficker in connection with committing crimes in violation of the TVPRA. Specifically, Plaintiff argues that, under the TVPRA, "[b]usinesses," including those "in the hospitality industry," "must take affirmative steps to determine whether they financially benefit from sex trafficking—and, if so, prevent sex trafficking . . . ." Dkt. 47, at 7. Plaintiff's argument for an "affirmative" duty to "prevent sex trafficking" is fundamentally irreconcilable with the TVPRA's express requirement for "participation in a venture" that committed sex-trafficking crimes. 18 U.S.C. § 1595(a).

Moreover, the cases cited by Plaintiff finding a TVPRA "venture" involved some common purpose among the alleged "venture" participants and not just a commercial transaction. *See, e.g.*, *Jean-Charles v. Perlitz*, 937 F. Supp. 2d 276, 288 (D. Conn. 2013) (finding that school for "poor children" in Haiti constituted a "venture" for purposes of the TVPRA because the school's founder allegedly "caused [the children] to engage in sexual activity in exchange for basic necessities"); *Gilbert v. United States Olympic Comm.*, 18-CV-00981-CMA-MEH, 2019 WL 4727636, at *2 (D. Colo. Sept. 27, 2019) (finding that the organizations managing the U.S. Olympic operations were in a "venture" with two members of the U.S. national taekwondo team, who allegedly committed TVPRA crimes ); *see also Bistline*, 918 F.3d at 874-75 (finding "venture" allegations sufficient where the complaint alleged that "the scheme set up by the defendants was designed expressly for the purpose of facilitating [] crimes" of the Fundamentalist Church of Jesus Christ of Latter-Day Saints and its leader, Warren Jeffs); *Ricchio v. McLean*, 853 F.3 553, 555-56 (1st Cir. 2017). And, in any event, overt acts in furtherance of the trafficking must be shown. Construing the phrase "participation in a venture" otherwise would "create a

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 5

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029 | Tel: 206.839.4800

EAST\172621003.3

vehicle to ensnare conduct that the statute never contemplated." *Afyare*, 632 F. App'x at 286.

### 2. WHRI did not benefit, knowingly or otherwise, from Plaintiff's alleged trafficker.

To establish a standalone civil claim under Section 1595, a plaintiff must show that the defendant participated in a sex-trafficking venture, and that the defendant "***knowingly*** benefit[ed] . . . ***from*** [that] participation." 18 U.S.C. § 1595(a) (emphasis added). As explained in *Geiss v. Weinstein Co. Holdings LLC*, "there must be a causal relationship between affirmative conduct furthering the sex-trafficking venture and a receipt of a benefit, with actual or, in the civil context, constructive knowledge of that causal relationship." 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019).

The First Amended Complaint does not plausibly allege that WHRI benefited from any conduct that furthered Plaintiff's alleged trafficking, let alone that WHRI had the requisite awareness. At most, the First Amended Complaint only plausibly alleges that WHRI (indirectly through the Howard Johnson® franchisor) had a franchise relationship with a third-party franchisee, which in turn may have paid royalties to the Howard Johnson® franchisor. That is insufficient. *Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) ("The fact that sexual abuse was committed by the ministry's leader and that members of the ministry had their expenses paid for through ministry funds is simply not sufficient to establish a violation of 18 U.S.C. § 1591."). Plaintiff, however, suggests that any benefit even remotely connected to a trafficking crime is sufficient. *See* Dkt. 47, at 9-10. It is not. There must be a causal connection between the receipt of a benefit and participation in a venture. Plaintiff's construction of Section 1595(a) does not give effect to each element in the phrase "knowingly benefits . . . ***from*** participation in a venture" that commits sex-trafficking crimes. 18 U.S.C. § 1595(a). The First Amended Complaint does not allege any facts supporting a plausible inference of a causal relationship between any affirmative conduct by the Howard Johnson® franchisor or WHRI in furtherance of a trafficking venture and the receipt of any benefit. The TVPRA claim, therefore, should be dismissed.

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 6

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029 | Tel: 206.839.4800

EAST\172621003.3

>    **3.    The First Amended Complaint lacks allegations plausibly supporting that WHRI knew or should have known of Plaintiff's alleged trafficking.**

The last element for a standalone civil claim under Section 1595(a) requires a plaintiff to show that the defendant knew or should have known that the venture in which it knowingly participated caused plaintiff to commit commercial sex acts through force, fraud, or coercion. 18 U.S.C. §§ 1591(a); 1595(a). Critically, the "should have known" standard only applies to this third element. Plaintiff argues that general knowledge about trafficking in the hospitality industry should be sufficient, but it is not. Plaintiff must plead facts giving rise to a reasonable inference that WHRI knew or should have known about Plaintiff's trafficking. *Ratha*, 2017 WL 8293174, at *4 ("Plaintiffs argue that Rubicon and Wales knew or should have known that Phatthana allegedly engaged in [trafficking] based on general reports about human trafficking in Thailand and letters by advocacy groups . . . criticizing the working conditions at Phatthana's Songkhla factory. . . . Plaintiffs have failed to demonstrate that Rubicon or Wales knew or should have known that human trafficking existed at Phatthana's Songkhla factory.").[2] Yet, the First Amended Complaint does not allege that WHRI knew that Plaintiff was being trafficked or witnessed anything that could give rise to a plausible inference that they should have known that Plaintiff was being sexually exploited. *See, e.g.*, *Lawson v. Rubin,* 17-CV-6404 (BMC), 2018 WL 2012869, at *14 (E.D.N.Y. Apr. 29, 2018), *reconsideration denied,* 2018 WL 7958928 (E.D.N.Y. June 11, 2018) (dismissing TVPRA claim against owner of condominium complex, reasoning that two incidents involving first responders were insufficient to give rise to a

---

[2] Plaintiff criticizes WHRI's citation to the *Ratha* decision because it was decided at the summary judgment phase. Dkt. 47, at 10. Later, Plaintiff complains that "the Parties have conducted no discovery" in this case. Dkt. 47, at 21. Plaintiff's criticisms miss the mark. The law is the same regardless of whether a party has moved to dismiss or moved for summary judgment. And, here, the First Amended Complaint's allegations of general knowledge, even if true, are insufficient to support a claim that WHRI knew or should have known about Plaintiff's trafficking, which makes dismissal appropriate. As to Plaintiff's purported need to conduct discovery, "discovery is not for finding the facts needed to state a claim." *See, e.g.*, *Seattle Powersports LLC v. Harley-Davidson Motor Co. Inc.*, 219CV01339RSLBAT, 2019 WL 7878588, at *11 (W.D. Wash. Oct. 25, 2019), *report and recommendation adopted*, 219CV01339RSLBAT, 2020 WL 606686 (W.D. Wash. Feb. 7, 2020).

| | |
|---|---|
| DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS No. 3:19-cv-06153 - 7 | DLA Piper LLP (US) 701 Fifth Avenue, Suite 6900 Seattle, Washington 98104-7029 \| Tel: 206.839.4800 |

EAST\172621003.3

reasonable inference that the owner knew or should have known that the occupant of the penthouse was committing trafficking crimes).

Plaintiff makes a number of arguments based on the franchise relationship between Howard Johnson® franchisor and the franchisee in an attempt to overcome this shortcoming in the First Amended Complaint. As an initial matter, a plaintiff cannot satisfy the TVPRA's "participation in a venture" requirement based on a lawful association (*e.g.*, a franchisor-franchisee relationship) unrelated to sex trafficking. *See, e.g.*, *Afyare*, 632 F. App'x at 286; *Noble*, 335 F. Supp. 3d at 524; *Noble*, 335 F. Supp. 3d at 524 (rejecting arguments that would "read[] a form of liability into [the TVPRA] that [is] not provide[d] for" in the statute itself (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 183 (1994))). Each of these arguments fail for that reason.

Moreover, Plaintiff argues that WHRI had an "alter ego . . . relationship" with the franchised hotel. Dkt. 47, at 20. But Plaintiff did not allege such a relationship in the First Amended Complaint, let alone make well-pled factual allegations to support it. Plaintiff cannot rely on a legal argument that is not tethered to well-pled allegations. *See, e.g.*, *G.O. Am. Shipping Co., Inc. v. China COSCO Shipping Corp. Ltd.*, C17-912 MJP, 2017 WL 6026959, at *2 (W.D. Wash. Dec. 5, 2017) (stating that even "conclusory allegations of dominion and control without any factual support are insufficient to sustain an alter ego theory" and noting that because piercing the corporate veil is a "rare exception," the pleading must allege specific facts).

Plaintiff's apparent agency argument also is misplaced, inasmuch as an apparent agency theory requires well-pled allegations that Plaintiff subjectively believed that the franchisee was an agent of WHRI, and that Plaintiff relied upon that belief in engaging with the franchisee. "The doctrine is intended to protect third parties who justifiably rely upon the belief that another is the agent of a principal." *D.L.S. v. Maybin*, 130 Wash. App. 94, 97 (2005). The First Amended Complaint alleges that she was trafficked at the Howard Johnson® hotel; it does not allege that Plaintiff relied on the hotel's brand in deciding to stay there. Dkt. 1-2 at ¶ 121(a). Nor does

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 8

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029 | Tel: 206.839.4800

EAST\172621003.3

1  Plaintiff credibly argue that WHRI and the franchisee are "joint employers." Dkt. 47, at 20.
2  Well-pled allegations supporting such a finding are lacking in the First Amended Complaint, and
3  Plaintiff cites no case law that would support liability in this case, probably because the joint
4  employer doctrine does not apply in this context. *See, e.g.*, *Torres-Negron v. Merck & Co., Inc.*,
5  488 F.3d 34, 41 n.6 (1st Cir. 2007) ("[A] finding that two companies are an employee's 'joint
6  employers' only affects each employer's liability to the employee for their *own* actions . . . .").

7  Moreover, a franchise relationship, by itself, is insufficient to impute liability from the
8  franchisee to the franchisor or the franchisor's ultimate parent company. *See, e.g.*, *D.L.S. v.*
9  *Maybin*, 130 Wash.App. 94, 97 (Wash. App. 2005) (recognizing that franchising relationship did
10 not give rise to agency or vicarious liability against franchisor for claims arising from allegations
11 of sexual exploitation and rape brought by former franchisee employee because franchisor did
12 not exercise control over "day-to-day operations") (citing *Folsom v. Burger King*, 135 Wash.2d
13 658, 672 (1998)); *accord Kerl v. Dennis Rasmussen, Inc.*, 682 N.W.2d 328, 337-42 (Wis. 2004)
14 ("[W]e conclude that the quality, marketing, and operational standards and inspection and
15 termination rights commonly included in franchise agreements do not establish the close
16 supervisory control or right of control over a franchisee necessary to support imposing vicarious
17 liability against the franchisor . . . .").

18  Plaintiff argues that liability theoretically can be imputed from a franchisee to a franchisor
19 in certain circumstances, and then cites several cases that at most recognize that a franchisor can
20 be held liable in some circumstances where the franchisor exerts day-to-day control over the
21 specific instrumentality that caused harm. The First Amended Complaint, however, contains no
22 well-pled allegations of control that could give rise to liability here, only that the Howard
23 Johnson[®] franchisor has brand standards. *See, e.g.*, Dkt. 1-2, at ¶¶ 24(e), 121(i)). That itself
24 shows the absence of control. *See, e.g.*, *Kerl*, 682 N.W.2d at 338 ("[A]lthough franchise
25 agreements typically impose detailed requirements on the franchisee's operations [], the
26 existence of these contractual requirements does not mean that franchisors have a role in

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 9

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029 | Tel: 206.839.4800

EAST\172621003.3

managing the day-to-day operations of their franchisees.  To the contrary, the imposition of quality and operational requirements by contract suggests that the franchisor does not intervene in the daily operation and management of the independent business of the franchisee.").

Plaintiff then effectively concedes that she has no good-faith basis for alleging facts that could give rise to liability against the Howard Johnson® franchisor (let alone WHRI as its ultimate corporate parent), complaining that "the Parties have conducted no discovery on whether Howard Johnson Inn or Wyndham exercise control over employees at their respective Defendant branded hotels . . . ." Dkt. 47, at 21.  But therein lies the problem; "discovery is not for finding the facts needed to state a claim."  *Seattle Powersports LLC v. Harley-Davidson Motor Co. Inc.*, 219CV01339RSLBAT, 2019 WL 7878588, at *11 (W.D. Wash. Oct. 25, 2019), *report and recommendation adopted*, 219CV01339RSLBAT, 2020 WL 606686 (W.D. Wash. Feb. 7, 2020); *Mainz Brady Group, Inc. v. Shown*, C17-670 MJP, 2017 WL 4538968, at *2 (W.D. Wash. Oct. 11, 2017) (recognizing that Rule 12(b)(6) is "designed to prevent" a plaintiff from making "vague allegations" in an effort to "go on a discovery fishing expedition to see if it can make [those allegations] stick").[3]

### III.   CONCLUSION

For the foregoing reasons, WHRI respectfully requests that the Court GRANT WHRI's Motion and dismiss the First Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[3] The "shotgun" pleading defects in the First Amended Complaint make it difficult to discern the basis for Plaintiff's remaining claims.  Insofar as Plaintiff's non-TVPRA claims are predicated on the vague and conclusory allegations relating to the franchising relationship between the Howard Johnson® franchisor and the franchisee (which appears to be the case), those claims fail as well.

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 10

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029 | Tel: 206.839.4800

EAST\172621003.3

RESPECTFULLY SUBMITTED this 28th day of February, 2020.

DLA PIPER LLP (US)

*s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
Alexandria Cates, WSBA No. 53786
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044
Tel:   206.839.4800
Fax:   206.839.4801
E-mail:  anthony.todaro@us.dlapiper.com
E-mail:  alexandria.cates@us.dlapiper.com

*Attorneys for Defendant Wyndham Hotels & Resorts, Inc.*

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 11

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029 | Tel: 206.839.4800

EAST\172621003.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 28th day of February, 2020.

*s/ Alicia Morales*
Alicia Morales, Legal Practice Specialist

DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
No. 3:19-cv-06153 - 12

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, Washington | Tel: 206.839.4800

EAST\172621003.3