Hon. Benjamin H. Settle
Hon. Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

M.L.,

                Plaintiff,

v.

CRAIGSLIST, INC., ET AL.,

                Defendants.

No. 3:19-cv-06153-BHD-TLF

CRAIGSLIST, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

**NOTE ON MOTION CALENDAR:**
**February 28, 2020**

**ORAL ARGUMENT SET FOR:**
**March 10, 2020 at 1:30 p.m.**

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF)

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

US-DOCS\114226936.9

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. ARGUMENT IN REPLY ....................................................................................1

    A.    M.L.'S STATE CLAIMS ARE TIME-BARRED
          UNDER RCW 4.16.340 ........................................................................1

    B.    M.L.'S STATE CLAIMS ARE BARRED BY CDA § 230 ..........................3

          1.    Section 230 Grants craigslist Immunity .............................4

          2.    FOSTA Does Not Eliminate craigslist's § 230 Immunity ................5

    C.    M.L. FAILS TO ADEQUATELY PLEAD HER STATE CLAIMS ............6

    D.    M.L. FAILS TO STATE A CLAIM UNDER THE TVPRA ........................8

          1.    The FAC Lacks Well-Pled Allegations that craigslist
              Participated in a Venture .....................................................9

          2.    The FAC Lacks Well-Pled Allegations that craigslist
              Should Have Known of M.L.'s Trafficking and that it
              Knowingly Benefited ........................................................11

III. CONCLUSION ................................................................................................12

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page i

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

# TABLE OF AUTHORITIES

**Cases**

*Accord Nivens v. 7-11 Hoagy's Corner*,
   943 P.2d 286 (Wash. 1997)..................................................................................................6

*Aldrich v. McCulloch Props., Inc.*,
   627 F.2d 1036 (10th Cir. 1980) ...........................................................................................2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................................2

*Bistline v. Parker*,
   918 F.3d 849 (10th Cir. 2019) ...........................................................................................10

*Boyle v. United States*,
   556 U.S. 938 (2009)....................................................................................................10, 11

*BP Am. Prod. Co. v. Burton*,
   549 U.S. 84 (2006)..............................................................................................................9

*C.S. v. Corp. of the Catholic Bishop of Yakima*,
   2013 WL 5373144 (E.D. Wash. Sept. 25, 2013).................................................................2

*Carollo v. Dahl*,
   240 P.3d 1172 (Wash. Ct. App. 2010)............................................................................1, 3

*Chi. Lawyers' Comm. for Civil Rights Under Law, Inc. v. Craigslist, Inc.*,
   519 F.3d 666 (7th Cir. 2008) ..............................................................................................4

*Dart v. Craigslist, Inc.*,
   665 F. Supp. 2d 961 (N.D. Ill. 2009) ..................................................................................5

*Del Rosario v. Del Rosario*,
   97 P.3d 11 (Wash. 2004).....................................................................................................7

*Dixon v. Yakima HMA, LLC*,
   178 Wash. App. 1012 (2013)..............................................................................................2

*Dyroff v. Ultimate Software Grp., Inc.*,
   934 F.3d 1093 (9th Cir. 2019) ............................................................................................4

*Estate of Bruce Templeton ex rel. Templeton v. Daffern*,
   990 P.2d 968 (Wash. Ct. App. 2000)..................................................................................6

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page ii

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
   545 U.S. 546 (2005)...................................................................................................6

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC.*
   521 F.3d 1157 (9th Cir. 2008) ................................................................................4, 5

*Geiss v. Weinstein Co. Holdings LLC*,
   383 F. Supp. 3d 156 (S.D.N.Y. 2019).................................................................11, 12

*Hays v. City of Spokane*,
   2011 WL 4852311 (E.D. Wash. Oct. 13, 2011) .........................................................2

*Hooper v. Yakima Cty.*,
   904 P.2d 1193 (Wash. Ct. App. 1995) .......................................................................7

*Igbonwa v. Facebook, Inc.*,
   2018 WL 4907632 (N.D. Cal., Oct. 9, 2018)..............................................................6

*Jennings v. Rodriguez*,
   138 S. Ct. 830 (2018).................................................................................................6

*Jones v. Dirty World Entm't Recordings LLC*,
   755 F.3d 398 (6th Cir. 2014) .....................................................................................4

*Khalid v. Microsoft Corp.*,
   409 F. Supp. 3d 1023 (W.D. Wash. 2019).................................................................2

*Korst v. McMahon*,
   148 P.3d 1081 (Wash. Ct. App. 2006).......................................................................2

*Puget Sound Sec. Patrol, Inc. v. Bates*,
   389 P.3d 709 (Wash. Ct. App. 2017).........................................................................8

*Ratha v. Phatthana Seafood Co.*,
   2017 WL 8293174 (C.D. Cal. Dec. 21, 2017) .........................................................11

*Ricchio v. McLean*,
   853 F.3d 553 (1st Cir. 2017)....................................................................................10

*Rosemond v. United States*,
   572 U.S. 65 (2014)...................................................................................................10

*SEC v. Edwards*,
   540 U.S. 389 (2004).................................................................................................10

*Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*,
   733 F.3d 1251 (9th Cir. 2013) ...................................................................................2

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page iii

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

*Sutton v. Tacoma Sch. Dist. No. 10*,
 324 P.3d 763 (Wash. Ct. App. 2014) ..................................................................................7

*Texaco Inc. v. Dagher*,
 547 U.S. 1 (2006) ...............................................................................................................10

*United States v. Afyare*,
 632 F. App'x 272, 286 (6th Cir. 2016) ..............................................................................11

*United States v. Hospedales*,
 No. 3:09-cr-05434-BHS (W.D. Wash. Oct. 25, 2010) .......................................................3

*United States v. Turkette*,
 452 U.S. 576 (1981) ...........................................................................................................10

*Young v. Young*,
 191 P.3d 1258 (Wash. 2008) ................................................................................................8

**Statutes**

18 U.S.C. § 1591 ..................................................................................................................10, 11

18 U.S.C. § 1595 ......................................................................................................................... passim

47 U.S.C. § 230 ........................................................................................................................... passim

RCW 4.16.080 ..................................................................................................................................2

RCW 4.16.340 ..........................................................................................................................1, 2, 3

RCW 5.40.050 ..................................................................................................................................6

RCW 9.68A.040 ................................................................................................................................7

RCW 9.68A.070 ................................................................................................................................7

RCW 9.68A.090 ................................................................................................................................7

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ......................................................................................9, 12

Oxford English Dictionary 268 (3d ed. 2010) ..................................................................................9

Oxford English Dictionary 520 (3d ed. 2010) ..................................................................................9

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page iv

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Restatement (Second) of Torts (1965)..................................................................................9

**Rules**

Fed. R. Civ. P. 12.....................................................................................................................2

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page v

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

# I. INTRODUCTION

M.L.'s response confirms that her Washington state law claims against craigslist fail as a matter of law for three independent reasons. First, her state claims are barred by the applicable statutes of limitations under RCW 4.16.340. Where a complaint makes clear that claims expired years ago, a plaintiff bears the burden to plead plausible facts to justify tolling under RCW 4.16.340(1)(c). M.L. has failed to meet this burden. Second, M.L.'s state claims stem entirely from content created by third parties, and as such, they are barred under § 230(c)(1) of the Communications Decency Act ("CDA"). M.L. has cited no controlling authority holding otherwise. Third, M.L.'s state claims fail because the First Amended Complaint ("FAC") (Dkt. #1-2) does not and cannot allege facts from which it can be plausibly inferred that M.L. satisfies the necessary elements. Finally, the response also confirms that M.L. failed to plead facts supporting an inference that craigslist's actions violated the Trafficking Victims Protection Reauthorization Act ("TVPRA").

# II. ARGUMENT IN REPLY

A.  **M.L.'S STATE CLAIMS ARE TIME-BARRED UNDER RCW 4.16.340**

M.L. acknowledges the three-year statute of limitations applicable to her state claims and rests her timeliness argument solely on RCW 4.16.340(1)(c)'s discovery provision. *See* Resp. Br. at 15 (Dkt. # 48). That provision tolls claims "for injury suffered as a result of childhood sexual abuse" that are brought "[w]ithin three years of the time the victim discovered that the act caused the injury for which the claim is brought." RCW § 4.16.340(1)(c). It applies only "(1) where there has been evidence that the harm being sued upon is qualitatively different from other harms connected to the abuse that the plaintiff had experienced previously, or (2) where the plaintiff had not previously connected the recent harm to the abuse." *Carollo v. Dahl*, 240 P.3d 1172, 1174 (Wash. Ct. App. 2010).

M.L. alleges no factual basis for tolling and incorrectly attempts to shift to craigslist the burden of proving the statute was *not* tolled. Defendants bear no such burden. Under

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Washington law, "[i]f the allegations show relief is barred by the applicable statute of limitation, the complaint is subject to dismissal for failure to state a claim." *Hays v. City of Spokane*, 2011 WL 4852311, at *2 (E.D. Wash. Oct. 13, 2011) (dismissing plaintiff's claims as time-barred because plaintiff failed to plead facts supporting tolling of Washington's three-year limitations period for personal injury, RCW 4.16.080(2)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1039 (W.D. Wash. 2019) (same for discovery of fraud, RCW 4.16.080(4)). "The plaintiff has the burden of establishing a factual basis for tolling the statute." *Hays*, 2011 WL 4852311, at *2. Specifically, in the context of RCW 4.16.340, a plaintiff must plead "*supporting factual content*" showing timeliness to survive Rule 12(b)(6) dismissal. *C.S. v. Corp. of the Catholic Bishop of Yakima*, 2013 WL 5373144, at *10–11 (E.D. Wash. Sept. 25, 2013) (dismissing plaintiff's claims because "the Complaint [failed] to plead sufficient facts to support Plaintiff's invocation of Washington's 'savings statute,' RCW 4.16.340").[1] In other words, a plaintiff "must plead specific, real-world facts which, when accepted as true, would support an inference that [she] has *discovered damages* related to the alleged abuse within the past three years." *Id.* (emphasis added).[2]

---

[1] M.L. incorrectly cites *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013), to argue that dismissal is proper only where "no set of facts . . . would establish the timeliness of the claim." But that quoted text does not appear anywhere in *Seven Arts*, and—in any event—any such rule would be inconsistent with *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] M.L. relies on two Third Circuit cases to assert that a plaintiff need not plead facts sufficient to overcome an affirmative defense. *See* Resp. Br. at 15–16. But those cases apply the judicially-created discovery rule for tolling *federal* statutes of limitations, not relevant Washington law. And even under the federal discovery rule, "the plaintiff has the burden of establishing a factual basis for tolling the statute" "when the dates given in the complaint make clear that the right sued upon has been extinguished," and the question may "be appropriately resolved on a Fed. R. Civ. P. 12(b) motion." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). M.L.'s reliance on *Korst v. McMahon*, 148 P.3d 1081 (Wash. Ct. App. 2006), is also unavailing. *Korst* stands for the unremarkable proposition that the *facts establishing* an affirmative defense must be proved by the defendant at trial, and that the defendant failed to do so. *See id.* at 1084. Even at trial, though, "[a] plaintiff asserting an exception to the statute of limitations . . . bears the burden of proving that a tolling provision applies." *Dixon v. Yakima HMA, LLC*, 178 Wash. App. 1012 (2013).

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

M.L. does not deny that the dates provided in the FAC show her state claims expired years ago: the last act involving craigslist alleged to have caused M.L.'s injuries was Sterling Hospedales' post on April 12, 2009. *See* Mem. Br. at 6 (Dkt. # 37). And M.L has failed to plead *any* facts alleging she discovered a new nexus between the alleged trafficking and her purported injuries within the past three years, as required for tolling under RCW 4.16.340(1)(c). *Carollo*, 240 P.3d at 1175 (RCW 4.16.340(1)(c) does not apply unless damages are "qualitatively different than they had been in the past."). Nor can she. In connection with her trafficker's criminal prosecution in 2010, M.L. provided detailed statements to law enforcement and a victim impact statement at his sentencing. The criminal record indisputably reveals that, at least by October 25, 2010, M.L. was aware of the connection between the abuse alleged in the FAC and her physical and emotional suffering—precisely the injuries complained of here. *See United States v. Hospedales*, No. 3:09-cr-05434-BHS (W.D. Wash. Oct. 25, 2010) (Settle, J.). RCW 4.16.340(1)(c) is simply inapplicable here. The FAC makes clear that limitations periods governing M.L's state claims have expired. Those claims must be dismissed with prejudice.

B.  **M.L.'S STATE CLAIMS ARE BARRED BY CDA § 230**

M.L. admits that Congress enacted 47 U.S.C. § 230 to "exempt[] websites from liability if they [are] not responsible . . . for the creation or development of illegal content on their website." Resp. Br. at 11. For that reason, § 230 immunizes interactive computer service providers—including craigslist—from precisely the sort of state law claims asserted in the FAC. At its core, M.L.'s response asks the Court to reject decades of consistent precedent that bars these types of claims against interactive computer service providers on the theory that the mere existence of a website's neutral platform transforms it into a content creator. This Court should reject this attempt to end-run § 230.

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1.  **Section 230 Grants craigslist Immunity**

Federal courts have consistently held that state claims like those alleged here are barred by § 230 because such claims treat craigslist as the publisher or speaker of content originating from third parties. *See, e.g.*, *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1099 (9th Cir. 2019) ("[A] website does not become a developer of content when it provides neutral tools that a user exploits to" violate the law.); *Chi. Lawyers' Comm. for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 671 (7th Cir. 2008) (Claims against craigslist were barred because craigslist was "not the author of the [allegedly harmful] ads and could not be treated as the 'speaker' of the posters' words.").

The response effectively concedes that: (i) craigslist is an interactive computer service; (ii) M.L.'s state claims seek to treat craigslist as the publisher or speaker of the content at issue; and (iii) the content at issue was created by a third party—*i.e.*, M.L.'s alleged trafficker. *See* Resp. Br. at 10–14. Rather, M.L. attempts to circumvent § 230 and hold craigslist liable on the theory that craigslist is an information content provider that created the content by actively participating in its development. *Id.*

But the Ninth Circuit rejected the very theory M.L. advances here in *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*. 521 F.3d 1157, 1167–68 (9th Cir. 2008). There, the court confirmed a service provider only becomes a content provider if it "materially contribut[es] to [the] alleged unlawfulness" of the content at issue. *Id.* As the Sixth Circuit has held, the material contribution test is a high bar cleared only where the service provider "require[s] users to violate the law as a condition of posting," "compensate[s] for the posting of actionable speech," or "post[s] actionable content" itself. *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 414 (6th Cir. 2014). A material contribution "does not mean merely taking action that is necessary to the display of allegedly illegal content," such as providing a forum for third-party posts. *Id.* at 410; *see also Dyroff*, 934 F.3d at 1099 (applying § 230 immunity where website did not "require[]

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

users to post specific content, ma[k]e suggestions regarding the content of potential user posts, or contribute[] to making unlawful or objectionable user posts").

The FAC alleges no facts showing that craigslist materially contributed to the unlawfulness of any of the postings through which M.L. was allegedly advertised. M.L.'s theory rests solely on her claim that craigslist's creation of the "erotic services" category on its website transformed it from a service provider into a content creator. Resp. Br. at 11–12. But Ninth Circuit precedent is clear that providing neutral features or tools does not transform a website operator into a content creator for purposes of § 230 immunity simply because such tools could be misused by third parties. *Roommates*, 521 F.3d at 1169 ("neutral tools" used "to carry out what may be unlawful or illicit . . . does not amount to 'development'"). Not all "erotic services" are illegal, and craigslist's creation of that category is therefore a "neutral tool"—even if some users misused it. As *Dart v. Craigslist, Inc.* explained when rejecting an identical theory, "[c]raigslist created the categories, but its users create the content of the ads and select which categories their ads will appear in." 665 F. Supp. 2d 961, 961–62 (N.D. Ill. 2009). Adopting M.L.'s definition of content creator here requires rejecting more than two decades of binding case law on § 230, and holding— for the first time—that any service provider that provides neutral tools on its website, which are then misused by third parties, is no longer immune under the CDA. That is not the law.

**2.    FOSTA Does Not Eliminate craigslist's § 230 Immunity**

In urging the Court to reject immunity, M.L. relies heavily on FOSTA, which she describes as "a sea change in the law." Resp. Br. at 9. But FOSTA did not change the relevant statutory text of § 230 that provides immunity here. M.L.'s vague argument that § 230 immunity no longer applies to her state claims is without foundation. FOSTA's plain text confirms § 230 continues to bar state civil claims like those at issue here. FOSTA created three specific exemptions to § 230 immunity addressing a newly created federal civil cause of action, and two kinds of state criminal prosecutions. *See* 47 U.S.C.

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

§ 230(e)(5)(A), (B), (C). *None* of these exemptions applies to state-law civil claims. If Congress had wanted to exempt such claims, it would have said so explicitly. *Jennings v. Rodriguez*, 138 S. Ct. 830, 844 (2018) (applying the negative-implication canon).

M.L. cites a snippet of FOSTA's legislative history and its vague statement of purpose to argue that in enacting FOSTA, Congress silently and impliedly repealed § 230 to the extent that it applies to state human trafficking claims. *See* Resp. Br. at 9–10. But the cited statements are not binding and simply ignore what Congress actually wrote into law. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005) ("[T]he authoritative statement is the statutory text, not the legislative history or any other extrinsic material."); *Igbonwa v. Facebook, Inc.*, 2018 WL 4907632, at *7 n.9 (N.D. Cal., Oct. 9, 2018) (rejecting argument based upon the "vague language" in the FOSTA preamble).

### C.   M.L. FAILS TO ADEQUATELY PLEAD HER STATE CLAIMS

Even if M.L.'s state claims could somehow survive the statute of limitations and CDA § 230, they nonetheless fail to state a claim.

**Negligence (Count 1)**. M.L. argues for the first time in her response and without citing any authority, *see* Resp. Br. at 17, that the TVPRA creates a statutory duty that craigslist breached. But Washington has abolished negligence per se, which means that a plaintiff cannot "predicate liability on the breach of a duty imposed by statute." *Estate of Bruce Templeton ex rel. Templeton v. Daffern*, 990 P.2d 968, 972 (Wash. Ct. App. 2000); *see also* RCW 5.40.050 ("A breach of a duty imposed by statute . . . shall not be considered negligence per se."). In any event, nothing in the TVPRA imposes a generalized legal duty of care to protect members of the public from third-party sex traffickers. *Accord Nivens v. 7-11 Hoagy's Corner*, 943 P.2d 286, 290 (Wash. 1997) (no general duty to "protect others from the criminal acts of third parties"); *see also* Mem. Br. at 15. M.L. also fails to allege facts establishing proximate, rather than "but for" causation. *See* Resp. Br. at 18.

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**Outrage (Count 2).** M.L.'s reliance on *Sutton v. Tacoma Sch. Dist. No. 10*, 324 P.3d 763, 768–69 (Wash. Ct. App. 2014), *see* Resp. Br. at 18, underscores her failure to allege that *craigslist*'s—as opposed to her alleged traffickers'—conduct constituted extreme and outrageous conduct under Washington law. There, the court found a genuine issue of material fact as to whether a teacher's physical and verbal abuse of a special needs first-grader was extreme and outrageous. *Sutton,* 324 P.3d at 768–69. In doing so, it considered "whether the defendant was aware of a high probability that his or her conduct would cause severe emotional distress and consciously disregarded that probability." *Id*. M.L. has not and cannot plead sufficient facts establishing a conscious awareness and disregard of her trafficking on the part of craigslist. *See* Mem. Br. at 16–17.

**Criminal Profiteering (Counts 3, 8).** M.L.'s response entirely fails to address craigslist's argument that a plaintiff must allege facts demonstrating the existence of an "enterprise" in which a defendant knowingly participated to commit certain enumerated felonies as part of a pattern of profiteering activity. *See* Mem. Br. at 17–18. In the absence of such an enterprise, the criminal profiteering claim fails.

**SECA (Count 4).** M.L. again repeats bare bone allegations without refuting craigslist's arguments, and fails to allege: (i) an "affirmative act of assistance" required under RCW 9.68A.040(1)(b); (ii) the existence of, much less craigslist's knowing possession of, depictions prohibited under RCW 9.68A.070; or (iii) any communications between craigslist and M.L., much less for "immoral purposes" under RCW 9.68A.090. *See* Mem. Br. at 18–19.

**Ratification (Count 5).** M.L. fails to deny that ratification exists only as a theory of liability under Washington law, and not as a stand-alone cause of action.[3] Nor has M.L.

---

[3] M.L. relies on *Hooper v. Yakima Cty.*, 904 P.2d 1193 (Wash. Ct. App. 1995), *abrogated by Del Rosario v. Del Rosario*, 97 P.3d 11, 15 (Wash. 2004), which uses "charged with ratification" to mean "accused of ratification" in the course of determining whether contractual release of liability was effective against the wife of an injured motorist. *See id.* at 1196. The case analyzed a theory of liability; the plaintiff did not bring an independent cause of action for "ratification."

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

alleged any legally cognizable relationship to support a theory of ratification of sexual abuse. *See* Mem. Br. at 19–20.

**Unjust Enrichment (Count 6).** M.L.'s response provides no basis for inferring that craigslist knew of the specific postings or knowingly obtained any benefit from them, and its recitation of the test in *Young v. Young*, 191 P.3d 1258 (Wash. 2008), conveniently omits that the defendant must have an "appreciation or knowledge" of the benefit. *Id.* at 1262; *see* Mem. Br. at 20. Furthermore, the FAC concedes craigslist donated posting fees from its erotic services category—*i.e.* concedes craigslist was *not* enriched. *See* Mem. Br. at 12 (citing FAC, ¶ 63); *Young*, 191 P.3d at 1261 ("Unjust enrichment occurs when one *retains* money or benefits." (emphasis added)).

**Civil Conspiracy (Count 7).** The FAC does not plead facts showing an underlying actionable claim accomplished by the alleged conspiracy, which is a prerequisite to a valid civil conspiracy claim. *See* Mem. Br. at 20–21. Nor does M.L. plead facts showing entry into an agreement with a third-party to accomplish an unlawful purpose.[4] M.L.'s allegations that a third-party posted advertisements on craigslist's website without craigslist's knowledge and contrary to its TOU does not establish that craigslist entered an "agreement" with the traffickers to traffic M.L.

### D.  M.L. FAILS TO STATE A CLAIM UNDER THE TVPRA

To establish a 18 U.S.C. § 1595(a) claim, a plaintiff must allege sufficient facts to show the defendant (i) "knowingly benefit[ed] . . . from," (ii) "participation in a venture," (iii) which that person "knew or should have known" was engaged in sex trafficking. M.L. alleges craigslist entered into a "venture with sex traffickers to efficiently market victims"

---

[4] M.L. cites *Puget Sound Sec. Patrol, Inc. v. Bates*, 389 P.3d 709, 714 (Wash. Ct. App. 2017), but that case actually supports craigslist. There, the court dismissed a civil conspiracy claim for failure to plead facts indicating the alleged co-conspirator took affirmative steps to "combine" with the primary defendants to violate certain contracts, concluding that the alleged co-conspirator's acts were consistent with a lawful purpose. *Id.* at 714–15. Similarly here, M.L. cannot show craigslist took affirmative steps to "combine" with M.L.'s traffickers for an unlawful purpose, and craigslist's conduct was consistent with a lawful purpose.

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

by allowing them to post ads, and financially benefited by collecting fees. FAC ¶¶ 60, 63. These allegations are insufficient. The statute—and common sense—establish that craigslist has not participated in any common "venture" with sex traffickers. Nor has M.L. plausibly alleged craigslist "should have known" she was being trafficked or that craigslist "knowingly benefit[ed]" from such trafficking.

### 1. The FAC Lacks Well-Pled Allegations that craigslist Participated in a Venture

The FAC fails to allege plausible facts showing that craigslist "participat[ed]" in a "venture" with M.L.'s alleged trafficker. *See* Resp. Br. at 7–9.

The analysis begins with the well-settled ordinary meaning of these terms. *See, e.g.*, *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006). A *venture* is an agreement made with a common purpose. *See Venture*, Black's Law Dictionary (11th ed. 2019) ("[a]n undertaking that involves risk; esp., a speculative commercial enterprise"); Oxford English Dictionary 520 (3d ed. 2010) ("[a]n enterprise of a business nature in which there is considerable risk of loss as well as chance of gain; a commercial speculation"); *see also Joint Venture*, Black's Law Dictionary (11th ed. 2019) (an undertaking by multiple people bound together by "an express or implied agreement" and "a common purpose that the group intends to carry out"); Restatement (Second) of Torts § 491 cmt. c (1965) (same). *Participation* is ordinarily understood to involve an overt act. Oxford English Dictionary 268 (3d ed. 2010) ("[t]he process or fact of sharing in an action, sentiment, etc.; . . . active involvement in a matter or event, esp. one in which the outcome directly affects those taking part"); *see also Participation*, Black's Law Dictionary (11th ed. 2019) ("[t]he *act* of taking part in something, such as a partnership, a crime, or a trial" (emphasis added)). Under § 1595's ordinary meaning, participation in a venture thus means (i) entering into an

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 9

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

agreement with a common purpose, and (ii) performing an overt act in furtherance of that common purpose.[5]

Congress embraced the plain meaning of "venture" in the TVPRA itself, which elsewhere defines "venture" as "any group of two or more individuals *associated in fact*." 18 U.S.C. § 1591(e)(6) (emphasis added); *see also Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017) (Souter, J.) (applying § 1591(e)(6) definition of "venture" to 18 U.S.C. § 1595(a)); *Bistline v. Parker*, 918 F.3d 849, 874–75 (10th Cir. 2019). The Supreme Court has explained that an association in fact is a "group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981) (interpreting RICO, which defines "enterprise" as requiring an association-in-fact). To establish the existence of such an association-in-fact, there must be evidence of "an ongoing organization, formal or informal," and evidence that "the various associates function as a continuing unit." *Id.* An association-in-fact must also have an ascertainable "structure," which requires "a purpose, relationships among those associated with the enterprise, and longevity sufficient to . . . pursue the enterprises purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009) (noting that "association" requires "both interpersonal relationships and a common interest"). Mere commercial transactions are not enough to satisfy this test. *See* Wyndham Reply Br. (Dkt. # 53) at 5–7 (citing cases).

Those same definitions and requirements sensibly govern the TVPRA's "venture" requirement. For that reason, courts have interpreted § 1591's analogous "venture" requirement for establishing sex-trafficking liability as requiring more than "mere negative

---

[5] This understanding is well-settled across other areas of American law, too. *See, e.g.*, *Rosemond v. United States*, 572 U.S. 65, 76–78 (2014) (one is an "active participant" in a criminal conspiracy when he "has decided to join in the criminal venture, and share in its benefits, with full awareness of its scope" and has "tak[en] the requisite act" to advance the venture); *Texaco Inc. v. Dagher*, 547 U.S. 1, 5–6 (2006) (Entities that pool their capital and share profits and losses are "participat[ing]" in a "joint venture" under the Sherman Act.); *SEC v. Edwards*, 540 U.S. 389, 395 (2004) (defining "investment contract" as "a common venture premised on a reasonable expectation of profits").

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 10

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

acquiescence" in sex trafficking; "mere association" with "some . . . endeavor (criminal or otherwise) is not enough." *United States v. Afyare*, 632 F. App'x 272, 283–84, 286 (6th Cir. 2016).[6] A defendant must "actually participate[]," through "some 'overt act' that furthers the sex trafficking aspect of the venture." *Id.* at 286; *accord Ratha v. Phatthana Seafood Co.*, 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017).[7]

M.L.'s theory is that craigslist entered into a "venture with sex traffickers to efficiently market victims," FAC ¶ 60, simply because traffickers posted ads on its platform. By that logic, craigslist has entered into billions of "ventures" with hundreds of millions of people for countless purposes, simply by making its classifieds listing platform available to the public. That makes no sense. A venture requires an ongoing association and common purpose—not merely an isolated commercial transaction between two otherwise unconnected parties. *See Boyle*, 556 U.S. at 944–46; Wyndham Reply Br. at 5–7. The FAC lacks facts suggesting either (i) an agreement between craigslist and M.L.'s trafficker for any common purpose of engaging in any course of conduct, or (ii) an overt act by craigslist with intent to further that purpose. Because there is no "venture," the § 1595 claim fails.

### 2. The FAC Lacks Well-Pled Allegations that craigslist Should Have Known of M.L.'s Trafficking and that it Knowingly Benefited

M.L.'s § 1595 claim fails for two additional reasons. *First*, Plaintiff has not alleged facts establishing that craigslist "knew or should have known" of the specific posts advertising M.L. At most, she alleges that craigslist had general knowledge some users might misuse its site, in violation of its TOU and in spite of its best efforts at prevention.

---

[6] M.L. contends that *Afyare* and cases interpreting § 1591 are "not applicable" to § 1595 claims, because of § 1595's "should have known" scienter requirement. *See* Resp. Br. at 6. But "beneficiary" liability under § 1595 can only exist if the defendant has "participated in a venture . . . [that] has engaged in an act in violation of this chapter"—*i.e.*, a venture that has committed sex-trafficking crimes in violation of § 1591. *Afyare* thus remains directly relevant to determining whether craigslist "participated in a venture," regardless of scienter.

[7] The Weinstein cases confirm these principles apply even for § 1595 claims premised on financial benefit. *See, e.g.*, *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019) (dismissing a § 1595 claim against The Weinstein Company premised on financial benefit for failure to allege "participation *in a sex-trafficking venture*").

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 11

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    But such generalized awareness is insufficient. M.L. has not alleged any facts that craigslist
2    was actually aware of Hospedales' posts advertising M.L. She must, therefore, show that
3    craigslist should have been aware of these five posts among the billions posted on its site.
4    FAC ¶ 72. This she has failed to do.

5    *Second*, M.L. has not pleaded adequate facts to support her theory that craigslist
6    "knowingly benefit[ed]" from participation in a venture to traffic M.L. simply because it
7    charged a fee to allow ads in its erotic services subsection. *See* Resp. Br. at 5–7. A *knowing*
8    benefit is more than a mere benefit. The phrase "knowingly benefits . . . from" requires the
9    defendant to have known the circumstances underlying satisfaction of the other § 1595(a)
10   elements and received (and retained) a benefit the defendant knows is tied to those
11   circumstances. *See Knowingly*, Black's Law Dictionary (11th ed. 2019) (Engaging "in
12   prohibited conduct with the knowledge that the social harm that the law was designed to
13   prevent was practically certain to result; deliberately."); *see also Geiss*, 383 F. Supp. 3d at
14   169 (requiring a "causal relationship" between the defendant's conduct furthering the
15   venture and receipt of a benefit, with knowledge of that relationship). Even if craigslist
16   could be deemed to have benefited from M.L.'s trafficking, it would not be a *knowing*
17   benefit because M.L. has not alleged craigslist knew the circumstances underlying the first
18   two elements of her § 1595(a) claim and knowingly received (and retained) a benefit from
19   those circumstances. If craigslist benefited at all during M.L.'s trafficking, those benefits
20   accrued "*in spite of*" rather than "*because of*" the trafficker's actions, and no sufficient
21   causal relationship therefore exists. *Geiss*, 383 F. Supp. 3d at 169–70. M.L. has thus not
22   alleged a *knowing* benefit.

### III. CONCLUSION

24   For the foregoing reasons, craigslist respectfully requests that the Court dismiss
25   with prejudice all claims against craigslist asserted in the FAC.

26   ///

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 12

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

DATED this 2nd day of March 2020.

McNAUL EBEL NAWROT & HELGREN PLLC

By: s/Avi J. Lipman
    Robert M. Sulkin, WSBA No. 15425
    Avi J. Lipman, WSBA No. 37661

600 University Street, Suite 2700
Seattle, Washington 98101
(206) 467-1816
rsulkin@mcnaul.com
alipman@mcnaul.com

AND

LATHAM & WATKINS LLP
Perry J. Viscounty (admitted *pro hac vice*)
Christina P. Teeter (admitted *pro hac vice*)
Roman Martinez (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 391-0600
perry.viscounty@lw.com
christina.teeter@lw.com
roman.martinez@lw.com

*Attorneys for Defendant craigslist, Inc.*

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 13

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receives CM/ECF notification.

DATED this 2nd day of March 2020.

By:   s/Avi J. Lipman
       Avi J. Lipman, WSBA No. 37661

CRAIGSLIST'S REPLY ISO MOT. TO DISMISS
(Cause No. 3:19-cv-06153-BHD-TLF) – Page 14

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816