UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M. L.,<br><br>                    Plaintiff,<br><br>        v.<br><br>CRAIGSLIST INC, G6 HOSPITALITY LLC, WYNDHAM HOTELS AND RESORTS INC, 2005 INVESTORS LLC,<br><br>                    Defendants. | CASE NO. C19-6153 BHS-TLF<br><br>ORDER DENYING DEFENDANTS' OBJECTIONS |

This matter comes before the Court on the order modifying protective order ("Protective Order") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 143, and Defendant craigslist, Inc.'s ("craigslist") objections, Dkt.146, and Defendant Wyndham Hotels & Resorts, Inc.'s ("Wyndham") objections, Dkt. 144, to the Protective Order.

# I.       Factual and Procedural Background

On May 15, 2020, Plaintiff M.L. ("Plaintiff") filed a motion for a protective order.[1] Dkt. 97. On May 29, 2020, Defendant G6 Hospitality responded, Dkt. 104, Wyndham responded, Dkt. 108, and craigslist responded, Dkts. 112 & 114. On June 15, 2020, Judge Fricke heard oral argument on the issues of the competing protective orders. Dkt. 126. On June 18, 2020, Judge Fricke issued a proposed Protective Order. On July 1, 2020, craigslist responded, Dkt. 130, Wyndham responded, Dkt. 131, Defendant 2005 Investors LLC responded, Dkt. 133, and Plaintiff responded, Dkt. 134, to the proposed order. On July 8, 2020, Judge Fricke issued a Protective Order. Dkt. 136.

On July 22, 2020, Plaintiff requested clarification or modification of provision 3(c)(11) of the protective order. Dkt. 137 at 1. Provision 3 concerns the protection of Plaintiff's identity regarding discovery and case preparation. Dkt. 135 at 2. Section 3(c)(11) of the original protective order provided that "[t]he Parties may disclose Plaintiff's true identity to the following: any potential, anticipated, or actual fact witness, and their counsel, but only to the extent Plaintiff's true identity will assist the witness in recalling, relating, or explaining facts." *Id.* at 4. Plaintiff argued in her request for clarification or modification that the scope of protection of her identity in the provision 3(c)(11) failed to accomplish the goals stated in § 2 of the Protective Order. Dkt. 137 at 2 (finding a "compelling interest in Plaintiff's privacy, and safety, and that protective order

---

[1] On May 15, 2020, Defendants each filed their own motions for protective order. Dkts. 90, 92, 93, 97. Plaintiff's motion for a protective order solely addressed the issue of safeguarding her identity, *see* Dkt. 97 at 7–8, and so the Court will only provide the relevant procedural and factual history as to her motion.

is necessary in order for Plaintiff to avoid having the sex trafficking perpetrator(s) obtain information about her identity . . . ."). Furthermore, Plaintiff argued that the intended protection was made useless by allowing uninhibited disclosure of her identity because provision 3(c)(11) did not make clear whether Defendants were permitted to disclose her identity to her trafficker(s) or her traffickers' affiliate(s). *Id.* at 4.

On July 29, 2020, Wyndham responded to Plaintiff's request for modification, Dkt. 138, to which the other Defendants joined, Dkts. 139, 140, 141. Defendants objected to the modification, arguing that any modification would inhibit their ability to investigate and prepare their case and that Plaintiff had not shown good cause warranting a modification. Dkt. 138 at 4. Judge Fricke found Plaintiff's concerns over her identity and Defendants' concerns over their ability to investigate were both reasonable. Dkt. 143 at 3. Judge Fricke thus modified the order to fulfill the goal of preventing Plaintiff's "sex trafficking perpetrator(s) obtain information about her identity," while also allowing defendants a reasonable recourse to disclose her identity if necessary. *Id.* at 3–4. The Protective Order thus modified the existing § 3(c)(11) to be stricken and replaced in full as follows:

> (11) any potential, anticipated, or actual fact witness, and their counsel, but only to the extent plaintiff's true identity will assist the witness in recalling, relating or explaining facts—except that plaintiff's true identity must not be disclosed to plaintiff's known trafficker(s) or plaintiff's traffickers' known affiliate(s), unless the parties follow the procedures in sub-paragraph (12) below;
>
> (12) plaintiff's known trafficker(s) or plaintiff's traffickers' known affiliate(s) and their counsel, but only to the extent plaintiff's true identity will assist the witness in recalling, relating or explaining facts; such disclosure is authorized only if the party requests and obtains a Court order

before making any disclosure. The moving party must file a motion describing the circumstances to the Court. Before filing a contested motion, the parties must first meet and confer, and if they reach agreement, they may submit a stipulated motion to the Court requesting such an order;

(13) the parties are prohibited from disclosing plaintiff's true identity to any person or entity other than those listed in this Protective Order. If the parties believe they have good cause to make a disclosure that is not authorized under the terms of this Protective Order, they may bring a motion to the Court for an order allowing disclosure.

*Id.* at 4–5.

On August 17, 2020, Wyndham filed objections to the Protective Order, Dkt. 144, and craigslist filed objections, Dkt. 146.

## II.     Discussion

When a party files objections to a nondispositve order, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Wyndham and craigslist challenge the Protective Order as contrary to law because Plaintiff did not make a specific showing of good cause, Dkt. 144 at 12–13; Dkt. 146 at 13–14, and because the Protective Order impedes an investigation and forces disclosure of work product, Dkt. 144 at 13–17; Dkt. 146 at 9–13. Wyndham also argues that Plaintiff's safety concerns should be addressed by law enforcement, rather than through a protective order. Dkt. 144 at 17–18. Craigslist additionally argues that paragraphs 3(c)(11) and (12) depart from protective orders entered in similar cases, which warrants the Court to strike the paragraphs and reinstate the original paragraph 3(c)(11). Dkt. 146 at 14–16.

1        Both Wyndham and craigslist argue that the Protective Order is contrary to law

2   because Plaintiff did not show good cause to warrant modification. Under Federal Rule of

3   Civil Procedure 26(c), a protective order may be granted upon a showing of good cause:

4   "The court may, for good cause, issue an order to protect a party or person from

5   annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P.

6   26(c). A party requesting a protective order bears the burden of showing that specific

7   harm or prejudice will occur if no order is granted. *Foltz v. State Farm Mut. Auto. Ins.*

8   *Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Broad allegations of harm, unsubstantiated by

9   specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See id.*

10       Wyndham and craigslist argue that Plaintiff's request for modification of the

11  protective order was done without a showing of specific examples of risk of harm,

12  rendering the Protective Order contrary to law. However, Judge Fricke found that the

13  "allegations in the Amended Complaint are sufficient to show the severity of the potential

14  harm is immense, and the Plaintiff's fear of harm if these individuals find out who she is,

15  or where she works, or where she resides, is reasonable." Dkt. 136 at 2. Plaintiff has

16  shown a risk of harm, and she provided articulated reasoning in her request for

17  modification as to why the original protective order was insufficient in carrying out the

18  goal of protecting Plaintiff. Wyndham and craigslist do not argue that Plaintiff's

19  reasoning was not well articulated, but rather singularly focus on how she did not provide

20  new, specific threats of harm to warrant modification. Wyndham and craigslist overlook

21  that the test for a protective order is in the disjunctive. A new showing of harm is not

22  required for modification; rather the allegation of harm must be substantiated by specific

examples or articulated reasoning. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Therefore, Judge Fricke was correct to find that Plaintiff's request for modification was done for good cause because the request included articulated reasoning explaining why the original protective order did not accomplish the goals in protecting her identity from her trafficker(s) or their affiliate(s). On this issue, the Court finds that the Protective Order is not contrary to law.

Wyndham and craigslist further object to the Protective Order as clearly erroneous or contrary to law because it impermissibly forces disclosure of attorney work product and because it impairs the ability to investigate and defend against Plaintiff's claims. Judge Fricke did find these concerns about investigations and work product reasonable and balanced Plaintiff's safety concerns against Defendants' need to disclose her identity in furtherance of their investigation and defense. Dkt. 143 at 3–4. Wyndham and craigslist fail, however, to explain why Judge Fricke's consideration was clearly erroneous or contrary to law. Defendants do not have to disclose to the Court and to Plaintiff every time they seek to interview Plaintiff's trafficker(s) or the traffickers' affiliate(s). By the plain language of the Protective Order, the moving party seeking to disclose Plaintiff's identity to trafficker(s) or affiliate(s) must file a motion describing the circumstances to the Court. *Id.* at 4. This term is not as onerous as Wyndham and craigslist contend, and the Court finds that such a modification is not clearly erroneous or contrary to law by impairing an investigation or disclosing work product. Indeed, Judge Fricke carefully and thoughtfully balanced the concerns of all parties in the modification.

1    Moreover, Wyndham's argument that Plaintiff has recourse through law

2  enforcement and the Trafficking Victims Protection Reauthorization Act ("TVPRA") is

3  unfounded. While it is true that the TVPRA stays civil actions during the pendency of a

4  criminal action arising out of the same occurrence in which the claimant is a victim, 18

5  U.S.C. § 1595(b)(2), it is unclear how Plaintiff's election to pursue a TVPRA civil claim

6  or request for a protective order, as is her right, renders the Protective Order clearly

7  erroneous or contrary to law. It is additionally unfounded that the Court should strike

8  paragraphs 3(c)(11) and (12) from Protective Order because it departs from other

9  protective orders in similar cases. Craigslist argues that, because other courts in similar

10 cases have required the plaintiff to move to object to the disclosure of her identity, the

11 Court should alter the Protective Order here. But craigslist does not show how the similar

12 cases and protective orders result in the Protective Order being clearly erroneous or

13 contrary to law. Judge Fricke acted within her discretion, as did the other District Court

14 judges in the cited similar cases, in balancing the parties' competing interests and issuing

15 the modified Protective Order.

16    Therefore, the Court **DENIES** Defendants Wyndham's and craigslist's objections.

17    Dated this 24th day of September, 2020.

18

19

20    BENJAMIN H. SETTLE
       United States District Judge

21

22