# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

M.L., an individual,

      Plaintiff,

  v.

CRAIGSLIST, et al.,

      Defendants.

Case No. 3:19-cv-6153-BHS-TLF

SECOND AMENDED COMPLAINT

## **COMPLAINT**

COMES NOW the Plaintiff M.L., by and through the undersigned counsel, and respectfully submits her complaint for damages and makes the following averments.

## **INTRODUCTION**

1. For years, sex trafficking ventures have brazenly operated both online, and in and out of hotels throughout this country. Criminals parade their misconduct openly on hotel and motel properties throughout the United States, and profit from providing harbor for the underlying assaults. The hotels and hospitality industry continue to neglect taking reasonable steps to prevent such criminal misconduct, instead choosing to earn a profit at the expense of human life, human rights, and human dignity. Before they were criminally indicted, Backpage.com attempted to sponsor a child sex trafficking conference for law enforcement and made public

**Second Amended Complaint for Damages** - 1

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

statements that they were fighting against human trafficking, even donating to organizations known to serve youth who had been forced into prostitution. Public appearances and sponsorships do not excuse corporations and individuals that have received financial benefit from sex trafficking. Major hotel brands have been led by the hotel industry to make claims that they are combatting human trafficking, all the while profiting from crimes that are perpetrated on their properties and by use of technology platforms.

2. All Defendants, including Craigslist, Inc.; Accor and G6 Hospitality, LLC d/b/a Motel 6®; Wyndham Hotels and Resorts, Inc., and 2005 Investors LLC d/b/a Howard Johnson Inn®[1], know and have known for more than a decade that sex trafficking repeatedly occurs under their flag and on their platforms throughout the country. Rather than taking timely and effective measures to thwart this epidemic, Defendants have instead chosen to ignore the open and obvious presence of sex trafficking on their properties throughout the country and optimize the sale of victims on their platforms, enjoying the profit from rooms rented and ads purchased for this explicit and apparent purpose.

3. During the times that Plaintiff was harmed, all Defendants were aware of or should have been aware of the vast benefits, including direct financial benefits that they gained through sex trafficking of Plaintiff. Instead of ending its facilitation of child sex trafficking, Craigslist created a façade of support by changing the name of its ad service from "erotic services" and charging extra for ads on its "adult services" category.

4. This action for damages is brought by the Plaintiff, a survivor of sex trafficking hereinafter identified by her initials M.L., under RCW 9.68A *et seq.* and RCW 9A.82 *et seq.*

---

[1] CRAIGSLIST, INC., may be referred to as "Defendant Craigslist." Collectively, ACCOR and G6 HOSPITALITY, LLC, d/b/a MOTEL 6®; and WYNDHAM HOTELS AND RESORTS, INC., and 2005 INVESTORS LLC d/b/a HOWARD JOHNSON INN® may be referred to as "Defendant Hotels."

**Second Amended Complaint for Damages** - 2

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

5.  M.L., a vulnerable child, was trafficked for commercial sex beginning at the age of 12 years old throughout the state of Washington. M.L. was preyed upon by traffickers, buyers, and profiteers who benefited each time M.L. was bought, sold, and required to comply with sexually abusive strangers. M.L. endured brutal physical assaults, psychological torment, verbal abuse, kidnapping, and false imprisonment at the Defendant Hotel properties over a period of 15 years as Defendant Craigslist and its corporate agents profited off of assisting in each arrangement for a critical portion of that time. All Defendants knew profits were derived from sex trafficking and did nothing but profit from M.L.'s continual trafficking, childhood sexual abuse, rapes, abduction, and assaults.

6.  Adult traffickers took nude photos of Plaintiff M.L. as a minor and posted them in the "erotic services" section, "adult services" section, and other sections, of Craigslist, and then advertised commercial sex acts that were to take place in multiple motel rooms, hotel rooms, and brothels. The place for the sex act was arranged between the advertisers and the buyers of the commercial sex acts. The aforementioned Motel 6$^{®}$ locations and Howard Johnson Inn$^{®}$ were among the locations, whereas a 12-year-old child, M.L. was frequently and repeatedly brought and held to be purchased by buyers, and which continued for years.

7.  During the life of an advertisement on Craigslist, a number of buyers would respond to request meeting locations. Minor M.L. would then call a buyer to her location "IN CALL" or be transported to a location that the buyer determined "OUT CALL." Minor M.L. would then be required to perform commercial sex acts, as she was in fact being molested, abused, and sexually assaulted by anywhere from two (2) to upwards of twenty (20) adult sex customers per day that the ad was online.

8.  Repeated acts took place with the actual and/or constructive knowledge of all

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Defendants, who turned a blind eye to sex trafficking, failed to take concrete and effective steps to prevent trafficking, and otherwise systematically created ways to use trafficking victims as a means to increase their profits. A continuing daily parade of buyers would arrive at the motel locations and enter into a room they either did not rent or did not rent for the purposes of an overnight stay. One by one and dozens to hundreds of unrelated buyers used Defendant motels and services to commercially sexually exploit, rape, sexually abuse and physically assault the Plaintiff M.L.

9. M.L. was advertised on Defendant Craigslist's "erotic services" section, "adult services" section, and other sections of its website craigslist.org. M.L. advertisements were geographically identified in specific areas of Washington, including but not limited to, the cities of Kent, Lakewood, Tacoma, SeaTac, and Seattle. As a victim of trafficking, M.L. was photographed nude and advertised to the public against her will, she was physically tortured, and then commercially sexually exploited under such duress at locations in Kent, Lakewood, SeaTac, Tacoma, and Seattle, including all Accor and G6 Hospitality LLC branded Motel 6® locations, and Howard Johnson Inn® by Wyndham.

10. As a direct and proximate result of Defendant Hotels' consistent refusals to prevent human trafficking on their hotel properties, M.L. was sex trafficked, sexually exploited, sexually abused, and victimized repeatedly at multiple locations that included multiple Accor and G6 Hospitality branded Motel 6® locations, as well as Wyndham, and Howard Johnson Inn® brand hotels. While Defendant Craigslist provided an electronic means to allow for posting and facilitating the arrangement of the assaulter and the child victim at multiple locations, including but not limited to, the Defendant Hotels' locations.

11. Due to the extensive trauma experienced by Plaintiff M.L. from being sex trafficked at

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

a very young age for a prolonged period of time, Plaintiff M.L. did not understand, recognize, or appreciate the psychological harm caused by the sex trafficking or the Defendants' wrongful actions in relation to her being trafficked. This lack of knowledge and understanding persists currently.

12. Plaintiff now brings this action for damages against the Defendants listed herein. Each of the Defendants was unjustly enriched when they acted negligently and with a degree of outrageousness in a civil conspiracy, to violate multiple state laws, including but not limited to Leading Organized Crime, Washington's Criminal Profiteering Act by Promoting Commercial Sexual Abuse of a Minor and Sexual Exploitation of a Minor; when they knowingly benefited from facilitating ventures that they knew, or at the very least should have known, to be engaging in sex trafficking.

13. The Plaintiff brings this action pursuant to the Criminal Profiteering Act and RCW 9A.82.100 based on violations of RCW 9A.40.100, 9.68A.101, 9.68A.103, 9A.88.070, 9A.88.080, 9A.82.060 and 9A.82.080 against the Defendants who each enabled, harbored, held, facilitated, promoted, led or otherwise financially benefited, or any combination of the foregoing, from sex trafficking ventures in which M.L. was trafficked for sex, sexually exploited, sexually abused, and repeatedly victimized in violation of Washington state laws.

14. This action for damages is brought by the Plaintiff, a survivor of sex trafficking hereinafter identified by her initials M.L., under the federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (hereinafter "TVPRA").

15. The Plaintiff brings this action pursuant to the Trafficking Victims Protection Reauthorization Act 18 U.S.C. § 1595, against the Defendants who enabled, harbored, held, facilitated, promoted, led, or otherwise financially benefited, or any combination of the

**Second Amended Complaint for Damages** - 5

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

foregoing, from a sex trafficking venture in which M.L. was trafficked for sex, sexually exploited, and victimized in violation of the TVPRA.

## **PARTIES AND JURISDICTION**

16. Plaintiff M.L. is a natural person who is a resident and citizen of Pierce County, Washington.

    a. Plaintiff M.L. was 12 years old when she was first sold for sex throughout Pierce County and King County for the purposes of commercial sex. Pursuant to RCW 9A.40.100 trafficking may involve the acts of recruitment, harboring, transporting, providing, obtaining, buying, purchasing, or receiving by any means another person knowing, or in reckless disregard of the fact, that the person has not attained the age of eighteen years. M.L. was a victim of trafficking when she was caused to engage in sexually explicit acts and commercial sex acts for the benefit of Defendants. In addition, under RCW 90.40.100, M.L. was by definition a victim of a trafficking.

    b. For over a decade, throughout her adolescence and into her adulthood, M.L. was trafficked throughout King County.

    c. Due to the sensitive, private, and potentially retaliatory nature of these allegations, this complaint identifies M.L. by her initials, only. This Court granted protective orders to permit M.L. to proceed under a pseudonym in all filings, and all public Court proceedings, and to limit the disclosure of information about Plaintiff's true identity in order to protect Plaintiff's identity on July 8, 2020 and August 3, 2020 (*See* Dkt. 135, 136 and 143).

17. Defendant Craigslist, Inc. is a Delaware corporation that owns, operates, designs, and

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

controls Craigslist. At all times hereto, Defendant transacted business in Pierce County, Washington, and purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through Craigslist.

18. Defendant Accor, including but not limited to, Accor Live Limitless and Accor Franchising North America, LLC (hereinafter referred to as "Defendant Accor") and its brand Motel 6® properties included the locations at 20651 Military Road South, Seattle, Washington (hereinafter referred to as "Military Road Motel 6®"), 16500 Pacific Highway South, Seattle, Washington (hereinafter referred to as "Pac Hwy Motel 6®"), and 18900 47th Avenue South, Seattle, Washington (hereinafter referred to as the "47th Ave Motel 6®"). From 2003 to 2012, Defendant Accor transacted business in Pierce County, Washington, and purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through Motel 6®.

     a. As a hotel operator, Defendant Accor controlled the training and policies for its branded properties including the Military Road Motel 6®, Pac Hwy Motel 6®, and 47th Ave Motel 6®. Through its relationship with the staff at the Defendant Hotels and the individuals who trafficked M.L. at the Defendant Hotels while registered as a guest there, Defendant Accor knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

     b. Defendant Accor received a percentage of the gross room revenue from the money generated by the operations of the Motel 6® Hotels, including a percentage of the revenue generated for the rate charged on the hotel guest rooms in which the Plaintiff was sex trafficked.

**Second Amended Complaint for Damages** - 7

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

c. Defendant Accor acquired 536 Motel 6® Hotels in the U.S. in 1990, including the Motel 6® Hotels in which the Plaintiff was trafficked.

d. Defendant Accor and the Motel 6® were a single and joint employer with a high degree of interrelated, intermingled, and unified operations at the Motel 6® hotels where the Plaintiff was trafficked for sex. Defendant Accor and the Motel 6® each shared the common policies and practices complained of herein.

e. Defendant Accor and the Motel 6® jointly employed or ratified the employment of individuals through horizontal joint employment and or vertical joint employment.

f. As an integrated enterprise and or joint employer, Defendant Accor and the Motel 6® were separately and jointly responsible for compliance with all applicable laws.

g. As an integrated enterprise and or joint employer, Defendant Accor and the Motel 6® were jointly and severally liable for any damages caused by employees.

h. As hotel operator, Defendant Accor controlled the training and policies for its branded properties including the Motel 6® hotels where M.L. was trafficked.

i. Through its relationship with the staff at the Motel 6® hotels where M.L. was trafficked and the perpetrators who trafficked M.L. at the Motel 6® hotels while registered as a guest there, Defendant Accor knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

j. Accor received a percentage of the gross room revenue from the money

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

generated by the operations of Motel 6® hotels, including a percentage of the revenue generated for the rate charged on the hotel guest rooms in which the Plaintiff was sex trafficked for over a decade.

k. Accor owned, supervised, and/or operated the three Motel 6® locations at 20651 Military Road South, Seattle, Washington (hereinafter referred to as "Military Road Motel 6®"); 16500 Pacific Highway South, Seattle, Washington (hereinafter referred to as "Pac Hwy Motel 6®"); and 18900 47th Avenue South, Seattle, Washington (hereinafter referred to as the "47th Ave Motel 6®").

l. Defendant Accor entered into exclusive negotiations in 2020, with the expectation to close negotiations in 2021, to form "the world's leading lifestyle operator in the hospitality sector" in a combined entity of "12 brands with 73 hotels in operation worldwide."[2]

m. "Accor is a world leading hospitality group consisting of more than 5,000 properties and 10,000 food and beverage venues throughout 110 countries."[3]

19. Defendant G6 Hospitality (hereinafter referred to as "Defendant G6") and its brand Motel 6® properties include the locations at 20651 Military Road South, Seattle, Washington (hereinafter referred to as "Military Road Motel 6®"), 16500 Pacific Highway South, Seattle, Washington (hereinafter referred to as "Pac Hwy Motel 6®"), and 18900 47th Avenue South, Seattle, Washington (hereinafter referred to as the "47th Ave Motel 6®"). From 2012 and through 2017, Defendant G6 transacted business in Pierce County, Washington, and

---

[2] "The Newly Established Lifestyle Entity is Set to Become the Largest and Fastest Growing Global Player with 12 World-Class Brands." November 24, 2020. *Accor-Corporate*. Paris. Available at: https://press.accor.com/cp-lifestyle-eng/?lang=en (last visited February 26, 2021).
[3] *Ibid*.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through Motel 6®.

    a. As a hotel operator, Defendant G6 controls the training and policies for its branded properties including the Military Road Motel 6®, Pac Hwy Motel 6®, and 47th Ave Motel 6®. Through its relationship with the staff at the Defendant Hotels and the individuals who trafficked M.L. at the Defendant Hotels while registered as a guest there, Defendant G6 knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

    b. Defendant G6 receives a percentage of the gross room revenue from the money generated by the operations of the Motel 6® Hotels, including a percentage of the revenue generated for the rate charged on the hotel guest rooms in which the Plaintiff was sex trafficked.

    c. Defendant G6 Hospitality is one of the largest hotel brands in the world. Defendant G6 Hospitality markets and brands dozens of budget motels under the brand Motel 6® in the state of Washington.

    d. Defendant G6 Hospitality and the Motel 6® are a single and joint employer with a high degree of interrelated, intermingled, and unified operations at the Motel 6® hotels where the Plaintiff was trafficked for sex. Defendant G6 Hospitality and the Motel 6® each share the common policies and practices complained of herein.

    e. Defendant G6 Hospitality and the Motel 6® jointly employ or ratify the employment of individuals through horizontal joint employment and or vertical joint employment.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

f. As an integrated enterprise and or joint employer, Defendant G6 Hospitality and the Motel 6® are separately and jointly responsible for compliance with all applicable laws.

g. As an integrated enterprise and or joint employer, Defendant G6 Hospitality and the Motel 6® are jointly and severally liable for any damages caused by employees.

h. As hotel operator, Defendant G6 Hospitality controls the training and policies for its branded properties including the Motel 6® hotels where M.L. was trafficked. Defendant G6 Hospitality represents that it considers guest safety and security important and requires the hotels in its portfolio to comply with G6 Hospitality brand standards and all local, state, and federal laws.

i. Through its relationship with the staff at the Motel 6® hotels where M.L. was trafficked and the perpetrators who trafficked M.L. at the Motel 6® hotels while registered as a guest there, Defendant G6 Hospitality knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

j. G6 Hospitality receives a percentage of the gross room revenue from the money generated by the operations of Motel 6® hotels, including a percentage of the revenue generated for the rate charged on the hotel guest rooms in which the Plaintiff was sex trafficked for over a decade.

k. G6 Hospitality owns, supervises, and/or operates the three Motel 6® locations at 20651 Military Road South, Seattle, Washington (hereinafter referred to as "Military Road Motel 6®"); 16500 Pacific Highway South, Seattle, Washington

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

(hereinafter referred to as "Pac Hwy Motel 6®"); and 18900 47th Avenue South, Seattle, Washington (hereinafter referred to as the "47th Ave Motel 6®").

20. Defendant Wyndham Hotels and Resorts, Inc. (hereinafter referred to as "Defendant Wyndham") is a Delaware corporation which owns, operates, and controls Howard Johnson Inn® brand which includes the property at 1233 Central Avenue North, Kent, WA 98032. At all times hereto, Defendant Wyndham transacted business in Pierce County, Washington, and purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through Howard Johnson Inn®.

    a. Defendant Wyndham is the successor entity to Wyndham Worldwide Corporation. Defendant Wyndham retains successor liability for wrongful acts of its predecessor Wyndham Worldwide Corporation. Howard Johnson Inn® by Wyndham is a Wyndham Hotels and Resorts, Inc. brand property.

    b. As a hotel operator, Defendant Wyndham controls the training and policies for its branded properties including the Howard Johnson Inn® in Kent. Through its relationship with the staff at the Howard Johnson Inn® in Kent and the individuals who trafficked M.L. at the Howard Johnson Inn® in Kent while registered as a guest there, Defendant Wyndham knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

    c. Defendant Wyndham receives a percentage of the gross room revenue from the money generated by the operations of the Howard Johnson Inn® including a percentage of the revenue generated for the rate charged on the hotel guest rooms in which the Plaintiff was sex trafficked.

**Second Amended Complaint for Damages** - 12

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

21. Defendant 2005 Investors LLC d/b/a Howard Johnson Inn® in Kent (hereinafter referred to as "Defendant 2005 Investors") owned, operated, and controlled Howard Johnson Inn® located at 1233 Central Avenue North, Kent, WA 98032 from 2004 to on or about 8/2015. Through its relationship with Defendant Wyndham and the individuals who trafficked M.L. at the Howard Johnson Inn® in Kent, Defendant 2005 Investors knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking. At all times hereto, Defendant 2005 Investors transacted business in Pierce County, Washington, and purposefully availed itself to Pierce County, Washington, and the citizens of Pierce County, Washington, through the Howard Johnson Inn®.

22. Defendant Wyndham is one of the largest hotel brands in the world. Defendant Wyndham markets and brands nearly 100 hotels and motels in the state of Washington.

    a. Defendants Wyndham and the Howard Johnson Inn® are a single and joint employer with a high degree of interrelated, intermingled, and unified operations at the Howard Johnson Inn® hotel where the Plaintiff was trafficked for sex. Defendant Wyndham and the Howard Johnson Inn® each share the common policies and practices complained of herein.

    b. Defendant Wyndham and the Howard Johnson Inn® jointly employ or ratify the employment of individuals through horizontal joint employment and or vertical joint employment.

    c. As an integrated enterprise and or joint employer, Defendant Wyndham and the Howard Johnson Inn® are separately and jointly responsible for compliance with all applicable laws.

**Second Amended Complaint for Damages** - 13

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

d. As an integrated enterprise and or joint employer, Defendant Wyndham and the Howard Johnson Inn® are jointly and severally liable for any damages caused by employees.

e. As hotel operator, Defendant Wyndham controls the training and policies for its branded properties including the Howard Johnson Inn® hotel where M.L. was trafficked. Defendant Wyndham represents that it considers guest safety and security important and requires the hotels in its portfolio to comply with Wyndham brand standards and all local, state, and federal laws.

f. Through its relationship with the staff at the Howard Johnson Inn® where M.L. was trafficked and the perpetrators who trafficked M.L. at the Howard Johnson Inn® hotels while registered as a guest there, Defendant Wyndham knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had turned a blind eye or otherwise engaged in sex trafficking.

g. Wyndham receives a percentage of the gross room revenue from the money generated by the operations of Howard Johnson Inn® hotels, including a percentage of the revenue generated for the rate charged on the hotel guest rooms in which the Plaintiff was sex trafficked for nearly a decade.

h. Wyndham owns, supervises, and/or operates the Howard Johnson Inn® at 1233 Central Avenue North, Kent, WA 98032.

23. Defendant 2005 Investors LLC, doing business as Howard Johnson Inn®, is a Washington limited liability company in the hotel business and is one of Defendant Wyndham's branded properties.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

a. Defendant 2005 Investors LLC was involved in the staffing and operation of the Howard Johnson Inn® motel located at 1233 Central Avenue North, Kent, WA 98032, where the Plaintiff was trafficked for commercial sex acts between 2003 (age 12) and 2015 (age 24).

b. Through its relationship with Defendant Wyndham and the perpetrators who trafficked M.L. at the Howard Johnson Inn®, Defendant 2005 Investors LLC knowingly benefited or received something of value from its facilitation of or participation in a venture which it knew or should have known had engaged in sex trafficking.

c. Defendant 2005 Investors LLC may be served with service of process by serving its registered agent, Dayabir S. Bath at 19105 SE Petrovitsky Road, Renton, Washington 98058.

24. Whenever reference is made in this Complaint to any act, deed, or conduct of the Defendants, the allegation is that the Defendants engaged in the act, deed, or conduct by or through one or more of their officers, directors, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of the Defendants.

### PROPER VENUE

25. Venue is proper in this Honorable Court because a substantial part of the events or omissions giving rise to the claims asserted in this action, including the Defendants' misconduct and omissions, led to injuries that occurred in the judicial district where this action is brought.

### SEX TRAFFICKING UNDER FEDERAL LAW

26. The requirements for liability under TVPRA § 1595 on a beneficiary theory can be

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

stated as follows: (1) the person or entity "knowingly benefits, financially or by receiving anything of value" (2) "from participating in a venture" (3) that the "person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a).

27. 'Sex trafficking' is defined by the TVPRA under 22 U.S.C. § 7102(12) as "the recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purpose of a commercial sex act."

28. The term "severe forms of trafficking in persons" includes "sex trafficking in which a commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such act has not attained 18 years of age." 22 U.S.C. § 7102(11). This definition combines the three elements of sex trafficking as a criminal offense: the act, the means, and the purpose.

29. To understand the mechanism by which sex trafficking ventures are prohibited by federal criminal law, it is best to address these elements in the reverse. Sex trafficking is slavery for the *purpose* of commercial sex, a lens on the already existing crimes prohibited by 18 U.S.C. § 1589 and § 1590. The crime of slavery can then be divided into the two (2) elements remaining: the act and the means. The *act* is fulfilled by one who "knowingly recruits, harbors, transports, provides, or obtains by any means" of forced labor, codified as a violation of 18 U.S.C. § 1590. The *means* is labor obtained or provided by "force, threats of force, physical restraint, or threats of physical restraint…serious harm or threats of serious harm…abuse or threatened abuse of law or legal process; or....by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint" and is codified as a violation of 18 U.S.C. § 1589.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

30. Thus, while the complete definition of 'sex trafficking' is found in the TVPRA under 22 U.S.C. § 7102, and it is specifically prohibited under 18 U.S.C. § 1591, it is nevertheless a long-recognized and familiar atrocity.

31. Pursuant to 18 U.S.C. § 1591(a), all who knowingly provide *or* obtain commercial sex that was provided or obtained through force, fraud, and coercion, or "cause [a] person to engage in a commercial sex act…[and] the person has not attained the age of 18 years" are guilty of sex trafficking. This includes, at a minimum, ***both*** the 'traffickers' who recruit, harbor, transport, and provide individuals for forced commercial sex work ***and*** the 'Johns' or 'buyers' who obtain, solicit, or patronize forced commercial sex work.[4]

32. 18 U.S.C. § 1591(a) includes a beneficiary liability claim against whoever knowingly "benefits, financially or by receiving anything of value, from participation in a venture" and "the person has not attained the age of 18 years and [was] caused to engage in a commercial sex act."

### SEX TRAFFICKING UNDER STATE LAW

33. Plaintiff brings this action pursuant to the Criminal Profiteering Act and RCW 9A.82.100 based on violations of RCW 9A.40.100, 9.68A.101, 9.68A.103, 9A.88.070, 9A.88.080, 9A.82.060 and 9A.82.080 against the Defendants who each enabled, harbored, held, facilitated, promoted, led or otherwise financially benefited, or any combination of the foregoing, from sex trafficking ventures in which M.L. was trafficked for sex, sexually exploited, sexually abused, and repeatedly victimized in violation of Washington state laws.

34. The requirements for liability under RCW 9A.82.100 based on a violation of RCW

---

[4] While the 'pimps' or 'providers' are often referred to as the 'traffickers' and the purchasers are referenced as the 'Johns,' 'tricks,' or 'buyers' [and such nomenclature is used herein], under federal law **both** categories are 'traffickers.'

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

9A.40.100 on a benefits theory can be stated as follows: (1) the person or entity "benefits financially or…receiv[es] anything of value," (2) from participating in a venture, (3) that has engaged in trafficking as defined in RCW 9A.40.100(1)(a)(i).

35. Criminal acts of human trafficking are codified by RCW 9A.40.100(1)(a): (1) A person is guilty of trafficking when: (a) Such person: (i) "recruits, harbors, transports, transfers, provides, obtains, buys, purchases, or receives by any means another person knowing, or in reckless disregard of the fact, that either (A) force, fraud, or coercion as defined in RCW 9A.36.070 will be used to cause the person to engage in: (I) Forced labor; (II) Involuntary servitude; (III) A sexually explicit act; or (IV) A commercial sex act, or (B) that the person has not attained the age of eighteen years and is caused to engage in a sexually explicit act or a commercial sex act; and Such person (ii) "benefits financially or…receiv[es] anything of value from participation in a venture that has engaged in acts set forth in (a)(i) of this subsection." This definition combines the three elements of sex trafficking as a criminal offense: the act, the means, and the purpose.

36. To understand the Revised Code of Washington by which sex trafficking ventures are prohibited, it is once again best to address the elements of the law in the reverse. Sex trafficking is one form of human trafficking, specifically for the *purpose* of either "(III) A sexually explicit act" and/or "(IV) A commercial sex act," which may be an added offense on the already existing crimes prohibited in part by Washington's Sexual Exploitation of Children Act, RCW 9.68A *et seq.* The crime of child sex trafficking includes only two (2) elements: the act and the purpose. The *act* is the "recruiting, harboring, transporting, transferring, providing, obtaining, buying, purchasing, or receiving" of a minor, for the purpose of causing the minor to engage in a sexually explicit act or a commercial sex act, codified as violations of criminal laws against

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

child abuse and RCW 9.68A. *et seq.*

37. Thus, while commercial sexual abuse of a minor is prohibited in RCW 9.68A.100, many of the underlying sexually explicit acts and commercial sex acts are enforced criminally under RCW 9A.44 *et seq.* (Rape, child molestation and sexual misconduct with a minor). The "commercialized" aspect of profiting from these outrageous and offensive acts, although recently legislated, has been long recognized as a familiar incentive that encourages and facilitates repeated abuses against children. Pursuant to RCW 9A.40.100, all who knowingly provide or buy a sexually explicit act or a commercial sex from a person that has not attained the age of 18, whether or not the act was obtained through force, fraud, and coercion, are guilty of sex trafficking. This includes, at a minimum, *both* the 'traffickers' who recruit, harbor, transport, transfer and provide, *and* the 'Johns' or 'buyers' who obtain, buy, purchase, or receive knowing or in reckless disregard of the fact that the person has not attained the age of eighteen years.

38. Promoting prostitution in the first degree as defined by RCW 9A.88.070 forms a basis for remedy under the Criminal Profiteering Act, RCW 9A.82.100 in which a person "knowingly advances prostitution (a) "By compelling a person by threat or force to engage in prostitution or profits from prostitution which results from such threat or force; or (b) By compelling a person with a mental incapacity or developmental disability that renders the person incapable of consent to engage in prostitution *or profits from prostitution that results from such compulsion*." (Emphasis added.) A minor has the requisite mental incapacity to render them incapable of consent to engage in prostitution.

39. Further, "a person is guilty of promoting prostitution in the second degree if he or she knowingly: (a) Profits from prostitution; or (b) Advances prostitution" per RCW 9A.88.080.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

According to RCW 9A.88.060, "a person 'advances prostitution' if, acting other than as a prostitute or as a customer thereof, he or she causes or aids a person to commit or engage in prostitution, procures or solicits customers for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution." "Profits from prostitution" equates to "accept[ing] or receiv[ing] money or anything of value pursuant to an agreement or understanding with any person…who participates or is to participate in…prostitution activity." RCW 9A.88.060(2).

40.   Sex trafficking under Washington state law may qualify as leading organized crime in violation of RCW 9A.82.060. "A person commits the offense of leading organized crime by: (a) Intentionally organizing, managing, directing, supervising, or financing any three or more persons with the intent to engage in a pattern of criminal profiteering activity; or (b) Intentionally inciting or inducing others to engage in violence or intimidation with the intent to further or promote the accomplishment of a pattern of criminal profiteering activity." RCW 9A.82.060. RCW 9A.82.010(12) defines a "pattern of criminal profiteering activity" as the engagement in at least three acts of criminal profiteering within a five-year period. "In order to constitute a pattern, the three acts must have the same or similar intent, results, accomplices, principals, victims, or methods of commission, or be otherwise interrelated by distinguishing characteristics including a nexus to the same enterprise, and must not be isolated events." RCW 9A.82.010(12).

41.   Sex trafficking under Washington state law also may qualify as conspiracy or attempt to use the proceeds of criminal profiteering in violation of RCW 9A.82.080. Criminal conspiracy, codified by RCW 9A.28.040, involves "intent that conduct constituting a crime be

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

performed," agreement with another "to engage in or cause the performance of such conduct," and "a substantial step in pursuance of such agreement." It is a violation of RCW 9A.82.080 if "a person who has knowingly received any of the proceeds derived, directly or indirectly, from a pattern of criminal profiteering activity to use or invest, whether directly or indirectly, any part of the proceeds." Further, it is "unlawful for a person knowingly to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property through a pattern of criminal profiteering activity." RCW 9A.82.080(2). Pursuant to the Criminal Profiteering Act, RCW 9A.82 *et seq.*, sex trafficking and child sex trafficking constitute acts of "criminal profiteering."

## FACTUAL ALLEGATIONS

### A. THE TRAFFICKING OF PLAINTIFF M.L. ON CRAIGSLIST

42. Plaintiff M.L was a 12-year-old girl when she first became controlled by an adult sex trafficker and sold to be raped by adult sex customers in specific locations designated by Craigslist advertisement guidelines. Plaintiff M.L. was trafficked between the ages of 12 and 18 years of age, and beyond until the age of 26.

43. The trafficker took sexually explicit photographs of M.L., including nude and partially nude photographs and used the photographs in conjunction with wording to create advertisements readily ascertainable as advertisements for commercial sex acts with the minor M.L. in specific cities. The sex trafficker would develop the sex advertisements in conjunction with "terms of use" rules and guidelines promulgated and required by Defendant Craigslist to utilize the Craigslist classified advertising website. These rules and guidelines assisted in the creation and development of the content and format of the advertisements.

44. Posting an advertisement required that a location be designated so that the "buyers"

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

and child rapists would know where to search based on the location of the minor M.L., who had specific features that were also listed and searched for based on Defendant Craigslist's "terms of use" and widely used descriptors.

45.     After developing the commercial sex advertisement of the 12-year-old Plaintiff, the trafficker would then pay a fee to Defendant Craigslist to allow the advertisement to post and be displayed to millions of people on the hugely popular Craigslist classified advertising website.

46.     The aforementioned advertisements would appear in a section of the Craigslist classified advertising site which Defendant Craigslist had designated and titled as "erotic services." The term "erotic services" was wording created and selected by Defendant Craigslist to define every advertisement contained in that section. Sex traffickers, including commercial sex buyers, all knew that Craigslist was an advertising service which allowed commercial sex advertisements to be displayed and allowed sex buyers to illegally procure sex with "willing" adults engaged in prostitution, as well as "unwilling" victims of sex trafficking, including minors.

47.     The Craigslist site facilitated and assisted commercial sex buyers to contact and communicate with providers of victims, who were to perform commercial sex acts. All communications with advertisers, including with traffickers, routed through the use of an email system embedded on the Craigslist website. This unique communication system would allow providers and buyers of any listed items, including commercial sex acts, to remain anonymous and hidden while communicating through the Craigslist communication system.

48.     The aforementioned Craigslist communication system combined with the enormous reach and popularity of its website, allowed sex traffickers to market sex trafficking victims,

**Second Amended Complaint for Damages** - 22

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

including minors and the minor plaintiff M.L., and connect illegal sex providers and buyers in an anonymous fashion. Because Defendant Craigslist controlled the communication system, the exact location and identities of victims and buyers were hidden from law enforcement, and other agencies who provided for the care of minors being bought and sold on Craigslist.

49. By 2009, Defendant Craigslist was well aware that its website was hosting thousands and thousands of sex-trafficking and illegal prostitution advertisements throughout the United States including sex advertisements of minor children. Craigslist was the target of a vocal and well publicized effort to change its conduct and stop allowing illegal sex trafficking from occurring on its website. Defendant Craigslist was well aware that its site hosted, facilitated, and aided and abetted criminal sex traffickers and others to engage in criminal acts of sex trafficking including the sex trafficking of minors.

50. Defendant Craigslist benefited from the huge numbers of prostitution and sex trafficking advertisements that it allowed and encouraged traffickers and other criminals to place on its website. Defendant Craigslist charged a fee to allow advertisements in its "erotic services" subsection, thereby helping its business with cash flow, credit ratings, and competitive standing as well as other financial and business-related benefits.

51. Defendant Craigslist also benefited from the huge traffic generated by the volume of users attracted to its website by the commercial sex advertisements it allowed and encouraged on its website.

52. According to consulting firm AIM Group, in 2008, Defendant Craigslist was on track to make $44,000,000.00 in fees from the erotic services section of its website before it was shut down later that year. This analysis was based on the firm's close monitoring of Craigslist, which found that there were over four million (4,000,000) posts made annually in the designated

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

"erotic services" section.

53. Thousands of advertisements in erotic services were posted targeting the citizens of Washington. These advertisements were made for the purpose of marketing illegal commercial sex services. From 2002 to 2008, the database Archive.org showed that Craigslist had hundreds of posts every week in the erotic services "w4m" section (which means women for men, i.e. women offering sexual services for men) for the greater Seattle area.

54. In addition to the tremendous number of commercial sex advertisements on the Craigslist "erotic services" section of its website, other subsections of the Craigslist website were also the home for multitudes of advertisements for illegal commercial sex activity. The sections for dating and massage services were rife with illegal commercial sex advertisements. Craigslist was a known destination for commercial sex advertisements and as such, aided traffickers and others who would commonly post commercial sex advertisements in sections entitled "casual encounters," "women 4 men," "men 4 men" massage, and others. Sex buyers could locate advertisements and connect with victims in multiple categories.

55. Defendant Craigslist required that a post not directly suggest sexual favors for money, however, this rule was constantly and consistently circumvented with posts that included language like "200 INCALL SPECIAL," "80 special all night," and "130 HR GORGEOUS SLENDER MODEL," which remained posted without removal or inquiry. Remaining on the advertisement section allowed buyers to search and query advertisements based on price, features, and importantly location.

56. Defendant Craigslist allowed use of the popularized and well-known codes "INCALL" and "OUTCALL" for arranging transportation and location of the commercial sex acts with M.L. Transportation of the buyer to a location where M.L. was being held was an INCALL;

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

while transportation of M.L. to be the buyer's designated location was an OUTCALL.[5] The commonly used and widely recognized phrases were used consistently in Craigslist advertisements of the minor M.L.

57.   Each post of the Plaintiff M.L. also included a female figure in lingerie or in the nude (but cropped or with a Gaussian blur) and positions in a sexually suggestive manner, and again, none of these posts were removed. Instead, Defendant Craigslist indicated that it held the copyright to the advertisements and kept them posted with the marking "Copyright © 2009, craigslist, inc." with a link to its "Terms of Use" below the copyright.

58.   This manner of posting was ubiquitous throughout the country in the erotic services section. Instead of developing effective requirements and monitoring methods, Defendant Craigslist took ownership of advertisements containing sexually explicit images of children and hid behind its empty measures. The result was a calculated formula to evade blame, while maintaining and mounting the substantial benefits gained from both the direct payment for the erotic services section and the indirect financial benefits of increased website hits and users.

59.   Instead of preventing illegal commercial sex acts with M.L., Craigslist's content requirements became guidelines which allowed the Defendant Craigslist, providers, and buyers to evade law enforcement, while arranging for payment terms, travel and transportation of victims to specific locations.

60.   The policy by Defendant Craigslist that images were to be blurred and cropped became a commonly used technique to obscure the identity and age of M.L. and other trafficking victims, including missing children, runaways or other victims who were sought by police and

---

[5] The World of Sex Trafficking, Glossary of Terms by Lighthouse for Life, available at: https://www.lighthouseforlife.org/images/resources/Trafficking-Terms.pdf (last visited October 20, 2019).

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

concerned parents.

61. The use of aliases is another common feature of the commercial sex advertisements on Craigslist. Defendant Craigslist allowed sex traffickers to use these aliases to evade law enforcement and this feature is another example of how Defendant Craigslist knew that its website was being used for commercial sex. True identifications of the Plaintiff M.L. as well as countless other victims advertised were encouraged to be hidden.

62. The requirement that sex traffickers use their credit card and telephone number in order to post was another means by which a trafficker and Defendant Craigslist evaded law enforcement under the ruse of increased security. Traffickers would regularly use a pre-paid credit card and a burner phone in order to obfuscate their identity, and Defendant Craigslist took no extra steps to acquire the actual identity of these traffickers. Defendant Craigslist enabled sex traffickers to continue to provide, harbor, and buy victims from its website with complete anonymity.

63. Craigslist's content requirements allowed sex traffickers, their customers, and Defendant Craigslist to violate the following criminal statutes with impunity:

       a. RCW 9.68A.040 (Sexual exploitation of a minor)

       b. RCW 9.68A.050 (Dealing in depictions of minor engaged in sexually explicit conduct)

       c. RCW 9.68A.060 (Sending, bringing into state depictions of minor engaged in sexually explicit conduct)

       d. RCW 9.68A.090 (Communication with minor for immoral purposes)

       e. RCW 9.68A.100 (Commercial sexual abuse of a minor)

       f. RCW 9.68A.101 (Promoting commercial sexual abuse of a minor)

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

g. RCW 9.68A.102 (Promoting travel for commercial sexual abuse of a minor)

h. RCW 9.68A.103 (Permitting commercial sexual abuse of a minor)

i. RCW 9A.08.020 (Liability for the conduct of another—Complicity)

j. RCW 9A.28.040 (Criminal conspiracy)

k. RCW 9A.40.100 (Trafficking)

l. RCW 9A.44.076 (Rape of a child in the second degree)

m. RCW 9A.44.079 (Rape of a child in the third degree)

n. RCW 9A.44.086 (Child molestation in the second degree)

o. RCW 9A.44.089 (Child molestation in the third degree)

p. RCW 9A.82.060 (Leading organized crime)

q. RCW 9A.82.080 (Use of proceeds of criminal profiteering—Controlling enterprise or realty—Conspiracy or attempt)

r. RCW 9A.88.070 (Promoting prostitution in the first degree)

s. RCW 9A.88.080 (Promoting prostitution in the second degree)

t. RCW 9A.88.085 (Promoting travel for prostitution)

u. RCW 9A.88.090 (Permitting prostitution)

v. 18 USCS § 1591 (Sex trafficking of children or by force, fraud, or coercion)

w. 18 USCS § 1962 (Racketeering)

x. 18 USCS § 2255 (Civil remedy for personal injuries)

64. Upon information and belief, Defendant Craigslist knew that its erotic services section was well known to commercial sex customers throughout the United States as a place to easily locate victims as commodities, and for the unpunished, anonymous, sexual abuse of children. Using the guidelines mentioned above, Defendant Craigslist developed the user interface so

**Second Amended Complaint for Damages** - 27

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

that customers could quickly and easily find the trafficking victims they desired, including the minor Plaintiff M.L.

65. Defendant Craigslist provided a method for traffickers to arrange transportation and terms of purchase. Defendant Craigslist first presented a user with a choice of geographic areas, and then after choosing an area, a buyer would choose from a scroll down list of commercial sex advertisements. Upon clicking on an advertisement, Craigslist had arranged its website so that a specified number of photographs appeared per page along with contact information and a general description of the trafficking victim's location. Defendant Craigslist facilitated customers' access to trafficking victims in their desired geographic area, and it made it easy for sex traffickers to promote their adult victims and minor children across the nation according to supply and demand. Defendant Craigslist's activity amounted to a venture with sex traffickers to efficiently market victims such as Plaintiff M.L.

66. A six-year study, conducted by Arizona State University between 2010 and 2015, analyzing the sex trafficking of minors, found that minor sex trafficking had increased significantly from 97 cases in 2010 to 360 cases in 2015.[6] The Polaris Project reports a continuous increase in human trafficking situations identified between 2015 and 2019 through their Trafficking Hotline, from 5,713 reports in 2015 to 11,500 reports in 2019 (and a 19% increase in reports between 2018 and 2019).[7] Moreover, "of the nearly 26,5000 runaways

---

[6] "A Six-year Analysis of Sex Traffickers of Minors: Exploring Characteristics and Sex Trafficking Patterns." April 2017. Arizona State University Office of Sex Trafficking Intervention Research. Available at: https://socialwork.asu.edu/sites/default/files/ASU-Sex-Traffickers-of-Minors-Six-Year-Study-Full-Report-April-2017.pdf (last visited February 12, 2021).

[7] "2019 Data Report." December 2019. www.polarisproject.org. Available at: https://polarisproject.org/wp-content/uploads/2019/09/Polaris-2019-US-National-Human-Trafficking-Hotline-Data-Report.pdf (last visited February 12, 2021).

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

reported to NCMEC in 2019, 1 in 6 were likely victims of child sex trafficking."[8] CyberTipline, NCMEC's mechanism for gathering reports of suspected child sexual exploitation, received more than 16.9 million reports in 2019 from electronic service providers.[9] Law enforcement has identified more than 19,100 child victims of child sexual exploitation, and NCMEC received more than 17,000 reports of child sex trafficking in 2020.[10]

67. Human trafficking earns profits of approximately $150 billion a year for traffickers.[11] Minor sex trafficking generates billions of dollars a year in the United States through the trafficking of well over 200,000 children.[12] Seventy-five percent of these minors are sex trafficked online.[13] Defendant Craigslist was a major progenitor of this crisis, and Defendant Craigslist profited directly from the facilitation of child sex trafficking of thousands of victims, including Plaintiff M.L. Pedophiles and those seeking child victims for sexually explicit and commercial sex acts would visit Craigslist in the thousands every day to seek out the right price and child for purchase. While Defendant Craigslist maintained the erotic services section, the Polaris Project, a group against human trafficking, believed that Craigslist was the single largest source for illicit commercial sex with adults and children. Defendant Craigslist enabled this behavior and gave both sex traffickers and its customers the means to evade law enforcement. Through this facilitation, Craigslist gained a substantial user base making it the ninth most visited website in the country in 2009. The increase in user base generated traffic to the other

[8] National Center for Missing and Exploited Children. 2021. "Exploited Children Statistics." Available at: https://www.missingkids.org/footer/media/keyfacts#exploitedchildrenstatistics (last visited February 12, 2021).
[9] Id.
[10] Id.; see also https://www missingkids.org/theissues/trafficking#bythenumbers (last visited February 12, 2021).
[11] "Human Trafficking by the Numbers." January 7, 2017. Human Rights First. Available at: https://www.humanrightsfirst.org/resource/human-trafficking-numbers (last visited February 12, 2021).
[12] U.S. Department of Justice. 2004. Report to Congress from Attorney General John Ashcroft on U.S. Government Efforts to Combat Trafficking in Persons in Fiscal Year 2003. Washington, D.C.: U.S. Department of Justice.
[13] Thorn.org. 2021. Child Sex Trafficking Statistics. Available at: https://www.thorn.org/child-trafficking-statistics/ (last visited February 12, 2021).

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

paid services of Craigslist and provided a direct financial benefit to Defendant Craigslist.

68. Upon information and belief, Defendant Craigslist was well aware that many of the advertisements in erotic services were advertisements for sex with children. For example, Craigslist provided cover for advertisements of minors by requiring sex traffickers to click on the "posting rules" page which has a line asserting, "I am at least 18 years of age or older and not considered to be a minor in my state of residence." Craigslist did nothing to verify the actual age of the person being advertised. Craigslist took no meaningful initiative to verify the actual identity of the posters, such as requiring the IP addresses and personal information of the owner and operator of the device used to post the advertisements. Defendant Craigslist's lack of effort was an attempt to evade the criminal penalties of promoting underage sex trafficking and secure Defendant's profit margins from the increased web traffic that erotic services garnered.

69. Defendant Craigslist also benefited from the fees received from sex traffickers in the erotic services section. Defendant Craigslist claimed that it would donate the proceeds from the fees to charity. Defendant Craigslist garnered goodwill and tax benefits through its nominal efforts to stop its own advertisements of commercial sex.

70. Defendant Craigslist was on notice of the human sex trafficking, including that of children, taking place on its website service from numerous sources, including but not limited to, lawsuits, government action, public outcry, news media, victims, activities, and employee observation.

71. Despite Defendant Craigslist's knowledge that its erotic services section was a forum for facilitating adult and child sex trafficking, it kept the erotic services section a part of Craigslist for over 10 years. After growing pressure from the public and law enforcement, it created nominal, ineffective requirements that became instructions to sex traffickers on evading

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

law enforcement. Defendant Craigslist developed these content requirements to maintain its benefit from its participation in illicit commercial sex.

72. In May of 2009, Defendant Craigslist chose to re-label its erotic services section to "adult services," but the forum functioned in exactly the same ways and Plaintiff M.L. continued to be trafficked. Then in 2010, Defendant Craigslist terminated its adult services section, and the sex traffickers simply increased the number of posts in the personal ads and massage services sections. In fact, Defendant Craigslist already knew that traffickers had been using its other sections to avoid the content requirements of erotic services.

73. Sex traffickers, prostitutes, and sex customers all knew from long association and usage on Craigslist.org that Craigslist was a friendly forum for sex trafficking advertisements. Accordingly, a great amount of sex trafficking advertising continued on Craigslist unabated in different sections up until 2018 when it eliminated its personal ads sections. A tremendous amount of sex trafficking advertising simply transferred over to other areas of the website such as "causal encounters," which had always been a platform for sexual advertisements. Defendant Craigslist knew this was occurring and did nothing to abate or prevent sex ads from appearing on its website. These subsections survived on Craigslist and continued unabated until 2018 when FOSTA/SESTA was passed, *after* Plaintiff M.L. was trafficked.

74. Finally, after 20 years of being a platform for sex trafficking, including the trafficking of Plaintiff M.L., Defendant Craigslist decided to shut down its personal ads section after the law of the land was codified with FOSTA signed into law in 2018. Sex trafficking has been and remains illegal, and at no time that Defendant Craigslist participated in arranging for commercial sex acts with minors was that activity legal or permitted by any laws in Washington or the United States. The Communications Decency Act (CDA), 47 U.S.C. § 230, was not

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

intended to protect the arrangement of illegal commercial sex acts with children or adult victims of human trafficking. Arguably, FOSTA simply made it clear that the law would now be enforced against internet and web-based companies that advertised sex trafficking.

75. During the 20 years Defendant Craigslist maintained its erotic services and personal ads, Defendant Craigslist benefited from the continued sale and trafficking of children for sex, and only chose to end its participation once its liability for criminal and civil punishment became certain.

76. As found in a criminal proceeding, in March 2009, a trafficker contracted with Craigslist to advertise M.L. on its website. The trafficker paid Craigslist a fee and then uploaded an advertisement of minor M.L. on Craigslist. The advertisement was for illicit commercial sex services and included contact information that allowed customers to access M.L. The ad was accompanied by colored pictures of M.L. using the alias "Stacy," based in Lakewood, and it used thinly veiled language "100 hugs hhr" and "150 hugs hr." On Craigslist, traffickers commonly refer to dollars as "hugs." The photographs in the advertisement showed that M.L. was a minor. The trafficker complied with Craigslist's content requirements and used those requirements to advertise the minor M.L. for sex as Defendant Craigslist intended.

77. At no time did Craigslist attempt to verify M.L.'s age, inquire about her status as a victim of trafficking, or otherwise protect or warn against her traffickers before or while being advertised for commercial sex acts on Craigslist. Neither M.L. nor any parent or legal guardian consented to having her photograph or information appear on Craigslist, and neither M.L. nor any parent or legal guardian could lawfully consent to the many adults who purchased sexually explicit acts with her after finding her on an advertisement on Craigslist.

78. Prior to and during the timeframe when Plaintiff M.L. was advertised for sex as a minor

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

on Craigslist.org, Defendant Craigslist was well aware that its website was being used for sex trafficking advertisements, including advertisements of minors.

79. Plaintiff M.L. was advertised for commercial sex on Craigslist.org from the age of 12 and continued to be the subject of commercial sex ads on Craigslist.org until the age of 26. Because she looked so young through her teenage years, hordes of adult customers responded to the titillating, perverted ads displayed of the child on Craigslist.org's "erotic services" section, and raped, sexually abused, and otherwise thoroughly traumatized the Plaintiff M.L.

80. Craigslist was a defendant in multiple lawsuits alleging sex trafficking and minor sex-trafficking occurring on its website.

81. Throughout the time period in which Plaintiff M.L. was advertised on Craigslist, and including before the advertisements were displayed, multiple governmental agencies, law enforcement, Attorneys General, social workers, and others had complained or otherwise interacted with Craigslist regarding the sex trafficking and child sex trafficking being advertised on the Craigslist website. In addition, multiple media sources had reported the same.

82. Craigslist had the ability to control, delete or otherwise rid its website of all sex trafficking advertising, including the trafficking of minors, but chose not to.

83. Despite all the warnings, and its knowledge of sex trafficking, including child sex trafficking, running rampant on its website, Defendant Craigslist did not issue any warnings to the Plaintiff M.L., or others, that she and other victims were in danger from being sex trafficked on Craigslist.org.

84. Defendant Craigslist was aware that its website, including the "erotic services" subsection, was viewed by multitudes of people perusing the sex advertisements in the "erotic services" subsection. It was very foreseeable to Craigslist that large numbers of sex customers

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

would be attracted to and respond to the sex trafficking advertisements of the Plaintiff M.L.

85. It was very predictable and foreseeable to Defendant Craigslist that children and adults alike would continue to be sold for sex on the Craigslist website, yet it failed to take any meaningful steps to eliminate sex trafficking, including child sex trafficking, on its website.

86. Because it was completely apparent, foreseeable, and predictable to Defendant Craigslist that large numbers of sex trafficking victims, including child sex trafficking victims, like the Plaintiff M.L., were being trafficked on its website, Craigslist had a duty to prevent children and adults from being advertised for commercial sex on Craigslist.org.

87. Further, there was an apparent high degree of risk that the minor Plaintiff M.L. would be harmed from being advertised in sex ads appearing in the "erotic services" subsection in the Defendant Craigslist's website, Craigslist.org. There was a high degree of risk that she would be raped, sexually abused, assaulted, and subject to profound mental and physical trauma every time one of the sex trafficking ads appeared on the Craigslist website. Defendant Craigslist's acceptance of obvious sex trafficking advertisements, including child sex trafficking advertisements, was an abnormally and unduly dangerous activity.

88. Craigslist was unable to eliminate the risk of harm to the child victims that were advertised in their sex trafficking advertising format, unless they eliminated the sex trafficking ads entirely, which Craigslist did not choose to do.

89. The sex trafficking activity taking place on Craigslist.org was not a matter of common usage in other mainstream websites, nor was it common in the world of legal business. The sex trafficking activity on Craigslist.org was highly inappropriate for a website of that extreme popularity and usage.

90. The danger of harm to the Plaintiff M.L. and others similarly situated and advertised

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

for sale on the Craigslist website far outweighed any value to the community as a whole.

91. Craigslist's business surrounding its "erotic services" and "adult services" subsections were abnormally dangerous to victims of sex trafficking, including the Plaintiff M.L.

92. Defendant Craigslist displaying multiple sex trafficking advertisements of the Plaintiff M.L. created an abnormally dangerous circumstance where there was a foreseeable and high degree of risk that Plaintiff would be raped, sexually abused, or otherwise harmed both physically and mentally.

93. The benefit to the community of the Craigslist acceptance and display of obvious sex trafficking or prostitution advertisements was small compared to the very high risk of harm to the Plaintiff and others advertised.

94. Defendant Craigslist was unable to eliminate the risk of harm inherent in sex trafficking advertising. Sex trafficking is an inappropriate and illegal activity in the state of Washington.

95. Defendant Craigslist intentionally organized, managed, directed, supervised, and paid over three or more human employees to run their business of displaying sex trafficking and prostitution advertisements of sex trafficking victims, including minors. The Craigslist employees performed a variety of tasks, including but not limited to, taking the money, setting up and maintaining in-house private email accounts between sex trafficking customers and sex trafficking victims, as well as a myriad of other activities involved in creating and maintaining the "erotic services" subsection of Craigslist as well as the other subsections used to display sex trafficking ads in a pattern of criminal activity, taking place in Washington state, in which the Plaintiff M.L. was victimized repeatedly, and across the United States, and multiple countries world-wide. This was done with the intent to profit from the above-mentioned criminal activity.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

96. As a result of the conspiracy and contract between Defendant Craigslist and the traffickers, advertisements for M.L. appeared on Craigslist frequently. Each time the convicted trafficker paid Defendant Craigslist its demanded fee through the use of a credit card, and each time Defendant Craigslist allowed the convicted trafficker to advertise M.L. for sex on its website.

97. In a criminal prosecution, there were at least five separate advertisements within a five-year period that prosecutors pointed to as evidence that the trafficker posted M.L. on Craigslist for commercial sex acts. *See* Attached Exhibits. These advertisements were posted on the following dates: March 23, 2009; March 27, 2009; April 4, 2009; April 9, 2009; and April 12, 2009.

98. Each of the aforementioned advertisements of the Plaintiff M.L. were part of a similar scheme or plan of the traffickers to sell the Plaintiff for commercial sex in a pattern of criminal profiteering activity.

99. Each of the aforementioned advertisements of the Plaintiff M.L. were felonious acts.

100. See "ATTACHED EXHIBITS" for an example of advertisements created with the help and editorial guidelines of Defendant Craigslist, who holds the copyright on the images created, some of which include clear violations named in prior paragraphs 65(a) through (x).

101. As a result of the conspiracy between the convicted trafficker and Defendant Craigslist, multiple commercial sex buyers accessed and obtained the Plaintiff M.L. in order to engage in illegal commercial sex acts with her. As a result of Defendant Craigslist's relationship and agreement with the convicted trafficker, M.L. engaged in unwanted sexually explicit acts with adults, including sexual intercourse with multiple adult buyers per day for several months.

102. Defendant Craigslist, in fact, conspired with thousands of sex traffickers across the

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

United States and other countries by agreeing to accept and display their sex trafficking advertisements in exchange for monetary payment or other benefit during the entirety of the years 2003 through 2017.

103. All the foregoing allegations of acts and omissions of Defendant Craigslist took place before or during the time that Plaintiff was advertised for illicit sex acts and/or commercial sex acts on Craigslist, including the content requirements that Craigslist created and instituted in order to perpetuate an online marketplace for commercial sexual exploitation through the advertisement and arrangement of sex trafficking of adults and minors, like the Plaintiff.

## B.     THE HOSPITALITY INDUSTRY'S PARTICIPATION IN
## THE SEX TRAFFICKING INDUSTRY

*"75% of survivors responding to Polaris's survey reported coming into contact with hotels at some point during their exploitation… Unfortunately, 94% also disclosed that they never received any assistance, concern, or identification from hotel staff."*

*-The Polaris Project[14]*

104. Human trafficking is the world's fastest growing crime.[15] While the term 'human trafficking' incorporates all forced labor, the sex trafficking industry alone pulls in an estimated $99 billion each year making it the second largest illicit crime industry behind only the sale of ***all*** illegal drugs.[16]

105. Sex traffickers, or 'pimps,' use threats, violence, manipulation, lies, debt bondage, and other forms of coercion to compel adults and children to engage in commercial sex acts against

---

[14] *Recommendations for Hotels and Motels*. The Polaris Project. Available at: https://polarisproject.org/hotels-motels-recommendations (last visited June 19, 2019).
[15] *Human Trafficking is the World's Fastest Growing Crime*. May 22, 2017. The Advisory Board. Available at: https://www.advisory.com/daily-briefing/2017/05/22/human-trafficking.
[16] *Profits and Poverty: The Economics of Forced Labor*. May 24, 2014. International Labor Organization. Available at: http://www.ilo.org/global/publications/ilo-bookstore/order-online/books/WCMS_243391/lang--en/index htm.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

their will.

106. The hospitality industry plays a crucial role in the sex trade.[17] The trope of the "no-tell motel" is certainly not a new one. Hotels have long profited from their reputations as havens of privacy and discretion for the offending. Hotels offer anonymity and non-traceability, making them ideal venues for crime and sex trafficking in particular.

107. According to National Human Trafficking Hotline statistics, hotels are the top-reported venue, even over commercial front brothels, where sex trafficking acts occur.[18] Traffickers and buyers alike frequently use hotel rooms to exploit victims.

108. Traffickers use hotels as the hub of their operations. Inside, the victims are harbored, raped, assaulted, and forced to service buyers who come to the hotel solely to purchase sex. This is referred to as an 'in call.'

109. Hotels are also the venue of choice for buyers seeking an 'out call,' wherein the buyer rents a hotel room, and the trafficker delivers the victim to the buyer's room to complete the sordid transaction. Unsurprisingly, those on the demand side of this transaction (i.e. those purchasing sex) typically choose to engage in trafficking away from their home, naturally leading to the increased involvement of hotels. In New York City alone, 45% of all reported sexual exploitation took place in hotels, including the Ritz Carlton and the Plaza.[19]

110. The problem is industry wide. In the United States, as much as 63% of all trafficking incidents happen in hotels ranging from luxury to economy.[20]

---

[17] Cavagnaro, Giovanna L. C. 2017. *Sex Trafficking: The Hospitality Industry's Role and Responsibility*. Cornell University School of Hotel Administration. Available at: http://scholarship.sha.cornell.edu/honorstheses/3.
[18] *National Human Trafficking Hotline Statistics.* 2016. The Polaris Project. Available at: https://polarisproject.org/resources/2016-hotline statistics.
[19] Cavagnaro, Giovanna L. C. 2017. *Sex Trafficking: The hospitality Industry's Role and Responsibility*, Cornell University, School of Hotel Administration. Available at: https://ecommons.cornell.edu/handle/1813/71325.
[20] Sarkisian, Michele. 2015. *Adopting the Code: Human Trafficking and the Hospitality Industry*. Cornell Hospitality Report, 15 (15), 3-10.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

111. Due to the overall complacency of the hospitality industry on addressing the issue, hotels are *the* venue of choice for sex trafficking.[21] Traffickers and buyers capitalize on the hotel industry's general refusal to adopt and enforce companywide anti-trafficking policies from the corporate to the property level, train staff on what to look for and how to respond, and/or establish safe and secure reporting mechanisms for those at the point of sale.

112. Every day, thousands of hotel employees witness manifestations of sex trafficking and commercial exploitation. Thus, the hospitality industry has the greatest reach to prevent, identify and thwart sexual exploitation where it is most likely to occur.

113. But aside from their unique position in this epidemic, hotels and motels have the highest obligation to protect their guests from known dangers, including sex trafficking and sexual exploitation and should be held accountable when they fail to comply. As aptly stated in a publication by the Cornell University School of Hospitality, "the hospitality industry is undoubtedly involved in the sex trafficking industry…and therefore has an inherent responsibility to deter the crime and can be liable for failing to do so."[22]

114. Training hotel staff to identify the signs of sex trafficking and sexual exploitation is a critical and obvious legal obligation for the hospitality industry. The presence of sex trafficking and sexual exploitation in a hotel is frequently an obvious occurrence and, although unutilized, underutilized, or ineffectively utilized, numerous well-researched trainings and toolkits have been published to the hotel industry over the last decade to help hotel staff in every position to identify the signs.[23]

---

[21] *Hotels Initiative*. 2019. The Polaris Project. Available at: https://polarisproject.org/initiatives/hotels (last visited June 19, 2019).
[22] Cavagnaro, Giavanna L. C. 2017. *Sex trafficking: The Hospitality Industry's Role and Responsibility.* Cornell University, School of Hotel Administration. Available at: https://ecommons.cornell.edu/handle/1813/71325.
[23] Department of Homeland Security. *Blue Campaign Toolkit*, attached as "Exhibit A." Available at: https://www.dhs.gov/sites/default/files/publications/blue-campaign/toolkits/hospitality-toolkit-eng.pdf.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

115. From check-in to check-out there are a number of indicators that traffickers and their victims exhibit during their stay at a hotel. With proper training and the implementation of reasonable security measures, hospitality companies could prevent regular sex trafficking under their flag.

116. Obvious signs of sex trafficking at a hotel may include: an excess of condoms in rooms, individuals carrying or flashing large amounts of cash, excessive amounts of cash stored in the room, renting two (2) rooms next door to each other, declining room service for several consecutive days, significant foot traffic in and out of room(s), men traveling with multiple women who appear unrelated, women known to be staying in rooms without leaving, women displaying physical injuries or signs of fear and anxiety, guests checking in with little or no luggage, hotel guests who prevent another individual from speaking for themselves, or a guest controlling another's identification documents.[24]

117. Obviously, hotel staff who have undergone training are more aware of sex trafficking when it happens and are more willing to report it than hotel staff who have not been trained.[25] Thus, hospitality companies are obligated to adopt policies and procedures related to sex trafficking and to enforce these policies and procedures as brand standard through to the property level.

118. Hospitality companies can and should mandate that all staff working at all hotel properties across their brand complete sex trafficking training.[26]

---

[24] *Id.*; *see also* Rhodes, Shea M. 2015. *Sex Trafficking and the Hotel Industry: Criminal and Civil Liability for Hotels and their Employees.* The Institute to Address Criminal Sexual Exploitation, Villanova University School of Law. Available at: https://cseinstitute.org/wp-content/uploads/2015/06/Hotel_Policy_Paper-1.pdf.
[25] Cavagnaro, Giavanna L. C. 2017. *Sex Trafficking: The Hospitality Industry's Role and Responsibility*. Cornell University, School of Hotel Administration. Available at: https://ecommons.cornell.edu/handle/1813/71325.
[26] Shea M. Rhodes, *Sex Trafficking and the Hotel Industry: Criminal and Civil Liability for Hotels and their Employees*, The Institute to Address Criminal Sexual Exploitation, Villanova University School of Law (2015), https://cseinstitute.org/wp- content/uploads/2015/06/Hotel_Policy_Paper-1.pdf.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

119. The hospitality industry has been cognizant of their role and responsibilities in the sex trafficking industry for years.

120. At the General Assembly of the United Nations ("UN") convened in New York, New York in November 2000, the Palermo Protocol to prevent, suppress, and punish trafficking in persons was adopted.[27]

121. In this regard, End Child Prostitution and Trafficking ("ECPAT-USA") launched the Tourism Child-Protection Code of Conduct (the "Code") in the United States in 2004.[28]

122. The Code identifies the following six (6) steps companies can take to prevent child sex trafficking: (1) establish corporate policy and procedures against sexual exploitation of children; (2) train employees in children's rights, the prevention of sexual exploitation and how to report suspected cases; (3) include a clause in further partner contracts stating a common repudiation and zero tolerance policy of sexual exploitation of children; (4) provide information to travelers on children's rights, the prevention of sexual exploitation of children and how to report suspected cases; (5) support, collaborate and engage stakeholders in the prevention of sexual exploitation of children; and (6) report annually on the company's implementation of Code-related activities.

123. During a speech in New York City in September 2012, President Obama stated that human trafficking "ought to concern every person, because it is a debasement of our common humanity. It ought to concern every community, because it tears at our social fabric. It ought to concern every business, because it distorts markets. It ought to concern every nation, because

---

[27] Protocol to Prevent, Suppress and Punish Trafficking in Persons, Especially Women and Children, supplementing the United Nations Convention against Transnational Organized Crime, *adopted* Nov. 15, 2000, 2237 U.N.T.S. 319.
[28] ECPAT-USA. 2017. *No Vacancy For Child Sex Traffickers Impact Report.* Available at: https://static1.squarespace.com/static/594970e91b631b3571be12e2/t/59c9b6bfb07869cc5d792b8c/1506391761747/NoVacany_Report.pdf.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

it endangers public health and fuels violence and organized crime."[29]

124. Statistics released in 2014 by the International Labor Organization ("ILO") showed that approximately 4.5 million people were victims of forced sexual exploitation globally and that the violation of their human rights yielded an estimated annual profit of $99 billion for sex traffickers worldwide.[30] Put another way, the numbers showed that a sex trafficker's annual profit per victim was approximately $22,000.00.[31]

125. A scholarly article published in 2015 estimated that pimps could earn $25,000.00 to $33,000.00 per week selling in the Atlanta, Georgia area.[32] This volume of and profit from sex trafficking also aligned with internet advertising for the sex trafficking industry occurring in roughly the same time period. For example, in 2015, one advertisement in the Atlanta section of the www.backpage.com website triggered 181 clients and calls or texts from twenty-seven (27) men expressing interest – in a span of just ninety (90) minutes.[33]

126. In December 2015, President Obama appointed eleven (11) survivors of human trafficking to the inaugural United States Advisory Council on Human Trafficking to advise and make recommendations on federal anti-trafficking policies to the President's Interagency Task Force to Monitor and Combat Trafficking in Persons.[34]

127. The United States Department of Justice ("DOJ") brought 248 sex trafficking prosecutions in Fiscal Year 2015 and secured convictions against 291 sex traffickers.[35] In the

---

[29] President Barack Obama. September 25, 2012. Remarks to the Clinton Global Initiative. Available at: https://obamawhitehouse.archives.gov/the-press-office/2012/09/25/remarks-president-clinton-global-initiative.
[30] International Labour Office. 2014. *Profits and Poverty: The Economics of Forced Labour*, at 13. Available at: https://www.ilo.org/wcmsp5/groups/public/---ed_norm/---declaration/documents/publication/wcms_243391.pdf.
[31] *Id.* at 15.
[32] Sarkisian, *supra* n.20, at 4.
[33] *Id.* at 5.
[34] U.S. Dep't of State. 2016. *2016 Trafficking in Persons Report*, at 41. Available at: https://www.state.gov/documents/organization/258876.pdf.
[35] *Id.* at 389.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

previous year, DOJ convicted a total of 184 human traffickers (inclusive of labor trafficking) and in the subsequent year, DOJ convicted a total of 439 human traffickers (inclusive of labor trafficking).[36]

128. Despite these efforts of governmental and non-governmental organizations to combat human trafficking, the hospitality industry as a whole, continued to lag behind in its efforts to prevent human trafficking. A 2015 study showed that forty-five percent (45%) of children who suffered sexual exploitation report that the sexual exploitation took place in a hotel.[37]

129. Even estimates by attorneys for the hospitality industry indicate that eight (8) out of ten (10) arrests for human trafficking occur in or around hotels.[38] The 2016 Trafficking in Persons Report issued by the United States Department of State also confirmed that human trafficking occurs in the hospitality industry in the United States.[39]

130. Between 2007 and March 2015, more than 1,400 human trafficking cases have been reported to the National Trafficking Resource Center.[40]

131. The complicity of the hospitality industry is essential to the perpetuation of human trafficking, allowing traffickers to remain transient, collect profits, and evade detection. Sex trafficking ventures move from place to place so that they are less visible to law enforcement. Similarly, sex traffickers also want to keep their victims moving from place to place to isolate them from any possible means of escape or rescue. Traffickers are well aware of the seclusion

---

[36] Human Rights First. 2017. *Fact Sheet 2017*. Available at:
http://www.humanrightsfirst.org/sites/default/files/TraffickingbytheNumbers.pdf.
[37] Sarkisian, *supra* n.20.
[38] Keating, Rich. 2013. *Human Trafficking: What It Is And How It Impacts The Hospitality Industry.* Presentation Delivered at AHIA Sprint Conference 2013. Washington, D.C. Available at:
http://www.ahiattorneys.org/aws/AHIA/asset_manager/get_file/92983 (last visited Mar. 1, 2019).
[39] U.S. Dep't of State, *supra* n.25, at 387.
[40] Polaris. 2015. *Human Trafficking and the Hotel Industry.* Available at:
https://polarisproject.org/resources/human-trafficking-and-hotel-industry.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

and anonymity attendant with booking rooms with hotel chains – they know it is unlikely that they will be disturbed.

132. Due to the hospitality industry's failure to embrace anti-trafficking policies and practices, children and other vulnerable persons are trafficked for sex in hotels throughout the United States.

133. Wyndham claimed it had supported anti-trafficking protocols and training for its entire staff since 2011 and promised to train all staff to recognize and report sex trafficking.[41]

134. In 2014, Wyndham Hotels trained some, not all, of its employees to look for signs of trafficking.[42] "As part of [a] joint effort, Wyndham Hotel Group and Polaris are developing comprehensive training and educational tools for hotel owners and franchisees … to educate them about all aspects of human trafficking.[43] In July 2011, Wyndham issued press releases with reference to signing the Code of Conduct with ECPAT-USA (End Child Prostitution, Pornography and Trafficking of Children for Sexual Purposes), and a commitment to increase training of all staff to recognize and report child sex trafficking. A change.org petition was signed by nearly 14,000 individuals demanding that Wyndham stop looking the other way while its locations were harboring child sex trafficking victims at multiple locations. It took a lengthy federal investigation to alert Defendant Wyndham of the rampant sex trafficking that they obviously had chosen to ignore in exchange for benefitting financially.[44]

---

[41] The CNN Freedom Project. Available at: *http://thecnnfreedomproject.blogs.cnn.com/2011/08/01/hotel-chain-boosts-staff-training-to-fight-child-prostitution/* (last visited September 19, 2019).

[42] Lobosco, Katie. November 18, 2014. *Super 8 workers trained to spot sex trafficking.* CNN Business. Available at: https://money.cnn.com/2014/11/18/news/companies/days-inn-sex-trafficking/ (last visited October 20, 2019).

[43] Wyndham Hotel Group Partners with Polaris to Help Prevent Human Trafficking. November 17, 2014. Polaris Project Press Release. Available at: https://polarisproject.org/news/press-releases/wyndham-hotel-group-partners-polaris-help-prevent-human-trafficking (last visited October 20, 2019).

[44] The CNN Freedom Project. 2011. Available at: *http://thecnnfreedomproject.blogs.cnn.com/2011/08/01/hotel-chain-boosts-staff-training-to-fight-child-prostitution/* (last visited September 19, 2019).

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

135. As recent as October 2019 there was outrage among travelers at another Wyndham property for open acts of solicitation. One reviewer commented that the location "[h]arbors prostitution for sure."[45]

136. Further, nationwide campaigns recognized the issue of human trafficking in the hotel industry and the lack of internal policies to address the issue, and took initiative as early as 1997 with the United Nations Blue Heart Campaign and domestically in 2010 with the Department of Homeland Security's Blue Campaign.[46] These efforts sought to educate both the public and private sectors on identifying and combatting human trafficking, including the hospitality industry, and both campaigns released online resources and toolkits publicly accessible to any entity concerned with human trafficking.[47]

137. Hospitality companies have both the power and responsibility to make sex trafficking difficult for the offenders. Yet, they either repeatedly fail to heed the call or repeatedly fail to execute their own policies. Instead, each continues to facilitate these crimes at their hotels, content to direct their efforts solely to profit and the bottom line.

### THE DEFENDANTS CONTROL THE HOSPITALITY INDUSTRY

138. Hotel brands or flags both own properties and lend their name and likeness to third party owners, while the building and operations are under the brands' control through brand standards, franchise agreements, and otherwise maintaining control over all aspects of operations. In return, the parent brand exchanges the high risk that is inherent in owning an asset like a hotel for the low risk associated with owning a local property or franchise contract

---

[45] Anderssen, Anton. October 5, 2019. "Is this Wyndham O'Hare Hotel run by pigs?" Available at: https://travelwirenews.com/is-this-wyndham-ohare-hotel-run-by-pigs-1649820/ (last visited October 20, 2019).
[46] *DHS Blue Campaign Five Year Milestone*. July 22, 2015. Department of Homeland Security. Available at: https://www.dhs.gov/blog/2015/07/22/dhs-blue-campaign-five-year-milestone.
[47] *Human Trafficking and the Hospitality Industry*. 2019. Department of Homeland Security. Available at: https://www.dhs.gov/blue-campaign/hospitalityindustry (last visited June 19, 2019).

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

and still profits from putting heads in beds.

139. The average consumer does not see this relationship. The parent brand gives the franchisee property its identity. It provides signage on and in front of the building that assures customers that if they check into that hotel they can expect the standards consistent with the parent hotel brand. The same brand emblazoned on everything in the hotel from the pens in the bedside tables to the staff uniforms at the front desk. These brand requirements are contractual with the power to control weighed heavily towards the corporate parent brand.

140. In addition to brand recognition, a marketing organization, hotel listings in the Global Distribution System (GDS) and other online travel agency databases, the brand provides the franchise hotel with access to its brand wide central reservation system, 800 number, revenue management tools, world-class loyalty programs and a website. Thus, booking and room reservations are controlled by the corporate parent brand.[48]

141. The franchise hotel typically pays around 10% of their total revenue back to the parent hotel brand and is required to develop and maintain the property in accordance with the parent brand's standards as they are laid out in the franchise agreement.

142. Per the franchise agreement, the parent brand may enforce these standards through periodic inspections and even termination of the franchise agreement if the franchise hotel is found to be inadequate. The right of the parent hotel brand to enforce their brand standards is also their responsibility.

143. At the time of the incidents alleged herein:

    a. Defendant Accor or G6 Hospitality, LLC owned and controlled the Motel 6®

---

[48] Meyer, Ellen. April 10, 2018. "The Origins and Growth of Franchising in the Hotel Industry." *Lodging Magazine*. Available at: https://lodgingmagazine.com/the-origins-and-growth-of-franchising-in-the-hotel-industry/.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

brand.

b. Defendant Wyndham owned and controlled the Howard Johnson Inn® brand.

144. Parent hotel brands may kick delinquent hotels out of their system, but it is at the expense of terminating their financial benefits, including royalty payments.

## C. THE DEFENDANTS' ACTUAL AND/OR CONSTRUCTIVE KNOWLEDGE OF SEX TRAFFICKING OF M.L.

145. Defendants Accor, G6, and Wyndham hold nationally known branded motels and have been on notice of repeated incidents of sex trafficking occurring at their Motel 6® and Howard Johnson Inn® branded motels, yet the brand owners and managers failed to take adequate steps to train staff to prevent and report sex trafficking at their locations.

146. Longstanding jurisprudence has held that failure to implement policies sufficient to combat a known problem in one's operations can rise to the level of willful blindness or negligence.

### (i) Facts Specific to Motel 6® Brand Owned by Defendants Accor and G6

147. Defendants Accor and G6 Hospitality, LLC d/b/a Motel 6®

a. Defendant Accor owned, supervised, or operated, and managed the brand and policies for bookings, rates, and operations, at the Motel 6® Hotels located at 20651 Military Road South, 16500 Pacific Highway South, and 18900 47th Avenue South in Seattle, Washington, where Plaintiff M.L. was commercially sex trafficked on dozens of occasions for an average of one week each time she was taken to Defendant's owned and operated location, beginning in 2003 (age 12) and ending in 2012 (age 21). She was transported to these locations and held at these locations, while commercial sex acts with her were sold and

**Second Amended Complaint for Damages** - 47
THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

purchased. Defendant Accor owned and operated Motel 6® while buyers paraded in and out of rooms rented for the purpose of trafficking M.L.

b. Defendant G6 owns, supervises, or operates, and manages the brand and policies for bookings, rates, and operations, at the Motel 6® Hotels located at 20651 Military Road South, 16500 Pacific Highway South, and 18900 47th Avenue South in Seattle, Washington, where Plaintiff M.L. was commercially sex trafficked on dozens of occasions for an average of one week each time she was taken to Defendant's owned and operated location, beginning in 2012 (age 21) and ending in 2017 (age 26). She was transported to these locations and held at these locations, while commercial sex acts with her were sold and purchased. Defendant G6 owned and operated Motel 6® while buyers paraded in and out of rooms rented for the purpose of trafficking M.L.

c. Defendants Accor and G6 failed to implement and enforce any of their own policy or policies and protect Plaintiff M.L. from being commercially sex trafficked multiple times at multiple Motel 6® locations.

d. Defendants Accor and G6 had actual knowledge of sex trafficking occurring on their branded hotel properties because Accor, G6 Hospitality, and Motel 6® knew that sex trafficking and prostitution are associated with a high risk of physical and sexual violence, substance abuse, and other illegal dangerous conduct, and that "pimps" and buyers of commercial sex acts often use force, fraud, and coercion to induce commercial sex acts from victims.

e. Defendants Accor and G6 had constructive knowledge of sex trafficking occurring on their branded hotel properties because Accor, G6, and Motel 6®

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

knew that sex trafficking and prostitution are associated with a high risk of physical and sexual violence, substance abuse, and other illegal dangerous conduct, and that "pimps" and buyers of commercial sex acts often use force, fraud, and coercion to induce commercial sex acts from victims.

f. Accor, G6, and Motel 6® allowed, authorized, permitted, induced, or encouraged the trafficking of multiple individuals, including M.L., for sex at multiple Motel 6® locations.

g. Defendant Accor and Motel 6® facilitated the trafficking through its practices, policies, and procedures. Defendant Accor and Motel 6® failed to take appropriate action to prevent the trafficking of individuals, including M.L., for sex so that Defendant Accor and each Motel 6® could continue to profit from the business that trafficking brings, including business from all over the state, country, and world.

h. Defendant G6 and Motel 6® facilitated the trafficking through its practices, policies, and procedures. Defendant G6 and Motel 6® failed to take appropriate action to prevent the trafficking of individuals, including M.L., for sex so that Defendant G6 and each Motel 6® could continue to profit from the business that trafficking brings, including business from all over the state, country, and world.

i. Defendants Accor and G6 knew or should have known that the Motel 6® locations where Plaintiff M.L. was trafficked were known for high incidence of crime and prone to sex trafficking activity on and around the hotel premises, including when Plaintiff M.L. was trafficked.

Second Amended Complaint for Damages - 49

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

j. Despite having knowledge of the extensive prostitution and sex trafficking that occurs at its hotels, Defendants Accor and G6 have repeatedly failed to stop these actions.

k. Defendants Accor and G6 exercised control over Motel 6® branded locations by:

    i. distributing information to assist employees in identifying human trafficking;

    ii. providing a process for escalating human trafficking concerns within the organization;

    iii. requiring employees to attend training related to human trafficking;

    iv. providing new hire orientation on human rights and corporate responsibility;

    v. providing training and education to Motel 6® branded hotels through webinars, seminars, conferences, and online portals;

    vi. developing and holding ongoing training sessions on human trafficking; or

    vii. providing checklists, escalation protocols and information to property management staff or tracking performance indicators and key metrics on human trafficking prevention.

l. Accor was in an agency relationship with their Motel 6® branded hotels offering the public lodging services in their locations. This agency relationship was created through Defendant Accor's exercise of an ongoing and systemic right of control over Motel 6® locations by Defendant Accor's operations, including

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

the means and methods of how Motel 6® branded locations conducted daily business through one or more of the following actions:

    i. hosting online bookings on Defendant Accor's developed, owned and operated domain;

    ii. requiring Motel 6® branded hotels to use Defendant Accor's customer resource management program;

    iii. requiring and regulating internet access for guests;

    iv. setting employee wages;

    v. making decisions about employment and budgets for security;

    vi. advertising for management and local positions;

    vii. standardized training methods across the brand;

    viii. oversight in hiring and/or terminating employees and managers;

    ix. building and maintaining the facility;

    x. standardized and/or strict rules of operation;

    xi. regular inspection of the facility and operation by the owner;

    xii. fixing prices; or

    xiii. creating advertising campaigns and unrealistic expectations of safety for guests.

m. G6 Hospitality, LLC was in an agency relationship with their Motel 6® branded hotels offering the public lodging services in their locations. This agency relationship was created through Defendant G6's exercise of an ongoing and systemic right of control over Motel 6® locations by Defendant G6's operations, including the means and methods of how Motel 6® branded

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

locations conducted daily business through one or more of the following actions:

    i. hosting online bookings on Defendant G6's developed, owned and operated domain;

    ii. requiring Motel 6® branded hotels to use Defendant G6's customer resource management program;

    iii. requiring and regulating internet access for guests;

    iv. setting employee wages;

    v. making decisions about employment and budgets for security;

    vi. advertising for management and local positions;

    vii. standardized training methods across the brand;

    viii. oversight in hiring and/or terminating employees and managers;

    ix. building and maintaining the facility;

    x. standardized and/or strict rules of operation;

    xi. regular inspection of the facility and operation by the owner;

    xii. fixing prices; or

    xiii. creating advertising campaigns and unrealistic expectations of safety for guests.

n. An apparent agency also exists between Defendant Accor and Motel 6® branded motels.

o. An apparent agency also exists between Defendant G6 and Motel 6® branded motels.

p. Defendant Accor held out Motel 6® branded hotels to the public as possessing

Second Amended Complaint for Damages - 52

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

authority to act on its behalf.

q. Defendant G6 held out Motel 6® branded hotels to the public as possessing authority to act on its behalf.

r. Given Defendant Accor's public statements on behalf of its brand and the control it assumed in educating, implementing, and directing its branded locations, including Motel 6® branded hotels, Defendant Accor breached its duties in the following ways:

    i. inadequate distribution of information to assist employees in identifying human trafficking;

    ii. failure to provide a process for escalating human trafficking concerns within the organization;

    iii. failure to adequately train and mandate managers, employees, or owners to attend training related to human trafficking;

    iv. failure to provide new hire orientation on human rights and corporate responsibility;

    v. failure to provide training and education on human trafficking through webinars, seminars, conferences, and online portals;

    vi. failure to develop and hold or require ongoing training sessions on human trafficking; or

    vii. failure to provide checklists, escalation protocols and information to property management staff or tracking performance indicators and key metrics on human trafficking prevention.

s. Given Defendant G6's public statements on behalf of its brand and the control

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

it assumed in educating, implementing, and directing its branded locations, including Motel 6® branded hotels, Defendant G6 breached its duties in the following ways:

    i.  inadequate distribution of information to assist employees in identifying human trafficking;

    ii.  failure to provide a process for escalating human trafficking concerns within the organization;

    iii.  failure to adequately train and mandate managers, employees, or owners to attend training related to human trafficking;

    iv.  failure to provide new hire orientation on human rights and corporate responsibility;

    v.  failure to provide training and education on human trafficking through webinars, seminars, conferences, and online portals;

    vi.  failure to develop and hold or require ongoing training sessions on human trafficking; or

    vii.  failure to provide checklists, escalation protocols and information to property management staff or tracking performance indicators and key metrics on human trafficking prevention.

t.  For years, Defendants Accor and G6 demonstrated actual and/or constructive knowledge of the rampant culture of sex trafficking which tragically occurred and continues to occur on Motel 6® branded properties throughout the United States. This same entrenched, pervasive actual and/or constructive knowledge of sex trafficking facilitated the sex trafficking of Plaintiff M.L. at Motel 6®

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

locations that forms the basis of this complaint.

    i. According to Seattle News Station KIRO 7, on May 17, 2019, "Within the past six days, two men have been charged with felony sex trafficking – in unrelated cases – at the same SeaTac motel. Leon Henderson, 28, of Seattle, was charged last week with prostituting a woman out of the SeaTac Motel 6 on 47th Avenue South. According to documents filed in King County Superior Court, Henderson sold the victim to at least 20 men over the course of two days. Yesterday, Jordan W. Jackson, 21, of Des Moines was charged with allegedly selling a 14-year old girl at the same motel earlier this month."[49]

    ii. Motel 6® agreed to pay "$250,000 to settle a lawsuit brought by Los Angeles that alleged one of the chain's locations was a base for human traffickers, drug dealers and gang members, prosecutors said."[50]

**(ii)    Facts Specific to Brand Owned by Defendant Wyndham**

148. Defendants Wyndham and 2005 Investors, LLC d/b/a Howard Johnson Inn®

    a. Defendant Wyndham owns, supervises, or operates the Howard Johnson Inn® located at 1233 Central Avenue North, Kent, Washington, where Plaintiff M.L. was commercially sex trafficked on countless occasions beginning in 2003 (age 12) and ending on or about 8/2015 (age 24) for the financial benefit of a

---

[49] Clancy, Amy. May 17, 2019. "Prosecutor: SeaTac Motel 6 used for sex trafficking." *Kiro7 News*. Available at: https://www.kiro7.com/news/local/prosecutor-seatac-motel-6-used-for-sex-trafficking/949906749 (last visited February 12, 2021).
[50] "Motel 6 pays $250,000 to settle human trafficking suit." August 23, 2017. Available at: https://www.cbsnews.com/news/motel-6-pays-250000-to-settle-human-trafficking-suit/ (last visited February 12, 2021).

**Second Amended Complaint for Damages** - 55

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

trafficker. M.L. was held for lengths of time and was transported to this Wyndham branded Howard Johnson Inn® location over this period. Plaintiff M.L. was repeatedly assaulted and commercially sex trafficked at this location against her will. She was held at this location, owned and operated by and Defendant 2005 Investors doing business as Howard Johnson Inn®, for over one year between 2006 and 2008. Scores of buyers paraded in and out of rooms rented for the purpose of trafficking M.L.

b.  Defendant Wyndham manages the brand and policies for bookings, rates, and operations at the Howard Johnson Inn® branded location where M.L. was provided to buyers for commercial sex acts as a minor on an on-going and repeated basis. Defendant 2005 Investors shared financial benefits with Defendant Wyndham, gained from renting rooms for the purpose of trafficking M.L.

c.  Defendant Wyndham failed to implement and enforce any of its own policy or policies and protect Plaintiff M.L. from being commercially sex trafficked repeatedly and obviously at this location.

d.  Defendant Wyndham had actual knowledge of sex trafficking occurring on its branded hotel properties because Wyndham and Howard Johnson Inn® knew that sex trafficking and prostitution are associated with a high risk of physical and sexual violence, substance abuse, and other illegal dangerous conduct, and that "pimps" and buyers of commercial sex acts often use force, fraud, and coercion to induce commercial sex acts from victims.

e.  Defendant Wyndham had constructive knowledge of sex trafficking occurring

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

on its branded hotel properties because Defendant Wyndham and Howard Johnson Inn® knew that sex trafficking and prostitution are associated with a high risk of physical and sexual violence, substance abuse, and other illegal dangerous conduct, and that "pimps" and buyers of commercial sex acts often use force, fraud, and coercion to induce commercial sex acts from victims.

f. Defendant Wyndham and Howard Johnson Inn® allowed, authorized, permitted, induced, or encouraged the trafficking of individuals, including M.L., for sex at the Howard Johnson Inn®. Defendant Wyndham and Howard Johnson Inn® facilitated the trafficking through its practices, policies, and procedures. Defendant Wyndham and Howard Johnson Inn® failed to take appropriate action to prevent the trafficking of individuals, including M.L., for sex so that Defendant Wyndham and Howard Johnson Inn® could continue to profit from the financial benefits that trafficking brings, including business from all over the state, country, and world.

g. Defendant Wyndham knew or should have known that the Howard Johnson Inn® motel where Plaintiff M.L. was trafficked was an area known for high incidence of crime and prone to sex trafficking activity on and around the hotel premises, including when Plaintiff M.L. was trafficked.[51]

h. Despite having knowledge of the extensive prostitution and sex trafficking that occurs at its hotels, Defendant Wyndham has repeatedly failed to stop these actions.

---

[51] See attached Exhibit 2 from DemandForum net for highlights of reports from Kent, Washington that are related to trafficking. Analysis of activity of demand form buyers in Kent, WA available at http://www.demandforum.net/site/kent-wa/ (last visited October 21, 2019).

**Second Amended Complaint for Damages** - 57

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

i. Defendant Wyndham exercised control over Howard Johnson Inn® locations by:

   i. distributing information to assist employees in identifying human trafficking;

   ii. providing a process for escalating human trafficking concerns within the organization;

   iii. requiring employees to attend training related to human trafficking;

   iv. providing new hire orientation on human rights and corporate responsibility;

   v. providing training and education to Howard Johnson Inn® branded hotels through webinars, seminars, conferences, and online portals;

   vi. developing and holding ongoing training sessions on human trafficking; or

   vii. providing checklists, escalation protocols and information to property management staff or tracking performance indicators and key metrics on human trafficking prevention.

j. Wyndham was in an agency relationship with Howard Johnson Inn® branded locations offering public lodging services in the hotel. This agency relationship was created through Defendant Wyndham's exercise of an ongoing and systemic right of control over Motel 6® hotels by Defendant Wyndham's operations, including the means and methods of how Motel 6® branded hotels conducted daily business through one or more of the following actions:

   i. requiring Howard Johnson Inn® branded properties to use Defendant

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Wyndham's customer rewards program;

    ii. sharing profits;

    iii. standardized training methods for employees;

    iv. oversight in hiring and/or terminating employees and managers;

    v. building and maintaining the facility in a manner specified by the owner;

    vi. standardized or strict rules of operation;

    vii. regular inspection of the facility and operation by the owner;

    viii. fixing prices; or

    ix. other actions that deprive Wyndham® branded hotels of independence in business operations.

k. An apparent agency also exists between Defendant Wyndham and Howard Johnson Inn® locations. Defendant Wyndham held out Howard Johnson Inn® branded hotels to the public as possessing authority to act on its behalf.

l. Given Defendant Wyndham's public statements on behalf of its hotel brands and the control it assumed in educating, implementing, and directing its branded hotels, including Howard Johnson Inn® branded hotels, Defendant Wyndham breached its duties in the following ways:

    i. inadequate distribution of information to assist employees in identifying human trafficking;

    ii. failure to provide a process for escalating human trafficking concerns within the organization;

    iii. failure to mandate managers, employees, or owners to attend training related to human trafficking;

**Second Amended Complaint for Damages** - 59

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

iv. failure to provide new hire orientation on human rights and corporate responsibility;

v. failure to provide training and education on human trafficking through webinars, seminars, conferences, and online portals;

vi. failure to develop and hold or require ongoing training sessions on human trafficking;

vii. failure to provide checklists, escalation protocols and information to property management staff or tracking performance indicators and key metrics on human trafficking prevention; or

m. For years, Defendant Wyndham has demonstrated actual and/or constructive knowledge of the rampant culture of sex trafficking, which tragically occurs on its Howard Johnson Inn® branded properties throughout the country. This same entrenched, pervasive actual and/or constructive knowledge of sex trafficking facilitated the sex trafficking of Plaintiff M.L. at a Howard Johnson Inn® location that forms the basis of this complaint.

i. The San Diego City Attorney's office has ordered a hotel in Mission Valley to increase security and make immediate changes in order to crack down on prostitution activity at the business.[52]

ii. A travel reviewer noted on a website visible by Defendants: *…The first room was so bad, I wasn't allowed to see inside it…The third room I was taken to looked like a crime scene - blood was splattered on the wall and*

---

[52] Garske, Monica. February 4, 2014. "Another Mission Valley Hotel Ordered to Curb Prostitution Activity by Monica Garske." *NBC Sandiego.com News*. Available at: https://www.nbcsandiego.com/news/local/Mission-Valley-Travelodge-Hotel-Prostitution-Crackdown-243554781 html.

**Second Amended Complaint for Damages** - 60

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

*lampshades and some sort of tissue was stuffed into the eyehole in the door.* Date of stay: December 2007[53]

### D. THE SEX TRAFFICKING OF M.L.: FACTS SPECIFIC TO LOCAL DEFENDANT HOTELS

#### (i) Facts Common for Motel 6® Locations

149. M.L. was led to a Motel 6® as a place to stay after escaping abuses when she was nine years old. M.L. became a target for buyers and pimps. As a very young child on her own, M.L. began to witness the behaviors and activities of guests, staff, management, and motel patrons.

150. M.L. was not only trafficked, but she was also kidnapped and at other times tortured by traffickers—both the pimps and the buyers. She screamed for help, but no one would help her. As a young girl without parents caring for her, she was accosted by prospecting traffickers regularly. M.L. was kidnapped and assaulted by drug dealers at a Motel 6® location.

151. M.L. was trafficked and had several interactions with police related to the harms done against her involving sex trafficking at Defendant Accor branded locations.

152. M.L. was trafficked and had several interactions with police related to the harms done against her involving sex trafficking at Defendant G6 branded locations.

153. The police spoke to Motel 6® staff regarding M.L. being a missing child and truant student on multiple occasions.

154. Defendant Accor had a duty to warn that the Motel 6® branded properties were not a place for M.L., or any child. Defendant Accor chose not to share and not to protect children, while they collected payments for their room and good will for their Motel 6® brand.

---

[53] Trvlfun79. July 2008. Travel Review by Spokane, WA1: "Filthy." Available at: https://www.tripadvisor.com/Hotel_Review-g58537-d100448-Reviews-Howard_Johnson_Inn_Kent-Kent_Washington html#REVIEWS (last visited October 21, 2019).

**Second Amended Complaint for Damages** - 61

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

155. Defendant G6 had a duty to warn that the Motel 6® branded properties were not a place for M.L., or any child. Defendant G6 chose not to share and not to protect children, while they collected payments for their room and good will for their Motel 6® brand.

156. Starting when M.L. was approximately 12 years old she was first subjected to sex trafficking. This sex trafficking occurred initially at the Military Road Motel 6® branded property. M.L. was photographed partially nude in sexually suggestive poses, and those photographs were used by the traffickers to create advertisements online, specifically on Craigslist.

157. All Motel 6® branded properties were located in close proximity to the Sea Tac Airport and Interstate 5, the most heavily travelled highway in Washington State. As such it is well known as an area with high levels of sex trafficking and prostitution. The infamous "Green River Killer," Gary Ridgeway, selected and killed his victims in this area. His victims were all involved in the world of commercial sex acts.

158. Most of the men would park in the Motel 6® provided parking lot or on the adjacent street and walk to the hotel room where M.L. was being harbored for sex trafficking. The door to the hotel room was visible to the outdoor environment and any Motel 6® staff and on-property managers.

159. Day after day, a procession of adult buyers would enter the Motel 6® branded motel room where the 12-year-old girl was staying with a pimp or adult enforcer of trafficking. The strangers, and unregistered guests, would remain with the minor M.L. for between fifteen (15) minutes to sixty (60) minutes, on average, and then leave the room.

160. None of the buyers appeared to be age-appropriate contemporaries of the minor plaintiff. None of these visitors acted in any manner as though they were a guardian or relative

**Second Amended Complaint for Damages** - 62

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

of the minor plaintiff.

161. The number of adult male buyers entering the Motel 6® branded property and rooms to visit an unrelated 12-year-old girl for a brief period of time was obvious and apparent. The Motel 6® properties are not large and spread-out properties. The entire motel can be readily observed by motel staff. The staff was aware or should have been aware of the commercial sexual activity taking place against Plaintiff. Defendants with Motel 6® branded properties knew or should have known that the activity was sex trafficking and chose to let it occur while benefiting financially from the room rentals.

162. Failure to properly train, equip and manage the locations resulted in Plaintiff M.L. relying more heavily on traffickers as she was ignored, teased, and/or labeled as disposable by Motel 6® staff. Like the traffickers who sold her, Defendants did not express concern about M.L.'s human life or childhood, and instead allowed for multiple abuses to occur, while making profit from renting rooms for the use of traffickers.

163. Defendants turned a blind eye to the abuses of M.L. Defendants Accor and G6 looked the other way and failed to properly train and warn management and staff with respect to the dangers and signs as well as reporting standards with respect to sex trafficking.

164. Defendants financially benefited from renting rooms, which were purchased for the purpose of trafficking M.L.

165. Other indicia of trafficking were apparent to the staff and management of Motel 6® branded properties. A large number of used condoms and condom wrappers were in the trash upon checkout. Empty bottles of lubricant labeled for sexual acts were commonplace. The Motel 6® "do not disturb" sign was normally hung on the outside of the door.

166. The motel rooms were paid for in cash, prepaid cards or PayPal, and traffickers booked

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

rooms through priceline.com, hotels.com, expedia.com, and my6.com in order to maintain anonymity of the renters. Motel staff did not check ID's of guests or people in the room, and/or the traffickers provided Plaintiff M.L. with a fake ID and/or the traffickers used fake IDs.

167. The procession of buyers never stopped. All of this was known to the management and staff of Motel 6® branded properties.

168. M.L. was bruised, malnourished, and physically deteriorated by the endless procession of buyers. M.L's. physical appearance was readily apparent to the Motel 6® staff and management.

169. Plaintiff M.L. was not the only minor victim sold at Motel 6®. During the same time frame when the Plaintiff was sold at that location many other minors and young women were being trafficked there. Police contacts were frequent. Men would furtively come and go.

170. Motel 6® locations were a well-known location for both INCALLS and OUTCALLS. Traffickers frequented the properties where M.L. was taken and held as a victim of sex trafficking.

**(ii)    Facts Specific to Trafficking at Military Road Motel 6®**

171. An average of 10 adult males would arrive every day at the Military Road Motel 6® for the purpose of raping M.L. beginning in 2003 at the age of 12 and ending in 2017 at the age of 26.

172. Plaintiff M.L. lived at Military Road Motel® for periods of time prior to turning age 12 and during the period of her sex trafficking. She was held by her traffickers on average of one week at a time at this location.

173. During the times M.L. was trafficked at the Military Road Motel 6®, police had contact with her at the Motel 6® property on multiple occasions. Police also spoke with Motel 6® staff

**Second Amended Complaint for Damages** - 64

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

and management regarding M.L. on multiple occasions.

174. During the times M.L. was trafficked at the Military Road Motel 6®, the manager of the Military Road Motel 6® attempted to solicit minor M.L. and other minor victims of sex trafficking for commercial sex acts. Rather than fire the manager that was accosting, bribing, and soliciting child victims, the manager was moved from Military Road Motel 6® to another Motel 6® property.

### (iii) Facts Specific to Trafficking at Pac Hwy Motel 6®

175. An average of 10 adult males would arrive every day at the Pac Hwy Motel 6® for the purpose of raping M.L beginning in 2003 at the age of 12 and ending in 2017 at the age of 26.

176. During the period of her sex trafficking, she was held by her traffickers on average for one week at a time at this location.

177. During the times M.L. was trafficked at the Pac Hwy Motel 6®, police had contact with her at the Motel 6® property on multiple occasions. Police also spoke with Motel 6® staff and management regarding M.L. on multiple occasions.

178. On or about 5/2010, four males attempted to kidnap ML while she was in room 149 and being trafficked at the Pac Hwy Motel 6®. Police interacted with ML and hotel staff about this incident.

### (iv) Facts Specific to Trafficking at 47th Ave Motel 6®

179. An average of 10 adult males would arrive every day at the 47th Ave Road Motel 6® for the purpose of raping M.L. beginning in 2003 at the age of 12 and ending in 2017 at the age of 26.

180. During the majority of the period of her sex trafficking, she was held by her traffickers on average for one week at a time at this location.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

181. The 47th Ave Motel 6® is located in close proximity to the Sea Tac Airport and Interstate 5, the most heavily travelled highway in Washington State. As such it is well known as an area with high levels of sex trafficking and prostitution.

182. During the times M.L. was trafficked at the 47th Ave Motel 6®, police had contact with her at the Motel 6® property on multiple occasions. Police also spoke with Motel 6® staff and management regarding M.L. and her being a missing child and/or a truant student.

183. During the times M.L. was trafficked at the 47th Ave Motel 6®, on or about 2006 or 2007, M.L. was kidnapped from the motel. Motel management reported M.L.'s kidnapping to the SeaTac Police, which involved two men from out of state. M.L. was later trafficked at the 47th Ave Motel 6® after her kidnapping. The kidnapping was related to sex trafficking, and the Motel 6® operators were aware of the kidnapping.

### (v) Facts Specific to trafficking at Howard Johnson Inn®

184. Beginning in 2003 (age 12) and ending on or about August 2015 (age 24), when the Howard Johnson Inn® transferred ownership, Plaintiff M.L. was trafficked for sex by adult sex traffickers at the Howard Johnson Inn® located at 1233 Center Avenue North, Kent, Washington.

185. Plaintiff resided at the Howard Johnson Inn® located at 1233 Center Avenue North, Kent, Washington almost continuously for over one year, during the calendar years of 2006 and 2007, while Defendants lacked ways to identify and train staff to prevent this. Plaintiff M.L. was somewhere between 14 and 16 years of age at the time when she was staying continuously at the identified property until she was kicked out, after motel staff spoke to M.L. more than once to keep her sexual activities more discrete, failing to report her trafficker, call the authorities, or otherwise prevent M.L. from being sold for sex as a child.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

186. Despite M.L. getting kicked out on or about 2007, traffickers were able to continue to sex traffic the Plaintiff M.L. out of the Howard Johnson Inn® until August 2015.

187. Plaintiff M.L. was held captive by her traffickers at the Howard Johnson Inn® for months at a time during her trafficking period at this location beginning in 2003 (age 12) and ending on or about August 2015 (age 24).

188. During the entire period at the Howard Johnson Inn® the Plaintiff M.L. was being trafficked for sex by adult sex traffickers at that location.

189. During that time frame, the Plaintiff M.L. was required by her traffickers to earn as much money as she could.

190. Plaintiff M.L. would be raped by multiple buyers per day at this Howard Johnson Inn®. M.L. was a young sex trafficking victim, who did not appear to be older than her age. Her young age made her in high demand and, during some short stays, nearly two dozen buyers would visit her room. The traffickers would receive thousands of dollars each day and the Defendant 2005 Investors, LLC would rent rooms and share financial benefits from the arrangement with Defendant Wyndham.

191. Over the various stays at Howard Johnson Inn® on 1233 Central Avenue North in Kent, Washington, tens of thousands of dollars were made for the Defendants from M.L.'s trafficking alone.

192. During her long stays at the Howard Johnson Inn®, as set forth above, an unusually large number of adult buyers, many middle aged and older would arrive to perform commercial sex acts with M.L. as a minor, and beyond. They were provided a harbor by Defendants to abuse, assault, and rape M.L. from the age of 12 until the age of 24, or until 2015.

193. Typically, the buyers would stay for less than 30 minutes to up to one hour and then

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

leave only to be replaced by the next visitor. Often buyers would wait outside the door to her hotel room or in their cars in the parking lot for their turn to commit multiple acts of abuse against M.L., including but not limited to various forms and degrees of sexual assault.

194. The adult men would park their vehicles in the parking lot of the Howard Johnson or in the adjacent street and then walk to the door to M.L.'s individual room. The parking lot, waiting areas, and path to the individual door were all visible to the staff and management of the Howard Johnson Inn®.

195. The indicia of sex trafficking were obvious and apparent to the hotel operators. The procession of men was obvious and apparent. The motel staff knew that illegal trafficking was occurring, yet they acquiesced in the trafficking activity because of the money they received from renting the rooms. Defendant 2005 Investors, LLC, and Defendant Wyndham thereby benefited from the venture.

196. Other obvious signs of sex trafficking included large numbers of condoms and condom wrappers in the garbage cans, unusual amounts of body fluids on linens and towels, bottles of lubes and lotions as well as pornographic magazines.

197. The hotel staff actually spoke with the Plaintiff on more than one occasion warning her to keep the sexual activities more discrete or they would have to kick her out. However, she was allowed to stay and be trafficked out of that location, nonetheless.

198. During her time as a trafficked minor and beyond until the age of 24 at the Howard Johnson Inn®, the Plaintiff was forced to engage in thousands of commercial sex acts and explicit sex acts with hundreds of different adult buyers. All of this activity took place in a rented motel room at the Howard Johnson Inn®.

199. During Plaintiff M.L.'s time at the Howard Johnson Inn®, she had multiple contacts

Second Amended Complaint for Damages - 68

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

with police on the property, particularly with the Kent Police Department. Police contacted and spoke with motel staff regarding the minor Plaintiff and regarding the Plaintiff until the age of 24 or 2015 on multiple occasions.

200. Often, 2-3 times per day, the Plaintiff would have her linens changed or replaced by motel cleaning staff because the sheets were soiled with body fluids from sexual activities with multiple sex purchasers.

### (vi) All Defendant Hotels

201. M.L. was subject to repeated instances of rape, physical abuse, verbal abuse, exploitation, psychological torment, kidnapping, and false imprisonment at the Defendants' hotels beginning at the age of 12 (2003) and ending at the age of 24 (2015) at the Howard Johnson Inn® and beginning at the age of 12 (2003) and ending at the age of 26 (2017) at the Motel 6® hotels.

202. M.L. was required to have sex for payment with various buyers at the Defendant Hotels' branded properties in response to advertisements for commercial sex that her trafficker posted on websites such as www.craigslist.com without her consent.[54]

203. The number of buyers who requested an "in call" and traveled to M.L. was uncountable, each day varied, and buyer after buyer would exchange money for commercial sex acts with the Plaintiff.

204. Each buyer entering Defendants' hotel properties was a non-paying guest and left shortly after he arrived. The foot traffic to the rooms was constant and voluminous.

---

[54] Backpage.com was the leading online marketplace for commercial sex, until it was seized by the federal authorities in April 2018. Backpage.com operated in 97 countries and 943 locations worldwide—and was last valued at more than a half-billion dollars. *See Backpage.com's Knowing Facilitation of Online Sex Trafficking.* 2017. Permanent Subcommittee on Investigations, United States Senate, 114th Congress, Staff Report.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

205. The traffickers, acting as pimps, managers, "wife-in-laws" or boyfriends would book rooms with prepaid cards, PayPal, or cash in person, and would book rooms using websites like priceline.com, hotels.com, expedia.com, and my6.com in order to conceal his/her true identity from law enforcement.

206. The trafficker and the Plaintiff M.L. would not walk into the hotel together, and Plaintiff M.L.'s interaction with the front desk was minimal.

207. The trafficker would ask for a room or a group of rooms in the back of the hotel for about a month and then switch rooms, and the trafficker would always request two room keys for each room rented.

208. The trafficker would pimp 3-4 girls out at a time and the sex trafficking victims, including M.L. would act like visitors but never leave the hotel.

209. Motel staff did not check ID's of guests or people in the room, and/or the traffickers provided Plaintiff M.L. with a fake ID and/or the traffickers used fake IDs.

210. In addition to kidnapping, motel staff and managers witnessed aggressive assaults by traffickers and "Johns" against the minor and adult Plaintiff M.L. as she was beaten, kicked, thrown down, and verbally assaulted on a regular basis. Despite desperate pleas and screams for help, after being beaten or held against her will at the Defendants' hotel properties, the hotel staff and management ignored M.L. and did nothing to prevent the ongoing torture she endured while she was regularly trafficked for sex at Defendants' hotel properties.

211. Despite obvious signs of human trafficking (physical deterioration, no eye contact, and duration of stay) and indicators of commercial sex activity (bottles of lubricants; boxes of condoms; used condoms in the trash; clogged toilets from flushed condoms and wrappers; excessive requests for towels and linens, and toilet plungers; cash, prepaid card, and/or online

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

payments; and frequent interactions with police), Defendant Hotels failed to recognize, prevent, or report Plaintiff M.L.'s trafficking. The Defendants harbored or otherwise facilitated a sex trafficking venture on their hotel properties and accordingly, financially benefited from the sex trafficking the Plaintiff M.L. suffered. Furthermore, the Defendants failed to prevent her continued victimization.

212. Prior to, during, and following the incidents described herein, the Defendants had actual and/or constructive notice of drug dealing, prostitution, and/or general safety concerns at their hotels, including, but not limited to, video surveillance of their hotels, as well as oral or written complaints regarding said suspicious activity. Hotel staff and/or managers at all Defendant Hotels had multiple interactions with the police related to the trafficking of the Plaintiff M.L. during the period of her sex trafficking. The Defendants failed to take any actions to curtail these activities.

213. Had the Defendants been paying attention to the activities being conducted and oftentimes reported at their branded hotels and on their properties, the apparent red flags outlined above would have made it impossible for them not to notice the repeated victimization of M.L.

214. The impact of being starved, beaten, physically restrained, and sex trafficked at the Defendants' properties has permanently emotionally and physically injured M.L. who, despite the many years since her escape, suffers immensely as a result of the horrors inflicted upon her at the Defendants' hotel properties.

**E.      THE DEFENDANTS FACILITATED THE TRAFFICKING OF M.L.**

215. The Defendant motels and their national brand partners Defendants Accor, G6, and Wyndham had been on notice and received complaints from community members, neighbors,

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

police, concerned parents, political officials, nonprofit organizations, and victims themselves. The Defendants Accor, G6, and Wyndham had the most knowledge, as they had years of reports and incidents from motel properties throughout the state and country. Multiple managers and supervisors complained about their own safety and the fact that they could not protect guests. Cleaning crews and maintenance staff witnessed and sometimes participated in the sex trafficking of victims at multiple locations, including those locations where Plaintiff M.L. was trafficked.

216. There was more than a single call to or from one agency to notify Defendants of the activity. Hundreds of online posts and reviews, as well as multiple calls and reports stemming from each location, provided Defendants with the information necessary to make an informed decision about continuing to operate businesses with a blind eye toward trafficking. Defendants remained silent in the face of public outrage and M.L.'s own cries for help. These combined facts, along with all the facts previously alleged, show that Defendants were acting in concert with traffickers, for their own profit and benefit.

217. This venture continues to plague our country as ample investment is made by all Defendants in marketing campaigns that aim to coverup the continued and ongoing relationship that their companies have with traffickers.

218. Defendant Hotels financially benefited from the sex trafficking of M.L. and knowingly or negligently aided and engaged with her traffickers in their sex trafficking ventures. The Defendants leased rooms to M.L.'s traffickers when they knew, or should have known, that the traffickers were using their rooms to imprison M.L., physically assault her, and subject her to repeated exploitation as they forced her into sexual servitude.

219. Defendant Hotels knew, or should have known, that M.L. was being trafficked and that

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

the Defendants were knowingly benefiting financially from said exploitation, because M.L. was frequently held or transported to the Defendants' properties.

220. Defendant Hotels knew, or should have known, that M.L. was being trafficked because M.L. and Defendant Hotel staff had multiple interactions with law enforcement during M.L.'s trafficking period, M.L. constantly entertained traffic to appease her traffickers' daily quotas, and her traffickers would help check her in, then not proceed to the room; behavior that indicated they were using the Defendants' hotels for their illegal sex trafficking ventures.

221. Defendant Hotels actively participated in this illegal endeavor by knowingly or negligently providing lodging to M.L.'s traffickers in which to harbor M.L. while they were trafficking her.

222. Defendant Hotels profited from the sex trafficking of M.L. and knowingly or negligently aided and participated with M.L.'s traffickers in their criminal ventures. The Defendants took no action as M.L. repeatedly visited the hotel, often with different guests, without any luggage, avoiding all eye contact, exhibiting signs of malnourishment, and often displaying prominent bruising all over her person.

223. Defendant Hotels actively participated in this illegal endeavor by knowingly or negligently providing lodging to those who purchased sex from M.L. in which to harbor M.L. while she was being trafficked.

224. The Defendant Hotels all had the opportunity to stop M.L.'s traffickers and offenders like them from victimizing M.L. and others like her. Instead, every Defendant failed to take reasonable measures to stop sex trafficking from occurring in their hotels.

225. The Defendant Hotels all financially benefited from the sex trafficking of M.L., and other victims like her, and developed and maintained business models that attract and foster the

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

commercial sex market for traffickers and buyers alike.

226. Defendant Hotels enjoy the steady stream of income that sex traffickers bring to their hotel brands, such as the Motel 6® and Howard Johnson Inn®.

227. Defendant Hotels financially benefit from their ongoing reputation for privacy, discretion, and the facilitation of commercial sex.

228. Defendant Hotels failed to take any steps to alert the authorities, properly intervene in the situation, or take reasonable security steps to improve awareness of sex trafficking and/or prevent sexual exploitation on their properties.

229. Defendant Hotels maintained their deficiencies to maximize profits by:

    a. Reducing the cost of training employees and managers of how to spot the signs of human trafficking and sexual exploitation and what steps to take;

    b. Not refusing room rentals or reporting guests to law enforcement, in order to maximize the number of rooms occupied and the corresponding rates, even if the rooms rented were to sex traffickers or buyers;

    c. Lowering security costs by not having proper security measures, including but not limited to, employing qualified security officers and/or maintaining proper video surveillance to actively combat human trafficking and sexual exploitation;

    d. Failing to enforce proper policies and procedures to stop human trafficking and sexual exploitation on their properties.

230. Prior to and during the timeframe when Plaintiff M.L. was sold for commercial sex as a minor, Defendant Hotels were well aware that their branded hotel properties were being used for the commercial sex trafficking venture of countless child and adult victims, like Plaintiff

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

M.L.

231. Throughout the time period in which Plaintiff M.L. was sold for commercial sex in Defendant Hotel properties, multiple governmental agencies, law enforcement, Attorneys General, social workers, and others had complained or otherwise interacted with Defendant Hotels regarding the sex trafficking and child sex trafficking occurring on Defendant Hotel branded properties. In addition, multiple media sources had reported the same.

232. As a hotel operator, Defendant Accor controlled the training and policies for its branded properties including the Military Road Motel 6®, Pac Hwy Motel 6®, and 47th Ave Motel 6®, where Plaintiff M.L. was trafficked beginning in 2003 (age 12) and ending in 2017 (age 26).

233. As a hotel operator, Defendant G6 controls the training and policies for its branded properties including the Military Road Motel 6®, Pac Hwy Motel 6®, and 47th Ave Motel 6®, where Plaintiff M.L. was trafficked beginning in 2003 (age 12) and ending in 2017 (age 26).

234. As a hotel operator, Defendant Wyndham controls the training and policies for its branded properties including the Howard Johnson Inn® in Kent, where Plaintiff M.L. was trafficked beginning in 2003 (age 12) and ending in 2015 (age 24).

235. Defendant Hotels represent that they consider guest safety and security important and require the hotels in their portfolios to comply with brand standards and all local, state, and federal laws.

236. Hospitality companies, like Defendant Hotels, are obligated to adopt policies and procedures related to sex trafficking and to enforce these policies and procedures as brand standard through to the property level, where Plaintiff M.L. was sold for commercial sex as a minor and as an adult.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

237. Defendant Hotels had the ability to control, implement and enforce the training and policies related to eliminating and preventing commercial sex trafficking and child sex trafficking for its branded properties through to the property level, but chose not to.

238. It was very predictable and foreseeable to Defendant Hotels that children and adults would continue to be sold for sex on their branded hotel properties, yet they failed to take any meaningful steps to eliminate sex trafficking, including child sex trafficking, on their branded hotel properties.

239. Because it was completely apparent, foreseeable, and predictable to Defendant Hotels that large numbers of sex trafficking victims, including child sex trafficking victims, like the Plaintiff M.L., were being trafficked on their branded hotel properties, Defendant Hotels had a duty to prevent children and adults from being sold for commercial sex on their branded hotel properties.

240. As a direct and proximate result of the foregoing misconduct, M.L. has suffered, and continues to suffer, general, and special damages. These damages include, but are not limited to, severe permanent emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in her ability to enjoy life, past and future medical expenses, attorney's fees and costs, and other general and special damages, all in an amount to be determined at trial.

## CAUSES OF ACTION

### I. COUNT ONE – NEGLIGENCE

241. Plaintiff realleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

242. All Defendants had a duty of care to operate their businesses in a manner that did not allow sex trafficking criminals to foreseeably utilize said businesses to sex traffic the Plaintiff

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

M.L. and other victims on a continuing and massive scale.

243. Defendants breached that duty because they knew, or should have known, that adults working as professional traffickers were using their businesses to advertise and facilitate the sale of minor children and/or adult victims for commercial sex, but they took no steps to protect or warn those victims, including Plaintiff, neither as a child victim nor as an adult victim.

244. As a direct and proximate result of the foregoing misconduct, Plaintiff M.L. has suffered, and continues to suffer, general and special damages. These damages include, but are not limited to, severe permanent emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in her ability to enjoy life, past and future medical expenses, attorney's fees and costs, and other general and special damages, all in an amount to be determined at trial.

## II. COUNT TWO – STRICT LIABILITY

245. Plaintiff realleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

246. Defendant Craigslist engaged in and facilitated abnormally dangerous activities by virtue of its sex trafficking advertising of the Plaintiff M.L. and others.

247. Defendant Craigslist failed to use reasonable care and the Plaintiff was damaged by the facilitation and engagement of sex trafficking advertisements.

248. Defendant Craigslist is strictly liable for the harm suffered by the Plaintiff M.L. as a result of being advertised on the Craigslist website.

249. As a direct and proximate result, Plaintiff M.L. has suffered, and continues to suffer, general and special damages. These damages include, but are not limited to, severe permanent emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

decrease in her ability to enjoy life, past and future medical expenses, attorney's fees and costs, and other general and special damages, all in an amount to be determined at trial.

### III. COUNT THREE – OUTRAGE

250. Plaintiff realleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

251. Defendants engaged in extreme and outrageous conduct by knowingly and/or negligently allowing traffickers to advertise and facilitate the sale of minor children and adult victims for commercial sex through their respective businesses.

252. As a result of this extreme and outrageous conduct, thousands of men used Craigslist, Motel 6® hotels, and the Howard Johnson Inn® to gain access to sexually abuse and have commercial sex with Plaintiff.

253. All Defendants knew or should have known that this extreme and outrageous conduct would inflict severe emotional and psychological distress on advertised victims, both as minors and as adults, including Plaintiff, and Plaintiff did in fact suffer severe permanent emotional and psychological distress as a result. Her emotional damages include severe mental anguish, humiliation, and emotional and physical distress.

### IV. COUNT FOUR – CRIMINAL PROFITEERING ACT

254. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

255. As set forth above, all Defendants violated Washington's Criminal Profiteering Act, RCW 9A.82 *et seq.*, by enabling, harboring, leading, promoting, assisting, and/or facilitating prostitution, sex trafficking, and child sex trafficking. This includes, but is not limited to, violations of RCW 9A.40.100, Trafficking; RCW 9A.88.070, Promoting Prostitution in the

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

First Degree; RCW 9A.88.080, Promoting Prostitution in the Second Degree; RCW 9.68A.101, Promoting Commercial Sexual Abuse of a Minor; RCW 9A.82.060, Leading Organized Crime; and RCW 9A.82.080, Use of Proceeds of Criminal Profiteering—Controlling Enterprise or Realty—Conspiracy or Attempt).

256. As set forth above, all Defendants knowingly, or in reckless disregard of the fact, facilitated commercial sex acts of Plaintiff that were caused by force, fraud, or coercion, or that the Plaintiff had not attained the age of 18 years old, and benefited financially from participation in the criminal venture in violation of RCW 9A.40.100, Trafficking.

257. As set forth above, all Defendants knowingly profited from prostitution in violation of RCW 9A.88.070, Promoting Prostitution in the First Degree and RCW 9A.88.080, Promoting Prostitution in the Second Degree.

258. As set forth above, all Defendants knowingly advanced prostitution in violation of RCW 9A.88.070, Promoting Prostitution in the First Degree and RCW 9A.88.080, Promoting Prostitution in the Second Degree.

259. As set forth above, all Defendants aided traffickers to commit or engage in commercial sexual abuse of a minor and procure and solicit customers for commercial sexual abuse of a minor by providing an online platform and/or hotel room to sell children for sex, which instituted, aided, caused, assisted, and facilitated acts of commercial sexual abuse of a minor in violation of RCW 9.68A.101, as well as by utilizing moderation practices designed to institute, aid, cause, assist, and facilitate acts of commercial sexual abuse of a minor in violation of RCW 9.68A.101.

260. As set forth above and below, Defendant Craigslist violated Washington's Criminal Profiteering Act, RCW 9A.82 *et seq.*, including RCW 9A.82.060, Leading Organized Crime,

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

by intentionally organizing, managing, directing, supervising, and financing three or more persons with the intent to engage in a pattern of criminal profiteering activity.

261. As set forth above, all Defendants acted in violation of RCW 9A.82.080, Use of Proceeds of Criminal Profiteering—Controlling Enterprise or Realty—Conspiracy or Attempt. All Defendants conspired or attempted to use their profits from the criminal profiteering of the Plaintiff M.L. with the requisite intent, agreement, and while taking substantial steps in pursuance of such agreement pursuant to RCW 9A.28.040, to participate in the commercial sex trafficking venture of the Plaintiff M.L., both as a minor and as an adult victim. Further, all Defendants violated RCW 9A.82.080 since each Defendant knowingly received proceeds from the commercial sex enterprise of Plaintiff M.L., and all Defendants knowingly maintained their respective enterprises through such profits from the criminal profiteering activity of Plaintiff M.L.

262. Pursuant to the Criminal Profiteering Act, RCW 9A.82 *et seq*., sex trafficking and child sex trafficking constitute acts of "criminal profiteering." At all material and relevant times, all Defendants' actions, as detailed above and below, constituted acts of criminal profiteering that were part of a pattern of criminal profiteering as defined by RCW 9A.82. *et seq*.

263. As a direct and proximate result of the foregoing misconduct, Plaintiff suffered, and continues to suffer, general and special damages. These damages include, but are not limited to, severe permanent emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in her ability to enjoy life, past and future medical expenses, attorneys' fees and costs, and other general and special damages, all in an amount to be determined at trial.

264. Under RCW 9A.82.100, Plaintiff is entitled to her attorney's fees and costs for pursuing this civil action that arises from her sexual abuse and exploitation by Defendants.

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Plaintiff also intends to seek maximum civil penalties to the extent they are provided for under RCW 9A.82.100.

## V. COUNT FIVE – LEADING ORGANIZED CRIME (RCW 9A.82.060)

265. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

266. As set forth above and below, Defendant Craigslist violated Washington's Criminal Profiteering Act, RCW 9A.82 *et seq.*, including RCW 9A.82.060, Leading Organized Crime, by intentionally organizing, managing, directing, supervising, and financing three or more persons with the intent to engage in a pattern of criminal profiteering activity.

267. Defendant Craigslist posted advertisements of the minor Plaintiff for commercial sex on the following dates: March 23, 2009; March 27, 2009; April 4, 2009; April 9, 2009; and April 12, 2009. See Exhibit 1 attached hereto. These were five separate advertisements, or five separate acts of criminal profiteering, within a five-year period in violation of RCW 9A.82.060, which prosecutors pointed to as evidence against the Plaintiff's trafficker in his criminal prosecution for sex trafficking Plaintiff as a minor. Defendant Craigslist displayed multiple additional advertisements of the Plaintiff M.L. spanning a timeframe from 2003 (age 12) until 2017 (age 26).

268. As Defendant Craigslist employed at least three persons at the time of their posting of the five separate advertisements between March 23, 2009 and April 12, 2009 of the minor Plaintiff M.L. for commercial sex, Defendant Craigslist intentionally organized, managed, directed, supervised, and/or financed at least three persons with the intent to engage in a pattern of criminal profiteering activity in violation of RCW 9A.82.060.

269. Further, these five advertisements of minor Plaintiff M.L. for commercial sex

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

constitute a "pattern of criminal profiteering activity" because these acts "have the same or similar intent, results, accomplices, principals, victims, or methods of commission…[and are] otherwise interrelated by…a nexus to the same enterprise." RCW 9A.82.010(12). All five advertisements were intended to cause the sex trafficking enterprise of the minor Plaintiff M.L.

270. There were far more than three Craigslist advertisements featuring M.L. for sale as a sex trafficking victim between a five-year period while M.L. was sex trafficked as minor between 2004 and 2009. In fact, M.L. was trafficked for commercial sex over a 14-year period, from 2003 (age 12) to 2017 (age 26). Defendant Craigslist employed more than three people at all times during the entirety of the years 2003 through 2017.

271. Defendant Craigslist's posts advertising Plaintiff M.L. for commercial sex were all in violation of crimes defined in the Criminal Profiteering Act, RCW 9A.82.010, including but not limited to, leading organized crime, as defined in RCW 9A.82.060; use of proceeds of criminal profiteering and conspiracy or attempt, as defined in RCW 9A.82.080; sexual exploitation of children, as defined by RCW 9.68A *et seq*.; promoting prostitution, as defined in RCW 9A.88.070 and 9A.88.080; and trafficking, as defined in RCW 9A.40.100.

272. As set forth above and below, Defendant Craigslist acted in violation of RCW 9A.82.080, Use of Proceeds of Criminal Profiteering—Controlling Enterprise or Realty—Conspiracy or Attempt. Defendant Craigslist conspired or attempted to use their profits from the criminal profiteering of the Plaintiff M.L. with the requisite intent, agreement, and while taking substantial steps in pursuance of such agreement pursuant to RCW 9A.28.040, to participate in the commercial sex trafficking venture of the Plaintiff M.L., both as a minor and as an adult victim. Further, Defendant Craigslist violated RCW 9A.82.080 since each Defendant knowingly received proceeds from the commercial sex enterprise of Plaintiff M.L., and all

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Defendants knowingly maintained their respective enterprises through such profits from the criminal profiteering activity of Plaintiff M.L.

273. As set forth above and below, Defendant Craigslist aided traffickers to commit or engage in commercial sexual abuse of a minor and procure and solicit customers for commercial sexual abuse of a minor by providing an online platform to sell children for sex, which instituted, aided, caused, assisted, and facilitated acts of commercial sexual abuse of a minor in violation of RCW 9.68A.101, as well as by utilizing moderation practices designed to institute, aid, cause, assist, and facilitate acts of commercial sexual abuse of a minor in violation of RCW 9.68A.101.

274. As set forth above and below, Defendant Craigslist knowingly advanced prostitution and knowingly profited from prostitution in violation of RCW 9A.88.070, Promoting Prostitution in the First Degree, and RCW 9A.88.080, Promoting Prostitution in the Second Degree.

275. As set forth above and below, Defendant Craigslist knowingly, or in reckless disregard of the fact, facilitated commercial sex acts of Plaintiff that were caused by force, fraud, or coercion, or that the Plaintiff had not attained the age of 18 years old, and benefited financially from participation in the criminal venture in violation of RCW 9A.40.100, Trafficking.

276. Defendant Craigslist violated these laws personally or aided and abetted other Defendants in doing so; thereby, becoming liable pursuant to RCW 9A.08.020 (complicity).

277. At all material and relevant times, the actions of Defendant Craigslist formed a pattern of criminal profiteering activity as defined by RCW 9A.82. *et seq*.

278. As a direct and proximate result of the foregoing misconduct, Plaintiff M.L. suffered and continues to suffer general and special damages. These damages include, but are not limited

**Second Amended Complaint for Damages** - 83

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

to, severe permanent emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in her ability to enjoy life, past and future medical expenses, attorneys' fees and costs, and other general and special damages, all in an amount to be determined at trial.

279. Under RCW 9A.82.100, Plaintiff is entitled to her attorney's fees and costs for pursuing this civil action that arises from her sexual abuse and exploitation by Defendants. Plaintiff also intends to seek maximum civil penalties to the extent they are provided for under RCW 9A.82.100.

## VI. COUNT SIX – SEXUAL EXPLOITATION OF CHILDREN

280. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

281. Upon information and belief, all Defendants violated the Sexual Exploitation of Children Act, RCW 9.68A. et al., by knowingly allowing and helping adult men to sexually abuse and exploit the minor Plaintiff M.L. in furtherance of a commercial sex trafficking enterprise of the minor Plaintiff M.L. This includes, but is not limited to, violations of RCW 9.68A.040, which prohibited the sexual exploitation of Plaintiff while she was a minor; RCW 9.68A.050, which prohibited the dealing in depictions of minor Plaintiff M.L. engaged in sexually explicit conduct; RCW 9.68A.060, which prohibited the sending or bringing into the state depictions of minor Plaintiff M.L. engaged in sexually explicit conduct; RCW 9.68A.070, which prohibited the possession of visual or printed matter depicting minor Plaintiff M.L. engaged in sexually explicit conduct; and RCW 9.68A.090, which prohibited communication with Plaintiff M.L. for immoral purposes while she was a minor; RCW 9.68A.100, which prohibited the commercial sexual abuse of Plaintiff M.L. as a minor; RCW 9.68A.101, which prohibited promoting the commercial sexual abuse of Plaintiff M.L. as a minor; RCW

**Second Amended Complaint for Damages** - 84

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

9.68A.102, which prohibited promoting the travel for commercial sexual abuse of Plaintiff M.L. as a minor; and RCW 9.68A.103, which prohibited permitting the commercial sexual abuse of Plaintiff M.L. as a minor.

282. Under RCW 9.68A.130, Plaintiff M.L. is entitled to her attorney's fees and costs for pursuing this civil action that arises from her sexual abuse and exploitation by Defendants.

## VII. COUNT SEVEN – CIVIL CONSPIRACY

283. Plaintiff realleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

284. Defendants engaged in a plan or conspiracy to use Craigslist posts and/or Defendant Hotel rooms to advertise and/or facilitate the sex trafficking of children and adults, including Plaintiff.

285. All Defendants took substantial steps in committing overt acts in furtherance of this conspiracy.

286. Based on these actions, all Defendants are liable for civil conspiracy.

## VIII. COUNT EIGHT – 18 U.S.C. § 1595 ("TVPRA)

287. The Plaintiff M.L. realleges and incorporates by reference all of the allegations contained in the paragraphs above and below.

288. Plaintiff M.L. is a victim of sex trafficking within the meaning of 18 U.S.C. § 1591(a) and is therefore entitled to bring a civil action under 18 U.S.C. § 1595.

289. The Defendants' acts, omissions, and commissions, taken separately and/or together, outlined above, constitute a violation of 18 U.S.C. § 1595. Specifically, the Defendants had a statutory obligation not to benefit financially from a venture that they knew, or should have known, to engage in violations of 18 U.S.C. § 1591(a). At all relevant times, the Defendants

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

breached this duty by participating in, and facilitating, the harboring and providing of M.L. for the purposes of commercial sex induced by force, fraud, or coercion, by their acts, omissions, and commissions, both when the Plaintiff M.L. was a minor and when the Plaintiff M.L. was an adult.

290. All Defendants have knowingly financially benefited from participation in the commercial sex trafficking venture of the minor and adult Plaintiff as a result of their acts, omissions, and/or commissions, by keeping operating costs low and maintaining the loyalty of the segment of their customer base that seeks to participate in the sex trade. Defendant Craigslist knowingly directly benefited from the trafficking of the minor and adult Plaintiff on each occasion they received payment for posting ads of M.L. to sell M.L. for commercial sex. Moreover, the Defendant Hotels knowingly directly benefitted from the commercial sex trafficking of the minor and adult Plaintiff M.L. on each occasion they received payment for rooms that she was being kept in at the Defendants' hotels. The actions, omissions, and/or commissions alleged in this pleading were the but-for and proximate cause of Plaintiff M.L.'s injuries and damages.

291. Plaintiff M.L. has suffered severe permanent physical and psychological injuries as the result of being trafficked and sexually exploited by the Defendants' enterprises and at the Defendants' hotels and properties in violation of 18 U.S.C. § 1591.

## **PRAYER FOR RELIEF**

292. WHEREFORE the Plaintiff M.L. requests that the jury selected to hear this case render a verdict in her favor on all counts alleged, and against each and every named Defendant, separately and severally, and that it award damages to her in an amount which will adequately compensate her for the injuries and damages she sustained due to the Defendants' conduct

**Second Amended Complaint for Damages** - 86

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

outlined as follows:

    a.  All available compensatory damages for the described losses with respect to each cause of action;

    b.  past and future medical expenses, as well as the costs associated with past and future life care;

    c.  past and future lost wages and loss of earning capacity;

    d.  past and future emotional distress;

    e.  consequential and/or special damages;

    f.  all available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

    g.  restitution;

    h.  punitive damages with respect to each cause of action;

    i.  reasonable and recoverable attorney's fees;

    j.  costs of this action; and

    k.  pre-judgment and all other interest recoverable.

293. Also, on the basis of the foregoing, the Plaintiff M.L. requests that a jury be selected to hear this case and render a verdict for the Plaintiff, and against the Defendants, and that it award damages to the Plaintiff in an amount which adequately reflects the enormity of the Defendants' wrongs, and which will effectively prevent other similarly caused acts. Further, the Plaintiff M.L. requests that the Court enter judgment consistent with the jury's verdict and prays for any other damages and equitable relief the Court or jury deems appropriate under the circumstances.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

Respectfully Submitted this 30th day of April 2021.

THE LAW OFFICE OF ERIK L. BAUER

/s/ *Erik L. Bauer*
Erik L. Bauer
WSBA# 14937
Susanna L. Southworth
WSBA# 35687
Law Office of Erik L. Bauer
215 Tacoma Ave. S.
Tacoma, WA 98402
Tel: 253-383-2000
Fax: 253-383-0154
Email: erik@erikbauerlaw.com /
susanna@erikbauerlaw.com

Kimberly L. Adams (*pro hac vice*)
Fla. Bar # 0014479
Kathryn L. Avila (*pro hac vice*)
Fla. Bar # 1019574
Christopher V. Tisi (*pro hac vice*)
D.C. Bar # 412839
Hilary N. Wood (*pro hac vice*)
Fla. Bar # 672602
Levin, Papantonio, Rafferty, Proctor,
Buchanan, O'Brien, Barr & Mougey, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Tel: 850-436-6246
Fax: 850-436-6271
Email: kavila@levinlaw.com /
kadams@levinlaw.com

***Attorneys for Plaintiff***

*See*: Exhibit 1: Total of 6 pages.

Exhibit 2: Total of 3 pages.

**Second Amended Complaint for Damages** - 88

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

# EXHIBIT 1

CRAIGSLIST ADVERTISEMENTS THAT WERE USED AS EVIDENCE OF

TRAFFICKING FOR THE PURPOSES OF COMMERCIAL SEX OF MINOR, M.L.


THESE TYPES OF ADS WERE USED TO ASSIST IN ARRANGING TRANSPORTING

MINOR M.L. AND M.L. AS AN ADULT, EVADING LAW ENFORCEMENT, DISGUISING

THE VICTIM WHEN A MINOR, AND ARRANGING MEETINGS WITH BUYERS FOR

THE EXPRESS PURPOSE OF COMMERCIAL SEX ACTS


------------------------blank space on page-----------------------

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

email this posting to a friend seattle-tacoma craigslist > tacoma > erotic services


miscategorized
prohibited
spam/overpost
best of craigslist

*Please report suspected exploitation of minors to the appropriate authorities*

## ITS ME ▮ Juv. OffJuv. Off ▮ .. TODAY SPECIAL FLAT RATE $ 150 – w4m – 18 (LAKEWOOD INCALLS ONLY )

Reply to: pers-ebmwg-1088479522@craigslist.org [Errors when replying to ads?]
Date: 2009-03-23, 12:50PM PDT

HI GUYS ITS ME AGAIN ▮Juv. Off▮... I HAVE BEEN GONE FOR A MIN BUT I AM BACK ... MY PICS ARE 100% ACCURATE ... SO I AM LOOKING FORWARD TO HEAR FROM YOU ... FLAT RATE 150 HUGS MONDAY SPECIAL .... FLAT RATE 150 HUGS MONDAY SPECIAL ... FLAT RATE 150 HUGS MONDAY SPECIAL ....

▮ Juv. OffJuv. OffJuv. Off ▮

A picture's worth a 1,000 words, get your **Free** image hosting at ImageDeposit.com

- Location: LAKEWOOD INCALLS ONLY
- it's NOT ok to contact this poster with services or other commercial interests

PostingID: 1088479522

- Copyright © 2009 craigslist, inc.
  - terms of use

**Second Amended Complaint for Damages** - 90

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

email this posting to a friend seattle-tacoma craigslist > tacoma > erotic services


miscategorized
prohibited
spam/overpost
best of craigslist

*Please report suspected exploitation of minors to the appropriate authorities*

# FLAT RATE FRIDAY 150 KISSES .... CALL [Juv. Off] [Juv. Off] w4m - 18 (LAKEWOOD INCALLS ONLY)

Reply to: pers-ayvef-1095503400@craigslist.org [Errors when replying to ads?]
Date: 2009-03-27, 7:04PM PDT

HI GUYS ITS ME [Juv. Off]. ARENT YOU TIRED OF GIRLS WITH FAKE PICS , FAKE PHONE NUMBERS , FAKE ADDRESS IF SO CALL [Juv. Off][Juv. Off] ... 100% REAL PHOTOS TOO ... INCALLS ONLY SORRY GUYS .... FLATE RATE FRIDAY 150 KISSES , FLAT RATE FRIDAY 150 KISSES , FLAT RATE FRIDAYS 150 KISSES, FLAT RATE FRIDAYS 150 KISSES

A picture's worth a 1,000 words, get your **Free** image hosting at ImageDeposit.com

- Location: LAKEWOOD INCALLS ONLY
- it's NOT ok to contact this poster with services or other commercial interests

PostingID: 1095503400

- Copyright © 2009 craigslist, inc.
  - terms of use

**Second Amended Complaint for Damages** - 91

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

email this posting to a friend seattle-tacoma craigslist > tacoma > erotic services


miscategorized
prohibited
spam/overpost
best of craigslist

*Please report suspected exploitation of minors to the appropriate authorities*

ITS ME █Juv. OffJuv. Off█. FLAT RATE WEEKEND GUYS - w4m - 18 (LAKEWOOD INCALLS ONLY)

Reply to: pers-jcysy-1107099707@craigslist.org [Errors when replying to ads?]
Date: 2009-04-04, 12:17PM PDT

█Juv. OffJuv. OffJuv. Off█HIT THE SITE UP IF YOU WANNA KNOW MORE ABOUT THE SERVICES I PROVIDE ... IM A REAL GIRL, 100% REAL PICTURES, AND VERY INDEPENDENT .... NO GAMES, NO HOTEL DRAMA .... FLAT RATE 150 HUGS, FLAT RATE 150 HUGS, FLAT RATE 150 HUGS, FLAT RATE 150 HUGS, FLAT RATE 150 HUGS .. █Juv. Off█

A picture's worth a 1,000 words, get your **Free** image hosting at ImageDeposit.com

- Location: LAKEWOOD INCALLS ONLY
- it's NOT ok to contact this poster with services or other commercial interests

PostingID: 1107099707

- Copyright © 2009 craigslist, inc.
  - terms of use

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

seattle-tacoma craigslist > tacoma > erotic services            email this posting to a friend

*Please report suspected exploitation of minors to the appropriate authorities*


miscategorized

prohibited

spam/overpost

best of craigslist

Juv. OffJuv. Off ___ - w4m - 19 (LAKEWOOD/INCALL)

Reply to: pers-txfau-1114072998@craigslist.org (Errors when replying to ads?)
Date: 2009-04-09, 12:45AM PDT

HEY BABY LOOKING FOR A GOOD TIME THAT YOU WILL NEVER FORGET WELL COME SEE US AND I PROMISE THAT WE WILL TAKE CARE OF YOU SO WHAT ARE YOU WAITING FOR?? YOU'LL BE COMIN BACK TO ME I PROMISE!!! ALL YOU PLAYFULL GENTLEMEN, LETS PLAY ALL OF YOUR FANTASIES CAN COME TRUE ?.....CALL ME! WHATEVA YOU MIGHT WANT AND DESIRE..YOU WILL NOT BE DISAPOINTED I PROMISE IM NOT SATICFIDE IN LESS YOU ARE SO IF YO YOU WANT THE JOB DONE WRITE THEN GO AHEAD AND GIVE ME A CALL. Juv. OffJuv. OffJuv. OffJuv. OffJuv. Off - FLAT RATE FOR Juv. Off150 HUGS .... FLAT RATE FOR Juv. Off150 HUGS ... 2 GIRL SPECIAL 300 HUGS .... 2 GIRL SPECIAL 300 HUGS ... CANT WAIT TO SEE YOU . ☒

☒

☒

☒

A picture's worth a 1,000 words, get your **Free** image hosting at ImageDeposit.com

- Location: LAKEWOOD/INCALL
- it's NOT ok to contact this poster with services or other commercial interests

PostingID: 1114072998

Copyright © 2009 craigslist, inc.        terms of use        privacy policy        feedback forum

**Second Amended Complaint for Damages** - 93

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

email this posting to a friend seattle-tacoma craigslist > tacoma > erotic services


miscategorized
prohibited
spam/overpost
best of craigslist

*Please report suspected exploitation of minors to the appropriate authorities*

## EASTER SPECIAL TODAY GUYS ... CALL Juv. Off Juv. Off - w4m - 19 (LAKEWOOD INCALLS ONLY )

Reply to: pers-kuasp-1119081215@craigslist.org [Errors when replying to ads?]
Date: 2009-04-12, 1:38PM PDT

Juv. OffJuv. OffJuv. OffJuv. Off CHECK MY SITE OUT IF YOU WANNA KNOW MORE ABOUT THE SERVICES I PROVIDE ... MY PICS ARE 100% REAL, NO HOTEL DRAMA, NO FAKE PICTURES, AND NO FAKE ADDRESSES. IF YOU ARE TIRED OF THE HANG UPS CALL Juv. OffJuv. OffJuv. Off (100 HUGS FOR

HHR)-(150 HUGS FOR HR) imageDeposit.com - - We support freedom of image. Do yo

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

# EXHIBIT 2

# Key Sources

- **Street-Level Reverse Stings:**
  - "Sting Turns Up Police Heat on 'Johns' — Des Moines Sees Rise in Prostitution, Despite Targeting Customers", *Seattle Times,* June 21 1993.
  - "Kent; Prostitution Sting Nets 11 Arrests", *Seattle Times,* February 15 2007.
  - "Kent PD Prostitution Sting Yields Arrest of 15 'Johns'", *I Love Kent,* March 21 2009.
  - "'John' Sting Nets Ten Arrests, First Vehicles Impounded Under New Law", Press Release, Kent Police Department, July 29 2009.
  - https://www.newtonandhall.com/city-of-kent-prostitution-arrests—taking-it-to-the-johns (2015)
- **Web-Based Reverse Stings:**
  - "'Johns' Caught Paying Kids for Sex Still Dodging Hard Time, Sex Offender Registration", *Seattle Post-Intelligencer,* December 29 2013.
  - http://www.kentreporter.com/news/kent-officers-use-undercover-prostitution-sting-to-arrest-man-police-blotter/ (2017)
  - https://www.kentreporter.com/news/kent-officers-use-undercover-sting-to-arrest-men-seeking-prostitutes/ (2019)
- **Shaming:**
  - "Humiliation Is Latest Weapon in Crime Fight — But Some Cities Have Found that People Have No Shame", *Seattle Times,* January 27 1995.
- **Auto Seizure:**
  - "Looking for a Prostitute? Bill Would Allow Police to Seize Your Car", *Seattle Times,* February 23 2009.
  - "'John' Sting Nets Ten Arrests, First Vehicles Impounded Under New Law", Press Release, Kent Police Department, July 29 2009.
  - https://www.kentreporter.com/news/kent-officers-use-undercover-sting-to-arrest-men-seeking-prostitutes/ (2019)
- **John School:**
  - https://www.benfieldlegal.com/tacoma-sex-crimes-lawyer/tacoma-prostitution-solicitation-lawyer/
  - https://www.newtonandhall.com/city-of-kent-prostitution-arrests—taking-it-to-the-johns (2015)
- **Buyer Beware:**

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

- o "Criminal Penalties and Fined Related to Prostitution and Commercial Sexual Abuse of Minors." Report to the Washington State Legislature, Washington State Department of Commerce, December, 2015.
- **Sex Trafficking and Child Sexual Exploitation in the Area:**
- o "2 Charged with Using Yacht to Lure Girls into Prostitution", *Seattle Times,* September 23 1994.
- o "Pair Admit Running Prostitution Ring", *Seattle Times,* December 22 1994.
- o "Man Faces Charges of Forcing Teens into Prostitution", *Seattle Times,* November 3 2006.
- o "Kent Man Charged in Connection with Coercing Teens into Prostitution", *Seattle Times,* September 14 2007.
- o "Portland Man Charged with Pimping Out 15-Year-Old in Kent", *Seattle Times,* March 10 2010.
- o "Everett Man Sentenced for Human Trafficking in Connection with Kent Prostitution Case", *Kent Reporter,* May 1 2010.
- o "Police, FBI Sting Finds Eight Child Prostitutes in Kent", *Seattle Post-Intelligencer,* November 9 2010.
- o "Kent Police Break Up Child Sex Trafficking Ring", Press Release, Kent Police Department, December 16 2010.
- o "Kent Police Arrest Man Accused of Pimping Teens", *Seattle Times,* December 17 2010.
- o "King County Prosecutor Files Juvenile Prostitution Felony Charge Against Kent Man", *Kent Reporter,* May 7 2011.
- o "Seattle Man Accused of Running Lucrative Prostitution Ring", *Seattle Times,* July 22 2011.
- o "Woman Charged with Pimping Out 2 Teens", *Seattle Times,* June 17 2013.
- o "Woman Charged with Pimping Teen Girls in Kent", *Kent Reporter,* June 21 2013.
- o "Woman Claims She Was Forced into Prostitution, Sexually Assaulted", *Kirkland Reporter,* July 3 2013.
- o "South King County Man Sentenced to 10 Years in Prison for Sex Trafficking Juveniles across State Lines," Press Release, U.S. Attorney's Office for the Western District of Washington, November 3 2015.
- o https://www.seattlepi.com/seattlenews/article/Charge-Kent-couple-sold-girl-13-to-dozens-of-6174020.php (2015)
- **Background on Prostitution in the Area:**
- o "Prostitution Ring Bridged 2 States", *Bend Bulletin,* October 28 1987.
- o "Escort-Service Crackdown — Keep Out Notice Is Served on Organized Prostitution", *Seattle Times,* November 7 1992.
- o "Kent Woman Accused of Advertising Prostitute on Craigslist", *Seattle Times,* April 16 2009.

**Second Amended Complaint for Damages** - 96

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154

- o "Former UW Guard Venoy Overton Arrested for Investigation of Felony Promoting Prostitution", *Seattle Times,* June 16 2011.
- o "Prostitution Sting Nabs Four in South King County", *Seattle Times,* April 19 2013.
- o https://www.seattletimes.com/seattle-news/kent-police-to-close-18-massage-parlors-following-prostitution-probe/ (2018)
- o https://www.kentreporter.com/news/kent-police-shut-down-18-illegal-massage-parlors/ (2018)
- o http://mynorthwest.com/1169451/kent-police-illegal-prostitution-massage-parlors/ (2018)
- **Documented Violence Against Individuals Engaged in Prostitution in the Area:**
- o *Gary Ridgway,* Wikipedia.
- o "Man Held for Questioning in Slayings of Five Women", *Spokane Spokesman-Review,* August 21 1982.
- o "Two Women Added to Death-Victim List", *Spokane Spokesman-Review,* November 16 1983.
- o "Searching Resumed for Skeletal Remains", *Spokane Spokesman-Review,* April 1 1986.
- o "Higher Toll Is Likely in Green River Case", *Seattle Times,* November 20 1990.
- o "'I'm Gonna Get This Guy'; The Green River Murders, 10 Years Removed", *Seattle Times,* July 15 1992.
- o "Green River Killings Still Going On, Says Grieving Mom", *Seattle Times,* June 24 1993.
- o "Woman's Body Identified", *Seattle Times,* December 15 1993.
- o "Kent Man Charged in Rape Cases", *Seattle Times,* May 29 1999.
- o "DNA Test Ends Family's Turmoil — Green River Bones Found in '86 ID'd", *Seattle Times,* November 3 1999.
- o "Man Who Attacked Prostitutes Gets 49 1/2 Years", *Seattle Times,* January 29 2000.
- o "Teens Face Murder Charges in Stabbing Death in Kent", *Seattle Times,* August 25 2001.
- o "Four Women Left Behind Families… and a Mystery", *Seattle Times,* December 1 2001.
- o "Teens Get Lengthy Sentences for Kent Killing", *Seattle Times,* October 31 2002.
- o "Three More Charges Against Ridgway in Green River Case", *Seattle Times,* March 28 2003.
- o "50th Green River Victim?; Help Sought to ID Remains", *Seattle Times,* October 29 2003.
- o "Ridgway Pleads Guilty to Long List of Victims", *Seattle Times,* November 5 2003.
- o "Ridgway Went from Having Sex with Prostitutes 'to Just Plain Killing Them'", *Seattle Times,* November 6 2003.

**Second Amended Complaint for Damages** - 97

THE LAW OFFICE OF
ERIK L. BAUER
215 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-2000 or (360) 895-1500
FAX (253) 383-0154