1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

M.L. ,

                    Plaintiff,

        v.

craigslist Inc. et al.,

                    Defendants.

Case No. 3:19-cv-06153-BHS-TLF

REPORT AND
RECOMMENDATION

Noted for October 8, 2021

11      This matter comes before the Court on defendant 2005 Investors LLC's motion

12  for partial summary judgment (Dkt. 173; 179 (Sealed)) and defendant craigslist Inc.'s

13  motion for partial summary judgment (Dkt. 175; 180 (Sealed)). For the reasons set forth

14  below, the Court should GRANT IN PART and DENY IN PART 2005 Investors LLC's

15  Motion for Partial Summary Judgment (Dkt. 173, Dkt. 179 (Sealed)) and DENY

16  craigslist's Motion for Partial Summary Judgment (Dkt. 175, Dkt. 180 (Sealed)).

17      2005 Investors LLC contends that the Court should: (1) dismiss plaintiff's

18  financial beneficiary claims based on the Trafficking Victims Protection Reauthorization

19  Act ("TVPRA") for alleged events occurring prior to December 23, 2008 or after August

20  2015; (2) dismiss plaintiff's negligence, civil conspiracy and outrage claims, to the extent

21  they are based on alleged conduct at Howard Johnson since plaintiff's eighteenth

22  birthday as time-barred; (3) dismiss plaintiff's Washington Criminal Profiteering Act

23  claims based on alleged conduct at Howard Johnson between plaintiff's eighteenth

24
25

1 | birthday and July 26, 2011 or after August 2015; and (4) dismiss plaintiff's SECA claims

2 | based on alleged conduct at Howard Johnson occurring after plaintiff's eighteenth

3 | birthday.

4 | For the reasons discussed in this Report and Recommendation, the Court

5 | should: (1) dismiss with prejudice plaintiff's TVPRA claims for conduct that occurred

6 | before December 23, 2008; (2) dismiss with prejudice plaintiff's claims against 2005

7 | Investors LLC for alleged conduct at the Howard Johnson after August 2015 – the date

8 | that 2005 Investors LLC sold its interest in the Howard Johnson location; (3) deny 2005

9 | Investors LLC's motion on statute of limitations because under Washington's discovery

10 | rule, questions of fact remain regarding when plaintiff's claims accrued; and (4) limit

11 | plaintiff's recovery of costs and attorney fees under RCW 9.68A.130 (SECA) to

12 | plaintiff's claims based on conduct occurring before plaintiff's eighteenth birthday.

13 | craigslist argues that plaintiff's state law claims based on childhood sexual abuse

14 | are time-barred. craigslist maintains that under RCW 4.16.340, plaintiff's childhood

15 | sexual abuse claims accrued three years after she turned eighteen, unless one of the

16 | RCW 4.16.340(1) discovery rules applies. craigslist contends that even under RCW

17 | 4.16.340's discovery rules, plaintiff's claims are untimely. Finally, craigslist argues the

18 | Court should dismiss plaintiff's claims arising from conduct after her eighteenth birthday

19 | as time-barred by the three-year statute of limitations.

20 | For the reasons discussed in this Report and Recommendation, the Court should

21 | deny craigslist's motion because (1) questions of fact remain regarding when plaintiff's

22 | claims based on conduct after her eighteenth birthday accrued under Washington's

23 |

24 |

25 |

1    discovery rule and (2) questions of fact remain regarding whether one of the discovery

2    rules under RCW 4.16.340(1) applies to this action.

3                                    FACTUAL BACKGROUND

4         Plaintiff alleges that over a period of 15 years, commencing when plaintiff was 12

5    years old, plaintiff was trafficked and subjected to abuse, rape, abductions and assaults.

6    Dkt. 187 at ¶ 5. Plaintiff alleges that during this period, adult traffickers used the

7    craigslist website to advertise plaintiff at different locations, including the Howard

8    Johnson Inn owned by 2005 Investors LLC. *Id.* at ¶¶ 6, 21.

9         Plaintiff asserts that her traffickers' posts, and advertising plaintiff for commercial

10   sex, complied with craigslist's terms of use, regulations and guidelines. Dkt. 187 at

11   ¶¶42-46, 79. The second amended complaint also alleges that craigslist's system

12   facilitated and assisted interactions between the traffickers and purchasers. *Id.* at ¶ 47-

13   48. Plaintiff included, in her complaint, advertisements that her traffickers allegedly

14   posted on the craigslist website in 2009. *Id.* at ¶ 97; Exhibit 1.

15        Plaintiff alleges that 2005 Investors LLC "knowingly benefited, or received

16   something of value from its facilitation of or participation in a venture which it knew or

17   should have known had engaged in sex trafficking." Dkt. 187 at ¶ 21. The second

18   amended complaint states that plaintiff was trafficked at the Howard Johnson Inn owned

19   by 2005 Investors LLC on multiple occasions beginning in 2003 and ending on or about

20   August 2015. *Id.* at ¶¶ 148a, 184, 186, 187. Plaintiff contends that she was held at this

21   location for over one year between 2006 and 2008. *Id.* at ¶¶ 148a; 185. It is undisputed

22   that 2005 Investors LLC sold its interest in the Howard Johnson franchise in August of

23   2015. Dkt. 187 at ¶ 21, 184; Declaration of Dayabir S. Bath, Dkt. 176 at ¶ 4.

24

25











1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18                                    DISCUSSION

19           A. Motion to Strike

20           In support of their motion for summary judgment, craigslist submitted a reply brief

21   along with the Supplemental Declaration of Allison S. Blanco. Dkt. 196, 197, 198

22

23   _____

24   [1] Adorned in Grace is a non-profit organization offering support services for traumatized women with an
     emphasis on sexual assault and human trafficking. Dkt. 191-4 (Sealed) at ¶ 7

25

1 | (Sealed), 199 (Sealed). craigslist attached excerpts from the American Psychiatric

2 | Association's Diagnostic and Statistical Manual of Mental Disorders (Fifth Edition, 2013)

3 | ("DSM-V") and asks the Court to take judicial notice of these documents. *Id.* Pursuant to

4 | Local Rule 7(g), plaintiff filed a sur-reply requesting the Court strike craigslist's

5 | reference to the DSM-V and the attachment to the Supplemental Declaration of Allison

6 | S. Blanco. Dkt. 203 (Sealed).

7 | When new evidence is presented in a reply brief, the court should not consider

8 | the new evidence without giving the non-movant the opportunity to respond. *Provenz v.*

9 | *Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). However, evidence is not "new" if it is

10 | submitted in direct response to proof or evidence presented in opposition to a motion.

11 | *Rayon-Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n. 2 (9th Cir. 2007).

12 | Here, craigslist introduces the DSM-V to support their position that the statute of

13 | limitation should not be tolled -- because plaintiff was previously aware of her alleged

14 | injuries and that the alleged injuries are not new or a qualitatively different harm. Dkt.

15 | 198 (Sealed). This is not an issue or evidence that plaintiff raised for the first time in her

16 | response brief. craigslist raised this same issue and made the same argument,

17 | referencing plaintiff's medical records, in their motion for summary judgment. Dkt. 180

18 | (Sealed). craigslist had the opportunity to raise issues related to the DSM-V and to

19 | introduce the DSM-V in their motion for summary judgment.

20 | It would be improper to allow craigslist to introduce new evidence in their reply

21 | brief; plaintiff does not have the opportunity to substantively respond to the new

22 | evidence. The undersigned recommends the Court grant plaintiff's motion to strike, and

23 | decline to consider craigslist's newly proffered evidence in deciding this motion.

24 |

25 |

1    B. <u>Motions for Summary Judgment</u>

2        Summary judgment is supported if the materials in the record "show that there is

3    no genuine issue as to any material fact and that the movant is entitled to judgment as a

4    matter of law." Federal Rule of Civil Procedure (FRCP) 56 (a),(c). The moving party

5    bears the initial burden to demonstrate the absence of a genuine dispute of material fact

6    for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute

7    concerning a material fact is presented when there is sufficient evidence for a

8    reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby,*

9    *Inc.*, 477 U.S. 242, 252 (1986). In this context, materiality means the fact is one that is

10   "relevant to an element of a claim or defense and whose existence might affect the

11   outcome of the suit"; thus, materiality is "determined by the substantive law governing

12   the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630

13   (9th Cir. 1987).

14       The non-moving party is required to show that genuine issues of material fact

15   "'can be resolved only by a finder of fact *because they may reasonably be resolved in*

16   *favor of either party.*'" *California Architectural Building Prods., Inc. v. Franciscan*

17   *Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson,* 477 U.S. at

18   250) (emphasis in original). When the Court considers a motion for summary judgment,

19   "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to

20   be drawn in [their] favor." *Anderson,* at 255. Yet the Court is not allowed to perform the

21   jury's function – the Court may not weigh evidence, draw legitimate inferences from

22   facts, or decide credibility. *Id.* If the moving party meets their initial burden, an adverse

23   party may not rest upon the mere allegations or denials of his pleading; his or her

24

25

1   response, by affidavits or as otherwise provided in FRCP 56, must set forth specific

2   facts showing there is a genuine issue for trial. FRCP 56(c). The Court may not

3   disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck &*

4   *Co.,* 784 F.3d 495, 497 (9th Cir. 2015). "The district court can disregard a self-serving

5   declaration that states only conclusions and not facts that would be admissible

6   evidence." *Id.*

7        2005 Investors LLC requests that the Court limit plaintiff's claims and dismiss the

8   following claims: (1) plaintiff's "financial beneficiary" claim based upon the Trafficking

9   Victims Protection Reauthorization Act for any alleged stays or events at the Howard

10  Johnson prior to December 23, 2008 or after August of 2015; (2) plaintiff's negligence,

11  civil conspiracy, and outrage claims to the extent they are based on any alleged stays or

12  events at the Howard Johnson since plaintiff's eighteenth birthday; (3) plaintiff's claims

13  under the Washington Criminal Profiteering Act, to the extent they are based on any

14  alleged stays at the Howard Johnson location between plaintiff's eighteenth birthday

15  and July 26, 2011, or after August 2015; and (4) plaintiff's claims under the Sexual

16  Exploitation of Children Act, to the extent that the claims are based on alleged stays or

17  events at the Howard Johnson occurring on or after plaintiff's eighteenth birthday. Dkt.

18  179 (Sealed). craigslist requests that the Court dismiss all of plaintiff's state law claims

19  as barred by the applicable statute of limitation. Dkt. 180 (Sealed).

20        1. Trafficking Victims Protection Reauthorization Act ("TVPRA")

21        The undersigned recommends that the Court grant 2005 Investors LLC's motion

22  for summary judgment with regards to plaintiff's TVPRA claims.

23

24

25

REPORT AND RECOMMENDATION - 12

1     18 U.S.C. § 1595(a) states that a person who is the victim of sex trafficking under

2 18 U.S.C.S. § 1581 et seq.:

3     may bring a civil action against the perpetrator (or whoever knowingly
benefits, financially or by receiving anything of value from participation in a

4     venture which that person knew or should have known has engaged in an
action in violation of this chapter [18 U.S.C.S. §§ 1581 et seq.]) in an

5     appropriate court of the United States and may recover damages and
reasonable attorney fees.

6

7     Congress enacted Section 1595 in 2003 to provide a private right of action for

8 victims of human trafficking. *Ditullio v. Boehm*, 662 F.3d 1091, 1094 (9th Cir. 2011). The

9 2003 law did not permit recovery against individuals who financially benefit from

10 participation in the trafficking venture; this cause of action was added in the 2008

11 amendment. *Id.* at 1094 n. 1. Because the statute does not contain a clear intent to

12 apply retroactively, the "financial benefit" cause of action may only apply to conduct

13 occurring on or after December 23, 2008 – the 2008 amendment's effective date. *Owino*

14 *v. CoreCivic, Inc.*, No. 17-cv-1112-JLS, 2018 WL 2193644 (S.D. Cal. May 14, 2018)

15 (citing *Landgraf v. Usi Film Prods.*, 511 U.S. 244, 280 (1994)).

16     Based on the foregoing, as a matter of law, plaintiff cannot bring a "financial

17 benefit" TVPRA claim based on conduct that occurred before December 23, 2008.

18 Additionally, it is undisputed that 2005 Investors LLC sold its interest in the relevant

19 Howard Johnson location in August 2015. Accordingly, any conduct occurring at that

20 location after August 2015 cannot be reasonably attributed to 2005 Investors LLC.

21     The undersigned recommends that the Court dismiss plaintiff's "financial benefit"

22 TVPRA claims against 2005 Investors LLC to the extent that they are based on conduct

23 at the relevant Howard Johnson location before December 23, 2008 or after August 31,

24

25

1  2015. Plaintiff's TVPRA claims based on occurrences between December 23, 2008 and

2  August 31, 2015 should not be dismissed.

3        2. <u>State Law Claims after Plaintiff's Eighteenth Birthday</u>

4        Both 2005 Investors LLC and craigslist argue that plaintiff's claims for events

5  occurring after her eighteenth birthday are barred by the relevant statute of limitations.

6  For the reasons set forth below, the undersigned recommends that the Court deny both

7  motions for summary judgment on this issue.

8        The relevant statute of limitations for plaintiff's state law claims is three years.

9  RCW 4.16.080; *Cox v. Oasis Physical Therapy, PLLC*, 153 Wn. App. 176, 192 (2009)

10  (outrage); *Walker v. Orkin, LLC*, 10 Wn. App. 2d 565, 567 (2019) (negligence).

11  Generally, a cause of action accrues when the act or omission causing the tort injury

12  occurs. *Ohnemus v. State*, 195 Wn.App. 135, 143 (2016). Under Washington's

13  discovery rule, a cause of action does not accrue until a party knows or should have

14  known the essential elements of the cause of action. *Green v. A.P.C.*, 136 Wn.2d 87, 95

15  (1998) (applying the discovery rule to RCW 4.16.080.)

16        This discovery rule requires a prospective plaintiff to exercise due diligence in

17  discovering the basis for their causes of actions. *Ohnemus*, 195 Wn.App. at 143. Under

18  the discovery rule, the statute of limitations accrues when plaintiff knows or should know

19  the relevant facts, regardless of whether the plaintiff also knows that these facts

20  establish a cause of action. *Id*. The key consideration is the factual, not legal, basis for

21  the cause of action. *Clare v. Saberhagen Holding, Inc.*, 129 Wn.App. 599, 603-04

22  (2005). Whether plaintiff exercised due diligence is normally a question of fact, which

23  cannot normally be determined at the summary judgment stage. *Id*.

24

25

1    The discovery rule acknowledges that under certain circumstances, the literal

2    application of a statute of limitation could result in grave injustices and seeks to avoid

3    such outcomes. *1000 Virginia Ltd. P'Ship v. Vertecs*, 158 Wn.2d 566, 576-77 (2006).

4    The Court must balance the harm of compelling one to answer stale claims against the

5    possibility of unfairly precluding justified claims. *Id* at 579. To strike this balance, courts

6    have applied the discovery rule when a plaintiff lacks the means or ability to detect the

7    wrong within the applicable limitation period, because otherwise the plaintiff would be

8    denied all meaningful opportunities to bring a warranted cause of action. *In re Estates of*

9    *Hibbard*, 118 Wn.2d 737, 749 (1992).

10    Plaintiff alleges that craigslist knowingly facilitated and assisted the interactions

11    between her traffickers and the purchasers. Dkt. 187 at ¶¶ 42-48, 79. In her deposition,

12    plaintiff acknowledged that she was aware that her traffickers advertised her on

13    craigslist and that she recalled postings dating to 2016. Dkt. 191-2 (Sealed). Plaintiff is

14    also alleging that she was trafficked at a Howard Johnson Inn owned by 2005 Investors

15    LLC and that 2005 Investors LLC knowingly benefited from the trafficking and facilitated

16    the venture. Dkt. 187 at ¶¶ 21, 148a, 184, 186, 187. Plaintiff contends that she was held

17    under the control of her traffickers until she escaped in 2017. Dkt. 191-2 (Sealed), Dkt.

18    191-4 (Sealed). Accordingly, absent tolling or the discovery rule, plaintiff's claims

19    against craigslist would accrue in 2016 (the last alleged advertisement posted on the

20    craigslist website) and on August 31, 2015 for claims against 2005 Investors LLC (the

21    last date that 2005 Investors LLC owned an interest in Howard Johnson).

22    The evidence in the record indicates that plaintiff was generally aware that the

23    traffickers advertised plaintiff on the craigslist website and that she was trafficked at a

24

25

1  Howard Johnson. Plaintiff is not alleging that these defendants are liable simply

2  because the conduct occurred on their website and premises. Plaintiff is alleging that

3  these defendants knowingly facilitated, allowed and profited from the trafficker's

4  venture. There is no indication that plaintiff was aware of the facts that she is now

5  alleging or the alleged extent of the defendants' participation. Additionally, when plaintiff

6  knew sufficient facts to put her on notice of the defendants' wrongdoing and whether

7  plaintiff exercised due diligence to discover the facts of this case are questions of fact,

8  inappropriate for determination on summary judgment.

9        Further, plaintiff is alleging that her traffickers held her captive and under their

10  control by force and threat of violence until 2017. If a jury determined that plaintiff was

11  actually trafficked and kept captive until 2017, it would appear that plaintiff lacked the

12  means or opportunity to investigate the facts of this case or to bring her current cause of

13  action before 2017. The possibility of unfairly precluding plaintiff's claims would

14  outweigh the harm to defendants. Therefore, questions of fact remain regarding whether

15  plaintiff was able to diligently pursue her claims and whether the discovery rule applies.

16        Questions of fact remain regarding when plaintiff's state law claims based on

17  conduct after plaintiff's eighteenth birthday accrued. The Court should deny both

18  motions for summary judgment as applied to plaintiff's state law claims based on

19  conduct occurring after her eighteenth birthday. However, plaintiff's claims against 2005

20  Investors LLC should be limited to conduct occurring before August 31, 2015 – the date

21  that 2005 Investors LLC sold its interest in Howard Johnson – because this is the last

22  date that any of the alleged conduct could reasonably be attributed to 2005 Investors

23  LLC.

24

25

3. <u>State Law Claims before Plaintiff's Eighteenth Birthday</u>

craigslist argues that plaintiff's state law claims based on conduct occurring before her eighteenth birthday should also be dismissed as untimely. Dkt. 180 (Sealed). The Court should deny craigslist's motion for summary judgment on this issue.

Pursuant to RCW 4.16.340, claims based on intentional conduct brought by any person to recover damages for injuries resulting from childhood sexual abuse must be commenced within the later of the following periods:

(a) Within three years of the act alleged to have caused the injury or condition;

(b) Within three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act; or

(c) Within three years of the time the victim discovered that the act caused the injury for which the claim is brought

PROVIDED, That the time limit for commencement of an action under this section is tolled for a child until the child reaches the age of eighteen years.

RCW 4.16.340(1).

This statute was enacted to "provide a broad avenue of redress for victims of childhood sexual abuse who too often were left without a remedy under previous statutes of limitations." *C.J.C. v. Corporation of the Catholic Bishop*, 138 Wn.2d 699, 712 (1999). The statute acknowledges that victims of childhood sexual abuse may be unable to connect the abuse to any injury or make the connection between the conduct and the emotional damages it causes, until the statute of limitations has run. *Id.* at 713. Additionally, this statute anticipates that victims may know they are suffering some

1    emotional harm but not be able to understand the connection between these symptoms

2    and the abuse. *B.R. v. Horsley*, 186 Wn. App. 294, 299 (2015).

3        In order for RCW 4.16.340 to apply, intentional sexual abuse must be the

4    predicate conduct or foundation of the claim. *C.J.C*, 138 Wn.2d at 709. However, RCW

5    4.16.340 encompasses other state law claims against parties who did not themselves

6    directly perpetrate the childhood sexual abuse. *Id*. at 714.

7        Section (1)(b) applies to repressed memory claims where the victim discovers

8    that the injury was caused by a previously undiscovered act. *Hollmann v. Corcoran*, 89

9    Wn. App. 323, 334 (1997). Section (1)(c) applies to "the discovery of the causal

10    connection between a known act and subsequent injuries including injuries that develop

11    years later." *Id*. Both sections apply a subjective standard, based on when the victim in

12    fact discovers the causal connection between the defendants' act and the injuries. *Id*.

13    The defendant bears the burden of proving that the plaintiff actually discovered the

14    causal connection between the act and the injuries beyond the three-year statute of

15    limitations. *Korst v. McMahon*, 136 Wn. App. 202, 208 (2006).

16        Based on the evidence in the record, genuine questions of fact remain regarding

17    when plaintiff actually discovered the causal connection between craigslist's conduct

18    and her subsequent injury.

19        a.  *A.T. v. Everett Sch. Dist.*

20        Here, defendant cites to the case *A.T. v. Everett Sch. Dist.*, 300 F. Supp. 3d

21    1243 (W.D. W.A., 2018) to support their position that plaintiff's claims occurring before

22    her eighteenth birthday are untimely. Dkt. 180. In *A.T.*, the plaintiff was the victim of

23    sexual abuse by a teacher at the high school that A.T. attended. 300 F. Supp. 3d at

24

25

1   1247-1249. In 2009, A.T. began therapy and in 2010 told a therapist that they felt guilty

2   about the relationship with the teacher. *Id.* at 1249. A.T.'s therapist diagnosed A.T. with

3   Adjustment Disorder with Mixed Anxiety and Depressed Mood. *Id.* While attending a

4   graduate program in 2012, A.T. began journaling extensively about the relationship,

5   writing that they felt damaged by the relationship and the grief it caused them. *Id.* During

6   this time A.T. stated that they called the teacher and "let loose a flood of [..] feelings and

7   hurt and shame about everything … about wanting to kill [themself], about feeling like

8   [A.T.] had zero integrity … and that [A.T.] felt groomed and manipulated." *Id.*

9          Later that year, A.T. went to university counseling, reporting that they had only

10  recently allowed themself to think about the relationship as harmful and admitting that

11  was incredibly painful. *A.T.*, 300 F. Supp. 3d at 1249. In 2013, A.T. sought therapy at a

12  different university and reported that they were concerned about anxiety, fear,

13  nervousness, depression, sexual abuse and assault. *Id.*

14         In 2015, A.T. went to a job fair to consider becoming a teacher and reported

15  suffering a panic attack and this was the moment they realized they had suffered actual

16  psychological injury from the relationship with the teacher. *A.T.*, 300 F. Supp. 3d at

17  1250. In 2016, A.T. saw a primary care physician and was diagnosed with

18  Posttraumatic Stress Disorder for the first time. *Id.*

19         In 2016, A.T. filed a lawsuit against the teacher who had sexually abused them

20  and the school district with an effective filing date of October 22, 2016. *A.T.*, 300 F.

21  Supp. 3d at 1251, 1253. The defendants filed a motion to dismiss A.T.'s complaint as

22  barred by the statute of limitations. *Id.* The Court determined that RCW 4.16.340 applied

23

24

25

1    to the action because a reasonable jury could decide that the sexual contact

2    commenced before plaintiff turned eighteen years of age. *Id.* at 1254-55.

3        A.T. argued that the complaint was timely under RCW 4.16.340(1)(c) because

4    they did not make the causal connection between the teacher's acts and their injuries

5    until the 2015 job fair. *A.T.*, 300 F. Supp. 3d at 1255. The Court acknowledged that the

6    2016 diagnosis of PTSD differed from the prior diagnosis of Adjustment Disorder with

7    Mixed Anxiety and Depressed Mood. *Id.* at 1256. However, the Court explained that the

8    analysis under RCW 4.16.340(1)(c) concerns the injury or the problems associated with

9    a diagnosis, not necessarily the diagnosis itself. *Id.*

10       The Court ruled that the symptoms that plaintiff associated with their PTSD

11   diagnosis, namely anxiety and hypervigilance, were the same symptoms for which they

12   received a diagnosis of Adjustment Disorder with Mixed Anxiety and Depressed Mood

13   in 2010. *A.T.*, 300 F. Supp. 3d at 1256. Additionally, the Court noted that plaintiff

14   reported that their symptoms reached a peak in 2012, well before their PTSD diagnosis.

15   *A.T.*, 300 F. Supp. 3d at 1256-57. Accordingly, the Court ruled that the PTSD was not a

16   qualitatively different injury than the injury A.T. was previously aware of. *Id.*

17       Next, the Court ruled that that the evidence showed A.T. associated their injuries

18   with the sexual abuse from their teacher at the latest in May of 2013. *A.T.*, 300 F. Supp.

19   3d at 1257. Specifically, the Court noted that A.T. had journaled about the injury that the

20   relationship caused, and had expressed the complained of injury to three different

21   therapists before May 2013. *Id.* Accordingly, the Court granted the motion to dismiss

22   and dismissed A.T.'s state law claims as untimely under RCW 4.16.340(1)(c). *Id.* at

23   1258.

24

25

1    A.T. appealed the Court's decisions and the Ninth Circuit Court of Appeals

2  affirmed the grant of summary judgment. *A.T. v. Everett Sch. Dist.*, 794 Fed. Appx. 601

3  (9th Cir. 2019). The Ninth Circuit held that A.T. connected their injuries to the sexual

4  abuse by at least May 2013, noting that A.T. discussed the harm in 2006, was

5  diagnosed with the alleged injuries in 2010, and associated the injuries to the sexual

6  abuse in therapy in 2012. *Id.* at 603.

7        b.  Plaintiff's Claims

8        Here, plaintiff's situation is factually distinguishable from the situation the Court

9  considered in *A.T.*. In *A.T.*, the evidence in record showed that plaintiff acknowledged

10 the injury caused by the abuse in their journals and connected the injury to the abuse in

11 therapy well before the three year statute of limitations set forth in RCW 4.16.340(1)(c).

12 In the present case, it is not clear from the record that plaintiff connected her injuries to

13 craigslist's conduct before 2017.

14

15

16

17

18

19

20

21

22

23



24

25





Plaintiff is alleging that craigslist knowingly facilitated, allowed and profited from her trafficker's venture. Accordingly, the relevant inquiry with regards to plaintiff's claims

1  against craigslist is when plaintiff discovered the connection between her alleged

2  injuries and craigslist's alleged conduct. Unlike the case in *A.T.,* the record does not

3  definitively state when plaintiff made this causal connection. Accordingly, a finder of fact

4  would need to weigh the evidence in the record, decide credibility and determine

5  disputes of fact in order to determine when plaintiff connected her harm to craigslist's

6  conduct. This is a function of a jury that the Court cannot decide.

7  Based on the foregoing, questions of fact remain regarding whether plaintiff

8  timely filed her claims relating to conduct occurring before her eighteenth birthday.

9  Therefore, the Court should deny craigslist's motion for summary judgment on plaintiff's

10  claims related to conduct occurring before her eighteenth birthday.

11  4. Washington Criminal Profiteering Act

12  The Court should deny both motions for summary judgment on plaintiff's Criminal

13  Profiteering Act claims.

14  Pursuant to RCW 9A.82.100, the statute of limitation for a claim under the

15  Criminal Profiteering Act is "three years after the discovery of the pattern of criminal

16  profiteering activity or after the pattern should reasonably have been discovered." RCW

17  9A.82.100(7). In the case of a claim based on trafficking, as defined by RCW

18  9A.40.100, the statute of limitations is three years from the discovery of the pattern of

19  criminal profiteering activity or the final disposition of any criminal charges relating to the

20  offense, whichever is later. *Id.*

21  An act of "criminal profiteering" requires the commission of specific enumerated

22  felonies for financial gain. RCW 9A.82.010(4). The enumerated felonies that can

23  support a claim for criminal profiteering include: (x) "sexual exploitation of children as

24

25

1 | defined in RCW 9.68A.040, 9.68A.050, and 9.68A.060;" (y) "promoting prostitution, as

2 | defined in RCW 9A.88.70 and 9A.88.080;" (rr) "commercial sexual abuse of a minor, as

3 | defined in RCW 9.68A.100;" and (tt) "Trafficking, as defined in RCW 9A.40.100,

4 | promoting travel for commercial sexual abuse of a minor as defined in RCW 9.68A.102,

5 | and permitting commercial sexual abuse of a minor, as defined in RCW 9.68A.103."

6 | RCW 9A.82.010(4), RCW 9A.82.100(1)(a).

7 | A "pattern of criminal profiteering" is defined as three or more acts of criminal

8 | profiteering occurring within a five-year period after the commission of the earliest act of

9 | criminal profiteering. RCW 9A.82.010(12); *Robertson v. GMAC Mortg. LLC*, 982 F.

10 | Supp. 2d 1202, 1209 (W.D. Wash. 2013). To constitute a pattern "the three acts must

11 | have the same or similar intent, results, accomplices, principals, victims, or methods of

12 | commission, or be otherwise interrelated by distinguishing characteristics including a

13 | nexus to the same enterprise, and must not be isolated events." RCW 9A.82.010(12).

14 | Plaintiff alleges that defendants knowingly facilitated, permitted, participated in

15 | and profited from the criminal enterprise that trafficked plaintiff. To timely bring a cause

16 | of action under the Criminal Profiteering Act, plaintiff needed to bring her action within

17 | three years after discovery, or the time she should have reasonably discovered, this

18 | alleged pattern of criminal profiteering activity. It is unclear from the record when plaintiff

19 | discovered the facts that she now alleges, specifically that the defendants knowingly

20 | participated in, facilitated, permitted, and profited from the conduct of her traffickers.

21 | Additionally, as has been discussed, if the evidence of the non-movant is to be

22 | believed, and all justifiable inferences are to be drawn in her favor, a jury could find that

23 | plaintiff could not have reasonably discovered these facts until 2017.

24

25

1         Based on the foregoing discussion, questions of fact remain regarding when

2 plaintiff discovered the alleged pattern of criminal profiteering activity, and when plaintiff

3 could reasonably have discovered these facts. Therefore, summary judgment on this

4 issue is inappropriate at this time. The undersigned recommends that the Court deny

5 both motions for summary judgment on plaintiff's Criminal Profiteering Act claims.

6         5. <u>Sexual Exploitation of Children Act</u>

7         As the Court explained in the previous Report and Recommendation (Dkt. 62),

8 the Sexual Exploitation of Children Act does not create a private right of action under

9 which plaintiff can bring an independent claim. RCW 9.68A.011, .040, .050, .060, .070,

10 .075, .090. Rather, RCW 9.68A.130, entitles a minor to recover an award of costs and

11 attorney fees if the minor prevails on a tort claim and establishes – by facts determined

12 by a jury – that the conduct underlying the tort claims in the civil action would also

13 constitute a violation of a specific provision of RCW 9.68A. *Furnstahl v. Barr*, 197

14 Wn.App. 168, 173 (2016).

15         The recovery of costs and attorney fees under RCW 9.68A.130 is limited to

16 conduct against people under the age of eighteen. RCW 9.68A.011(5) (defining "minor"

17 as any person under eighteen years of age). Therefore, plaintiff's claims for attorney

18 fees and costs pursuant to RCW 9.68A.103 should be limited to plaintiff's claims based

19 on conduct occurring before plaintiff's eighteenth birthday.

20 CONCLUSION

21         Based on the foregoing discussion, the undersigned recommends that the Court

22 GRANT IN PART and DENY IN PART 2005 Investors LLC's Motion for Partial

23

24

25

1  Summary Judgment (Dkt. 173, Dkt. 179 (Sealed)) and DENY craigslist's Motion for

2  Partial Summary Judgment (Dkt. 175, Dkt. 180 (Sealed)). The Court should Order:

3  - Plaintiff's financial benefit claims under the TVPRA are limited to conduct

4  occurring after December 23, 2008.

5  - Plaintiff's claim for attorney fees and costs pursuant to RCW 9.68A.130

6  are limited to the claims based on conduct occurring before plaintiff's

7  eighteenth birthday.

8  - Plaintiff's claims against 2005 Investors LLC based on conduct allegedly

9  occurring at Howard Johnson after August 31, 2015 are dismissed with

10  prejudice.

11  - Plaintiff's remaining claims may continue in this litigation.

12  The parties have **fourteen (14) days** from service of this Report and

13  Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6;

14  FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for

15  purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the

16  parties shall have **fourteen (14) days** from the service of the objections to file a

17  response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be

18  set for consideration on  October 8, 2021, as noted in the caption.

19  Dated this 16th day of September, 2021.

20

21

22  *Theresa L. Fricke*

23  Theresa L. Fricke
   United States Magistrate Judge

24

25